IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM JAMES et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARBARA HUNT et al.,<br><br>Defendants. | 1:17-cv-1181<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT LIONSGATE ENTERTAINMENT** |

Defendant Lionsgate Entertainment ("Defendant"), as and for its Answer to the Complaint of Plaintiffs William James ("James") and Terri V. Tucker ("Tucker," and together with James, "Plaintiffs") herein ("Complaint"), and Counterclaim against Plaintiffs, alleges as follows:

1. Denies the allegations in paragraph 1 of the Complaint, except to allege that Plaintiffs purport to bring this action under 18 U.S.C. 1961 *et seq.*, also known as "RICO," in a misguided and improper effort to re-litigate previously adjudicated claims of copyright infringement, as described in paragraphs 46-61, below.

2. Denies the allegations in paragraph 2 of the Complaint, except to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, except to deny that Defendant committed any wrongful acts alleged therein.

4. Denies the allegations in paragraph 4 of the Complaint, except to admit that Plaintiffs purport to assert federal question subject matter jurisdiction by invoking the Copyright Acts of 1976 and 1909 and by alleging the infringement of James's work entitled "Lover's Kill" and Tucker's work entitled "Bad Apples Can Be Good Fruit," both of which have been the subject of prior litigations in which Plaintiffs alleged the same infringements of their copyrights in said works, with the prior actions having been dismissed with prejudice, as set forth in paragraphs 46-61, below.

5. Denies the allegations in paragraph 6 of the Complaint (there being no paragraph 5), except to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof.

6. Denies the allegations in paragraph 7 of the Complaint, except to deny knowledge or information sufficient to form a belief as to whether Plaintiffs' works "were based on life experiences," to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof, and to allege that the purported violations of

Plaintiffs' copyrights were the subject of prior litigations commenced by Plaintiffs, which were dismissed with prejudice, as set forth in paragraphs 46-61, below.

7. Denies the allegations in paragraph 8 of the Complaint, except to allege that the references to federal law are incomprehensible and to deny knowledge or information sufficient to form a belief as to the truth of such allegations.

8. Denies the allegations in paragraph 9 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[t]he WIPO Copyright Treaty" and/or its purported applicability.

9. Denies the allegations in paragraph 10 of the Complaint, except to deny knowledge or information sufficient to form a belief as to where the other defendants are based.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

15. Denies the allegations in paragraph 16 of the Complaint, except to admit that Lions Gate Entertainment is a corporation doing business in California.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

17. Denies the allegations in paragraph 18 of the Complaint.

18. Denies the allegations in paragraph 19 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

21. Denies the allegations in paragraph 22 of the Complaint, except to deny knowledge or information sufficient to

4

form a belief as to what Plaintiffs purport to have "discovered."

22. Denies the allegations in paragraph 23 of the Complaint, except to deny knowledge or information sufficient to form a belief as to what Plaintiffs purport to have "discovered."

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except to deny that there were any acts of plagiarism or violations of the law committed by Defendant.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

26. Denies the allegations in paragraph 27 of the Complaint, which are largely incomprehensible, except to deny knowledge or information sufficient to form a belief as to the cases referenced in subparagraph a. through the first subparagraph c., and subparagraph f. through subparagraph g., and the first subparagraph i., and subparagraphs k. through the first subparagraph n., and subparagraph o. through subparagraph p; and with regard to subparagraph d., to deny knowledge or

5

information sufficient to the extent it refers to the other defendants. Defendant denies the allegations in the second subparagraph c., except to allege that the court rendered judgment for Lionsgate Entertainment, Tyler Perry, and the Tyler Perry Company on December 18, 2008, after a jury verdict in their favor. Defendant denies the allegations in subparagraph e., except to allege that the case was dismissed with prejudice on July 19, 2010. Defendant denies the allegations in subparagraph h., except to allege that the case was dismissed on May 15, 2012 for failure to state a claim on which relief may be granted. Defendant alleges that the case of "Terri Donald v. Tyler Perry Studios and Lions Gate," referenced in the second subparagraph "i.," was transferred to the United States District Court for the Southern District of New York, where it was adjudicated adversely to plaintiff Terri V. Donald (who later changed her name to "Terri V. Strickland" and who now calls herself "Terri V. Tucker"), and was dismissed with prejudice, as is set forth at paragraphs 46-53, below. Defendant further alleges that the case referenced in the second subparagraph "n.," "Terri Strickland v. Tyler Perry," was an attempt by plaintiff Tucker to relitigate the same claim of copyright infringement (i.e., as referenced in the second subparagraph "i") which was adjudicated adversely to her, and was dismissed with prejudice, which adjudication was subsequently affirmed by

6

the United States Court of Appeals for the Eleventh Circuit, as is set forth in paragraphs 54-56, below.  Defendant further alleges that the case referenced in subparagraph "j.," "James v. Perry," brought by plaintiff James, was dismissed with prejudice, as set forth at paragraphs 58-61, below.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

28. Denies the allegations in paragraph 29 of the Complaint.

29. Denies the allegations in paragraph 30 of the Complaint, which are largely incomprehensible, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations in the penultimate sentence thereof.

30. Denies the allegations in paragraph 31 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except to allege that Plaintiffs have previously alleged and lost the claims of copyright infringement which are the basis of this action, as referred to in subparagraphs a. and b. of paragraph 32 of the Complaint, and as set forth in paragraphs 46-61, below.

7

32. In response to paragraph "1" in "Count One" of the Complaint, repeats and realleges its responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

33. Denies the allegations in paragraph "2" in "Count One" of the Complaint.

34. Denies the allegations in paragraph "3" in "Count One" of the Complaint.

35. In response to paragraph "4" in "Count Two" of the Complaint, repeats and realleges its responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

36. Denies the allegations in paragraph "5" of "Count Two" of the Complaint.

37. In response to paragraph "6" in "Count Three" of the Complaint, repeats and realleges its responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

38. Denies the allegations in paragraph "7" in "Count Three" of the Complaint, except to respectfully refer the Court to the statutes and constitutions referenced therein for the content and effect thereof.

39. Denies the allegations in paragraph "8" in "Count Three" of the Complaint.

40. Denies the allegations in paragraph "9" in "Count Three" of the Complaint.

41. In response to paragraph "10" in "Count Four" of the Complaint, repeats and realleges its responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 in "Count Four" of the Complaint, except to deny any of the alleged wrongdoing by or damages attributed to Defendant therein.

43. In response to paragraph "12" in "Count Four" of the Complaint, repeats and realleges its responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

**FIRST AFFIRMATIVE DEFENSE**

44. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

45. Plaintiffs have not properly effected service of process on Defendant.

**THIRD AFFIRMATIVE DEFENSE**

46. On November 27, 2012, plaintiff Tucker, under her former name, "Terri V. Donald," filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania (Case 2:12-cv-06629) against "The Tyler Perry Company, Inc. d/b/a Tyler Perry Studios" and "Lions Gate Entertainment Corp. d/b/a Lions Gate" (the "First Tucker Action"). The First Tucker

Film, Judge Pauley explained why the defendants were entitled to judgment as a matter of law:

> These works before this Court bear only the most passing similarities. Bad Apples Can Be Good Fruit is about a woman baring her past to an accepting lover and overcoming the scheming of a jealous ex-girlfriend. Good Deeds is about a wealthy man saving a struggling single mother. In saving her, he finds himself and learns to chase his dreams.
>
> The only things that are similar about these works is that they involve a romance between a wealthy black man and a woman who has experienced hardship. In all other respects, these works are different. Copyright protects the expression of an idea and not the idea itself, as Learned Hand so eloquently stated it. It cannot, in this Court's view, protect such breadth as is presented in this case.

On the same date, Judge Pauley issued an order granting the motion for judgment on the pleadings and directed the Clerk of the Court "to terminate all pending motions, mark [the] case as closed, and enter judgment for Defendants." (A copy of the order is annexed as Exhibit 1.) The Clerk of the Court entered judgment accordingly on August 22, 2013. (A copy of the judgment is annexed as Exhibit 2.)

51. Plaintiff Tucker did not appeal that judgment.

52. A year later, on August 22, 2014, plaintiff Tucker, now acting *pro se*, filed a motion under Rule 60 of the Federal Rules of Civil Procedure "Requesting Relief from a Judgment or Final Order."

53. On February 20, 2015, Judge Pauley issued a Memorandum and Order denying plaintiff Tucker's motion under Rule 60,

11

noting that the court had granted the defendants' motion for judgment on the pleadings because the court had concluded, as a matter of law, that the Tyler Perry film "Good Deeds" did not bear actionable similarity to protectable elements of the Tucker Book. The court further noted that plaintiff Tucker had not appealed the judgment in defendants' favor. (A copy of the Memorandum and Order is attached hereto as Exhibit 3.)

54. On or about September 25, 2015, plaintiff Tucker, who had changed her surname from "Donald" to "Strickland," commenced an action in the U.S. District Court for the Northern District of Georgia entitled "Terri V. Strickland v. Tyler Perry," Index No. 1:15-cv-03400-TWT (the "Second Tucker Action"). The Second Tucker Action also alleged that the Tyler Perry film "Good Deeds" infringed copyrightable material in the Tucker Book.

55. On March 24, 2016, the Court in the Second Tucker Action, per the Honorable Thomas W. Thrash, Jr., granted defendant Tyler Perry's motion for judgment on the pleadings, holding that plaintiff Tucker's claim of copyright infringement in the Second Tucker Action was precluded by collateral estoppel as a result of the proceedings in the First Tucker Action. (A copy of Judge Thrash's Opinion and Order is attached hereto as Exhibit 4.) The Clerk of the Court entered judgment dismissing the Second Tucker Action on the same day. (A copy of that judgment is attached hereto as Exhibit 5.)

56. Plaintiff Tucker appealed Judge Thrash's decision and the judgment based thereon. On January 19, 2017, the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") affirmed the judgment dismissing the Second Tucker Action. (A copy of the Eleventh Circuit's order affirming the district court's judgment is attached hereto as Exhibit 6.) On March 30, 2017, the Eleventh Circuit denied plaintiff Tucker's petition for rehearing. (A copy of the Eleventh Circuit's denial of said petition is attached hereto as Exhibit 7.)

57. Despite having twice had her claim that the Tyler Perry film "Good Deeds" infringes her copyright in the Tucker Book adjudicated adversely to her, plaintiff Tucker is, in this action, attempting to assert the same claim for the third time. The Complaint repeatedly states that the so-called "predicate acts" on which it purports to be premised concern allegations of copyright infringement, "plagiarism" and "counterfeiting" of the Tucker Book by "Good Deeds." (See Complaint paragraphs 2-4, 7-9, 19, 21-22, 27, 29-31, paragraphs "2-3" of "Count One," paragraph "5" of "Count Two," and the "Wherefore" clauses in "Count Two" and "Count Three," and Exhibit C.)

58. Plaintiff James is also attempting, in this action, to relitigate a claim of copyright infringement that he had previously brought in another court and which was dismissed with

13

prejudice. On or about April 24, 2013, plaintiff James, who was represented by counsel, filed a complaint for copyright infringement against defendants Tyler Perry, Tyler Perry Studios, and Lions Gate Entertainment in the U.S. District Court for the Northern District of Indiana, Case No. 2:13-cv-00139 (the "Prior James Action"). (A copy of the Complaint in the Prior James Action is attached hereto as Exhibit 8.) The Prior James Action is referred to in paragraphs 27(j) and 32(a) of the Complaint.

59. In the Prior James Action, plaintiff James alleged that the copyright in his "script/play/screenplay" entitled "Lovers Kill" (the "James Script") had been infringed by the Tyler Perry film "Temptation: Confessions Of A Marriage Counselor" ("Temptation") after he had given a copy of the James Script to Barbara Hunt (who has been named as a defendant in this action), an alleged "associate of Oprah Winfrey," who allegedly was to present the James Script to Tyler Perry. On January 2, 2014, Judge Robert L. Miller, Jr. dismissed the Prior James Action with prejudice. (A copy of Judge Miller's Order is attached hereto as Exhibit 9.) On February 11, 2014, Judge Miller granted the defendants' motion for fees and costs, and awarded them reasonable fees and costs in the amount of $42,394.86. (A copy of Judge Miller's Order granting this award is attached hereto as Exhibit 10.)

60. Like plaintiff Tucker, plaintiff James did not appeal the dismissal of the Prior James Action, but sought relief from judgment under Federal Rule of Civil Procedure 60. By Order dated April 15, 2014, Judge Miller denied plaintiff James's motion for relief from judgment. (A copy of Judge Miller's April 15, 2014 Order is attached hereto as Exhibit 11.)

61. Like plaintiff Tucker, despite having previously asserted – and lost – a claim that the "Temptation" film infringed his copyright in the James Script, plaintiff James is attempting to relitigate that claim in this action. (See paragraphs 2-4, 7-9, 19-20, 22, 27, 27j., 29-31, paragraphs "2-3" of "Count One," paragraph "5" of "Count Two," and the "Wherefore" clauses in "Count Two" and "Count Three" and Exhibit C.)

62. Plaintiffs' claims are precluded by collateral estoppel and/or res judicata.

## COUNTERCLAIM

63. Defendant repeats and realleges paragraphs 46 through 61 as if fully set forth herein.

64. By improperly attempting to relitigate their unsuccessful prior claims asserting the infringement of their works by the "Good Deeds" and "Temptation" films, Plaintiffs have demonstrated a disregard for the judgments dismissing those

15

previous actions, as well as an intention to continue harassing Defendant and wasting judicial resources with vexatious, baseless claims such as those asserted herein.

65.  Federal courts have the inherent power to enjoin conduct which impairs their ability to carry out Article III functions by wasting judicial resources.

66.  Plaintiffs' conduct demonstrates that they will not hesitate to continue bringing actions premised on the same alleged infringements and activities alleged in the First and Second Tucker Actions and the Prior James Action unless enjoined from doing so.

67.  Accordingly, Defendant is entitled to an order enjoining Plaintiffs from instituting any further legal actions in any U.S. District Court or any state court based on the facts and activities alleged in the First and Second Tucker Actions and the Prior James Action.

WHEREFORE, Defendant prays for judgment as follows:

a.          Dismissing the Complaint in its entirety;

b.          Enjoining Plaintiffs from instituting any further legal actions in any U.S. District Court or any state court based on the facts and activities alleged in the First and Second Tucker Actions and/or the Prior James Action;

c.      Awarding it attorneys' fees and costs pursuant to, *inter alia*, section 505 of the Copyright Act, 17 U.S.C. § 505; and

d.      Granting such other and further relief as the Court deems just and proper.

Dated: May 22, 2017

>                     RICHARD A. GORDON, P.C.
>
>
>                     By:  /s/ Richard A. Gordon
>                     Richard A. Gordon
>                     Ga. Bar No. 302475
>                     1495 Powers Ferry Road – Suite 101
>                     Marietta, GA 30067
>                     phone: (770) 952-2900
>                     fax: (770) 952-2901
>                     rglaw@bellsouth.net
>
>
>                     PRYOR CASHMAN LLP
>
>
>                     By:      /s/ Tom J. Ferber
>                     Tom J. Ferber
>                     (pro hac vice application pending)
>                     Bar No. 1846690
>                     7 Times Square
>                     New York, New York 10036-6569
>                     tferber@pryorcashman.com
>                     phone: (212) 421-4100
>                     fax: (212) 798-6388
>
>
>                     *Attorneys for Defendant*

RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

           RICHARD A. GORDON, P.C.


           By:    /s/ Richard A. Gordon
           Richard A. Gordon
           Ga. Bar No. 302475
           1495 Powers Ferry Road – Suite 101
           Marietta, GA 30067
           phone: (770) 952-2900
           fax: (770) 952-2901
           rglaw@bellsouth.net

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with the foregoing:

ANSWER AND COUNTERCLAIM OF
DEFENDANT LIONSGATE ENTERTAINMENT

by electronically filing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record, and served all parties by U.S. First Class Mail:

William James
9100 South Drexel Ave
Chicago, Illinois 60619

Terri V. Tucker
1136 Joslin Path
Douglasville, Georgia 30134

This May 22, 2017.

RICHARD A. GORDON, P.C.
Attorney at Law
By: /s/ Richard A.Gordon
RICHARD A. GORDON
Georgia Bar No. 302475
Attorney for Defendants

1495 Powers Ferry Road #101
Marietta, GA 30067
rglaw@bellsouth.net
Phone: (770) 952-2900
Fax: (770) 988-9650