[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT
_____

No. 17-14866
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01181-TWT

WILLIAM JAMES,
Sui Juris,
TERRI V. TUCKER,
Sui Juris
a.k.a. Terri V. Donald-Strickland
a.k.a. TLo-Redness,

Plaintiffs-Counter Defendants-Appellants,

versus

BARBARA HUNT,
JUDGE THOMAS W. THRASH, JR.,

Defendants-Appellees,

HARPO,
LIONSGATE ENTERTAINMENT,
OPRAH WINFREY NETWORK,
(OWN),
OPRAH WINFREY,
d.b.a. Oprah Winfrey Network,
TYLER PERRY COMPANY,
TYLER PERRY STUDIOS,

(TPS),
TYLER PERRY,
a.k.a. Emmett Perry Jr.,
a.k.a. Emmett J. Perry,
a.k.a. Buddy,
a.k.a. John Ivory,
a.k.a. Emmett M. Perry,
a.k.a. Emmbre R. Perry,
a.k.a. Emmitt R. Perry,
a.k.a. Emmett T. Perry,
a.k.a. Willie M. Perry,
a.k.a. Emmett Ty Perry,
a.k.a. Emmett Perry,
a.k.a. Tyler E. Perry,
a.k.a. Tyler Perry Studios,

                    Defendants-Counter Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 20, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

William James and Terri V. Tucker (the Plaintiffs) appeal *pro se* the district court's grant of two Defendants' motions to dismiss claims under Federal Rule of Civil Procedure 12(b) and the remaining Defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c). The Plaintiffs bring

five issues on appeal.[1]  First, they argue the district court erred in granting judgment on the pleadings to Lionsgate Entertainment (Lionsgate), Tyler Perry, Tyler Perry Company, Tyler Perry Studios (collectively, the Perry Defendants), Oprah Winfrey, Oprah Winfrey Network, and Harpo, Inc. (collectively, the Winfrey Defendants), because claim and issue preclusion did not apply to the instant case and they stated a plausible Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (RICO) claim.  Second, they contend the district court erred in dismissing the claims against defendant Barbara Hunt for lack of personal jurisdiction.  Third, they assert the district court abused its discretion in its rulings on the parties' motions for reassignment, recusal, and reconsideration.  Fourth, they argue the district court mismanaged the proceedings and/or violated their due process rights by hurriedly issuing various orders. Finally, the Plaintiffs contend the district court abused its discretion in its rulings on the parties' motions related to service of process and default judgment.  After review, we affirm the district court.

## I. *Judgment on the Pleadings*

---

[1] While the Plaintiffs have appealed from several more of the district court's orders in the underlying case, their failure to plainly and prominently address issues as to the remaining orders renders such issues abandoned.  *See Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013) (explaining a party abandons a claim or issue on appeal that is not plainly and prominently addressed in its brief).  Thus, we will not address any issues related to the district court's: (1) dismissal of the claims against Chief Judge Thrash; (2) rulings on the remaining discovery-related motions; (3) denial of their motions for judgment as a matter of law, for judgment on the pleadings, for summary judgment, and for appeal under 28 U.S.C. § 1292(b) and to transfer the docket to this Court; and (4) Fed. R. Civ. P. 54(b) certification.

As an initial matter, the district court did not abuse its discretion in concluding the Plaintiffs improperly and untimely attempted to amend their complaint, such that their initial complaint was the operative complaint in the underlying proceedings. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (stating we generally review the denial of a motion to amend a complaint under Federal Rule of Civil Procedure 15(a) for an abuse of discretion). The Lionsgate/Perry/Winfrey Defendants filed their answers to the complaint between May 5 and 22, 2017, and Hunt filed her Rule 12(b)(2) motion on May 22, 2017. The Plaintiffs failed to file their amended complaint until July 5, 2017. Thus, their amended complaint was untimely by at least 23 days, and at most 40 days. *See* Fed. R. Civ. P. 15(a)(1) (providing a party may amend its pleading once as a matter of course if it files a motion to amend within either: (a) 21 days after serving the pleading; or (b) if the pleading requires a responsive pleading, 21 days after service of the responsive pleading, or 21 days after service of a 12(b), (e), or (f) motion, whichever is earlier). Further, the record shows the Plaintiffs never asked for, nor received, the Defendants' written consent or the court's leave to file an amended complaint, such that they were not permitted to file the amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (providing, if the amended complaint is untimely, the party can amend its pleading only upon receiving the opposing party's written consent or the court's leave). Despite their *pro se* status, the

4

Plaintiffs were required to comply with Rule 15(a). *See Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (stating *pro se* litigants must comply with procedural rules).

Nor did the district court err in considering the documents from the Plaintiffs' prior lawsuits, as attached to the Defendants' initial and amended answers, and such consideration did not convert the Rule 12(c) motion for a judgment on the pleadings into a Rule 12(b)(6) motion or Rule 56 motion for summary judgment. Rather, these documents were properly considered in the Rule 12(c) motion because they were central to the Plaintiffs' claims, as they specifically listed their prior lawsuits in their complaint and alleged the lawsuits demonstrated the Defendants' pattern of racketeering and their conspiracy to monopolize the television and film industry. *See Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (stating for documents attached to pleadings to be considered in a motion for judgment on the pleadings, they must be central to the plaintiff's claim and undisputed).

The district court did not err in dismissing the Plaintiffs' RICO claims[2] on the pleadings because—even assuming arguendo the Plaintiffs pled applicable

---

[2] While the Plaintiffs clearly challenge the dismissal of their RICO claims in their initial brief on appeal, they fail to sufficiently brief the remaining claims mentioned in their complaint, as they make only a few passing references, or no reference at all, to the Sherman Anti-Trust Act, the Clayton Act, the Hobbs Act, the U.S. Copyright Act, the First Amendment, the Georgia constitution, or the World Intellectual Property Organization Treaty. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating while we read *pro se* briefs liberally, issues not

predicate acts for their RICO claims—they failed to plead the claims with the required level of specificity.[3]  *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (reviewing *de novo* the district court's grant of judgment on the pleadings); *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (explaining a plaintiff must plead her civil RICO claim, which is essentially a type of fraud claim, with an increased level of specificity).  Instead, the Plaintiffs incorporated by reference all prior paragraphs of their complaint, which contained numerous allegations against the Defendants without setting forth specific allegations against each Defendant.  *See Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013) (stating to show a violation of 18 U.S.C. § 1962, a plaintiff must establish conduct of an enterprise through a pattern of racketeering activity); *Cox v. Adm'r, U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (stating to recover on a civil RICO claim, plaintiffs must prove § 1962 was violated, they were injured in their business or property, and the § 1962 violation caused the injury).  Namely, the Plaintiffs failed to specifically allege any precise statements, documents, or misrepresentations the Defendants made to them.  *See Ambrosia*

---

briefed on appeal by a *pro se* litigant are deemed abandoned and we will not consider them); *Brown*, 720 F.3d at 1332 (explaining the party must go beyond making passing references to the claim under different topical headings, and must clearly and unambiguously define the claim and devote a distinct section of his argument to it).

[3]  This Court may affirm a district court ruling on any basis supported by the record. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir), *cert denied*, 138 S. Ct. 557 (2017).

*Coal & Constr. Co.*, 482 F.3d at 1316-17 (explaining to satisfy the Rule 9(b) standard, a RICO claimant must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled [her]; and (4) what the Defendants gained by the alleged fraud"). Additionally, the Plaintiffs failed to specifically allege the time and place of, and the person responsible for, any fraudulent or misleading statements, documents, or misrepresentations, and how they were misled by any of the Defendants' statements, documents, or misrepresentations. *See id.* Even accepting as true all material facts alleged in the Plaintiffs' pleading and viewing those facts in the light most favorable to the Plaintiffs, there are no material facts in dispute and the Lionsgate/Perry/Winfrey Defendants were entitled to judgment as a matter of law, given the Plaintiffs' failure to plead their RICO allegations with the requisite specificity. *See Perez*, 774 F.3d at 1335 (stating judgment on the pleadings is appropriate if—upon accepting as true all material facts alleged in the non-movant's pleading and viewing those facts in the light most favorable to the non-movant—no material facts are in dispute and the movant is entitled to judgment as a matter of law).

## II. *Dismissal for Lack of Personal Jurisdiction*

The district court did not err in grating Hunt's motion to dismiss for lack of personal jurisdiction. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)

7

(reviewing *de novo* the district court's dismissal of a case for lack of personal jurisdiction).  The Plaintiffs could not rely upon § 1965(d) of the RICO statute[4] to establish jurisdiction over Hunt because their asserted RICO claim against her is both (1) wholly immaterial, where their true claim against Hunt falls under copyright infringement rather than RICO; and (2) wholly insubstantial, where they failed to state their RICO claims with the requisite specificity.  *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941-42 (11th Cir. 1997) (stating as long as an asserted federal claim is not wholly immaterial or insubstantial, a plaintiff is entitled to invoke the federal statute's nationwide-service provision to establish jurisdiction).

III. *Motions for Reassignment, Recusal, and Reconsideration*

The initiating judge did not abuse his discretion in granting the Perry Defendants' motion to reassign the case to Chief Judge Thrash because the initiating judge had inherent authority to manage the district court docket and reassign the case to a judge who had presided over a prior related case.  *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining district courts have inherent authority to manage their own dockets to promote the orderly and expeditious disposition of their cases);

---

[4] The Plaintiffs have abandoned on appeal any arguments as to jurisdictional bases other than pursuant to § 1965(d).  Their single, perfunctory mention of minimum contacts, with no substantive arguments or authority, is insufficient to save such an argument from abandonment. *See Old West Annuity & Life Ins. Co. v. Apollo Group*, 605 F.3d 856, 860 n.1 (11th Cir. 2010).

*Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004) (reviewing a district court's decision on how to manage its docket for abuse of discretion). Next, Chief Judge Thrash did not abuse his discretion in denying the Plaintiffs' initial recusal motion because they failed to show a basis for recusal. *See* 28 U.S.C. § 455(a), (b)(1) (providing a presiding judge must recuse himself from a proceeding in which his impartiality might reasonably be questioned, or when he has a personal bias or prejudice toward or against a party); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (reviewing a district court judge's refusal to recuse himself for an abuse of discretion). Further, Chief Judge Thrash did not abuse his discretion in denying the Plaintiffs' subsequent motions for recusal, reassignment, and/or reconsideration, as nothing prevented him from ruling on the motion to recuse him, and the Plaintiffs' remaining arguments were either improperly raised for the first time in their reply brief, refuted by the record, or too speculative and conclusory to warrant recusal.

IV. *Mismanagement of Proceedings and/or Violation of Due Process Rights*

The district court did not abuse its discretion in making its discovery rulings, did not mismanage the docket, and did not violate the Plaintiffs' due process rights. *See Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 756-57 (11th Cir. 1985) (reviewing a district court's discovery decisions for an abuse of discretion);

9

*Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (reviewing a district

court's ruling on a motion to stay for an abuse of discretion).

First, the district court had wide discretion to rule on any discovery requests

and did not abuse its discretion by staying the proceedings, filings, and discovery

until ruling on the Defendants' pending motions for judgment on the pleadings and

motions to dismiss, especially in light of the fact the Plaintiffs' fraud-based claims

would have substantially enlarged the scope of discovery and were largely

unpersuasive.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th

Cir. 1997) (providing when a district court is presented with a motion to dispose of

a claim for relief that would substantially enlarge the scope of discovery, it should

rule on the motion before entering discovery orders).  The court's decision to stay

the proceedings and filings furthered the goals of controlling the case and saving

the time and effort of the court, counsel, and the parties, as the Plaintiffs had filed a

substantial amount of motions and other rulings, many of which were frivolous,

within three months of the commencement of the lawsuit.  *See Landis v. N. Amer.*

*Co.*, 299 U.S. 248, 254 (1936) (explaining a court's power to stay proceedings is

incidental to its inherent power to control the disposition of the cases on its docket

to save the time and effort of the court, counsel, and the parties).

While the district court ruled on the Defendants' motion to stay within only

six days, the Plaintiffs' contention they had no opportunity to respond is belied by

10

the record.  Rather, the record shows they made three filings in the time between the Defendants' motion and the court's ruling, two of which specifically noted the Defendants' motion to stay, and they fail to explain why they were unable to also file a separate response in opposition to the Defendants' motion to stay.   The Plaintiffs fail to articulate the basis of their claim for a due process violation, and the record shows no due process violation.  Also, the Plaintiffs fail to connect their assertion the district court unfairly allowed the Defendants to proceed, despite being in default, to the court's grant of a stay.  Nevertheless, such an assertion is belied by the record, as neither the clerk of court nor the district judge entered default against the Defendants.

Second, the Plaintiffs' assertions—that the district court could not have considered thoroughly their filings when it issued multiple orders on October 19 and that it failed to give in-depth explanations as to each ruling—are speculative and conclusory.  In so asserting, the Plaintiffs fail to account for the fact that some of the motions and filings ruled on had been pending for months prior to the district court's multiple orders, and many of the motions and filings overlapped in subject matter.  Moreover, the Plaintiffs fail to point to specific orders and explain why they were deficient, such that this Court cannot meaningfully review such a claim.  A review of the record shows that, while the district court's orders were

concise, they did not evidence a failure to consider the presented motions or any mismanaging of the docket.

## V. *Service-of-Process and Default-Judgment Motions*

Plaintiffs have failed to show how they were harmed by the district court's grant of the Defendants' motion to quash service and returns of service and denial of the Plaintiffs' motion to strike the motion to quash.  Rather, the Defendants nevertheless filed answers and responsive pleadings to the Plaintiffs' complaint, and the district court granted the Defendants' dispositive motions for judgment on the pleadings and to dismiss on several bases other than improper service of process.  Additionally, the district court did not abuse its discretion in denying the Plaintiffs' default-judgment motions because their complaint failed to state plausible RICO claims against the Defendants, such that default judgment would have been improper.  *See Chudasama*, 123 F.3d at 1370 n.41 (explaining "default judgment cannot stand on a complaint that fails to state a claim"); *Solaroll Shade & Shutter Corp., v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) (reviewing a district court's default-judgment ruling for an abuse of discretion). Because the Defendants were not in default, their subsequently filed answers and motions were not improper, and the Plaintiffs' motions to strike those answers and motions were meritless.

**AFFIRMED.**

12

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 20, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  17-14866-FF
Case Style:  William James, et al v. Barbara Hunt, et al
District Court Docket No:  1:17-cv-01181-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Mohler, FF at (404) 335-6178.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

PS order enclosed.

OPIN-1A Issuance of Opinion With Costs