[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13553
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01181-TWT

WILLIAM JAMES,
Sui Juris,
TERRI V. TUCKER,
Sui Juris,
a.k.a. Terri V. Donald-Strickland,
a.k.a. TLo-Redness,

          Plaintiffs-Counter Defendants-Appellants,

versus

BARBARA HUNT,
JUDGE THOMAS W. THRASH, JR.,

          Defendants-Appellees,

HARPO,
LIONSGATE ENTERTAINMENT,
OPRAH WINFREY NETWORK,
(OWN),
OPRAH WINFREY,
d.b.a. Oprah Winfrey Network,
TYLER PERRY COMPANY,
TYLER PERRY STUDIOS,

(TPS),
TYLER PERRY,
a.k.a. Emmett Perry Jr.,
a.k.a. Emmett J. Perry,
a.k.a. Buddy,
a.k.a. John Ivory,
a.k.a. Emmett M. Perry, et al.,

                                                  Defendants-Counter Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 12, 2019)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

      William James and Terri V. Tucker appeal *pro se* the district court's orders: (1) granting summary judgement to Defendants on their counterclaims under the All Writs Act, 28 U.S.C. § 1651(a), against Plaintiffs in their underlying lawsuit, issuing an All Writs Act injunction against Plaintiffs, and denying Plaintiffs' motion for judgment; and (2) denying Plaintiffs' petition for a writ of mandamus, denying their motion for reconsideration, and granting their motion for appeal.

      After review, we affirm.

I. BACKGROUND

Briefly, this appeal concerns ongoing litigation originally initiated when Plaintiffs filed a *pro se* complaint against Lionsgate Entertainment (Lionsgate), Tyler Perry, Tyler Perry Company, Tyler Perry Studios (collectively, the Perry Defendants), Oprah Winfrey, Oprah Winfrey Network, and Harpo, Inc. (collectively, the Winfrey Defendants), raising claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), pursuant to 18 U.S.C. §§ 1961 and 1964, the U.S. Copyright Act, 17 U.S.C. § 501, and numerous other state and federal laws, seeking damages and other relief. Their essential claim was that these Defendants criminally plagiarized and/or infringed Tucker's copyrighted book and James's copyrighted screenplay through creating and distributing two Tyler Perry movies.

The district court eventually ruled on several dispositive motions, resulting in the effective dismissal of all of Plaintiffs' pending claims. Plaintiffs then filed an appeal in this Court (Case No. 17-14866), and we affirmed the district court's rulings on several preliminary and dispositive motions. *James v. Hunt*, 761 F. App'x 975 (11th Cir. 2019).

In the meantime, Plaintiffs filed a petition for writ of mandamus, a motion objection to and seeking reconsideration of the orders that were the subject of the then-ongoing appeal, and a "Joint Application to Appeal from All Orders and Final

Order Rule 54(b)." Following Defendants' responses, the district court issued an order: (1) denying Plaintiffs' petition for a writ of mandamus; (2) denying their motion for reconsideration; and (3) granting in part their joint application to appeal to the extent they could appeal as of right, and otherwise denying the joint application (Mandamus Order).

Following the first appeal, the Lionsgate/Perry/Winfrey Defendants filed in the district court a Fed. R. Civ. P. 56 motion for summary judgment on several of their counterclaims for injunctive relief. Specifically, they requested that Plaintiffs be barred from filing any more lawsuits, in either state or federal court, against them based on the same facts and activities, which had formed the basis of numerous prior unsuccessful lawsuits against them. The district court eventually granted this motion and imposed a filing injunction against Plaintiffs (Injunction Order). The instant appeal followed.

## II. DISCUSSION

Before addressing the substance of the issues on appeal, it is necessary for us to clarify which of the district court's orders are properly before us. Plaintiffs designate in their notice of appeal, and in their appellate brief, that they are seeking to appeal from all of the district court orders within Documents 1 through 169. They raise 30 "issues" on appeal essentially arguing error as to: (1) the district court's preliminary orders, Docs. 15, 71, 76, 95, 96; (2) the court's earlier orders—

4

which were the subject of Case No. 17-14866—cumulatively granting and denying Defendants' pending motions, denying Plaintiffs' pending motions, and dismissing Plaintiffs' claims against Defendants, Docs. 124-39; and (3) their attempts at consolidating the instant appeal with the Case No. 17-14866.

However, only the district court's Mandamus Order and Injunction Order are properly before us in the instant appeal. We already have reviewed and ruled upon the district court's prior orders in Case No. 17-14866 and have denied Plaintiffs' motions to consolidate. Our holdings and rulings from the prior appeal are binding on this appeal under the law-of-the-case doctrine and we decline to readdress any issues related to those previously reviewed and ruled upon orders. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) ("The [law-of-the-case] doctrine provides that "[a]n appellate decision binds all subsequent proceedings in the same case." (quoting 18B Wright, Miller & Cooper, Federal Practice & Procedure § 4478 (2d ed. 2002))). We similarly decline to address any issues that could have been raised in the prior appeal but were not. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (concluding that the law-of-the-case doctrine applied both to issues actually raised in a prior appeal and to issues that could have, but were not, raised in a prior appeal).

To the extent Plaintiffs seek review of any order issued by the district court after they filed the instant notice of appeal, we do not have jurisdiction to review

any such orders, as they failed to file a new or amended notice of appeal designating those orders. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.").

Accordingly, our review in this appeal is limited to the district court's Mandamus Injunction Orders. Plaintiffs, however, fail to properly raise any arguments with regard to these orders. Instead, Plaintiffs' brief on appeal focuses almost exclusively on issues related to district court orders that, as discussed above, are not properly before us in the instant appeal. In particular, as noted above, the brief focuses primarily on the district court's preliminary and dispositive orders we addressed in Case No. 17-14866, and on Plaintiffs' attempts to consolidate the instant appeal with that case.

While we read *pro se* briefs liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned and will not be considered. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A party abandons a claim or issue on appeal that is not plainly and prominently addressed in its brief. *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2003). The party must go beyond making passing

references to the claim under different topical headings, and must clearly and unambiguously define the claim and devote a distinct section of his argument to it. *Id.*; *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (explaining that terse statements or arguments in passing are insufficient to save an issue from abandonment). Similarly, an argument is abandoned if the appellant raises it in a perfunctory manner without any substantive arguments or authority. *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 860 n.1 (11th Cir. 2010).

As to the Mandamus Order, even applying a liberal construction, Plaintiffs make only passing references to their mandamus petition, motion for reconsideration, joint application for appeal, and the court's ruling, and they fail to dedicate any discrete section of their brief on appeal to any of these motions or the court's order. Such passing references are insufficient to properly raise any issue concerning this order. *See King*, 751 F.3d at 1277.

As to the Injunction Order, the only argument Plaintiffs even arguably raise in a proper fashion is their apparent claim that the district court abused its discretion in granting Defendants' summary-judgment motion because the motion was not timely filed. But while the brief includes discussion of this argument, Plaintiffs cite to no law other than Fed. R. Civ. P. 54 and 56, and they fail to devote a distinct section of their brief to this matter, instead providing a relatively brief

discussion under various other topical headings. *See King*, 751 F.3d at 1277; *Apollo Grp.*, 605 F.3d at 860 n.1; *Brown*, 720 F.3d at 1332.

To the extent that Plaintiffs raised new arguments in their reply briefs, we will not address them. *See Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

### III.  CONCLUSION

Because Plaintiffs have abandoned any issues on appeal as to those orders that are properly before us by failing to plainly and prominently address such issues in their brief, no substantive questions remain before us, and we affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 12, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-13553-GG
Case Style: William James, et al v. Barbara Hunt, et al
District Court Docket No: 1:17-cv-01181-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs