CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 3 0 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Emergency Motion to Chief Judge Leigh
Martin May for Immediate Intervention and
Reassignment Pursuant to 28 U.S.C. 455
And the Courts Inherent Authority
(Contemporaneous with Plaintiffs' Rule
60(b)

HON: Chief Judge Leigh Martin May

**EMERGENCY MOTION TO CHIEF JUDGE LEIGH MARTIN MAY FOR IMMEDIATE
INTERVENTION AND REASSIGNMENT PURSUANT TO 28 U.S.C. § 455 AND THE
COURT'S INHERENT AUTHORITY (CONTEMPORANEOUS WITH PLAINTIFFS'
RULE 60(b) MOTION)**

Civil Action No. 1:17-cv-01181-TWT

**NOTICE OF MOTION EMERGENCY MOTION TO THE HONORABLE CHIEF**

**JUDGE LEIGH MARTIN MAY:** For Immediate Intervention And Reassignment Pursuant To

28 U.S.C. § 455 And the Court's Inherent Authority Contemporaneous With Plaintiffs' Rule

60(B) Motion): Plaintiffs William James and Terri V. Tucker (Lowe) hereby move this Court for

relief from judgment under Fed. R. Civ. P. 60(b). This motion is based on the accompanying

Memorandum of Law, the Declaration of William James and Terri V. Tucker, Procedural

Chronology, Exhibits and all pleadings and records on file, and such further evidence and

argument as may be presented at hearing.

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

# TO THE HONORABLE CHIEF JUDGE LEIGH MARTIN MAY OF THE UNITED

# STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

## Emergency Motion

Plaintiffs respectfully move for emergency intervention and immediate reassignment of all

further proceedings in the above-captioned matter—including, most urgently, Plaintiffs' Joint

Motion To Vacate Judgment, Reopen Case, And Enter Default Judgment, Judicial Misconduct,

Fraud On The Court, And Denial Of Due Process Under Fed. R. Civ. P. 60(B)(1)-(6), (D)(3)—to

a neutral and unconflicted judge. This request is compelled by the presiding judge's status as a

named defendant and his refusal to recuse, in direct violation of 28 U.S.C. § 455(b)(5)(i) and the

Code of Conduct for United States Judges.

## Mischaracterization of Civil RICO Claims

From the inception of this action, both the Defendants and the presiding judge have engaged in a

pattern of conduct that jointly mischaracterizes Plaintiffs' claims and systematically obstructs

merits-based adjudication. Defendants, in their motions and supporting briefs, repeatedly and

falsely characterize both the initial complaint (Doc. 1) and the amended complaint (Doc. 85) as

duplicative copyright infringement suits, deliberately ignoring the specific and distinct RICO

allegations, the four-element civil RICO framework, and the extensive pattern of predicate acts

spanning decades and multiple jurisdictions. These mischaracterizations are not isolated; they are

echoed and amplified in the Court's orders (see Docs 95, 96, 111), which adopt Defendants'

disparaging language—referring to Plaintiffs' filings as "unintelligible," "frivolous," and

"lacking basis in fact or law"—while systematically relieving Defendants of their obligation to

answer or address the substance of Plaintiffs' RICO claims.

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## Coordinated Conduct By Defendants And The Presiding Judge Resulting In Structural Bias And Denial Of Due Process

This coordinated approach—marked by the presiding judge's refusal to recuse, the Court's adoption of defense narratives, and the Defendants' persistent efforts to silence Plaintiffs through motions to stay, for protective orders, and for clarification—creates the unmistakable appearance of collusion and structural bias. Procedural irregularities abound: missed answer deadlines are excused or ignored, dispositive motions are resolved without discovery or hearing, and critical docket actions (including reassignment and the termination of motions) are effectuated through court-only or locked entries outside the public record. These practices, detailed in Exhibit 5, are not unique to this case; they reflect a broader pattern of racketeering activity and procedural abuse documented across multiple prior actions involving these same Defendants, their counsel, and, by practice, court officers.

## Comparative Analysis of Civil RICO and Copyright Infringement

A comparative analysis of the initial and amended complaints (Docs 1 and 85) demonstrates that Plaintiffs have consistently pleaded all elements of a civil RICO claim: (1) conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity, with detailed factual allegations, statutory citations, and prayers for relief unique to RICO and unavailable under copyright law. Defendants' characterization of these pleadings as "merely copyright" is not only legally incorrect but forms part of a deliberate litigation strategy to avoid substantive review, suppress evidence, and deprive Plaintiffs of due process.

## Irregular Procedural Violations

The record further shows that, across this and prior cases, procedural rules have been selectively enforced against Plaintiffs while Defendants and their counsel are permitted to violate deadlines,

Emergency Motion to Chief Judge
Leigh Martin May for Immediate
Intervention and Reassignment                    3

intimidate opposing counsel, and manipulate proceedings with impunity. These acts fulfill the

four elements of a civil RICO claim and constitute "fraud on the court" under Rule 60(b),

justifying emergency relief, vacatur of all orders entered under conflict, and reassignment to a

neutral judge for merits-based adjudication.

In sum, the persistent, coordinated pattern of procedural abuse, judicial complicity, and denial of

access to a fair tribunal has deprived Plaintiffs of their constitutional right to due process and a

meaningful opportunity to present their claims. Only immediate intervention and reassignment

can restore confidence in the integrity of these proceedings and ensure that justice is not only

done, but seen to be done.

### Improper All Writs Act Injunction Issued Without Jurisdiction

The procedural posture at the time of Defendants' Motion for Summary Judgment on their

counterclaim (Doc. 157) and the subsequent issuance of the All Writs Act injunction (Doc. 168)

was fundamentally defective. Plaintiffs had already filed a Notice of Appeal (see Docs. 101, 102)

challenging the district court's orders—including those relating to service, default, and

reassignment—which divested the district court of jurisdiction over all matters involved in the

appeal. It is black-letter law that "[t]he filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer

Discount Co.*, 459 U.S. 56, 58 (1982); see also *Taylor v. Sterrett*, 640 F.2d 663, 667 (11th Cir.

1981) ("It is the general rule that a district court is divested of jurisdiction upon the filing of the

notice of appeal with respect to any matters involved in the appeal.").

Despite this clear jurisdictional limitation, Defendants moved for summary judgment on their

counterclaim and sought an All Writs Act injunction (Doc. 157), and the Court proceeded to

grant that relief (Doc. 168), enjoining Plaintiffs from filing any future pleadings or actions

related to the underlying facts. This was done while the case was pending before the Eleventh

Circuit, and thus outside the district court's jurisdiction. The injunction not only operated as a

punitive measure against Plaintiffs but was issued in violation of both due process and the

constitutional right of access to the courts. See U.S. Const. amends. I, V; *Bill Johnson's

Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983).

The Court's actions—granting summary judgment and issuing a sweeping injunction after the

case was on appeal—are void ab initio for lack of jurisdiction and should be vacated. See *United

States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985); *In re Continental Resources Corp.,* 932

F.2d 590, 595 (7th Cir. 1991).

**Emergency Intervention**

This request for emergency intervention and reassignment is compelled not only by the presiding

judge's direct conflict and refusal to recuse, but by well-established Supreme Court precedent

holding that both the appearance and reality of impartiality are constitutional requirements. See,

e.g., *In re Murchison,* 349 U.S. 133, 136 (1955); *Tumey v. Ohio,* 273 U.S. 510, 523 (1927);

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864-65 (1988); *Offutt v. United

States,* 348 U.S. 11, 14 (1954); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

**No Statute of Limitations for Fraud Upon the Court**

It is well established that fraud upon the court is an egregious wrong that is not subject to any

statute of limitations, and courts retain the inherent authority to remedy such fraud at any time to

preserve the integrity of the judicial process. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,

322 U.S. 238, 244 (1944); *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *Gonzalez v. Crosby*,

545 U.S. 524, 532 n.8 (2005).

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## TABLE OF CONTENTS

**I. INTRODUCTION**................................................................................................... 11

**II. JURISDICTION**.................................................................................................. 11

**III. PROCEDURAL HISTORY**............................................................................... 12

*A. Plaintiffs Consistent Pleadings for Recusal and Reassignment*.................................... 12

*B. Motion for Recusal/Disqualification*.......................................................................... 12

*C. Rulings on Injunction and Summary Judgment While Disqualified*

*(Order Doc. 168)*......................................................................................................... 13

*D. Rulings Issued After Loss of Jurisdiction*.................................................................. 14

*E. Timeline and Appellate Jurisdictional Defect*.............................................................. 15

*F. Rulings on Injunction and Summary Judgment (Order Doc. 168)*................................. 17

*G. Impact on Plaintiffs' Rights*...................................................................................... 17

**IV. ARGUMENT**..................................................................................................... 16

*A. The Judge's Status as a Defendant Mandates Recusal*................................................ 16

*B. Continuing Jurisdiction Threatens Due Process*.......................................................... 16

*C. Orders Entered After Disqualification and During Pendency of*

*Appeal Are Void*.................................................................................................. 14, 16

*D. Emergency Relief Is Warranted*................................................................................. 16

*E. Public Confidence and the Appearance of Justice*........................................................ 17

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## TABLE OF CONTENTS CONT'D

*F. Systematic Discovery Violations, Collusive Conduct, and Fraud on the Court*...............

*G. Extraordinary Structural Defect: Chief Judge as Defendant Leaves*

*No Avenue for Internal Redress*.................................................................................... 17

*H. Procedural Posture and Unresolved Issues of*

*Case No. 1:17-cv-1181-TWT*.......................................................................................... 18

*I. Extraordinary Circumstances Warrant Immediate Chief Judge Intervention*.................. 18

**V. REQUEST FOR RELIEF**................................................................................................. 31

*A. Plaintiffs respectfully request that the Chief Judge*.................................................... 31

**VI. CONCLUSION**............................................................................................................... 32

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## TABLE OF AUTHORITIES AND CITATIONS

**Case Citations**                                                                **Pages(s)**

*Bill Johnson's Restaurants, Inc. v. NLRB,*

461 U.S. 731, 741 (1983)................................................................................ 5

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868, 881 (2009)................................................................ 22-23, 28, 30

*Griggs v. Provident Consumer Discount Co.,*

459 U.S. 56, 58 (1982).................................................................. 16, 19, 20, 28

*Gonzalez v. Crosby,*

545 U.S. 524, 532 n.8 (2005)............................................................ 5, 20, 29, 30

*Haines v. Kerner,*

404 U.S. 519, 520 (1972)................................................................................ 21

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238, 246-47 (1944)..................................................... 17, 20, 22, 29-30

*In re Continental Resources Corp.,*

932 F.2d 590, 595 (7th Cir. 1991).................................................. 12, 16, 19, 25

*In re Kansas City Star Co.",*

666 F.2d 1168, 1175 (8th Cir. 1981).............................................. 11, 17, 19, 25

*In re Murchison, 349 U.S.,*

133, 136 (1955)............................................... 5, 16, 19, 20, 23, 24, 28, 30, 34

*Lawlor v. National Screen Service Corp.,*

349 U.S. 322, 328 (1955)........................................................... 17, 22, 24, 25, 34

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## Case Citations                                              Pages(s)

*Liljeberg v. Health Services Acquisition Corp.,*

486 U.S. 847 (1988)............................................................ 5, 13, 17, 22, 24, 25, 34

*Living Designs, Inc. v. Dupont,*

431 F.3d 353, 362–63 (9th Cir. 2005)........................................................ 21, 26

*Offutt v. United States,*

348 U.S. 11, 14 (1954)...................................................................... 22, 24, 25, 34

*Taylor v. Sterrett,*

640 F.2d 663, 667 (5th Cir. 1981)............................................................ 4, 16, 19, 20

*Tumey v. Ohio, 273 U.S.*

510, 523 (1927).......................................................................... 5, 16, 19, 23, 24, 34

*United States v. Beggerly,*

524 U.S. 38, 47 (1998)................................................................... 5, 20, 22, 29, 30

*United States v. Murphy,*

768 F.2d 1518, 1537 (7th Cir. 1985)............................ 5, 12, 13, 16, 17, 19, 21, 23, 25, 34

*United States v. Torkington,*

874 F.2d 1441, 1446 (11th Cir. 1989)............................................................... 21

*United States v. Walker,*

601 F.2d 1051, 1058 (9th Cir. 1979)................................................................ 18

*Ward v. Village of Monroeville,*

409 U.S. 57, 61-62 (1972)........................................................................... 19

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

| Statutes | Page(s) |
| --- | --- |
| 28 U.S.C. § 455.................................................................... | 2, 5, 10-36 |

**Constitution**

| | |
| --- | --- |
| 28 U.S.C. § 455(b)(5)(i)........................................................... | 2, 5, 10-38 |
| 28 U.S.C. § 1331................................................................... | 2, 6, 11 |
| 28 U.S.C. § 1651................................................................... | 2, 6, 11 |
| U.S. Const. V. Amend.............................................................. | 10-38 |

**Rules**

| | |
| --- | --- |
| Fed. R. Civ. P. 12(b)(6)........................................................... | 15, 27 |
| Fed. R. Civ. P. 15(a)(3)........................................................... | 27 |

**Other Authorities**

| | |
| --- | --- |
| Fed. R. Civ. P. 60(b)..................................... | 1, 10, 17-18, 21-22, 26, 31, 36-37 |
| Fed. R. Civ. P. 60(b)(4)........................................................... | 17, 18, 22 |
| Fed. R. Civ. P. 60(B)(1)-(6), (D)(3)............................................. | 2, 13, 18, 20 |
| Code of Conduct for United States Judges...................................... | 2, 10, 19, 24 |
| Canon (2)........................................................................... | 19 |
| Canon (3)........................................................................... | 19 |

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## I. INTRODUCTION

This emergency motion is submitted to safeguard the integrity of the judicial process and the

appearance of impartiality required by law. The presiding judge, Hon. Thomas W. Thrash, Jr., is a

named defendant in this action and, despite Plaintiffs' prior motion for recusal/disqualification,

has refused to step aside. Simultaneously, Plaintiffs are filing a substantive motion for relief from

judgment under Rule 60(b), which raises issues of fraud on the court, procedural irregularities,

and denial of due process. The impartial adjudication of this motion is critical and cannot occur

while a conflicted judge presides. This motion seeks to vindicate Plaintiffs' fundamental rights

under the Due Process Clause of the Fifth Amendment to the United States Constitution, U.S.

Const. V. amend., which guarantees an impartial tribunal and meaningful access to the courts.

## II. JURISDICTION

A. This Court has inherent authority, as well as obligations under the Fifth Amendment, U.S.

Const. amend. V to the United States Constitution, to ensure the integrity and impartiality of its

proceedings.

B. This Court has jurisdiction over this emergency motion pursuant to its inherent authority to

supervise judicial conduct and maintain the integrity of its proceedings, as well as under 28

U.S.C. § 455 (mandatory recusal), 28 U.S.C. § 1331 (federal question jurisdiction), and 28

U.S.C. § 1651 (All Writs Act). The Chief Judge is empowered to grant the relief requested to

ensure impartial adjudication and the proper administration of justice. See "*In re Kansas City

Star Co.*", 666 F.2d 1168, 1175 (8th Cir. 1981).

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## III. PROCEDURAL HISTORY

### A. Plaintiffs Consistent Pleadings for Recusal and Reassignment

1. Plaintiffs have consistently sought recusal and reassignment of Judge Thomas W. Thrash, Jr. after he was named and served as a defendant in this action. Despite these requests, Judge Thrash denied Plaintiffs' motions for recusal (Doc. 120; Order Doc. 137) and reassignment (Doc. 97; Order Doc. 125), and continued to preside over and rule on critical motions, including granting and denying substantive relief (see, e.g., Orders Docs. 95, 96, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 154, 168, 169, 180, 195).

2. Many of these orders, including the final judgment, were issued after the judge was disqualified by statute and while the case was pending on appeal, in violation of 28 U.S.C. § 455(b)(5)(i) and fundamental due process. "See *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) ("Orders entered by a judge who is statutorily disqualified are void ab initio."); *In re Continental Resources Corp.*, 932 F.2d 590, 595 (7th Cir. 1991) (orders issued after disqualification are a nullity).

3. "Plaintiffs initiated this civil RICO action on April 3, 2017. Several defendants failed to answer, but the Court did not enter default. Plaintiffs filed notices of appeal on October 26, 2017, after and during which the Court issued Order (Doc. 168-169) an All Writs Act injunction. The U.S. Attorney's Office appeared for the judge during the appeal."

### B. Motion for Recusal/Disqualification:

1. Plaintiffs filed a motion to recuse or disqualify Judge Thrash on October 6, 2017, citing his status as a named defendant on July 5, 2017 (Doc. 85). (See Doc. 120; Ex. 1, Plaintiffs' Motion for Recusal.) Judge Thrash denied the recusal motion (Order Doc. 137), stating that "Plaintiffs' unhappiness with my rulings in this and other cases is not a valid basis for seeking recusal."

Plaintiffs also moved for reassignment to a new judge (Doc. 97), which was similarly denied (Order Doc. 125).

### C. *Rulings on Injunction and Summary Judgment While Disqualified (Order Doc. 168):*

1. Despite being named and served as a defendant and while lacking jurisdiction under 28 U.S.C. § 455(b)(5)(i), Judge Thomas W. Thrash, Jr. continued to preside over the matter and issued substantive orders, including a sweeping injunction against Plaintiffs and final summary judgment in favor of Defendants (Order Doc. 168, entered August 10, 2018).

2. In Order Doc. 168, Judge Thrash granted Defendants' Motion for Summary Judgment [Doc. 157], denied Plaintiffs' Motion for Judgment [Doc. 162], and, critically, entered an injunction pursuant to the All-Writs Act. This injunction prohibits Plaintiffs from filing any further pleadings, motions, or lawsuits in any court against any of the Defendants arising from the same factual predicate, without first obtaining written permission from Judge Thrash.

3. The order expressly bars Plaintiffs' access to the courts for claims related to this litigation, even as the judge's impartiality and jurisdiction were in question.

4. The order was entered after Plaintiffs had filed a Notice of Appeal (Doc. 144, October 26, 2017), and after Judge Thrash was statutorily disqualified by virtue of being a named and served party;

5. The judge's continued exercise of authority—including the imposition of a filing injunction and the grant of dispositive relief—constitutes a violation of federal law and due process, rendering these orders void or voidable. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988); *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985);

a. Impact: The issuance of the injunction and summary judgment under these circumstances has caused irreparable prejudice to Plaintiffs, depriving them of access to an impartial tribunal,

chilling their right to seek redress, and foreclosing meaningful appellate review. The continued

entry of orders by a disqualified judge—including this extraordinary injunctive relief—

exemplifies the urgent need for intervention, vacatur of void orders, and reassignment to a

neutral judge.

### D. *Rulings Issued After Loss of Jurisdiction:*

1. Despite being named and served as a defendant, Judge Thrash continued to preside and issued

numerous substantive orders, including but not limited to;

2. Rulings Issued After Loss of Jurisdiction (Prior to Appellate Jurisdiction):

Despite being named and served as a defendant, Judge Thrash continued to preside and issued

numerous substantive orders, including but not limited to;

    a.  Order Doc. 95: Ruling on Defendants' Motion to Stay (Doc. 87) and Motion for Protective Order (Doc. 89) – both granted;

    b.  Order Doc. 96: Denying Plaintiffs' Motion to Reassign, Reconsideration, and Recusal (Doc. 81);

    c.  Order Doc. 124: Denying Plaintiffs' Motion to Compel Defendants' Discovery (Doc. 92);

    d.  Order Doc. 125: Denying Plaintiffs' Motion to Reassign to a New Judge (Doc. 97);

    e.  Order Doc. 126: Denying Plaintiffs' Motion for Judgment as a Matter of Law (Doc. 99) under Rule 50(a)(2);

    f.  Order Doc. 127: Denying Plaintiffs' Motion for Reconsideration (Doc. 81);

    g.  Order Doc. 128: Denying Plaintiffs' Motion for Summary Judgment (Doc. 61);

    h.  Order Doc. 129: Denying Defendants' Motion for a Hearing (Doc. 121);

    i.  Order Doc. 130: Denying Plaintiffs' Motion for Judgment of Default (Doc. 119);

j.  Order Doc. 131: Granting Defendants' Motion to Dismiss through the U.S. District
    Attorney's Office (Doc. 116)—by the very judge named as defendant;

k.  Order Doc. 132: Granting Defendants' Motion for Clarification (Doc. 111);

l.  Order Doc. 133: Denying Plaintiffs' Motion for Appeal under 28 U.S.C. § 1292 (Doc.
    101);

m.  Order Doc. 134: Denying Plaintiffs' Motions to Strike (Docs. 50, 51, 62, 72);

n.  Order Doc. 135: Denying Plaintiffs' Motion for Extension of Time for Service of Process
    (Doc. 78);

o.  Order Doc. 136: Granting Defendant Hunt's Motion to Dismiss for Lack of Jurisdiction
    (Doc. 45);

p.  Order Doc. 137: Denying Plaintiffs' Motion for Recusal (Doc. 120);

q.  Order Doc. 138: Granting Defendants' Rule 12(c) (construed as Rule 12(b)(6)) Motion
    (Doc. 74);

r.  Order Doc. 139: Denying Plaintiffs' Motion for a Hearing (Doc. 64);

s.  Order Doc. 154 (Nov. 20, 2017): Denying Plaintiffs' Motion for Reconsideration (Doc.
    142);

t.  Order Doc. 168: Denying Plaintiffs' Motion for Judgment (Doc. 162);

u.  Order Doc. 169: Granting Judgment on Defendants' Summary Judgment (Doc. 157)
    while the matter was pending in the appellate court;

v.  Order Doc. 180: Denying Plaintiffs' Permission to Object and Oppose Orders (Docs.
    171–172);

w.  Order Doc. 195: Entering Final Judgment in favor of Defendants and closing the case.

### E. Timeline and Appellate Jurisdictional Defect:

#### 1. Plaintiffs' Notice of Appeal:

a. (Doc. 144) was filed October 26, 2017, and the appeal concluded February 22, 2019. Despite the pendency of the appeal and after being named a defendant, Judge Thrash issued substantive rulings and terminated himself and all defendants as of October 19, 2017;

b. prior to appellate resolution and on a motion (Doc. 74) that did not request such relief.

#### 2. Judge Thrash's use of Rule 54(b) favored Defendants and precluded transfer or reassignment:

a. dismissing himself as a party and entering final judgment before appellate review;

b. "A district court is divested of jurisdiction over matters involved in the appeal once a notice of appeal is filed. See *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *Taylor v. Sterrett,* 640 F.2d 663, 667 (5th Cir. 1981)."

#### 3. Orders Entered After Disqualification Are Void:

a. It is well-settled that any judicial action taken by a judge after statutory disqualification pursuant to 28 U.S.C. § 455 is void ab initio. See *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985); *In re Continental Resources Corp.*, 932 F.2d 590, 595 (7th Cir. 1991).

#### 4. Loss of Jurisdiction Upon Appeal:

a. Upon the filing of a notice of appeal, the district court is divested of jurisdiction over those aspects of the case involved in the appeal. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Taylor v. Sterrett*, 640 F.2d 663, 667 (5th Cir. 1981).

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## 5. Due Process and the Right to an Impartial Tribunal:

a. The Supreme Court has repeatedly held that due process requires both the reality and the

appearance of impartiality. See *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *In re Murchison*, 349

U.S. 133, 136 (1955).

## 6. Chief Judge's Supervisory Authority:

a. The Chief Judge possesses inherent authority to intervene and reassign cases to preserve the

integrity of the judiciary. See *In re Kansas City Star Co.*, 666 F.2d 1168, 1175 (8th Cir. 1981).

## 7. Fraud on the Court and Rule 60(b):

a. Where there has been fraud on the court or a fundamental defect in the proceedings, relief

under Rule 60(b) is mandatory. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238,

246-47 (1944); Fed. R. Civ. P. 60(b)(4).

## F. Rulings on Injunction and Summary Judgment (Order Doc. 168):

1. Despite being named and served as a defendant and while lacking jurisdiction under 28 U.S.C.

§ 455(b)(5)(i), Judge Thrash continued to preside over the matter and issued substantive orders,

including a sweeping injunction against Plaintiffs and final summary judgment in favor of

Defendants (Order Doc. 168, entered August 10, 2018);

a. The order was entered after Plaintiffs had filed a Notice of Appeal (Doc. 144, October 26,

2017), and after Judge Thrash was statutorily disqualified by virtue of being a named and served

party;

b. The judge's continued exercise of authority—including the imposition of a filing injunction

and the grant of dispositive relief—constitutes a violation of federal law and due process,

rendering these orders void or voidable. "See *Liljeberg v. Health Services Acquisition Corp.*, 486

U.S. 847, 864-65 (1988); *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985)."

## G. Impact on Plaintiffs' Rights:

1. Judge Thrash's continued rulings while a named defendant and after the case was on appeal deprived Plaintiffs of an impartial adjudicator and violated 28 U.S.C. § 455(b)(5)(i);

a. Plaintiffs' repeated efforts to secure recusal, reconsideration, and reassignment were denied, and the court's orders during this period are void or voidable for lack of jurisdiction and fundamental procedural irregularity. "See *United States v. Walker*, 601 F.2d 1051, 1058 (9th Cir. 1979); Fed. R. Civ. P. 60(b)(4)."

2. Judge Thomas W. Thrash remains listed as a defendant and continues to preside over post-judgment matters, including the pending Plaintiffs' Joint Motion To Vacate Judgment, Reopen Case, And Enter Default Judgment, Judicial Misconduct, Fraud On The Court, And Denial Of Due Process Under Fed. R. Civ. P. 60(B)(1)-(6), (D)(3).

## H. Extraordinary Circumstances Warrant Immediate Chief Judge Intervention:

1. The facts of this case present precisely the extraordinary circumstances contemplated by 28 U.S.C. § 455 and the court's inherent powers;

a. The Chief Judge's intervention is not only appropriate but necessary to restore the rule of law and public confidence. "See *In re Kansas City Star Co.*, 666 F.2d 1168, 1175 (8th Cir. 1981)."

## IV. LEGAL STANDARD

### A. Statutory Mandate: 28 U.S.C. § 455(b)(5)(i):

1. This Court has inherent authority, as well as obligations under the Fifth Amendment to the United States Constitution, to ensure the integrity and impartiality of its proceedings.

2. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in... [a] proceeding in which he... is a party to the proceeding."

### *B. Judicial Ethics:*

1. Canon 2, Code of Conduct for United States Judges: "A judge should avoid impropriety and the appearance of impropriety in all activities."

2. Canon 3(C): "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned;

a. including but not limited to instances where… the judge is a party to the proceeding."

### *C. Orders Entered After Disqualification and During Pendency of Appeal Are Void:*

1. It is well-settled that any judicial action taken by a judge after statutory disqualification pursuant to 28 U.S.C. § 455 is void ab initio. See *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985); *In re Continental Resources Corp.,* 932 F.2d 590, 595 (7th Cir. 1991).

### *D. Loss of Jurisdiction Upon Appeal:*

1. Upon the filing of a notice of appeal, the district court is divested of jurisdiction over those aspects of the case involved in the appeal. "See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Taylor v. Sterrett,* 640 F.2d 663, 667 (5th Cir. 1981)."

### *E. Due Process and the Right to an Impartial Tribunal:*

1. The Supreme Court has repeatedly held that due process requires both the reality and the appearance of impartiality. "See *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *In re Murchison*, 349 U.S. 133, 136 (1955)." "See also" *Ward v. Village of Monroeville*, 409 U.S. 57, 61-62 (1972).

### *F. Chief Judge's Supervisory Authority:*

1. The Chief Judge possesses inherent authority to intervene and reassign cases to preserve the integrity of the judiciary. "See *In re Kansas City Star Co.,* 666 F.2d 1168, 1175 (8th Cir. 1981)."

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

*G. Fraud on the Court and Rule 60(b):*

## 1. Fraud Upon the Court and Judicial Integrity

Fraud upon the court occurs when officers of the court (including judges, attorneys, or parties) engage in conduct that undermines the integrity of the judicial process itself, not merely the interests of adverse parties. The Supreme Court recognizes that "fraud upon the court" is an extraordinary wrong that "strikes at the very heart of the judicial system," and is not subject to any statute of limitations. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944); *Gonzalez v. Crosby,* 545 U.S. 524, 532 n.8 (2005). Federal courts retain inherent authority to vacate orders and judgments procured by such fraud at any time. See *United States v. Beggerly,* 524 U.S. 38, 47 (1998).

In this case, the presiding judge's dual role as both adjudicator and named defendant, combined with the refusal to recuse, constitutes a fundamental due process violation. See In re Murchison, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). The judge's actions—overseeing the case, adopting the defense's mischaracterization of Plaintiffs' RICO claims, and issuing dispositive orders—undermined the appearance and reality of impartiality.

## 2. Shielding RICO Defendants and Default

The record reflects that several RICO defendants failed to timely answer or respond, yet the Court refused to enter default or default judgment as required by Fed. R. Civ. P. 55. Instead, the Court granted summary judgment and injunctive relief in favor of those same defendants, despite their procedural default and ongoing participation in the case. This departure from standard procedure deprived Plaintiffs of their statutory right to seek treble damages and other remedies under the RICO Act, 18 U.S.C. § 1964(c).

## 3. Jurisdictional Defect and Void Orders

Once Plaintiffs filed their notices of appeal, the district court was divested of jurisdiction over all

matters involved in the appeal. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

(1982); *Taylor v. Sterrett,* 640 F.2d 663, 667 (11th Cir. 1981). Despite this, the Court proceeded

to grant Defendants' motion for summary judgment and issue an "All Writs Act" injunction.

Orders entered without jurisdiction are void ab initio and must be vacated. See *United States v.*

*Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985).

## 4. Mischaracterization of RICO Claims

Defendants repeatedly misrepresented Plaintiffs' civil RICO claims as duplicative of prior

copyright actions, both to the Court and in their filings (see Doc. 31). This mischaracterization

was adopted by the Court to justify judicial assignment and the entry of adverse rulings, despite

clear legal distinctions between RICO and copyright causes of action. Such conduct may

constitute fraud or misrepresentation under Fed. R. Civ. P. 60(b)(3), especially where it affects

the fairness of the proceedings. See *Living Designs, Inc. v. Dupont*, 431 F.3d 353, 362–63 (9th

Cir. 2005).

## 5. RICO Claims Are Distinct from Copyright Claims:

Courts have consistently recognized that RICO claims are not precluded where the legal theories,

elements, and injuries differ from those of prior actions. See *Living Designs, Inc. v. Dupont*, 431

F.3d 353, 362–63 (9th Cir. 2005) (RICO claims not barred where not previously adjudicated);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings must be liberally construed).

## 6. No Preclusion Where New Predicate Acts or Injuries Exist:

See *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328 (1955) ("A prior judgment is res

judicata only as to issues actually litigated and determined."); *United States v. Torkington*, 874

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

F.2d 1441, 1446 (11th Cir. 1989) (RICO claims require proof of a "pattern" of racketeering

activity, not present in copyright claims).

### 7. Involvement of the U.S. Attorney's Office

The United States Attorney's Office appeared as counsel for the judge in his capacity as a

defendant in the appellate court, after appellate jurisdiction had attached. This unprecedented

alignment of judicial, prosecutorial, and defense interests further erodes the appearance and

reality of impartiality, in direct violation of due process. See *Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868, 881 (2009).

### 8. Absence of Statute of Limitations for Fraud Upon the Court

It is a well-settled principle that there is no statute of limitations for seeking relief from fraud

upon the court. Courts retain inherent authority to remedy such misconduct at any time, as it

threatens the very legitimacy of the judicial process. See *Hazel-Atlas*, 322 U.S. at 244; *Beggerly*,

524 U.S. at 47.

### 8. Conclusion

A. The cumulative effect of these procedural and substantive defects—judicial conflict, denial of

default, entry of void orders, mischaracterization of claims, and improper government

involvement—constitutes fraud upon the court. Plaintiffs are entitled to immediate relief,

including vacatur of all tainted orders and reassignment, to restore the integrity of the

proceedings and public confidence in the administration of justice.

1. Where there has been fraud on the court or a fundamental defect in the proceedings, relief

under Rule 60(b) is mandatory. "See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S.

238, 246-47 (1944); *Liljeberg,* 486 U.S. at 864-65; Fed. R. Civ. P. 60(b)(4)."

### H. Public Confidence and Judicial Integrity:

Emergency Motion to Chief Judge
Leigh Martin May for Immediate                    22
Intervention and Reassignment

1. The judiciary's legitimacy depends on the public's trust in its fairness and impartiality.

"See *Offutt v. United States,* 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice.")."

## IV. ARGUMENT

The Supreme Court has repeatedly held that due process under the Fifth Amendment requires both the reality and the appearance of impartiality in judicial proceedings. See *Tumey v. Ohio,* 273 U.S. 510, 523 (1927); *In re Murchison,* 349 U.S. 133, 136 (1955). The continued exercise of authority by a judge who is a named defendant in this matter deprives Plaintiffs of their constitutional right to a fair tribunal.

### A. The Judge's Status as a Defendant Mandates Recusal:

1. 28 U.S.C. § 455(b)(5)(i) leaves no discretion: a judge who is a party to the proceeding must be disqualified.

2. The judge's refusal to recuse is a clear violation of federal law and undermines public confidence in the judiciary. "See *In re Murchison*, 349 U.S. 133, 136 (1955)."

### B. Continuing Jurisdiction Threatens Due Process:

1. Allowing a judge-defendant to rule on post-judgment motions, including Rule 60(b), creates an intolerable risk of actual and apparent bias, in violation of the Fifth Amendment's guarantee of due process. "See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009)."

### C. Orders Entered After Disqualification and During Pendency of Appeal Are Void:

1. The continued issuance of orders by a judge who is both a named party and statutorily disqualified is a fundamental jurisdictional defect;

a. Such orders are void and must be vacated. "See *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985);"

b. The court's authority is further divested upon the filing of a notice of appeal. See *Griggs*, 459

U.S. at 58.

### D. Emergency Relief Is Warranted:

1. Immediate intervention is necessary to prevent irreparable harm to Plaintiffs' rights and to the

integrity of these proceedings, especially where the pending Rule 60(b) motion raises substantial

issues of judicial misconduct and procedural irregularity.

### E. Public Confidence and the Appearance of Justice:

1. The Supreme Court has emphasized that "justice must satisfy the appearance of justice;"

"See *Offutt v. United States*, 348 U.S. 11, 14 (1954); *Liljeberg*, 486 U.S. at 864-65."

a. Allowing a judge-defendant to continue presiding fatally undermines public trust and the

legitimacy of these proceedings.

### F. Systematic Discovery Violations, Collusive Conduct, and Fraud on the Court

1. In the instant case, the record demonstrates a sustained pattern of discovery violations and

collusive conduct between Defendants and the presiding judge, culminating in the deprivation of

Plaintiffs' due process rights and the integrity of these proceedings. Plaintiffs respectfully direct

the Chief Judge to the following specific docket entries and factual events:

### Unified Defense and Early Mischaracterization

a. Defendants filed substantively identical answers (Docs. 33, 43, 44; Amended Answers
   Docs. 57, 58) and, in their initial pleadings and Doc. 52 (Motion to Quash),
   mischaracterized Plaintiffs' operative RICO and antitrust claims as mere copyright
   infringement.

b. Defendants requested Judge Thrash by name (Doc. 31), resulting in transfer to a judge
   who was later named as a defendant and refused to recuse (see Doc. 81).

**Coordinated Motions to Stay and Deny Discovery**

    c.  Defendants moved to stay discovery and for injunctive relief at multiple points, including

        Docs. 74, 87, and 89, explicitly arguing Plaintiffs "had no need for discovery," a position

        adopted by the Court.

    d.  The Court granted Defendants' motions to stay discovery (Orders 95, 96), denied

        Plaintiffs' motion to compel discovery (Doc. 97), and refused a hearing (Doc. 64),

        effectively foreclosing any opportunity for Plaintiffs to obtain evidence, present facts, or

        rebut Defendants' misrepresentations.

**Judicial Adoption of Defendants' Arguments and Denial of Access**

    e.  Defendants' request for clarification (Doc. 111) and the Court's response further

        entrenched the stay, while Plaintiffs' objections (Doc. 124) were overruled.

    f.  The Court delayed all discovery until after Defendants' dispositive Rule 12(c) motion

        (treated as Rule 12(b)(6)), ensuring Plaintiffs could not substantiate their claims before

        dismissal.

**Entry of Filing Injunction and Use of Pejorative Language**

    g.  While appeals were pending and Judge Thrash remained a named defendant, the Court

        entered Order 168, granting summary judgment to Defendants (Doc. 157), denying

        Plaintiffs' motion (Doc. 162), and imposing a filing injunction under the All Writs Act, 28

        U.S.C. § 1651(a), without notice or hearing.

    h.  The Court's order characterized Plaintiffs as *"frivolous," "ludicrous," and "abusive*

        *litigants,"* further evidencing bias and lack of neutrality.

These actions, as documented in the above-referenced docket entries, collectively deprived

Plaintiffs of their rights to due process, access to the courts, and fair adjudication. The collusive

denial of discovery, judicial adoption of Defendants' mischaracterizations, and imposition of

sweeping filing restrictions constitute "extraordinary circumstances" and "fraud on the court" as

defined by United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) and Rozier v. Ford Motor

Co., 573 F.2d 1332, 1338 (5th Cir. 1978), warranting vacatur and recusal under Fed. R. Civ. P.

60(b)(3), (d)(3), and 28 U.S.C. § 455.

## *G. Extraordinary Structural Defect: Chief Judge as Defendant Leaves No Avenue for Internal Redress:*

1. In this extraordinary circumstance, the presiding judge, Thomas W. Thrash, Jr., was not only a

named defendant but also the Chief Judge of this District at the time of the events at issue;

a. As a result, Plaintiffs were left with no meaningful internal avenue to seek recusal,

reassignment, or supervision of the Chief Judge's conduct.

2. This absolute concentration of authority in a judge who is both a party and the Chief Judge

rendered the statutory and ethical safeguards of 28 U.S.C. § 455 and the Code of Conduct for

United States Judges effectively unavailable, as there was no higher judicial officer within the

District with authority to intervene or act upon Plaintiffs' requests.

3. The Supreme Court has long held that "no man is permitted to try cases where he has an

interest in the outcome," and that due process requires both the reality and appearance of

impartiality. See *In re Murchison*, 349 U.S. 133, 136 (1955); *Tumey v. Ohio*, 273 U.S. 510, 523

(1927);

a. The judiciary's legitimacy depends on the public's trust in its fairness and impartiality. See

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864-65 (1988); *Offutt v. United States,* 348 U.S. 11, 14 (1954).

4. Where the ordinary mechanisms for judicial accountability are unavailable due to a judge's

dual status as both defendant and Chief Judge, the risk of unchecked abuse of discretion and

authority is manifest;

a. Such a scenario constitutes an extraordinary circumstance—an "extraordinary defect"—

warranting intervention by a higher supervisory court, such as the Circuit Judicial Council, to

restore the integrity of the proceedings. See *In re Kansas City Star Co.,* 666 F.2d 1168, 1175 (8th

Cir. 1981) (recognizing the inherent supervisory power of higher courts to intervene to preserve

impartiality and public confidence).

5. Plaintiffs respectfully submit that the judge's refusal to recuse, coupled with his unique

position as Chief Judge and defendant, deprived Plaintiffs of any effective remedy within the

District and constitutes a defect so fundamental that all orders entered after disqualification are

void ab initio. See *United States v. Murphy,* 768 F.2d 1518, 1537 (7th Cir. 1985); *In re*

*Continental Resources Corp.,* 932 F.2d 590, 595 (7th Cir. 1991).

*H. Procedural Posture and Unresolved Issues of Case No. 1:17-cv-1181-TWT:*

**1. Mischaracterization of Plaintiffs Claims**

Defendants' persistent mischaracterization of Plaintiffs' civil RICO claims as mere duplicative

copyright actions is both factually and legally baseless. The RICO claims in this action assert a

distinct pattern of racketeering, allege predicate acts and injuries not previously adjudicated, and

invoke statutory remedies under 18 U.S.C. § 1964(c) that were never addressed in prior cases.

Supreme Court and Eleventh Circuit precedent confirm that RICO claims are not barred where

the legal theories and injuries differ. See *Living Designs, Inc. v. Dupont,* 431 F.3d at 362–63;

*Lawlor,* 349 U.S. at 328. Defendants' coordinated strategy of conflating RICO and copyright

claims is a transparent attempt to avoid substantive review and evade accountability for ongoing

racketeering activity—contrary to both the letter and spirit of federal law.

2. This mischaracterization has been adopted by the Court in various orders, resulting in the

denial of Plaintiffs' right to a jury trial and the foreclosure of meaningful adjudication on the

merits. Such conduct violates Plaintiffs' constitutional right to due process and their statutory

rights under the RICO Act. See U.S. Const. amend. V; 18 U.S.C. § 1964(c).

3. Judge Thomas W. Thrash, Jr. remains both a listed defendant and the presiding judge over

post-judgment matters;

a. including Plaintiffs' pending Joint Motion to Vacate Judgment, Reopen Case, and Enter

Default Judgment;

b. which alleges judicial misconduct, fraud on the court, and denial of due process pursuant to

Fed. R. Civ. P. 60(b)(1)-(6), (d)(3);

c. Plaintiffs are contemporaneously filing this Rule 60(b) motion based on newly

discovered evidence, fraud, and extraordinary circumstances, and respectfully request the Court

to void or vacate all orders entered during the period of disqualification and procedural

irregularity.

**2. Procedural Background Prior to Void Orders:**

a. On July 5, 2017, Plaintiffs filed an Amended Complaint (Doc. 85) as a matter of right under

Rule 15(a)(3), in direct response to Defendants' Motion for Judgment on the Pleadings (Doc. 74),

which raised Rule 12(b)(6) defenses for failure to state a claim under Civil RICO;

b. At that time, Plaintiffs added Judge Thomas W. Thrash as a defendant, following the Court's

allowance of Defendants' request for reassignment (Doc. 31), which was premised on the

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

erroneous assertion that this action was duplicative copyright litigation rather than a distinct

Civil RICO action;

c. Plaintiffs repeatedly directed the Court to Section VII of the civil cover sheet and to multiple

filings clarifying that, while prior parties were involved, the present action was based on new and

distinct facts and legal theories under Civil RICO;

d. Defendants' coordinated motions—including a Motion to Quash and to set aside defaults

(Doc. 52)—were used to mischaracterize the nature of the case, confuse the record, and

perpetuate procedural irregularities. This mischaracterization resulted in manifest injustice and

impaired.

**4. Plaintiffs' ability to prosecute their claims:**

a. The Court failed to properly assess the true nature of the Amended Complaint, erroneously

treating it as copyright infringement rather than Civil RICO, despite Plaintiffs' clear explanations

that the RICO complaint was premised on ongoing procedural irregularities and predicate acts

not previously adjudicated.

**5. Unresolved Issues After Voiding Orders:**

a. Even after voiding the orders entered during the period of disqualification, fundamental issues

remain unresolved—most notably, the Defendants' failure to answer the Amended Complaint

(Doc. 85);

b. Once Defendant Judge Thrash answered without striking or ordering other Defendants not to

answer, Plaintiffs' right to assert defaults was triggered;

c. Defendants failed to timely object or respond to the Amended Complaint; their only opposition

(Doc. 119) was filed months later in response to Plaintiffs' request for Default Judgment, well

outside the permissible time frame;

d. Accordingly, Plaintiffs maintain that default judgment is mandated for Defendants' failure to answer as required by the Federal Rules.

*I. Fraud on the Court and the Impermissible Shielding of RICO Defendants: No Statute of Limitations Applies*

The conduct in this case presents a textbook example of fraud upon the court, warranting immediate intervention and vacatur of all tainted orders. The presiding judge, while serving as both Chief Judge and a named defendant, systematically shielded the RICO defendants from accountability—refusing to enter default or default judgment against parties who failed to answer, and instead granting them summary judgment and injunctive relief. These actions occurred after Plaintiffs had filed notices of appeal, at which point the district court was divested of jurisdiction over the matters at issue. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Despite this, the Court proceeded to issue an "All Writs Act" injunction foreclosing Plaintiffs' access to the courts, while adopting the defense's mischaracterization of Plaintiffs' civil RICO claims as mere duplicative copyright actions.

Compounding these violations, the United States Attorney's Office appeared as counsel for the judge in his capacity as a defendant in the appellate court, where appellate jurisdiction had already attached. This unprecedented alignment of judicial, prosecutorial, and defense interests eviscerates both the appearance and reality of impartiality, in direct contravention of fundamental due process. See *In re Murchison*, 349 U.S. 133, 136 (1955); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

The record further reflects that Defendants, in seeking this extraordinary injunction, initially asserted to the Court that they had "no law" supporting such relief, only to later obtain the sweeping All Writs injunction by relying on the Court's willingness to adopt their narrative and

foreclose Plaintiffs' rights. This inconsistency, and the Court's acquiescence, underscores the

appearance of collusion and the structural denial of due process that permeates this case.

These cumulative acts—permitting defaulted RICO defendants to escape liability, issuing

judgments and sweeping injunctions without jurisdiction, and allowing a judge-defendant to

preside and be represented by government counsel—constitute a profound fraud upon the court.

Such misconduct is not subject to any statute of limitations, and federal courts retain the inherent

power to remedy it at any time to preserve the integrity of the judicial process. See *Hazel-Atlas*

*Glass Co. v. Hartford-Empire* Co., 322 U.S. 238, 244 (1944); *United States v. Beggerly*, 524 U.S.

38, 47 (1998); *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.8 (2005).

Accordingly, Plaintiffs respectfully request that the Court immediately vacate all orders and

judgments entered under these circumstances, grant all appropriate relief, and reassign this case

to restore public confidence in the administration of justice.

**Final Argument**

Plaintiffs respectfully submit that the cumulative record in this matter presents an

extraordinary case of fraud upon the court, judicial conflict, and systemic denial of due

process—warranting immediate intervention by the new Chief Judge. The presiding judge's

unprecedented conduct—serving as both adjudicator and named defendant, refusing recusal, and

systematically adopting Defendants' mischaracterization of Plaintiffs' civil RICO claims—has

shielded powerful defendants from accountability and deprived Plaintiffs of their statutory and

constitutional rights.

Despite multiple RICO defendants failing to timely answer or respond, the Court

declined to enter default or default judgment, instead granting summary judgment and sweeping

injunctive relief in their favor. These actions were taken after Plaintiffs filed notices of appeal,

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

divesting the district court of jurisdiction, and while the United States Attorney's Office appeared

as counsel for the judge in the appellate court. Such alignment of judicial, prosecutorial, and

defense interests eviscerates the appearance and reality of impartiality, in direct violation of the

Fifth Amendment and controlling Supreme Court precedent. See *In re Murchison*, 349 U.S. 133,

136 (1955); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

Critically, the orders and judgments entered under these circumstances are void ab initio

for lack of jurisdiction and constitute a textbook example of fraud upon the court. Federal law is

clear: there is no statute of limitations for seeking relief from such misconduct, and courts retain

inherent authority to remedy it at any time to preserve the integrity of the judicial process. See

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944); *United States v.*

*Beggerly*, 524 U.S. 38, 47 (1998); *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.8 (2005).

In light of these extraordinary facts, Plaintiffs respectfully request that the new Chief Judge

immediately vacate all orders and judgments entered under these tainted circumstances, grant all

appropriate relief under Rule 60(b), and reassign this case to an impartial tribunal to restore

public confidence in the administration of justice.

**Extraordinary Circumstances Warrant Immediate Chief Judge Intervention:**

1. The facts of this case present precisely the extraordinary circumstances contemplated by 28

U.S.C. § 455 and the court's inherent powers.

2. The Chief Judge's intervention is not only appropriate but necessary to restore the rule of law

and public confidence.

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## V. REQUEST FOR RELIEF

Accordingly, Plaintiffs respectfully request immediate intervention and reassignment to vindicate their rights under the Fifth Amendment to the United States Constitution and to restore public confidence in the integrity of these proceedings.

### A. *Plaintiffs respectfully request that the Chief Judge:*

1. Immediately intervene and reassign all further proceedings in this case, including the Plaintiffs' Case No. 1:17-cv-01181-TWT for newly filed contemporaneously Plaintiffs' Joint Motion To Vacate Judgment, Reopen Case, And Enter Default Judgment, Judicial Misconduct, Fraud On The Court, And Denial Of Due Process Under Fed. R. Civ. P. 60(B)(1)-(6), (D)(3) filed Rule 60(b) motion, to a neutral and unconflicted judge;

2. Stay all proceedings before Judge Thomas W. Thrash, Jr. pending reassignment;

3. Vacate all orders entered by Judge Thomas W. Thrash, Jr. after his disqualification as a party to this action, as void ab initio;

4. Provide any other relief necessary to restore the integrity of these proceedings and ensure due process.

PLAINTIFF COPY

## VI. CONCLUSION

A. For the foregoing reasons, Plaintiffs respectfully request that the Chief Judge grant this

emergency motion and take immediate action to preserve the integrity of the Court.

Executed on this 24th day of June, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of

Civil Procedure, that to the best of our knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances, the foregoing motion and all supporting documents

are well grounded in fact and are warranted by existing law or by a good faith argument for the

extension, modification, or reversal of existing law; that the motion is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation; and that the factual contentions have evidentiary support.

Date Executed, June 24, 2025.

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## **LOCAL RULE 7.1(D)**

Plaintiffs Terri Tucker (Lowe) and William James certify that this Emergency Motion to the

Chief Judge complies with the type-volume limitation and formatting requirements set forth in

Local Rule 7.1(D) of the Northern District of Georgia.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## SUMMARY TABLE OF KEY AUTHORITIES FOR CHIEF JUDGE

| Principle | Authority/Citation |
|---|---|
| Mandatory recusal of judge-party | 28 U.S.C. § 455(b)(5)(i); Murchison, 349 U.S. at 136 |
| Void orders after disqualification | Murphy, 768 F.2d at 1537; Continental Resources, 932 F.2d at 595 |
| Loss of jurisdiction after appeal | Griggs, 459 U.S. at 58; Taylor, 640 F.2d at 667 |
| Due process/appearance of justice | Tumey, 273 U.S. at 523; Offutt, 348 U.S. at 14 |
| Chief Judge's inherent authority | Kansas City Star, 666 F.2d at 1175 |
| Fraud on the court/Rule 60(b) relief | Hazel-Atlas, 322 U.S. at 246-47; Fed. R. Civ. P. 0(b)(4) |
| Public confidence in judiciary | Liljeberg, 486 U.S. at 864-65 |

Executed on this 24th day of June, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## **VERIFICATION**

We, Terri Tucker (Lowe), and William James declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 24th day of June, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

## **JOINT FOUNDATIONAL DECLARATION OF WILLIAM JAMES AND TERRI V.**

## **TUCKER IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO CHIEF JUDGE**

## **LEIGH MARTIN MAY FOR IMMEDIATE INTERVENTION AND REASSIGNMENT)**

We, William James and Terri V. Tucker (Lowe), declare and state as follows:

1. We are the Plaintiffs in the above-captioned action and have personal knowledge of the matters set forth herein.

2. We submit this joint foundational declaration in support of Plaintiffs' Emergency Motion to Chief Judge Leigh Martin May for Immediate Intervention and Reassignment Pursuant to 28 U.S.C. § 455 and the Court's Inherent Authority, and contemporaneously, Plaintiffs' Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).

3. The facts set forth in this declaration are true and correct to the best of our knowledge, information, and belief, and, if called as witnesses, we could and would competently testify thereto.

Executed on this 24th Day of June.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

CHAMBERS COPY CHIEF JUDGE
LEIGH MARTIN MAY

### CERTIFICATE OF SERVICE

We, Plaintiffs Terri Tucker (Lowe) and William James and hereby certify that on this 24th

day of June, 2025, a true and correct copy of the foregoing Emergency Motion for Immediate

Intervention and Reassignment of Plaintiffs Case No. 1:17-cv-01181-TWT for newly filed,

Plaintiffs' Joint Motion To Vacate Judgment, Reopen Case, And Enter Default Judgment,

Judicial Misconduct, Fraud On The Court, And Denial Of Due Process Under Fed. R. Civ. P.

60(B)(1)-(6), (D)(3) Pursuant to 28 U.S.C. § 455 and the Court's Inherent Authority was served

upon all parties of record via [ECF/electronic mail/first-class mail], including counsel for

Defendants, as set forth below:

### Clerk of the Court:

Clerk of Court
C/O Hon. Chief Judge Leigh Martin May
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

### Defendants Attorneys:

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber
7 Times Square
New York, NY 10036-
6569

Richard Gordon
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Executed on this 24th day of June, 2025.

Respectfully submitted,

Emergency Motion to Chief Judge
Leigh Martin May for Immediate
Intervention and Reassignment                    39

PLAINTIFF COPY

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**Attachments:**

- Ex. 1 - Plaintiffs' Motion for Recusal

- Ex. 2 - Order Denying Recusal

- Ex. 3 - Docket Sheet Showing Judge as

    Defendant

- Ex. 4 - Plaintiffs Motion Rule 60(b) new

- Ex. 5 - Plaintiffs Motion to Reassign

- Ex. 6 - Order Denying Reassignment

- Ex. 7 - Plaintiffs Motion for Discovery

- Ex. 8 - Defendants Motion to Stay

- Ex. 9 - Defendants Motion for Protective

- Ex. 10 - Order Denying Discovery

- Ex. 11 - Order Granting Stay and

    Protective

- Ex. 9 - Plaintiffs Motion to Compel

- Ex. 10 - Order Denying to Compel

-Ex. 11 - Orders 124 – 139 not included

-Ex. 12 - Order 154 No Jurisdiction on

    Appeal

-Ex. 13 - Order 168 Granting Def.

    Summary Judgment

-Ex. 14 - Order 169 Judgment

-Ex. 15 - Order 180 Judgment

-Ex. 16 - Order 195 Final Judgment

-Ex. 17 - Plaintiffs Exhibit 5 Comparative

    Analysis of Procedural

-Ex. 18 - Plaintiffs Exhibit 6 Civil RICO

    4 Elements

-Ex. 19 - Plaintiffs Exhibit 7 Comparative

    Analysis of Civil RICO Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al.,
Defendants.

Civil Action No. 1:17-cv-01181-TWT
Case No: 1:17-cv-01181-TWT

Appendix Cross Reference Exhibit List for
Emergency Motion to Chief Judge Leigh
Martin May for Immediate Intervention and
Reassignment Pursuant to 28 U.S.C. 455

HON: Chief Judge Leigh Martin Ma

**APPENDIX: CROSS-REFERENCE EXHIBIT LIST IN SUPPORT OF PLAINTIFFS'**

**EMERGENCY MOTION FOR IMMEDIATE INTERVENTION AND REASSIGNMENT**

**(28 U.S.C. § 455)**

Plaintiffs Terri Tucker (Lowe) and William James respectfully submit this Appendix: Cross-

Reference Exhibit List to assist the Court and Defendants in identifying and correlating exhibits

previously submitted with Plaintiffs' Rule 60(b) Motion and those referenced or relabeled in

connection with Plaintiffs' Emergency Motion for Immediate Intervention and Reassignment

pursuant to 28 U.S.C. § 455.

This Appendix is intended to promote clarity and judicial efficiency by providing a side-by-side

reference of exhibit designations across both filings.

**Table: Cross-Reference of Exhibits**

| Exhibit No. (Rule 60(b) Motion) | Exhibit No. (Emergency Motion) | Title/Description of Exhibit | Document No. |
|---|---|---|---|
| Ex. 41 | EM Ex. 1 | Plaintiffs Motion for Recusal | Doc. 120 |
| Ex. 56 | EM Ex. 2 | Order Denying Recusal | Doc. 137 |
| Ex. 8 | EM Ex. 3 | Docket Sheet Showing Judge as a Defendant | Docket |
| Ex. N/A | EM Ex. 4 | Plaintiffs Motion Rule 60(b) | Prob. 196 or 197 |
| Ex. 34 | EM Ex. 5 | Plaintiffs Motion to Reassign | Doc. 97 |
| Ex. 44 | EM Ex. 6 | Order Denying Reassignment | Doc. 125 |
| Ex. 18-19 | EM Ex. 7 | Plaintiffs Motion for Discovery | Doc. 65, 66 |
| Ex. 27 | EM Ex. 8 | Defendants Motion to Stay | Doc. 87 |
| Ex. 29 | EM Ex. 9 | Defendants Motion for Protective | Doc. 89 |
| Ex. 51 | EM Ex. 10 | Order Denying Discovery | Doc. 132 |
| Ex. 32 | EM Ex. 11 | Order Granting Stay and Protective | Doc. 95 |
| Ex. 31 | EM Ex. 12 | Plaintiffs Motion to Compel | Doc. 93 |
| Ex. 51 | EM Ex. 13 | Order Denying Motion to Compel | Doc. 132 |
| Ex. | EM Ex. 14 | Orders 124-139 Not Included | Docs. 124-139 |
| Ex. | EM Ex. 15 | Order 154 (No Jurisdiction on Appeal) | Doc. 154 |

| Exhibit No. (Rule 60(b) Motion) | Exhibit No. (Emergency Motion) | Title/Description of Exhibit | Document No. |
|---|---|---|---|
| Ex. 62 | EM Ex. 16 | Order 168 Granting Defendants Summary Judgement | Doc. 168 |
| Ex. 63 | EM Ex. 17 | Order 169 Judgment | Doc. 169 |
| Ex. 71 | EM Ex. 18 | Order 180 Judgment | Doc. 180 |
| Ex. 77 | EM Ex. 19 | Order 195 Final Judgment | Doc. 195 |
| Ex. 5 | EM Ex. 20 | Plaintiffs Exhibit 5 Comparative Analysis of Procedural | Filled with Pl. Motion 60(b) |
| Ex. 6 | EM Ex. 21 | Plaintiffs Exhibit 6 Civil RICO 4 Elements | Filled with Pl. Motion 60(b) |
| Ex. 7 | EM Ex. 22 | Plaintiffs Exhibit 7 Comparative Analysis of Civil RICO Complaint | ... Filled with Pl. Motion 60(b) |

## **VERIFICATION**

We, Terri Tucker (Lowe), and William James declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 24th day of June, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

We, Plaintiffs Terri Tucker (Lowe) and William James and hereby certify that on this 24th

day of June, 2025, a true and correct copy of the foregoing Emergency Motion for Immediate

Intervention and Reassignment of Plaintiffs Case No. 1:17-cv-01181-TWT for newly filed,

Plaintiffs' Joint Motion To Vacate Judgment, Reopen Case, And Enter Default Judgment,

Judicial Misconduct, Fraud On The Court, And Denial Of Due Process Under Fed. R. Civ. P.

60(B)(1)-(6), (D)(3) Pursuant to 28 U.S.C. § 455 and the Court's Inherent Authority was served

upon all parties of record via [ECF/electronic mail/first-class mail], including counsel for

Defendants, as set forth below:

### Clerk of the Court:

Clerk of Court
C/O Hon. Chief Judge Leigh Martin May
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

### Defendants Attorneys:

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber
7 Times Square
New York, NY 10036-
6569

Richard Gordon
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Emergency Motion to Chief Judge
Leigh Martin May for Immediate
Intervention and Reassignment                5

Executed on this 24th day of June, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**Attachments:**

- Ex. 1 – Plaintiffs' Motion for Recusal

- Ex. 2 – Order Denying Recusal

- Ex. 3 – Docket Sheet Showing Judge as

    Defendant

- Ex. 4 – Cover Page and Notice of

Contemporaneous Rule 60(b) Filing