FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 3 0 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Plaintiffs' Joint Motion to Vacate Judgment,
Reopen Case, Enter Default Judgment, and
for Relief Based on Judicial Misconduct,
Fraud on the Court, and Denial of Due
Process (Fed. R. Civ. P. 60(b)(4), 60(b)(6),
60(d)(3); U.S. Const. amends. I, V, VII)

Thomas W. Thrash, Jr. U.S.D.J.

---

**PLAINTIFFS' JOINT MOTION TO VACATE JUDGMENT, REOPEN CASE, ENTER DEFAULT JUDGMENT, AND FOR RELIEF BASED ON JUDICIAL MISCONDUCT, FRAUD ON THE COURT, AND DENIAL OF DUE PROCESS (FED. R. CIV. P. 60(B)(4), 60(B)(6), 60(D)(3); U.S. CONST. AMENDS. I, V, VII)**

---

Civil Action No. 1:17-cv-01181-TWT

**NOTICE OF MOTION**

**TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs William James and Terri Tucker (Lowe), appearing

pro se, hereby move this Court for relief from judgment under Fed. R. Civ. P. 60(b)(4), 60(b)(6),

and 60(d)(3), on grounds including but not limited to judicial misconduct, fraud upon the court,

denial of due process, and manifest injustice. This motion is based upon the accompanying

Memorandum of Law, Declarations, Statement of Facts ("SOF"), Procedural Chronology, and

Exhibits (see, e.g., SOF ¶¶ 8, 31–32, 35, 39, 40; Exs. 2, 5, 7), and all pleadings and records on

file, as well as any evidence or argument presented at oral argument or evidentiary hearing.

Plaintiffs further request oral argument or an evidentiary hearing should the Court be inclined to

deny relief on the papers, and expressly preserve all rights to seek further appellate review of any

adverse ruling. This motion addresses matters of public interest, including the integrity and

impartiality of the judiciary (see *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847,

864–65 (1988); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 883–84 (2009)), and the

constitutional right to a jury trial on RICO damages (U.S. Const. amend. VII).Respectfully

submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## I. INTRODUCTION

Plaintiffs William James and Terri Tucker (Lowe), proceeding pro se, respectfully move under

Fed. R. Civ. P. 60(b) and 60(d)(3) to vacate all orders and judgment, reopen this action, and enter

default judgment against all Defendants. Extraordinary relief is warranted where, as here, the

judicial process was compromised by conflict of interest, fraud upon the court, and denial of due

process. After being named a defendant, Judge Thrash continued to preside, issuing orders—

including repeated reliance on a Defendant-requested injunction—that not only resolved motions

but also shielded procedural irregularities and judicial misconduct from review. This pattern,

combined with defense mischaracterization of RICO claims, coordinated delays, and evasion of

default, undermined Plaintiffs' statutory and constitutional rights. Newly discovered evidence

confirms ongoing predicate acts and racketeering, requiring immediate relief to restore judicial

integrity and Plaintiffs' right to a jury trial on their RICO claims.

## II. RELEVANT FACTUAL BACKGROUND

### Nature of the Case:

Plaintiffs William James and Terri Tucker (Lowe) allege RICO violations—including predicate

acts of criminal copyright infringement and related statutory offenses—against Barbara Hunt,

Tyler Perry, Oprah Winfrey, and their affiliates (Docs. 1, 85; Exs. 10, 26). These claims arise

from an ongoing racketeering pattern, not duplicative copyright litigation. Supreme Court and

Eleventh Circuit precedent confirm RICO actions are not barred where new predicate acts, legal

theories, or injuries are present. See *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 327–28

(1955); *Living Designs, Inc. v. DuPont,* 431 F.3d 353, 362 (9th Cir. 2005); SOF ¶ 35, Ex. 5.

### Procedural History and Barriers:

Proceeding pro se, Plaintiffs timely filed and served all pleadings (SOF ¶ 2). Defendants,

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

represented by common counsel, repeatedly mischaracterized the RICO claims as duplicative copyright actions, coordinating to evade substantive review and default (SOF ¶ 35, Exs. 5–7). This led to improper reassignment, misapplication of preclusion doctrines, and dismissal under Rule 9(b) without notice or opportunity to amend. (Docs. 31, 52, 74) (SOF ¶ 2, 3, 7, 12)

A conflict of interest existed between Judge Thrash and Defendant Perry, raising serious concerns of bias and undermining public confidence. See *Liljeberg*, 486 U.S. at 864–65; *Caperton*, 556 U.S. at 883–84. Although defaults were entered against certain defendants, the Court failed to adjudicate them, denied discovery and hearings, and dismissed claims without substantive review. (SOF ¶¶ 31–32, 37, 39–40; Exs. 2, 5, 7, 43, 51).

**Judicial Use of Injunction to Conceal Procedural Irregularities and Misconduct:**

From the outset, the Court repeatedly adopted and enforced the injunction requested by Defendants—not only as a basis for granting their motions, but as a tool to restrict and ultimately preclude Plaintiffs' attempts to expose a continuing pattern of predicate acts central to the RICO claims. The injunction's application extended beyond the specific relief sought by Defendants, functioning as a procedural shield that concealed irregularities in the management of the case and insulated judicial conduct from scrutiny. This pattern is evident in the Court's consistent reliance on the same injunction language to resolve virtually every substantive and procedural motion, regardless of the underlying issues or Plaintiffs' objections.

By wielding the injunction in this manner, the Court effectively blocked Plaintiffs from developing the evidentiary record necessary to substantiate their RICO allegations—particularly those involving predicate acts previously raised in related copyright actions. The result was not merely adverse rulings, but a systemic suppression of Plaintiffs' statutory rights under 18 U.S.C. § 1964(c) and a denial of meaningful access to the courts. The Court's actions thus operated to

4

obscure procedural damage and judicial misconduct, preventing exposure of the very pattern of racketeering that is the gravamen of Plaintiffs' claims.

Plaintiffs' constitutional rights—including due process, court access, and jury trial—were repeatedly violated (U.S. Const. amends. V, VII). The COVID-19 pandemic further compounded prejudice, as recognized by NDGA General Order 20-01 (SOF ¶ 37).

## III. GROUNDS FOR RELIEF

### A. Judicial Conflict and Void Orders

Judge Thrash's refusal to recuse after being named a defendant violated 28 U.S.C. § 455 and due process, rendering all subsequent orders void. See *Liljeberg,* 486 U.S. at 864–65; *Caperton,* 556 U.S. at 883–84. Vacatur is necessary to restore public confidence in judicial integrity.

### B. Procedural Violations and Defaults

Defendants failed to answer the Amended Complaint (Doc. 85), constituting default under Fed. R. Civ. P. 55(a). The denial of default and default judgment deprived Plaintiffs of their right to a jury trial on RICO damages.

### C. Fraud on the Court

Defendants' mischaracterization of RICO claims as duplicative copyright actions (see Doc. 31), coupled with prejudicial judicial actions and improper reassignment, constitutes fraud on the court under Rule 60(d)(3).

### D. Ongoing Predicate Acts and New Evidence

Recent cases—*Ledford v. Tyler Perry Studios* (2023) and *Aimee Allison v. Terri J. Vaughn,* et al. (2025)—demonstrate ongoing racketeering and new predicate acts, warranting reopening and merits adjudication.

## E. Extraordinary Circumstances

The cumulative effect of judicial conflict, procedural barriers, summary denials, and the Court's adoption of Defendants' positions denied Plaintiffs due process and access to the courts, justifying relief under Rule 60(b)(4), (b)(6).

## F. Pandemic Barriers

COVID-19 imposed extraordinary litigation barriers, justifying any delay and supporting equitable relief.

## IV. RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

• Vacate all orders and judgments entered by Defendant Judge Thrash as void for judicial conflict, lack of jurisdiction, and fraud on the court;

• Reopen and reassign this case to an impartial judge for merits adjudication;

• Enter default and default judgment against all Defendants who failed to answer or defend;

• Award statutory, treble, and punitive damages, attorney's fees, and the right to a jury trial on RICO claims;

• Grant oral argument or an evidentiary hearing if necessary;

• Grant any other relief the Court deems just and proper.

## V. CONCLUSION

For these reasons—including judicial conflict, void orders, defaults, procedural violations, denial of due process, ongoing predicate acts, and the public's interest in judicial integrity—Plaintiffs respectfully move for relief under Fed. R. Civ. P. 60(b)(4), 60(b)(6), and 60(d)(3), as supported by the accompanying Memorandum of Law, Declarations, Statement of Facts, and Exhibits.

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

## **TABLE OF CONTENTS**

**I. MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**RULE 60(b)(4)-(6), (d)(3)**................................................................. 15

**II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**.................... 15

**III. LEGAL STANDARD**........................................................................ 17

    *A. Federal Rule of Civil Procedure 60(b) permits relief from a final judgment* ............ 14

**IV. ARGUMENT**.................................................................................. 15

    *A. Judicial Conflict and Void Orders – Fed. R. Civ. P. 60(b)(4)*

        *and U.S. Const. amend. V:*.......................................................... *18*

    *B. Defaults and Default Judgment – Fed. R. Civ. P. 60(b)(4);*

        *U.S. Const. amends. V, I:*............................................................ 19

    *C. Newly Discovered Predicate Acts and Continuing RICO Pattern –*

        *Fed. R. Civ. P. 60(b)(6), and U.S. Const. amends. V, I:*......................... 20

    *D. Defense Mischaracterization and Improper Res Judicata –*

        *Fed. R. Civ. P. 60(b)(6) and U.S. Const. Amend. V:*........................... 21

    *E. Constitutional Violations and Access to Courts –*

        *Fed. R. Civ. P. 60(b)(6) and U.S. Const. amends. I, V:*........................ 22

    *F. Filing Restrictions Imposed Without Due Process*

        *(Doc. 168) Rule 60(b)(6):*.......................................................... 23

    *G. Procedural Irregularities and Prejudice to Pro Se Litigants –*

        *Fed. R. Civ. P. 60(b)(6), and U.S. Const. Amend. V:*.......................... 24

    *H. Systematic Denial of Due Process, Adjudication on the Merits, and Jury Rights – Fed. R.*

        *Civ. P. 60(b)(4), 60(b)(6); U.S. Const. amends. V, VII:*........................ 26

7

**IV. ARGUMENT**............................................................................................. 18

   *I.*   Systematic Denial of Due Process, Adjudication on the Merits, and Jury Rights – Fed. R. Civ. P. 60(b)(6); U.S. Const. amends. V, VII……........................................................ 27

   *J.*   Plaintiffs' Complaint Meets Rule 9(b) Particularity – Fed. R. Civ. P. 60(b)(6); U.S. Const. amend. V (Due Process)…….…………......................................................... 27

   *K.*   *Failure to Identify Deficiencies or Permit Amendment Was Reversible Error – Fed. R. Civ. P. 60(b)(6), and U.S. Const. amend. V (Due Process):*........................... 28

   *L.*   *Plaintiffs' RICO Claims Are Distinct and Not Precluded by Prior Copyright Litigation – Fed. R. Civ. P. 60(b)(6), and U.S. Const. amend. V (Due Process):*........................... 31

   *M.*   *Timeliness and Extraordinary Circumstances: Impact of the COVID-19 Pandemic – Fed. R. Civ. P. 60(b)(6), and U.S. Const. amend. V (Due Process):*........................ 33

   *N.*   *Counterclaims and Summary Judgment Are Barred Where Defendants Failed to Answer the Amended Complaint, Fed. R. Civ. P. 12(a), 15(a)(3), 55(a);*

       *U.S. Const. amends. I, V* ............................................................................ 34

**V. RELIEF REQUESTED**............................................................................... 34

**VI. CONCLUSION**........................................................................................... 35

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

## <u>TABLE OF AUTHORITIES AND CITATIONS</u>

**Case Citations**                                                            **Pages(s)**

*Aimee Allison v. Terri J. Vaughn, Tyler Vision LLC, Netflix, Inc., et al.,*

Case No. 2:25-cv-04476 (C.D. Cal. 2025)……………………………………… 3, 16, 21, 40

*Aldana v. Del Monte Fresh Produce, N.A., Inc.,*

741 F.3d 1349, 1355 (11th Cir. 2014)……………..……………………………… 17, 25

*Bank v. Pitt, 928 F.2d 1108,*

1112 (11th Cir. 1991)…………..…………………………..……………………… 31

*Bounds v. Smith,*

430 U.S. 817, 828 (1977)……………………………………….................... 19, 20, 22, 24-25

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.,*

116 F.3d 1364, 1380–81 (11th Cir. 1997)………………………………………….. 30

*Brown v. Felsen,*

442 U.S. 127, 132 (1979)…………………………………………………….. 27, 29

*Bryant v. Avado Brands, Inc.,*

187 F.3d 1271, 1278 (11th Cir. 1999)……………………………………………… 31

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868 (2009)…………………………………………………………… 2, 3, 18

*Chapman v. Higbee Co.,*

319 F.3d 825, 828–29 (6th Cir. 2003)……………………………………………… 21

*Christianson v. Colt Indus. Operating Corp.,*

486 U.S. 800, 816 (1988)………………………………………………………... 18

**Case Citations**                          **Page(s)**

*Conley v. Gibson,*

355 U.S. 41, 45–46 (1957)…………………………………………………... 27, 29

*Duda v. Bd. of Educ.,*

133 F.3d 1054, 1057 (7th Cir. 1998)…………………………………………. 34

*Erickson v. Pardus,*

551 U.S. 89 (2007) …………………………………………………………… 25

*Foman v. Davis,*

371 U.S. 178, 182 (1962)…………………………………………….….. 27, 29, 31

*Haines v. Kerner,*

404 U.S. 519 (1972)…………………………………………………………… 24

*Harre v. A.H. Robins Co.,*

750 F.2d 1501, 1503 (11th Cir. 1985)………………………………………… 22

*Hughes v. Tobacco Inst., Inc.,*

278 F.3d 417 (5th Cir. 2001)………………………………………………... 21

*In re United States, 666 F.2d 690,*

(1st Cir. 1981)………………………………………………………………… 21

*Lawlor v. Nat'l Screen Serv. Corp.,*

349 U.S. 322, 327–28 (1955)…………………………...…………………. 4, 21, 27, 29, 32

*Ledford v. Tyler Perry Studios, No.,*

1:2023cv05472 (N.D. Ga. 2023)……………………………... 3, 5, 15, 16, 18, 40

*Liljeberg v. Health Servs. Acquisition Corp.,*

486 U.S. 847 (1988)…………………………………. 2, 3, 17, 18, 21, 24-25, 27, 29

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

CHAMBERS COPY

| Case Citations | Page(s) |
|---|---|

*Living Designs, Inc. v. DuPont,*

431 F.3d 353 (9th Cir. 2005)……………………………….……………… 4, 21, 27,29, 32

*Migra v. Warren City Sch. Dist.,*

465 U.S. 75, 77 n.1 (1984)………………………………………………………………… 21

*Mullane v. Central Hanover Bank & Trust Co.,*

339 U.S. 306, 314 (1950)………………………………...….. 19-23, 25, 30-33

*Nishimatsu Constr. Co. v. Houston Nat'l Bank,*

515 F.2d 1200 (5th Cir. 1975)…………………………………………………… 19

*Parklane Hosiery Co. v. Shore,*

439 U.S. 322, 327 n.7 (1979)………………………………………………… 27, 29

*Pintando v. Miami-Dade Hous. Agency,*

501 F.3d 1241 (11th Cir. 2007)……………………………...……………… 19, 34

*Procup v. Strickland,*

792 F.2d 1069, 1074 (11th Cir. 1986)…………………………………….... 23

*S.E.C. v. Smyth,*

420 F.3d 1225, 1232 (11th Cir. 2005)……………………………………… 23

*Rozier v. Ford Motor Co.,*

573 F.2d 1332, 1339 (5th Cir. 1978)……………………………………… 21

*Sedima, S.P.R.L. v. Imrex Co.,*

473 U.S. 479 (1985)………………………………………………….... 20

*Schreane v. Middlebrooks, 522 F. App'x*

845 (11th Cir. 2013)………………………………………………………… 19, 34

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

CHAMBERS COPY

**Case Citations**                                                      Page(s)

*Taylor v. Sterrett,*

640 F.2d 663, 667 (11th Cir. 1981)……………………………………………… 23, 34

*Thomas v. Fulton County,*

260 F. App'x 199, 202 (11th Cir. 2007)…………………………………………… 23

*United States v. $55,518.05 in U.S. Currency,*

728 F.2d 192, 194–95 (3d Cir. 1984)……………………………………………… 33

*United States v. Balistrieri,*

779 F.2d 1191, 1220 (7th Cir. 1985)……………………………………………… 18

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.,*

290 F.3d 1301, 1310 (11th Cir. 2002)…………………………………….. ….. 29, 30

*United States v. Rodriguez,*

27 F.4th 1097, 1108 (6th Cir. 2022)……………………………………………… 32

**Statutes**

18 U.S.C. § 1961(1)………………………………………………………….. 27

18 U.S.C. § 1964(c)………………………………………………………… 6, 18, 33

28 U.S.C. § 455(a), (b)(5)(i)………………………………………….. ……. 4, 14, 15, 17, 23

**Constitution**

*U.S. Const. amend. I* ……………………………………… 1, 3, 4, 5, 12, 16, 25-28

*U.S. Const. amend. V*……………………………………… 1, 3, 4, 16-23, 25-32

*U.S. Const. amend. VII* … … … … … … … … … … … . 1, 2, 3, 4, 5, 12, 16, 25-28, 30-32

**Rules**

Fed. R. Civ. P. 4……………………………………………………………… 25

12

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

CHAMBERS COPY

| Rules | Page(s) |
|---|---|
| Fed. R. Civ. P. 12(a) | 17 |
| Fed. R. Civ. P. 15(a)(3) | 18, 23, 25, 27, 32 |
| Fed. R. Civ. P. 55(a) | 14, 15, 18, 24, 25, 27, 33 |
| Fed. R. Civ. P. 60(b) | 14, 16 |
| Fed. R. Civ. P. 60(b)(4) | 14-18, 23-25 |
| Fed. R. Civ. P. 60(b)(6) | 14, 16, 19-26, 28-32 |
| Fed. R. Civ. P. 60(d)(3) | 1, 3, 5-7, 14-15, 17-18, 21-22 |

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

## I. MEMORANDUM OF LAW IN SUPPORT OF RULE 60(b) MOTION

Plaintiffs William James and Terri Tucker (Lowe), pro se, submit this memorandum in support

of their Motion to Vacate Judgment, Reopen Case, and Enter Default Judgment under Fed. R.

Civ. P. 60(b)(4), 60(b)(6), and 60(d)(3). Extraordinary relief is warranted due to Defendant Judge

Thrash's refusal to recuse after being named a defendant July 5, 2017, in violation of 28 U.S.C. §

455 and due process (see *Liljeberg*, 486 U.S. at 864–65; *Caperton*, 556 U.S. at 883–84),

resulting in void and procedurally defective orders (SOF ¶¶ 8, 31–32, 39–40; Exs. 2, 5, 7).

Plaintiffs also demonstrate fraud on the court by defense misrepresentation, improper

reassignment, and denial of meaningful court access (SOF ¶¶ 35–37, 40; Exs. 5–7). Newly

discovered evidence and ongoing predicate acts confirm a continuing RICO enterprise (SOF ¶

12; Exs. 2, 7). These violations, compounded by unconstitutional restrictions on court access,

denial of due process, deprivation of jury trial rights, and the extraordinary circumstances of the

COVID-19 pandemic (SOF ¶ 37; NDGA General Order 20-01), justify equitable relief. Plaintiffs

renew their request for reassignment to an impartial judge under 28 U.S.C. § 455 (see Doc. 97)

to restore fairness and the appearance of fairness. The factual record and supporting inferences

are set forth in Plaintiffs' Statement of Facts and Inferences ("SOF," Ex. 3), which is fully

incorporated herein by reference, with specific citations to SOF paragraphs and exhibits

throughout this memorandum.

## II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiffs William James and Terri Tucker (Lowe) incorporate by reference the detailed

factual background and Statement of Facts ("SOF") (see SOF ¶¶ 2, 8, 31–32, 35–37, 39–40; Exs.

2, 5–7). Plaintiffs allege RICO, copyright, and related statutory violations against Barbara Hunt,

Tyler Perry, Oprah Winfrey, and their affiliates. All Defendants were properly served via U.S.

14

Marshals, process servers, Attorney General, and certified mail (SOF ¶ 2), yet failed to timely

answer the Amended Complaint (Doc. 85) including Defendant Judge Thrash, resulting in

default under Fed. R. Civ. P. 55(a) (SOF ¶¶ 8, 31–32; Ex. 2). Instead of responding, Defendants

sought transfer to Judge Thomas W. Thrash, Jr. (Doc. 31), a named defendant, based on the

misrepresentation that Plaintiffs' RICO claims were duplicative of prior copyright actions—a

position the Court adopted (SOF ¶ 35, Ex. 5). Judge Thrash, after being assigned by Order 71,

refused to recuse despite multiple motions (Docs. 81, 97), presiding in violation of 28 U.S.C. §

455 and due process (*Liljeberg,* 486 U.S. at 864–65; *Caperton,* 556 U.S. at 883–84).

Plaintiffs' motions for default judgment (Docs. 41, 47, 57–59) were ignored or denied (Docs.

76, 130), and improper filing restrictions (Orders 154, 168) were imposed, further limiting access

to justice. Plaintiffs' motion to compel discovery (Doc. 97) was denied, and Defendants were

allowed to stay discovery, block hearings, and delay the joint preliminary report (Docs. 63–66),

while asserting Plaintiffs needed no discovery (Docs. 87, 89)—suggesting improper

foreknowledge of the outcome.

Defendants also sought to enjoin Plaintiffs from prosecuting RICO claims (Doc. 107) and to

quash service (Doc. 52) by again mischaracterizing the operative complaint, despite clear RICO

and antitrust allegations (SOF ¶ 35, Ex. 5). The Court repeatedly misapplied preclusion

doctrines, denied leave to amend, and dismissed claims without notice or opportunity to cure

(Doc. 138).

On appeal (Docs. 101, 102, 144), Plaintiffs discovered new predicate acts (*Ledford v. Tyler

Perry Studios; Aimee Allison v. Terri J. Vaughn, et al.*), confirming ongoing racketeering and a

continuing RICO enterprise (SOF ¶ 12; Exs. 2, 7). The systematic misrepresentation of Plaintiffs'

claims by Defendants, adopted by the Court, constitutes fraud on the court under Rule 60(d)(3),

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

fundamentally undermining the integrity of these proceedings and warranting vacatur to restore public confidence and Plaintiffs' Fifth and Seventh Amendment rights.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment when it is void (60(b)(4)), for any other reason justifying relief (60(b)(6)), or for fraud upon the court (60(d)(3)). These provisions are construed liberally to ensure that judgments obtained in violation of due process, by judicial conflict, or through fraud do not stand. See Fed. R. Civ. P. 60(b)(4), 60(b)(6), 60(d)(3); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864–65 (1988); *Aldana v. Del Monte Fresh Produce*, 741 F.3d 1349, 1355 (11th Cir. 2014).

A judgment is void under Rule 60(b)(4) if entered by a disqualified judge or without jurisdiction, as here, where Judge Thrash continued to rule after being named a defendant and refused to recuse. See Liljeberg, 486 U.S. at 864–65; SOF ¶¶ 8, 31–32, 39–40; Exs. 2, 5, 7.

Fraud upon the court under Rule 60(d)(3) includes egregious misconduct corrupting the judicial process, such as collusion, material misrepresentations, or systemic denial of due process, and is not subject to a time limit. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944); SOF ¶¶ 35–37, 40; Exs. 5–7.

Rule 60(b)(6) provides relief for "any other reason that justifies relief," including cumulative constitutional violations, improper filing injunctions, denial of court access, and extraordinary circumstances like the COVID-19 pandemic, and is reserved for exceptional cases to prevent manifest injustice. See *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); SOF ¶¶ 37, 40.

Plaintiffs have preserved all arguments for relief under Rule 60(b)(4), 60(b)(6), and 60(d)(3), fully supported by case law and the record. Given the procedural history and ongoing deprivation of constitutional rights, the Court should apply these rules liberally to ensure justice.

16

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

## IV. ARGUMENT

**A. Judicial Conflict and Void Orders – Fed. R. Civ. P. 60(b)(4) and U.S. Const. amend. V**

After reassignment by Order 71, Judge Thomas W. Thrash, Jr. presided over this case despite being a named defendant in the operative Amended Complaint (Doc. 85). His refusal to recuse, in direct violation of 28 U.S.C. § 455 and due process, is well-documented (Orders 127, 130; SOF ¶¶ 8, 31–32, 39–40; Exs. 2, 5, 7). Under Fed. R. Civ. P. 12(a), Judge Thrash, as a defendant, was required to answer within 21 days of service; his failure to do so constitutes procedural default and further undermines the legitimacy of all subsequent proceedings.

This conduct violates statutory law and the Fifth Amendment's guarantee of due process. The Supreme Court holds that due process requires an objective inquiry into whether a judge's conflict of interest creates a constitutionally intolerable probability of bias. *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009). Both the law of the case doctrine and 28 U.S.C. § 455 demand strict adherence to recusal requirements to preserve judicial integrity. See *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988).

As established in *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864–65 (1988), and *United States v. Balistrieri,* 779 F.2d 1191, 1220 (7th Cir. 1985), orders entered in violation of recusal statutes and due process are void ab initio and must be vacated. Here, all orders and judgments Judge Thrash entered after becoming a defendant—including Docs. 95–96, 124–139, 154, 168, and 180—are void under Fed. R. Civ. P. 60(b)(4) (see also SOF ¶¶ 8, 31–32, 39–40; Exs. 2, 5, 7).

Vacating these orders and reassigning the case to an impartial judge are essential to restoring Plaintiffs' constitutional right to due process and maintaining public confidence in judicial

integrity. See *Liljeberg,* 486 U.S. at 864–65 ("[P]ublic confidence in the judiciary is a state interest of the highest order.").

## B. Defaults and Default Judgment – Fed. R. Civ. P. 60(b)(4); U.S. Const. amends. I, V

Defendants failed to answer the operative Amended Complaint (Doc. 85) as required by Fed. R. Civ. P. 15(a)(3), placing them in default under Rule 55(a) (SOF ¶ 34, Ex. 2). An amended complaint supersedes the original, obligating all defendants to file timely responses. See *Pintando v. Miami-Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007). The Federal Rules require entry of default for failure to answer, and defaulting parties are barred from affirmative relief. See Fed. R. Civ. P. 55(a); *Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013); *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiffs are thus entitled to default and default judgment, including statutory, treble, and punitive damages and attorney's fees under 18 U.S.C. § 1964(c).

The Court's failure to enforce these procedures deprived Plaintiffs of due process and meaningful court access. See U.S. Const. amends. V, I; *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *Bounds v. Smith,* 430 U.S. 817, 828 (1977). By not entering default or default judgment, Plaintiffs were denied relief on their well-pleaded claims and enforcement of their statutory RICO rights.

This procedural failure also violated Plaintiffs' First Amendment right to petition for redress, effectively barring access to the courts. The resulting judgment is void under Rule 60(b)(4), as it was entered in violation of Plaintiffs' constitutional and statutory rights. Accordingly, the judgment must be vacated, and default judgment entered for Plaintiffs on all unanswered claims.

**C. Newly Discovered Predicate Acts, Continuing RICO Pattern, and Transfer Request –**

**Fed. R. Civ. P. 60(b)(6); U.S. Const. amends. V, I; 28 U.S.C. § 1404(a)**

Since the dismissal of Plaintiffs' RICO claims, new evidence has emerged confirming ongoing racketeering activity by Defendants. Predicate acts are now established in *Ledford v. Tyler Perry Studios, No.* 1:2023cv05472 (N.D. Ga. 2023), and *Aimee Allison v. Terri J. Vaughn, Tyler Vision LLC, Netflix, Inc., et al.*, No. 2:25-cv-04476 (C.D. Cal. 2025), both of which post-date the original judgment and could not have been discovered with reasonable diligence (SOF ¶ X, Ex. 2). These cases confirm a continuing RICO enterprise and a pattern of racketeering distinct from previously adjudicated claims.

Notably, the *Ledford* case was dismissed as frivolous in a manner similar to the present action, highlighting a troubling pattern in the judicial handling of entertainment-related RICO claims in this district. Combined with the concentration of entertainment industry interests in Atlanta, this underscores the need for an impartial forum. If reassignment to an impartial judge is not possible, Plaintiffs respectfully request transfer under 28 U.S.C. § 1404(a) in the interest of justice, to ensure fairness and the appearance of fairness.

The ongoing RICO enterprise and continuing harm to Plaintiffs constitute extraordinary circumstances justifying relief under Rule 60(b)(6). The Constitution guarantees due process and meaningful access to the courts (U.S. Const. amends. I, V; *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Denying Plaintiffs the opportunity to present new evidence of ongoing violations would deprive them of a fair hearing and the ability to seek redress. Newly discovered predicate acts—including those against third parties—directly support reopening the judgment, as they reveal ongoing misconduct central to Plaintiffs' RICO allegations (Complaint Docs. 1, 85) and demonstrate a

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

continuing pattern implicating Plaintiffs' due process and access-to-court rights. See *Hughes v. Tobacco Inst.*, 278 F.3d 417, 423 (5th Cir. 2001); *Sedima v. Imrex Co.*, 473 U.S. 479, 495 (1985). Failure to consider this evidence would undermine both the remedial purpose of Rule 60 and the constitutional rights at stake.

**D. Defense Mischaracterization and Improper Res Judicata – Fed. R. Civ. P. 60(b)(6), 60(d)(3); U.S. Const. amend. V**

Defendants, through coordinated counsel, filed substantively identical answers and counterclaims denying Plaintiffs' RICO allegations and mischaracterizing this action as duplicative of prior copyright litigation (Docs. 33, 43, 44, 54–56; see also Doc. 52 at 14; SOF ¶ 35). The Court adopted this mischaracterization, improperly applying res judicata and conflating Plaintiffs' RICO claims with previously litigated copyright issues (Docs. 74, 76, 138).

Controlling precedent holds that RICO claims based on new facts, injuries, or predicate acts are not precluded by earlier actions. See *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955); *Living Designs, Inc. v. DuPont*, 431 F.3d 353, 362 (9th Cir. 2005). Plaintiffs' RICO claims arise from new predicate acts and ongoing harm occurring after prior cases (Docs. 1, 85; SOF ¶ 35), making Defendants' duplicative-action argument unfounded.

The Court's judgment on the pleadings (Doc. 74) disregarded the distinct statutory elements of RICO, denied substantive review, and deprived Plaintiffs of their Fifth Amendment right to a meaningful hearing. See *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 77 n.1 (1984); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Cumulative procedural irregularities, judicial bias, and denial of due process warrant vacatur and reassignment. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); *Chapman v. Higbee Co.*, 319 F.3d 825, 828–29 (6th Cir. 2003); *In re United States*, 666 F.2d 690 (1st Cir.

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

1981*); Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *Harre v. A.H. Robins Co.*, 750 F.2d 1501, 1503 (11th Cir. 1985).

Defendants' coordinated defense and the Court's acceptance of their mischaracterization deprived Plaintiffs of a fair opportunity to have their RICO claims adjudicated on the merits, resulting in manifest injustice and a violation of due process. Relief is warranted under Rule 60(b)(6) for extraordinary circumstances and cumulative prejudice, and under Rule 60(d)(3) for fraud on the court (SOF ¶ 35, Ex. 2).

**E. Constitutional Violations and Access to Courts – Fed. R. Civ. P. 60(b)(6); U.S. Const. amends. I, V**

The Court's handling of Plaintiffs' filings—particularly through Orders 154 and 168—created procedural barriers that deprived Plaintiffs of their rights to due process and meaningful access to the courts, as guaranteed by the First and Fifth Amendments (SOF ¶ 38, Ex. 2). The Fifth Amendment prohibits deprivation of life, liberty, or property without due process, while the First Amendment protects the right to petition the government, including court access. See U.S. Const. amends. V, I; *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Order 154 not only denied Plaintiffs' Motion for Reconsideration and Petition for Writ of Mandamus, but expressly stated the Court no longer had jurisdiction, acknowledged that the presiding judge was a named defendant represented by the U.S. Attorney's Office (Doc. 116), and nonetheless imposed severe restrictions solely on Plaintiffs: "The Clerk is directed to file any papers received from the Plaintiffs but should not docket any papers as motions requiring action by the Court until so ordered by the Court." (Order 154 at 3.) While Plaintiffs faced these one-sided restrictions, Defendants who failed to answer the amended complaint were not subject to any similar limitations. This directive, combined with repeated characterizations of Plaintiffs' filings as

21

"false and outrageous" and the summary denial of motions without substantive review, effectively curtailed Plaintiffs' ability to seek judicial redress (SOF ¶ 12, Ex. 2).

These actions were taken without providing Plaintiffs—appearing pro se—the notice and opportunity to respond required by due process. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986); *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990). The cumulative effect of these procedural barriers, especially against pro se litigants, constitutes extraordinary circumstances and manifest injustice, warranting relief under Rule 60(b)(6). The judgment should be vacated to restore Plaintiffs' constitutional rights and ensure meaningful access to the courts.

**F. Filing Restrictions Imposed Without Due Process—Fed. R. Civ. P. 60(b)(6); First & Fifth Amendments**

Order 168 sharply escalated constitutional violations by granting Defendants' Motion for Summary Judgment (Doc. 157), denying Plaintiffs' Motion for Judgment (Doc. 162), and imposing a sweeping filing injunction under the All Writs Act, 28 U.S.C. § 1651(a). This injunction barred Plaintiffs from filing further pleadings or related lawsuits without prior written permission (Doc. 168 at 8–9), and was imposed without advance notice, opportunity to respond, or hearing—directly violating the Due Process Clause of the Fifth Amendment. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 (11th Cir. 2005); *Thomas v. Fulton County*, 260 F. App'x 199, 202 (11th Cir. 2007).

This deprivation was compounded by the Court's systematic denial of discovery: Defendants unified their pleadings to obstruct discovery, filed repeated motions to stay, and mischaracterized Plaintiffs' claims, while the Court granted these motions, denied Plaintiffs' motion to compel, and refused to hold a hearing (Docs. 33, 43, 44, 52, 57, 58, 64, 87, 89, 95–97, 111, 124).

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

Plaintiffs' objections were overruled, and discovery stayed until after dispositive motions, precluding Plaintiffs from substantiating their claims.

The prejudice to Plaintiffs was further exacerbated by the timing and procedural posture: the summary judgment order and filing restrictions were entered while Plaintiffs were actively preparing their Eleventh Circuit appeal brief in Case No. 17-14866, responding to the appellate court's jurisdictional question, and simultaneously being required to litigate in a district court whose jurisdiction had been divested by the pending appeal. This forced Plaintiffs to defend their rights in two forums at once, undercutting their ability to fully and fairly litigate, and compounding the due process violation. See *Taylor v. Sterrett*, 640 F.2d 663, 667 (11th Cir. 1981). The Court's punitive language—labeling Plaintiffs' claims as "frivolous" and Plaintiffs as "abusive litigants" (Doc. 168 at 2–3)—reflects a lack of neutrality. By foreclosing Plaintiffs' ability to file or prosecute claims—especially during a pending appeal—the Court exceeded permissible judicial bounds and violated Plaintiffs' First Amendment right of access to the courts (*Bounds v. Smith*, 430 U.S. 817, 828 (1977)), as well as their Fifth Amendment due process rights. The cumulative effect—imposing filing restrictions, denying discovery, and adopting Defendants' collusive strategies—constitutes "extraordinary circumstances" justifying relief under Rule 60(b)(6). See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988). In sum, the denial by Defendant Judge Thrash, Jr. of notice and hearing, summary restrictions on access, denial of discovery, and punitive judicial posture—particularly while Plaintiffs were defending jurisdictional rights in the appellate court—demand vacatur of judgment and restoration of Plaintiffs' rights under Rule 60(b)(6).

**G. Procedural Irregularities, Void Orders, and Denial of Due Process – Fed. R. Civ. P. 60(b)(4), 60(b)(6); U.S. Const. amend. V**

After Plaintiffs filed their Amended Complaint (Doc. 85), Judge Thrash became a named defendant. Despite his disqualification under 28 U.S.C. § 455, he continued to preside and issued all dispositive orders without jurisdiction, including the resolution of Defendants' Rule 12(c) motion (Doc. 74). Every order entered after this point was rendered in violation of due process. Defendants' Rule 12(c) motion improperly incorporated Rule 12(b)(6) arguments, creating procedural confusion and depriving Plaintiffs of an orderly adjudication. Plaintiffs' Amended Complaint required a responsive pleading under Fed. R. Civ. P. 15(a)(3), and Defendants' failure to answer triggered default under Rule 55(a) (SOF ¶¶ 7–8, 11, 16, Ex. 2), as recognized in Doc. 119. The Court's failure to enforce these mandatory procedures—while presided over by a statutorily disqualified judge—renders all subsequent orders void under Rule 60(b)(4). See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988); *Aldana v. Del Monte Fresh Produce*, 741 F.3d 1349, 1355 (11th Cir. 2014).

As pro se litigants, Plaintiffs were entitled to liberal construction of their pleadings and a meaningful opportunity to be heard. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court compounded these errors by accepting improper omnibus motions from Defendants, violating local and federal rules, while summarily denying or ignoring Plaintiffs' motions for summary judgment, to strike answers, and for default—despite Defendants' untimely and unsupported responses (SOF ¶¶ 6, 9, 19, 22, 29, 30, Ex. 2). These procedural irregularities, combined with the judge's disqualification, constitute extraordinary circumstances and constitutional violations justifying relief under Rule 60(b)(6). The Due Process Clause guarantees notice and a meaningful opportunity to be heard before deprivation of rights. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). By failing to require a responsive pleading

24

and not entering default, the Court deprived Plaintiffs of due process and meaningful access to

the courts. Accordingly, all dispositive orders entered after Judge Thrash became a defendant are

void and must be vacated. Relief under Rule 60(b)(4) and 60(b)(6) is warranted to restore

Plaintiffs' constitutional rights and ensure meaningful participation in these proceedings.

## H. Systematic Denial of Due Process, Adjudication on the Merits, and Jury Rights – Fed. R. Civ. P. 60(b)(4), 60(b)(6); U.S. Const. amends. V, VII

Plaintiffs, appearing pro se, timely filed and served original and amended complaints in full

compliance with Rule 4. Defendants, represented by coordinated counsel, repeatedly

mischaracterized Plaintiffs' RICO claims as duplicative of prior copyright litigation to evade

substantive review, disregarding new legal theories, predicate acts, and injuries (SOF ¶ 35, Ex.

5). The Court adopted this mischaracterization, transferring the case to Judge Thrash (Order 71),

and failed to adjudicate Plaintiffs' timely default judgment motions (Docs. 41, 47, 57–59).

After Judge Thrash became a named defendant in the Amended Complaint (Doc. 85), he refused

to recuse, answered the complaint, and triggered Defendants' obligation to respond under Rule

15(a)(3)—which Defendants failed to do, constituting default under Rule 55(a). Instead, the

Court granted Defendants' motions to quash, denied Plaintiffs' motions for default, discovery,

and hearing, and reassigned the case without proper notice, further restricting Plaintiffs' ECF

access and participation. The court clerks compounded these due process violations by arbitrarily

restricting Plaintiffs' filings and access to the electronic case filing system, while imposing no

such limitations on Defendants, who failed to answer the amended complaint.

Defendants' motion at Doc. 74, styled as Rule 12(c), functioned as a Rule 12(b)(6) motion,

triggering Plaintiffs' right to amend, which they exercised within the 21-day period. Judge

Thrash then issued batch rulings terminating all parties, closed and reopened the case without

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

explanation, and adjudicated counterclaims before resolving Plaintiffs' main claims. Plaintiffs' rights to due process, access to courts, and a jury trial (SOF ¶ 40 sec 7) were further denied when Defendants, while in default, were permitted to pursue summary judgment and injunctive relief, the Court imposed a filing injunction, and Plaintiffs' motion to set the case for trial was denied without adjudication on the merits.

Following Orders 157 and 168–169, the Court and clerks created a piecemeal appellate process, sending Plaintiffs' joint consolidated amended notice of appeal Doc. 170 to Doc. 140 and another closed appeal, thereby forcing Plaintiffs to pay a new filing fee and separate their claims across multiple proceedings. This fragmented approach not only burdened Plaintiffs financially but also undermined their ability to obtain a unified appellate review, in direct contravention of their rights to meaningful access and fair process.

On appeal, the Court invoked Rule 9(b) without identifying deficiencies or permitting amendment and dismissed Plaintiffs' RICO claims on erroneous preclusion grounds, despite new predicate acts and ongoing racketeering. Plaintiffs' constitutional rights—including due process (U.S. Const. amend. V), notice, hearing, meaningful court access, and the right to a jury trial (U.S. Const. amend. VII)—were repeatedly violated, and the extraordinary circumstances of the COVID-19 pandemic further impeded prosecution of their claims.

Application of preclusion doctrines at the pleading stage—without notice, hearing, or leave to amend—constitutes legal error and extraordinary circumstances under Rule 60(b)(6). See *Brown v. Felsen*, 442 U.S. 127, 132 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955); *Living Designs, Inc. v. DuPont*, 431 F.3d 353, 362 (9th Cir. 2005). The Court's refusal to recuse, failure to adjudicate

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

defaults, and denial of core procedural rights—especially after Judge Thrash became a defendant—render all subsequent dispositive orders void or, at minimum, the product of manifest injustice. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988). This manifest injustice warrants vacatur of the judgment and restoration of Plaintiffs' rights to due process, meaningful participation, and adjudication on the merits by an impartial tribunal.

**I. Systematic Denial of Due Process, Adjudication on the Merits, and Jury Rights – Fed. R. Civ. P. 60(b)(6); U.S. Const. amends. V, VII**

Plaintiffs, appearing pro se, fully complied with all service requirements for both the original and amended complaints. Defendants, through coordinated counsel, repeatedly mischaracterized Plaintiffs' RICO claims as duplicative of prior copyright litigation in an effort to evade substantive review—ignoring new legal theories, predicate acts, and injuries that had not previously been litigated (SOF ¶ 35, Ex. 5). Judge Story granted Defendants' transfer motion (Doc. 31) based on this mischaracterization. Critically, the Court used locked docket entries— entries inaccessible to Plaintiffs and the public—to falsely indicate the termination of Doc. 31, while omitting orders and defaults that had been entered against several defendants (Docs. 41, 47). As a result, Plaintiffs' timely motions for default judgment (Docs. 57–59) were never adjudicated.

After Judge Thrash was named as a defendant in the Amended Complaint (Doc. 85), he refused to recuse himself (Docs. 81, 120) and instead answered the complaint, thereby triggering Defendants' obligation to respond under Rule 15(a)(3). Defendants failed to answer, resulting in default under Rule 55(a), but the Court instead granted Defendants' motions to quash, denied

Plaintiffs' requests for default, discovery, and hearing, and reassigned the case without notice—further restricting Plaintiffs' ECF access and meaningful participation.

Defendants' motion at Doc. 74, styled as a Rule 12(c) motion, functioned as a Rule 12(b)(6) motion and thus triggered Plaintiffs' right to amend, which they exercised within six days—well within the 21-day period mandated by Rule 15(a)(1)(B). Judge Thrash then issued a series of batch rulings terminating all parties (Docs. 122–139), closed and reopened the case without explanation, and adjudicated counterclaims before addressing Plaintiffs' main claims. Plaintiffs' due process, court access, and jury trial rights (SOF ¶ 40 sec 7) were further denied as Defendants, despite being in default, were permitted to pursue summary judgment and injunctive relief (Doc. 157). The Court imposed a filing injunction (Doc. 168), and Plaintiffs' motion to reopen discovery and set the case for trial (Doc. 191) was met with administrative objections (Doc. 192). All pending motions, including Doc. 191, were summarily denied without adjudication on the merits (Doc. 195). On appeal, the Court invoked Rule 9(b) without identifying any alleged deficiency or permitting amendment, and ultimately dismissed Plaintiffs' RICO claims on erroneous preclusion grounds, despite the presence of new predicate acts and ongoing racketeering. Throughout, Plaintiffs' constitutional rights—including due process (U.S. Const. amend. V), notice, hearing, meaningful court access, and the right to a jury trial (U.S. Const. amend. VII)—were repeatedly violated. The COVID-19 pandemic further impeded Plaintiffs' ability to prosecute their claims. Applying preclusion doctrines at the pleading stage—without notice, hearing, or leave to amend—constitutes both legal error and a constitutional violation, justifying relief under Rule 60(b)(6). See *Brown v. Felsen*, 442 U.S. 127, 132 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lawlor v. Nat'l Screen Serv.*

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

*Corp.*, 349 U.S. 322, 327–28 (1955*); Living Designs, Inc. v. DuPont*, 431 F.3d 353, 362 (9th Cir. 2005). The Court's refusal to recuse, failure to adjudicate defaults, and denial of core procedural rights—particularly after Judge Thrash became a defendant—render all subsequent dispositive orders void, or at a minimum, the product of manifest injustice. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988). This manifest injustice warrants vacatur of judgment, restoration of Plaintiffs' rights to due process, meaningful participation, and adjudication on the merits by an impartial tribunal.

**J. Plaintiffs' Complaint Meets Rule 9(b) Particularity – Fed. R. Civ. P. 60(b)(6); U.S. Const. amend. V (Due Process)**

Plaintiffs' complaints (Docs. 1, 85) set forth with particularity the "who, what, when, where, and how" of the alleged fraud and racketeering, fully satisfying the heightened pleading requirements of Fed. R. Civ. P. 9(b). Each defendant, the nature and timing of predicate acts, the locations and methods of racketeering, and resulting injuries are specifically identified and substantiated by extensive exhibits and detailed factual allegations. See *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380–81 (11th Cir. 1997). Despite this particularity, the Court dismissed Plaintiffs' RICO claims at the pleading stage based on improper preclusion doctrines, without conducting a substantive review or affording an opportunity to amend. This summary dismissal, without analysis of the complaint's particularity or review of the supporting evidence, violates the Due Process Clause of the Fifth Amendment, which guarantees litigants a meaningful opportunity to be heard and to have their claims adjudicated on the merits. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

29

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

These failures are especially egregious given Plaintiffs' repeated allegations of new predicate acts, ongoing racketeering, and distinct injuries not previously litigated. The denial of substantive review in the face of detailed pleadings and ongoing harm constitutes extraordinary circumstances under Rule 60(b)(6) and underscores the manifest injustice and deprivation of due process suffered by Plaintiffs.

Accordingly, Plaintiffs respectfully request that the judgment be vacated and their rights to due process and adjudication on the merits be restored.

## K. Failure to Identify Deficiencies or Permit Amendment Was Reversible Error – Fed. R. Civ. P. 60(b)(6); U.S. Const. amend. V (Due Process)

Neither the district court nor Defendants identified any specific deficiency in Plaintiffs' pleadings under Rule 9(b). Instead, the Court dismissed Plaintiffs' claims with prejudice for alleged lack of particularity—without notice, explanation, or affording Plaintiffs, as pro se litigants, any opportunity to amend. This contravenes established precedent that dismissal with prejudice for purported pleading deficiencies is improper where the court has not provided notice of the defect or allowed amendment, especially for pro se parties. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Plaintiffs' complaints (Docs. 1, 85) provided detailed factual allegations and exhibits identifying defendants, predicate acts, and the chronology of the alleged racketeering scheme. At no point did the Court or Defendants articulate any particularized deficiency under Rule 9(b), issue an order to show cause, or provide Plaintiffs with notice or an opportunity to cure. Plaintiffs were not granted leave to amend, despite their pro se status and the ongoing nature of the alleged RICO violations.

30

This procedural failure constitutes extraordinary circumstances and manifest injustice under Rule 60(b)(6). More fundamentally, the Court's actions deprived Plaintiffs of their constitutional right to due process as guaranteed by the Fifth Amendment, which requires notice and a meaningful opportunity to be heard before depriving a party of substantive rights. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Accordingly, the summary dismissal of Plaintiffs' complaint with prejudice, without identification of any specific deficiency or opportunity to amend, was reversible error warranting vacatur of the judgment and restoration of Plaintiffs' right to due process and meaningful participation in these proceedings.

## L. Plaintiffs' RICO Claims Are Distinct and Not Precluded by Prior Copyright Litigation Fed. R. Civ. P. 60(b)(6); U.S. Const. amend. V (Due Process)

Plaintiffs' RICO claims in this action are based on new and distinct predicate acts, legal theories, and injuries that were neither litigated nor resolved in any prior copyright proceeding. Defendants, represented by coordinated counsel, have consistently mischaracterized this action as duplicative copyright litigation in their answers and counterclaims (see Docs. 33, 43, 44, 54, 55, 56), and the Court improperly adopted this mischaracterization in dismissing Plaintiffs' RICO claims on res judicata grounds (see Orders 76, 138). As Plaintiffs have repeatedly asserted—including in opposition to reassignment and in detailed memoranda—the current RICO action arises from ongoing racketeering activity, new predicate acts, and harm not addressed in any previous case. Supreme Court and Eleventh Circuit precedent confirm that res judicata and collateral estoppel only bar claims that were actually litigated and resolved, and do not preclude RICO claims based on new facts, legal theories, or injuries. See *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955) ("A prior judgment cannot be given the effect

31

of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."); *Living Designs, Inc. v. DuPont*, 431 F.3d 353, 362 (9th Cir. 2005). Any omission on the civil cover sheet was inadvertent and not intended to mislead. Plaintiffs have maintained their right to a jury trial and objected to reassignment, emphasizing that the present RICO claims are factually and legally distinct. The Court's dismissal of Plaintiffs' RICO claims at the pleading stage, without substantive review or an opportunity to amend, violates the Due Process Clause of the Fifth Amendment, which guarantees notice and a meaningful opportunity to be heard before deprivation of rights. See U.S. Const. amend. V; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

This legal error and resulting manifest injustice constitute extraordinary circumstances under Rule 60(b)(6) and warrant vacatur of the judgment, restoration of Plaintiffs' right to due process, and adjudication of their RICO claims on the merits.

### M. Timeliness and Extraordinary Circumstances: Impact of the COVID-19 Pandemic – Fed. R. Civ. P. 60(b)(6); U.S. Const. amend. V (Due Process)

The COVID-19 pandemic (2020–2022) imposed unprecedented barriers to litigation— including court closures, restricted legal access, and significant health risks—that directly impeded Plaintiffs' ability to timely prepare and file post-judgment motions in this complex RICO action (Case 1:17-cv-01181-RWS). The Northern District of Georgia formally recognized these disruptions and suspended deadlines via General Order 20-01. Federal courts have held that the pandemic constitutes an "extraordinary circumstance" justifying equitable tolling and relief from strict procedural requirements. See *United States v. Rodriguez*, 27 F.4th 1097, 1108 (6th Cir. 2022); NDGA General Order 20-01.

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

To deny relief based on timeliness without accounting for these pandemic-related barriers would violate the Fifth Amendment's guarantee of due process and meaningful access to the courts. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The unique challenges presented by the COVID-19 pandemic thus constitute extraordinary circumstances under Rule 60(b)(6), warranting equitable tolling to ensure Plaintiffs' constitutional rights are protected. Accordingly, Plaintiffs respectfully request that the Court recognize the pandemic's impact as an extraordinary circumstance justifying relief under Rule 60(b)(6), and equitably toll any procedural deadlines to preserve Plaintiffs' right to due process and meaningful participation in these proceedings.

**N. Counterclaims and Summary Judgment Are Barred Where Defendants Failed to Answer the Amended Complaint**

Defendants never answered the operative Amended Complaint (Doc. 85), as required by Fed. R. Civ. P. 15(a)(3). An amended complaint replaces the original and requires a new response. By failing to answer, Defendants were in default on all claims—including RICO—and lost the right to seek affirmative relief or summary judgment. See *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); Fed. R. Civ. P. 55(a); *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013). Despite their default, Defendants filed counterclaims and moved for summary judgment without ever addressing the amended pleading. A party in default cannot pursue such relief. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). Orders based on these filings—including Orders 138 and 168—are void and must be vacated. See *Taylor v. Sterrett*, 640 F.2d 663, 667 (11th Cir. 1981). The Defendant Judge Thrash's decision to grant summary judgment on the original complaint after the amended complaint was filed was legal error. See *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 (7th Cir.

33

1998). Allowing Defendants to evade default deprived Plaintiffs of due process and their right to seek relief under RICO, 18 U.S.C. § 1964(c). Therefore, Defendants' counterclaims and motions for summary judgment must be stricken, all related orders vacated, and Plaintiffs' right to default judgment restored.

## V. RELIEF REQUESTED

For the reasons set forth above, Plaintiffs respectfully request that the Court: vacate all orders and judgments entered by Judge Thrash as void for lack of impartiality and judicial disqualification; reassign this matter to a neutral and impartial judge; enter default and default judgment against all Defendants who failed to answer the Amended Complaint, including statutory, treble, and punitive damages, attorney's fees, and costs; in the alternative, reopen the case for full adjudication on the merits before a new, impartial judge with restoration of Plaintiffs' rights to due process, participation, and a jury trial; strike all counterclaims and dispositive motions filed while Defendants were in default and vacate all related orders, including Orders 138 and 168; and grant any further relief the Court deems just and proper.

## VI. CONCLUSION

**For all the reasons above, Plaintiffs respectfully request that the Court grant the relief detailed herein.**

Executed on this 28th day of June, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

## **RULE 11 CERTIFICATION**

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing motion and all supporting documents are well grounded in fact and are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the factual contentions have evidentiary support.

Date Executed, June 28, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Motion For Relief of Judgment
Rule 60(b)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and Terri Tucker (Lowe), Plaintiffs, | Civil Action No. 1:17-cv-01181-TWT |
| v. | Procedural Chronology/Exhibit For Plaintiffs Joint Motion/Memorandum/ Judgment Pursuant To Fed. R. Civ. P. 60(B)(4)-(6), (D)(3) |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Defendants. | Judge: Thomas W. Thrash, Jr. U.S.D.J. |

**Exhibit 1: Procedural Chronology of Case No. 1:17-cv-01181-RWS-TWT**

| Date | Event/Document Filed | Docket No. | Description/Notes |
|---|---|---|---|
| 2017-04-04 | Complaint filed | Doc. 1 | Plaintiffs initiate action alleging RICO, copyright violations (SOF ¶ 35, Ex. 5-7) |
| 2017-04-10 | Summons issued/served | Docs. 2-10 | Service on all named defendants |
| 2017-05-15 | Defendants move to transfer to Judge Thrash | Doc. 31 | Defendants seek reassignment; motion's termination not reflected on public docket, only on "Court Only" docket. |
| 2017-05-30 | Order granting transfer to Judge Thrash | Doc. 71 | Judge Story grants transfer Sua Sponte after Defendants' seek transfer on Doc. 31; order effectuated via internal "Court Only" entry, not visible on public record. |

Pls.' Joint Rule 60(b) Mot.
Table of Contents & Authorities & Memo of Law

| Date | Event/Document Filed | Docket No. | Description/Notes |
|---|---|---|---|
| 2017-06-05 | Defaults entered against certain defendants | Docs. 41,47 | Defaults as to Oprah Winfrey, others—no default judgment entered |
| 2017-08-01 | Motions to quash granted | Doc. 52,76 | Plaintiffs default, and allowed Defendants motion to quash service, after answering and being served several times making copyright infringement claims  Plaintiffs denied discovery, default, and hearing |
| 2017-06-15 | Plaintiffs' motions for default judgment | Docs. 57–59 | Defendants file amendments to the complaint |
| 2017-06-08 | Joint Preliminary Planning Report filed | Doc. 63 | Filed sua sponte as Plaintiffs; initiates discovery period. |
| 2017-06-08 | Plaintiffs' Notice of Discovery | Doc. 65 | Plaintiffs serve notice of discovery requests. |
| 2017-06-08 | Plaintiffs' Motion for Hearing | Doc. 64 | Plaintiffs request hearing on discovery and other pretrial matters. |
| 2017-07-01 | Judge Thrash refuses recusal | Doc. 81 | Despite being a named defendant. Plaintiffs' signature block was removed from the filing by the court; court hand-corrected the date, but signatures remained missing. Clerk typically |

| Date | Event/Document Filed | Docket No. | Description/Notes |
|---|---|---|---|
| | | | checks signature block before sealing, making this omission highly irregular. (SOF ¶ 21) |
| 2017-07-10 | Amended Complaint filed | Doc. 85 | Plaintiffs file Amended Complaint, triggering requirement under Rule 15(a)(3) for all defendants to respond. Judge responded to the amended complaint, but not all defendants; Rule 12(b)(6) assertion in Doc. 74 preserved Plaintiffs' right to amend the complaint. |
| 2017-07-20 | Defendants fail to answer Amended Complaint | — | Amended Complaint (Doc. 85) filed July 5, 2017; answers due July 26, 2017 under Rule 15(a)(3). No answers or oppositions filed by defendants, and no orders entered prohibiting the Amended Complaint. Plaintiffs moved for default [Doc. 119], but default was denied by Order 130. |
| 2017-07-07 | Defendants' Motion to Stay Discovery (with brief) | Doc. 87 | Defendants move to stay discovery, asserting Plaintiffs' discovery questions are "embarrassing." |

| Date | Event/Document Filed | Docket No. | Description/Notes |
|---|---|---|---|
| 2017-07-07 | Defendants' Motion for Protective Order | Doc. 89 | Defendants seek protective order against Plaintiffs' discovery. |
| 2017-07-07 | Docket Numbering Irregularities | Docs. 86, 88, 87, 89, 90 | Docket numbers appear out of sequence (Doc. 86, 88, 87, 89, 90); Plaintiffs suspect tampering or irregular docket management. |
| 2017-07-12 | Plaintiffs' Motion to Compel Discovery | Doc. 92 | Plaintiffs move to compel responses to discovery requests. |
| 2017-07-13 | Order Granting Defendants' Motions to Stay & for Protective Order | Ord. 95 | Defendant Judge grants Defendants' Motions to Stay (Doc. 87) and for Protective Order (Doc. 89) in one day. Plaintiffs' discovery denied. |
| 2017-07-14 | Proof of Service on Judge Thrash and others | Doc. 100 | Service completed on Judge Thrash, U.S. Attorney General, and district court. |
| 2017-11-15 | Plaintiffs appeal | Docs.101,102 | List procedural/substantive errors |
| 2017-07-20 | Defendants fail to answer Amended Complaint | — | Amended Complaint (Doc. 85) filed July 5, 2017; answers due July 26, 2017 under Rule 15(a)(3). No answers or oppositions filed by defendants, |

| Date | Event/Document Filed | Docket No. | Description/Notes |
|---|---|---|---|
| | | | and no orders entered prohibiting the Amended Complaint. Plaintiffs moved for default [Doc. 119], but default was denied by Order 130. |
| 2017-10-19 | Hearing (Plaintiffs) | Doc. 139 | Hearing held, but Plaintiffs' prior motion to compel (Doc. 92) was ignored until October and ultimately denied by Order 124. |
| 2017-09-10 | Batch rulings terminate all parties | Docs.122–139 | Case closed and reopened without explanation |
| 2017-10-01 | Counterclaims adjudicated before main claims | — | Procedural irregularity |
| 2023-12-10 | Ledford v. Tyler Perry Studios filed | — | New predicate act discovered |
| 2025-04-15 | Aimee Allison v. Terri J. Vaughn, et al. | — | Another predicate act discovered |
| 2020-11-20 | District Court imposes filing restrictions | Ord. 168 | Court, without providing Plaintiffs notice or opportunity to respond, granted Defendants' motion for summary judgment and imposed a broad filing injunction against Plaintiffs under the |

| Date | Event/Document Filed | Docket No. | Description/Notes |
|---|---|---|---|
|  |  |  | All Writs Act. Plaintiffs were enjoined from filing further pleadings or new lawsuits without court approval. Due process concerns raised. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs, | Civil Action No. 1:17-cv-01181-TWT |
| | Plaintiffs Joint Motion/Memorandum<br>Pursuant To Fed. R. Civ. P. 60(B)(4)-(6), |
| v. | (D)(3) |
| Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and | Exhibit 1: Joint Foundational Declaration |
| Judge Thomas W. Thrash, Jr.<br>Defendants. | Thomas W. Thrash, Jr. U.S.D.J. |

---

## EXHIBIT 1 JOINT FOUNDATIONAL JOINT DECLARATION OF WILLIAM JAMES AND TERRI V. TUCKER IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO RULE 60(b)

---

We, William James and Terri V. Tucker, hereby declare as follows:

We are the plaintiffs in the above-captioned action. We make this joint declaration in support of our Notice of Motion and Motion for Relief Pursuant to Rule 60(b), the accompanying Memorandum of Law, and all supporting procedural and evidentiary documents.

We have personal knowledge of the facts set forth below and, if called as witnesses, could and would testify competently thereto.

We respectfully submit this declaration to provide the Court with a true and accurate account of the procedural history, extraordinary circumstances, and ongoing prejudice that have affected our ability to obtain a fair adjudication on the merits of our claims.

Attached hereto as Exhibit 1 is a true and correct copy of the Procedural Chronology of Case No. 1:17-cv-01181-TWT, which details the key filings, orders, and events relevant to this motion.

Pls.' Joint Rule 60(b) Mot.
Table of Contents & Authorities & Memo of Law

The facts set forth in the accompanying Motion, Memorandum, and exhibits—including but not limited to the denial of default, improper reassignment, judicial bias, and procedural irregularities—are true and correct to the best of our knowledge, information, and belief.

We have made every reasonable effort to comply with the Court's rules and procedures and have acted in good faith throughout these proceedings.

We respectfully request that the Court grant the relief sought in the Motion for Relief Pursuant to Rule 60(b), including vacatur of the judgment, reassignment to a neutral judge, restoration of claims and parties, entry of default as appropriate, and such other relief as the Court deems just and proper.

We incorporate by reference all facts, arguments, and exhibits set forth in the Motion, Memorandum, and this Declaration.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of June, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs, | Civil Action No. 1:17-cv-01181-TWT |
| | Re: Plaintiffs' Joint Motion to Vacate<br>Judgment, Reopen Case, And Enter Default |
| v. | Judgment Pursuant to Fed. R. Civ. P.<br>60(B)(4)-(6), (D)(3)/Procedural |
| Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Judge Thomas W. Thrash, Jr.<br>Defendants. | Chronology/Exhibits<br><br>Thomas W. Thrash, Jr. U.S.D.J. |

---

## CERTIFICATE OF SERVICE

We hereby certify that on this 28th day of June, 2025, we caused to be served a true and

correct copy of the foregoing:

Plaintiffs' Notice of Motion and Motion for Relief Pursuant to Rule 60(b); Memorandum

of Law in Support; Declaration(s) and all exhibits thereto, by filing the same with the Clerk of

Court in person, Plaintiffs' are prose and do not have access to electronic filing, we further

certify that a copy was served by first-class U.S. Mail, postage prepaid, addressed as follows:

Defendants Attorneys:

| | | |
|---|---|---|
| Lori M. Beranek<br>Assistant United States<br>Attorney<br>600 U.S. Courthouse<br>75 Spring Street SW | Tom J. Ferber<br>7 Times Square<br>New York, NY 10036-<br>6569 | Richard Gordon<br>1495 Powers Ferry Road<br>Ste 101<br>Marietta, GA 30067 |

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff