# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

pryorcashman.com

**Tom J. Ferber**
Partner

Direct Tel: (212) 326-0194
tferber@pryorcashman.com

July 9, 2025

Mr. Kevin P. Weimer
U.S. District Court Executive/Clerk of Court
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, Ga 30303-3309

    Re: James et ano v Hunt et al, Case No. 1:17-cv-01181-TWT

Dear Mr. Weimer:

    This firm is counsel for defendants Tyler Perry Studios, Lionsgate Entertainment and Tyler Perry in this long-since-dismissed action. (We were also counsel of record for defendants Oprah Winfrey Network, Harpo, Oprah Winfrey and Barbara Hunt before the case was closed on August 10, 2018). I write in connection with the filing of motions filed by pro se plaintiffs William James and Terri Tucker ("Plaintiffs") on June 30, 2025, styled as "Pro Se Emergency Motion for Intermediate Intervention, Motion to Reassign Case" (Docket No. 196) and "Pro Se Joint Motion to Vacate Clerk's Judgment, Motion for Relief Based on Judicial Misconduct, Fraud on the Court, and Denial of Due Process" (Docket No. 197). These motions, which total many hundreds of pages, are in violation of an order enjoining such filings by Plaintiffs, as further set further below.

    By Order dated August 10, 2018 (Docket No. 168; the "Order"), the Court, per Judge Thrash, concluded that an "injunction [was] necessary to protect the integrity of the court system and to prevent the continued harassment of the Defendants by the Plaintiffs," and found that "the Plaintiffs' conduct within this particular case has itself been disruptive and abusive to the Court's judicial function." (Id. at 7-8.) The Order concluded as follows:

> Because of this, the Court concludes that a filing injunction under the All Writs Act is appropriate here. The Court has the inherent jurisdiction to protect itself against the abuses that litigants such as [Plaintiffs] visit upon it. Without an injunction the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources. The Plaintiffs have displayed nothing short of complete disregard for the numerous court rulings in favor of the Defendants. Therefore, the Court orders that the Plaintiffs are enjoined from filing any further pleading, motion, or other



       paper in relation to the instant action (other than the pending appeal and any appeal of this Order), and any new lawsuit in any court against any of the Defendants named in this action involving claims arising from the same factual predicate or nucleus of operative facts as this case without obtaining the express written permission of the undersigned.

A Judgment dismissing the action was entered on the same date. (Docket No. 169.)

       Plaintiffs appealed the above Order (as well as other orders). On August 12, 2019, the United States Court of Appeals for the Eleventh Circuit affirmed, *inter alia*, the Order. (See attached copy of the Court of Appeals' opinion. The accompanying Mandate was filed with this Court on September 10, 2019; Docket No. 187.) Plaintiff's Petition for a Writ of Certiorari was denied on October 7, 2019 and filed with this Court on October 8, 2019. (Docket No. 190.)

       Plaintiffs have a history of ignoring the Court's injunction against further filings. They filed motions without the Court's permission on October 15, 2019 and January 24, 2020 (Docket Nos. 191 and 194, respectively), both of which the Court denied on February 26, 2020 (Docket No. 195).

       Plaintiffs' most recent motions – filed nearly seven years after the Order and Judgment dismissing their claims and the closure of the case – evidence a contumacious refusal to abide by the Court's injunction. It is respectfully submitted that, pursuant to the Order, said motions should be rejected for filing. Please let us know your determination in that regard.

       Respectfully submitted,

       Tom J. Ferber

Encl.

Cc: William James (by mail)
     Terri Tucker (Lowe) (by mail)

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13553
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01181-TWT

WILLIAM JAMES,
Sui Juris,
TERRI V. TUCKER,
Sui Juris,
a.k.a. Terri V. Donald-Strickland,
a.k.a. TLo-Redness,

                    Plaintiffs-Counter Defendants-Appellants,

versus

BARBARA HUNT,
JUDGE THOMAS W. THRASH, JR.,

                    Defendants-Appellees,

HARPO,
LIONSGATE ENTERTAINMENT,
OPRAH WINFREY NETWORK,
(OWN),
OPRAH WINFREY,
d.b.a. Oprah Winfrey Network,
TYLER PERRY COMPANY,
TYLER PERRY STUDIOS,

(TPS),
TYLER PERRY,
a.k.a. Emmett Perry Jr.,
a.k.a. Emmett J. Perry,
a.k.a. Buddy,
a.k.a. John Ivory,
a.k.a. Emmett M. Perry, et al.,

                                              Defendants-Counter Claimants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

(August 12, 2019)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

William James and Terri V. Tucker appeal *pro se* the district court's orders: (1) granting summary judgement to Defendants on their counterclaims under the All Writs Act, 28 U.S.C. § 1651(a), against Plaintiffs in their underlying lawsuit, issuing an All Writs Act injunction against Plaintiffs, and denying Plaintiffs' motion for judgment; and (2) denying Plaintiffs' petition for a writ of mandamus, denying their motion for reconsideration, and granting their motion for appeal.

After review, we affirm.

I. BACKGROUND

Briefly, this appeal concerns ongoing litigation originally initiated when Plaintiffs filed a *pro se* complaint against Lionsgate Entertainment (Lionsgate), Tyler Perry, Tyler Perry Company, Tyler Perry Studios (collectively, the Perry Defendants), Oprah Winfrey, Oprah Winfrey Network, and Harpo, Inc. (collectively, the Winfrey Defendants), raising claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), pursuant to 18 U.S.C. §§ 1961 and 1964, the U.S. Copyright Act, 17 U.S.C. § 501, and numerous other state and federal laws, seeking damages and other relief. Their essential claim was that these Defendants criminally plagiarized and/or infringed Tucker's copyrighted book and James's copyrighted screenplay through creating and distributing two Tyler Perry movies.

The district court eventually ruled on several dispositive motions, resulting in the effective dismissal of all of Plaintiffs' pending claims. Plaintiffs then filed an appeal in this Court (Case No. 17-14866), and we affirmed the district court's rulings on several preliminary and dispositive motions. *James v. Hunt*, 761 F. App'x 975 (11th Cir. 2019).

In the meantime, Plaintiffs filed a petition for writ of mandamus, a motion objection to and seeking reconsideration of the orders that were the subject of the then-ongoing appeal, and a "Joint Application to Appeal from All Orders and Final

Order Rule 54(b)." Following Defendants' responses, the district court issued an order: (1) denying Plaintiffs' petition for a writ of mandamus; (2) denying their motion for reconsideration; and (3) granting in part their joint application to appeal to the extent they could appeal as of right, and otherwise denying the joint application (Mandamus Order).

Following the first appeal, the Lionsgate/Perry/Winfrey Defendants filed in the district court a Fed. R. Civ. P. 56 motion for summary judgment on several of their counterclaims for injunctive relief. Specifically, they requested that Plaintiffs be barred from filing any more lawsuits, in either state or federal court, against them based on the same facts and activities, which had formed the basis of numerous prior unsuccessful lawsuits against them. The district court eventually granted this motion and imposed a filing injunction against Plaintiffs (Injunction Order). The instant appeal followed.

## II. DISCUSSION

Before addressing the substance of the issues on appeal, it is necessary for us to clarify which of the district court's orders are properly before us. Plaintiffs designate in their notice of appeal, and in their appellate brief, that they are seeking to appeal from all of the district court orders within Documents 1 through 169. They raise 30 "issues" on appeal essentially arguing error as to: (1) the district court's preliminary orders, Docs. 15, 71, 76, 95, 96; (2) the court's earlier orders—

4

which were the subject of Case No. 17-14866—cumulatively granting and denying Defendants' pending motions, denying Plaintiffs' pending motions, and dismissing Plaintiffs' claims against Defendants, Docs. 124-39; and (3) their attempts at consolidating the instant appeal with the Case No. 17-14866.

However, only the district court's Mandamus Order and Injunction Order are properly before us in the instant appeal. We already have reviewed and ruled upon the district court's prior orders in Case No. 17-14866 and have denied Plaintiffs' motions to consolidate. Our holdings and rulings from the prior appeal are binding on this appeal under the law-of-the-case doctrine and we decline to readdress any issues related to those previously reviewed and ruled upon orders. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) ("The [law-of-the-case] doctrine provides that "[a]n appellate decision binds all subsequent proceedings in the same case." (quoting 18B Wright, Miller & Cooper, Federal Practice & Procedure § 4478 (2d ed. 2002))). We similarly decline to address any issues that could have been raised in the prior appeal but were not. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (concluding that the law-of-the-case doctrine applied both to issues actually raised in a prior appeal and to issues that could have, but were not, raised in a prior appeal).

To the extent Plaintiffs seek review of any order issued by the district court after they filed the instant notice of appeal, we do not have jurisdiction to review

any such orders, as they failed to file a new or amended notice of appeal designating those orders. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.").

Accordingly, our review in this appeal is limited to the district court's Mandamus Injunction Orders. Plaintiffs, however, fail to properly raise any arguments with regard to these orders. Instead, Plaintiffs' brief on appeal focuses almost exclusively on issues related to district court orders that, as discussed above, are not properly before us in the instant appeal. In particular, as noted above, the brief focuses primarily on the district court's preliminary and dispositive orders we addressed in Case No. 17-14866, and on Plaintiffs' attempts to consolidate the instant appeal with that case.

While we read *pro se* briefs liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned and will not be considered. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A party abandons a claim or issue on appeal that is not plainly and prominently addressed in its brief. *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2003). The party must go beyond making passing

6

references to the claim under different topical headings, and must clearly and unambiguously define the claim and devote a distinct section of his argument to it. *Id.*; *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (explaining that terse statements or arguments in passing are insufficient to save an issue from abandonment). Similarly, an argument is abandoned if the appellant raises it in a perfunctory manner without any substantive arguments or authority. *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 860 n.1 (11th Cir. 2010).

As to the Mandamus Order, even applying a liberal construction, Plaintiffs make only passing references to their mandamus petition, motion for reconsideration, joint application for appeal, and the court's ruling, and they fail to dedicate any discrete section of their brief on appeal to any of these motions or the court's order. Such passing references are insufficient to properly raise any issue concerning this order. *See King*, 751 F.3d at 1277.

As to the Injunction Order, the only argument Plaintiffs even arguably raise in a proper fashion is their apparent claim that the district court abused its discretion in granting Defendants' summary-judgment motion because the motion was not timely filed. But while the brief includes discussion of this argument, Plaintiffs cite to no law other than Fed. R. Civ. P. 54 and 56, and they fail to devote a distinct section of their brief to this matter, instead providing a relatively brief

discussion under various other topical headings. *See King*, 751 F.3d at 1277; *Apollo Grp.*, 605 F.3d at 860 n.1; *Brown*, 720 F.3d at 1332.

To the extent that Plaintiffs raised new arguments in their reply briefs, we will not address them. *See Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

## III. CONCLUSION

Because Plaintiffs have abandoned any issues on appeal as to those orders that are properly before us by failing to plainly and prominently address such issues in their brief, no substantive questions remain before us, and we affirm.

**AFFIRMED.**