IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 11 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Plaintiffs' Supplement to Rule 60(B) and
Rule 60(D) Motions Regarding Omission of
Material Filings From Appellate Record and
Fraud Upon the Court

Thomas W. Thrash, Jr. U.S.D.J.

## PLAINTIFFS' SUPPLEMENT TO RULE 60(b)(4)-(6) AND RULE 60(d)(3) MOTIONS REGARDING OMISSION OF MATERIAL FILINGS FROM APPELLATE RECORD AND FRAUD UPON THE COURT

Civil Action No. 1:17-cv-01181-TWT

**Plaintiffs William James and Terri V. Tucker (Lowe)** respectfully submit this Supplement to

their pending Rule 60(b)(4)-(6) and Rule 60(d)(3) motions for relief from judgment. This

supplement is based on Document 197 and the accompanying Memorandum of Law, the

Declarations of William James and Terri V. Tucker, the attached Procedural Chronology, all

exhibits, and the entire record on file, as well as such further evidence and argument as may be

presented at hearing.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## I. INTRODUCTION

Plaintiffs respectfully submit that the filing injunction entered in this case (Doc 168) does not and cannot bar a properly supported motion under Rule 60(b)(4)-(6) or 60(d)(3) of the Federal Rules of Civil Procedure, particularly where such motion is based on newly discovered evidence of fraud upon the court and fundamental procedural irregularities—including the omission of material filings from the appellate record and proof of service. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

## II. FACTUAL BACKGROUND

Plaintiffs' motions are not repetitive or harassing but raise new grounds that could not have been addressed in prior proceedings. Plaintiffs respectfully request that the Court accept and consider their motions on the merits, or, in the alternative, clarify the scope of the injunction as it applies to post-judgment relief under Rule 60(b) and 60(d). This Supplement addresses critical procedural defects and fraud upon the court arising from the handling of the Amended Complaint (Doc 85) and related filings. Plaintiffs present irrefutable proof of proper service of Doc 85, and highlight the Court's and Clerk's failure to transmit material filings—specifically Docs 85 and 117—to the United States Court of Appeals. These omissions prejudiced Plaintiffs' rights to appellate review and constitute grounds for relief under Rule 60(b)(4)-(6) and 60(d)(3).

### 1. Service of Amended Complaint (Doc 85):

On July 5, 2017, Plaintiffs served the Amended Complaint (Doc 85) on all defendants and the presiding judge, as required by law, via certified mail to: Tom Ferber, defense counsel; Richard Gordon, defense counsel; U.S. Attorney General Jeff Sessions (for service on the judge)Exhibits [A–D] include tracking records, photographic evidence of mailing, and signed certified mail

return receipts confirming delivery and compliance with Fed. R. Civ. P. 4(l).

No defendant filed an answer or response to Doc 85, establishing grounds for default.

## 2. Subsequent Filings and Judicial Action:

The presiding judge filed a motion to dismiss himself as a defendant (Doc 116).

Plaintiffs timely filed their Objection and Response (Doc 117), including a certificate of service.

Both Docs 85 and 117 were properly filed, served, and appear on the district court docket.

## 3. Defendants' Improper Use of Letter Motions to the Clerk

Defendants have repeatedly communicated with the Clerk of Court through private letters—so-called "letter motions"—seeking to enforce the filing injunction and to exclude Plaintiffs' post-judgment motions from the docket. Such correspondence is expressly prohibited by Local Rule 7.1(D), which requires that all requests for relief be made by written motion, not by letter, and be properly filed with the Court and served on all parties. By attempting to influence the docketing and handling of Plaintiffs' filings through ex parte communications, Defendants have engaged in conduct that is disfavored by federal courts and undermines the transparency and fairness required in judicial proceedings. See United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001).

## 4. Appearance of Collusion and Defendants' Exploitation of Procedural Irregularities

The manner in which Defendants and the Court have acted in concert to foreclose Plaintiffs' ability to exercise due process rights gives rise to the appearance of collusion. Defendants have knowingly sought to capitalize on procedural irregularities—such as the omission of critical filings from the appellate record and the enforcement of the filing injunction—to obtain favorable rulings and to prevent substantive review of Plaintiffs' claims. This pattern of conduct, which includes seeking to have a defendant judge rule on matters affecting his own interests and

leveraging technical defects to defeat Plaintiffs' access to justice, further supports Plaintiffs' claims of fraud upon the court and denial of due process. The Supreme Court has made clear that the appearance of impartiality is as important as impartiality itself. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988).

## III. FRAUD UPON THE COURT AND PROCEDURAL IRREGULARITIES

Plaintiffs respectfully submit that the United States Court of Appeals could not have rendered a fully informed or just decision in this matter, as the record transmitted from the District Court was materially incomplete.

### A. Omission of Key Filings from Appellate Record

The following critical documents were omitted from the appellate record: (1) the Amended Complaint (Doc 85), which established the operative claims and the basis for default against defendants; (2) all proofs of service, which directly refuted defendants' arguments regarding improper service and supported Plaintiffs' entitlement to default judgment; and (3) Plaintiffs' oppositions and responses to defendants' motions, including responses to motions to dismiss, quash service, and for summary judgment. The absence of these filings deprived the appellate court of Plaintiffs' legal arguments, factual context, and critical procedural history. As a result, the affirmance of the district court's orders cannot be considered a decision on the merits of Plaintiffs' claims or defenses. This omission constitutes a structural defect and a denial of due process, supporting relief under Fed. R. Civ. P. 60(b)(4), (6), and 60(d)(3). Defendants' assertion that Plaintiff's claims are untimely is legally meritless. There is no statute of limitations for "fraud upon the court." Under Rule 60(d)(3), courts retain inherent power to set aside judgments for fraud at any time, regardless of when discovered. See Hazel-Atlas, 322 U.S. at 244; Rozier, 573 F.2d at 1337.

**B. Omitted Documents:**

A number of critical documents were omitted from the record transmitted to the appellate court,

each of which was material to Plaintiffs' claims and the issues on appeal. Among these was

Document 85, the Amended Complaint filed on July 5, 2017, which established the operative

claims and served as the basis for default against the defendants. The corresponding Proof of

Service to Judge Thrash for the Amended Complaint (Doc. 100, filed July 10, 2017) was also

omitted, even though it directly refuted defendants' arguments regarding improper service.

Plaintiffs' Response to Judge Thrash's Motion to Dismiss himself as a defendant (Doc. 117, filed

August 15, 2017) was similarly excluded, depriving the appellate court of Plaintiffs' opposition

to the judge's self-dismissal.

In addition, several other essential filings were not included in the appellate record. These

include Plaintiffs' oppositions to the defendants' motions to quash service and for summary

judgment, as well as the Emergency Motion for Temporary Restraining Order (Doc. 11), which

was hand-written to prevent defendants from dissipating assets before judgment. The record also

omitted all summonses issued to defendants and the executed returns of service, which would

have demonstrated the legitimacy of Plaintiffs' service efforts and undermined defendants'

motions to quash (such as Doc. 52). The denial of Plaintiffs' TRO by Judge Story (Doc. 15,

April 17, 2017) was excluded, despite its explicit recognition of Plaintiffs' civil RICO claims and

predicate acts related to copyright infringement and counterfeit goods—an issue later

mischaracterized by Judge Thrash.

Other omitted filings included Defendants' motion to transfer the case to Judge Thrash by name

(Doc. 31, May 11, 2017) and Plaintiffs' objection and opposition to that transfer (Doc. 42, May

22, 2017), as well as Plaintiffs' reply in opposition to defendants' counterclaim (Doc. 49), the

5

Joint Preliminary Report and Discovery Plan (Doc. 63), and Plaintiffs' notices of discovery (Docs. 65 and 66). The record also failed to include the Certificates of Interested Persons (Docs. 68, 69, 70), which highlighted irregularities in defendants' filings and responses, and Plaintiffs' opposition to the pro hac vice admission of defense counsel (Doc. 48), which raised concerns about prior misconduct. Further, the appellate record omitted Plaintiffs' sworn affidavit of service (Doc. 73), responses in opposition to motions to strike and for summary judgment (Docs. 82, 86, 91, and 93), and the joint motion requesting transfer of the entire docket to the Eleventh Circuit (Doc. 103). Each of these documents was not only timely filed and properly served, but was also directly relevant to the merits of Plaintiffs' claims, the procedural history of the case, and the appellate issues presented. The exclusion of these filings from the appellate record deprived Plaintiffs of a full and fair review, materially prejudiced their rights, and constitutes a structural defect and fraud upon the court. The docket sheet transmitted to the appellate court omitted these critical filings, resulting in an incomplete record and misinforming the appellate panel.

## C. Misrepresentation to the Appellate Court:

The district court's omission was not an error; it misled the appellate court into believing that the default at issue pertained only to prior motions for entry of default, not the unaddressed defaults arising from the Amended Complaint (Doc 85). By transmitting Doc 116 (the judge's motion to dismiss) but not Doc 117 (Plaintiffs' response), the Court deprived Plaintiffs of meaningful appellate review and the opportunity to challenge the judge's position.

**D. Impact on Plaintiffs' Rights:** These actions constitute "fraud upon the court" under Rule 60(d)(3) and a denial of due process. Plaintiffs' ability to obtain default judgment, appellate review, and fair adjudication was materially prejudiced.

## IV. LEGAL ARGUMENT

### A. Rule 60(b) Relief is Warranted:

Rule 60(4), and (6) fraud, and any other reason justifying relief from judgment. The Court's ability to suppress and failure to address defaults, transmit complete filings (fraudulent concealment), and ensure a full appellate record meets this standard and entitles Plaintiffs to relief.

### B. Amended Complaint Doc. 85 (Not Submitted to Appellate Review):

Plaintiffs respectfully request that the Court take judicial notice that Document 85—the Amended Complaint—was properly filed, served, and forms a critical part of the district court record. However, it was omitted from the record transmitted to the United States Court of Appeals, thereby prejudicing Plaintiffs' right to meaningful appellate review. Plaintiffs do not resubmit the full document here to avoid unnecessary duplication, but expressly incorporate Document 85 by reference.

### C. Proof of Service is Irrefutable:

Attached exhibits demonstrate Plaintiffs' full compliance with Fed. R. Civ. P. 4(l) and local rules. Plaintiffs' diligence and documentation eliminate any legitimate basis for challenging service, and the omission of these proofs from the appellate record was prejudicial.

### D. Structural Error and Prejudice:

The omission of Docs 85 and 117 from the appellate record is a structural error requiring vacatur of judgment, reopening of the case, and/or entry of default judgment. Plaintiffs were deprived of a meaningful opportunity for appellate review, and the record before the appellate court was materially incomplete.

**E. The Balancing Act—Judicial Integrity and Due Process:**

Federal courts are charged with the responsibility to balance the need to protect judicial resources and defendants from abusive litigation against the paramount requirement of due process and the appearance of fairness.

Courts must "balance the need to protect the integrity of the judicial process with the litigant's right to access the courts and to have their claims heard by a fair and impartial tribunal." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

The Supreme Court has emphasized that the appearance of impartiality is as critical as impartiality itself. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). Where private, ex parte communications are used to influence court administration—especially by parties seeking to enforce an injunction and suppress post-judgment motions—judicial neutrality is compromised. Such conduct is strongly disfavored. *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001).

When a judge who is himself a defendant refuses to recuse, and procedural mechanisms are exploited to foreclose Plaintiffs' access to relief, the "balancing act" fails and the public confidence in the administration of justice is undermined.

**F. Obstruction of Justice and RICO Implications:**

The use of improper ex parte communications and procedural irregularities to impede Plaintiffs' access to post-judgment relief—including Rule 60(b) and 60(d) motions—constitutes obstruction of justice under 18 U.S.C. § 1503 and supports Plaintiffs' civil RICO claims under 18 U.S.C. § 1962. The statute prohibits "corruptly or by threats or force, or by any threatening letter or communication, influencing, obstructing, or impeding, or endeavoring to influence, obstruct, or impede, the due administration of justice."

When defendants privately communicate with the clerk to enforce an injunction and do so before

a judge who is a defendant and refuses to recuse, this conduct creates the appearance—and

risk—of collusion and obstruction.

The Supreme Court has recognized that "fraud upon the court" and obstruction of judicial

proceedings are not subject to procedural bars and may be raised at any time. *Hazel-Atlas Glass

Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

## G. Application to This Case:

Here, Defendants have knowingly sought to capitalize on procedural irregularities—including

the omission of critical filings from the appellate record and the enforcement of the filing

injunction—to obtain favorable rulings and prevent substantive review of Plaintiffs' claims. The

Court's actions, including the failure to recuse a defendant judge and the exclusion of material

documents, have tipped the balance away from fairness and due process, supporting Plaintiffs'

claims of fraud upon the court and denial of due process.

## H. Filing Injunctions Cannot Bar Plaintiffs' Right to Seek Post-Judgment Relief:

Plaintiffs respectfully remind the Court that, as a matter of law, filing injunctions—even those

entered under the All Writs Act—do not foreclose a litigant's right to seek post-judgment relief

under Federal Rule of Civil Procedure 60(b)(4)-(6) or 60(d)(3), particularly where allegations of

fraud upon the court or fundamental procedural defects are at issue.

1. Rule 60(b) and 60(d) Motions Are Collateral and Not Barred by Injunctions

Federal courts have repeatedly held that the right to seek post-judgment relief—especially on

grounds of fraud, misrepresentation, or lack of jurisdiction—is fundamental and cannot be

extinguished by a filing injunction or pre-filing order. See Hazel-Atlas Glass Co. v. Hartford-

Empire Co., 322 U.S. 238, 244 (1944) ("[T]ampering with the administration of justice in the

manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public."). Federal Rule of Civil Procedure 60(d)(3) expressly states: "This rule does not limit a court's power to… set aside a judgment for fraud on the court."

## I. Permission Is Not Required for Rule 60 Motions:

Courts have recognized that "a pre-filing injunction cannot bar a motion for post-judgment relief" and that "leave of court is not required to file a Rule 60(b) or 60(d) motion, even in the face of a filing injunction."See Winston v. Childs, 741 F. App'x 127, 129 (3d Cir. 2018) ("A prefiling injunction does not bar a party from seeking post-judgment relief under Rule 60(b)."); In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) ("The right to seek post-judgment relief is not extinguished by a pre-filing injunction."); United States v. Beggerly, 524 U.S. 38, 46 (1998) (Rule 60(b) relief is available even after a case is closed and is not subject to procedural bars).

## J. Using an Injunction to Silence Plaintiffs Is an Abuse of Process:

Attempts by Defendants to invoke the injunction as a basis to silence Plaintiffs and preclude the Court from even considering post-judgment motions for relief—particularly those alleging fraud upon the court—are contrary to law and public policy. See Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990) ("The use of injunctive relief to bar access to the courts must be reserved for egregious cases, and must not be used to preclude legitimate claims or motions for relief.").

## K. Co-Conspirator Status: Distinguishing Aiding and Abetting From Conspiracy, and their Relevance Under Rule 60(B):

### 1. Legal Distinctions

**Aiding and Abetting:**

Aiding and abetting occurs when a party knowingly assists, supports, or encourages another in committing a wrongful act. Unlike conspiracy, aiding and abetting does not require a prior agreement; liability attaches if the aider/abettor intentionally facilitates or furthers the commission of the unlawful act.

**Conspiracy:**

Conspiracy, by contrast, requires an agreement between two or more persons to commit an unlawful act. To prove conspiracy, the following elements must generally be established:

(a) The existence of an agreement to pursue an unlawful objective;

(b) Knowledge and intent to join the conspiracy; and

(c) At least one overt act in furtherance of the conspiracy.

**Inclusivity:**

While legally distinct, these two doctrines are often inclusive in effect: individuals who aid and abet a scheme may also be found liable as co-conspirators if there is evidence of shared intent and coordinated action. The law recognizes that parties may be both aiders/abettors and conspirators, especially where their actions further a common unlawful goal.

## 2. Application to Defendants' Conduct

Plaintiff alleges that the defendants in this matter are not merely passive recipients of judicial error, but active co-conspirators. Their actions went beyond isolated assistance; they knowingly and intentionally engaged in a coordinated scheme to secure favorable rulings through improper means, including:

- Coordinated filings and procedural maneuvers designed to manipulate the docket and exclude Plaintiff's filings (such as Document 85);

- Participation in proceedings presided over by a judge who was, at all relevant times, a named defendant, and who issued dispositive rulings in their favor;

- Knowingly benefiting from, and failing to correct, procedural irregularities that undermined Plaintiff's due process rights.

There is both direct and circumstantial evidence of agreement or understanding among the defendants to pursue an unlawful objective—namely, to deprive Plaintiff of a fair forum and frustrate legitimate RICO claims.

### 3. Judicial Involvement as Evidence of a Broader Scheme

The involvement of a defendant-judge in issuing rulings that benefited the co-defendants, combined with their knowing participation in the process, supports the inference of a conspiracy to defraud the court. This judicial misconduct is not a mere procedural irregularity, but a critical overt act in furtherance of the conspiracy, and constitutes "fraud upon the court" under Rule 60(b)(4)-(6) and (d)(3).

### 4. Relevance to Rule 60(b) Motion

Rule 60(b) provides relief from judgment for, among other grounds, fraud, misrepresentation, or misconduct by an opposing party, and specifically preserves the court's power to set aside a judgment for "fraud on the court" under Rule 60(d)(3). The coordinated actions of the defendants—including aiding and abetting one another and conspiring with a conflicted judge— are not isolated incidents, but part of a broader scheme that deprived Plaintiff of a fair adjudication. Relief under Rule 60(b)(4), (6), and 60(d)(3) is warranted because the integrity of the judicial process has been fundamentally compromised by defendants' collective conduct. Even if certain defendants failed to respond to the amended complaint, they have actively participated in opposing Plaintiff's post-judgment motions and have continued to benefit from

the tainted process. Their ability to oppose Rule 60(b) relief does not insulate them from liability for their role in the conspiracy and aiding and abetting scheme.

## 5. Supporting Authority

The distinction between aiding and abetting and conspiracy is well established. See, e.g., *United States v. Falcone*, 311 U.S. 205 (1940) (distinguishing the elements of conspiracy from mere assistance); *Pinkerton v. United States*, 328 U.S. 640 (1946) (conspirator liability extends to all acts in furtherance of the conspiracy, even if not personally committed by each conspirator). In the context of Rule 60(b), courts have recognized that coordinated misconduct by multiple parties—including officers of the court—can constitute "fraud upon the court" and justify vacatur of judgment. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

## L. The Court Must Allow Collateral Attacks on Judgments for Fraud or Fundamental Error

Where, as here, Plaintiffs allege fraud upon the court and fundamental procedural violations—including the omission of critical filings from the appellate record—public policy and binding precedent require that the Court allow full consideration of their Rule 60(b) and 60(d) motions, regardless of any standing injunction.

## M. Correction Regarding Timing of Newly Discovered Evidence (Rule 60(b)(4), (6), 60(d)(3))

Plaintiffs clarify that, contrary to prior statements, the Ledford v. Tyler Perry Studios (N.D. Ga. 1:2023cv05472) and Aimee Allison v. Terri J. Vaughn cases were not discovered during the 2019 appeal, but in 2023 and 2025, respectively. These cases provide newly discovered evidence of ongoing predicate acts and racketeering relevant to the RICO claims, which was unavailable until after appellate proceedings concluded. Plaintiffs respectfully request that the record reflect

Supplement to Plaintiffs' Motion for Relief
of Judgment Rule 60(b)

this corrected timing, confirming the evidence is properly considered "newly discovered" and supports relief under Fed. R. Civ. P. 60(b)(4), (6), and 60(d)(3), notwithstanding the passage of five years.

**Accordingly, Plaintiffs respectfully request that the Court:**

Reject Defendants' efforts to invoke the filing injunction as a bar to post-judgment relief; Confirm that no permission or leave of court is required for Plaintiffs to seek relief under Rule 60(b) or 60(d); and Consider Plaintiffs' motions on the merits, as mandated by law and the interests of justice.

## V. REQUEST FOR RELIEF

**Plaintiffs respectfully request that the Court:**

1. Take judicial notice that Document 85 (Amended Complaint) was not transmitted to the appellate court, despite being properly filed and served and forming a critical part of the district court record.

2. Find that all service requirements were satisfied and that defaults by the defendants were unaddressed.

3. Recognize the omissions and misrepresentations in the appellate record as fraud upon the court and a denial of due process.

4. Take notice that Defendants have sought to use the filing injunction as a means to violate Plaintiffs' Fifth Amendment rights to due process, rather than address Plaintiffs' Rule 60(b) motion on the merits and the arguments presented.

5. Grant the relief requested in Plaintiffs' original Rule 60(b) motion, including vacatur of judgment, reopening of the case, and/or entry of default judgment.

6. Grant such other and further relief as the Court deems just and proper.

14

## VI. EXHIBIT LIST

- Exhibit A: Mail receipt and tracking for Tom Ferber (defense counsel)

- Exhibit B: Mail receipt and tracking for Richard Gordon (defense counsel)

- Exhibit C: Certified mail receipt and tracking for U.S. Attorney General Jeff Sessions (for the judge)

- Exhibit D: Photographs of envelopes and signed return receipts

- Exhibit E: Submission Docket sheet from Pacer highlighting omitted filings

## VII. CONCLUSION

For the reasons above, Plaintiffs respectfully request the Court grant the requested relief and correct the procedural and substantive defects that have prejudiced Plaintiffs' rights.

**On Appellate Record Transmission:**

When a notice of appeal is filed, the district court clerk is responsible for transmitting the entire record on appeal, which includes:

All pleadings, motions, orders, and docket entries; all exhibits and attachments filed in the district court; proofs of service, certificates of service, and relevant correspondence.

Executed on July 10, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

15

## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of

Civil Procedure, that to the best of our knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances, the foregoing motion and all supporting documents

are well grounded in fact and are warranted by existing law or by a good faith argument for the

extension, modification, or reversal of existing law; that the motion is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Motions and responses must not be presented to the court by letter. All requests for relief must be

made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, July 10, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

Civil Action No. 1:17-cv-01181-TWT

v.

Declaration of Plaintiffs Terri Tucker
(Lowe) and William James in Support of
Plaintiffs' Supplement to Rule 60(B) and
Rule 60(D) Motions

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Thomas W. Thrash, Jr. U.S.D.J.

## DECLARATION OF PLAINTIFFS TERRI TUCKER (LOWE) AND WILLIAM JAMES IN SUPPORT OF PLAINTIFFS' SUPPLEMENT TO RULE 60(b) AND RULE 60(d) MOTIONS

I, Terri Tucker (Lowe) or William James, declare under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, as follows:

1. We are Plaintiffs in the above-captioned action. I make this Declaration in support of
   Plaintiffs' Supplement to Rule 60(b) and Rule 60(d) Motions regarding the omission of
   material filings from the appellate record and fraud upon the court. I have personal
   knowledge of the facts set forth herein and, if called as a witness, could and would testify
   competently thereto.

2. On July 5, 2017, Plaintiffs filed and served the Amended Complaint (Document 85) on
   all defendants and the presiding judge, in accordance with Federal Rule of Civil
   Procedure 4. Proof of service was filed as Document 100 and includes certified mail
   receipts, tracking information, and return receipts for each party served.

Supplement to Pls.' Joint Rule 60(b) Mot.

3. No defendant filed an answer or response to the Amended Complaint, thereby establishing grounds for default. Despite this, the district court failed to address the defaults or enter default judgment.

4. Plaintiffs also filed timely responses and oppositions to various motions, including but not limited to:

    - The judge's motion to dismiss himself as a defendant (Document 117),
    - Defendants' motions to quash service,
    - Defendants' motions for summary judgment,
    - Defendants' motion to transfer the case.

5. Despite being properly filed and served, these and other material documents—including the Amended Complaint (Doc. 85), Proof of Service (Doc. 100), and Plaintiffs' Response to the judge's motion to dismiss (Doc. 117)—were omitted from the record transmitted to the United States Court of Appeals for the Eleventh Circuit.

6. As a result, the appellate court was deprived of critical filings and factual context necessary to adjudicate Plaintiffs' appeal on the merits. This omission materially prejudiced Plaintiffs' rights, denied due process, and constitutes fraud upon the court.

7. Defendants have improperly sought to invoke a filing injunction to bar Plaintiffs' post-judgment motions for relief, rather than addressing the merits of Plaintiffs' Rule 60(b) and Rule 60(d) motions.

8. All factual assertions herein are supported by the attached exhibits, including certified mail receipts, return receipts, and copies of the omitted documents as filed in the district court.

Supplement to Pls.' Joint Rule 60(b) Mot.

We declare under penalty of perjury that the foregoing is true and correct.


Date of Execution the 10th Day of July, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Supplement to Plaintiffs Motion and Motion
for Relief Pursuant to Rule 60(b); Certificate
of Service

Thomas W. Thrash, Jr. U.S.D.J.

## CERTIFICATE OF SERVICE

We hereby certify that on this 10th day of July, 2025, we caused to be served a true and correct

copy of the foregoing:

Plaintiffs' Notice of Motion and Motion for Relief Pursuant to Rule 60(b); Memorandum of Law

in Support; Declaration(s); and all exhibits thereto, by filing the same in person with the Clerk of

Court, as Plaintiffs are proceeding pro se and do not have access to electronic filing. We further

certify that a copy of the foregoing was served by first-class U.S. Mail, postage prepaid,

addressed as follows:

Defendants Attorneys:

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber, Esq
7 Times Square
New York, NY 10036-
6569

Richard Gordon, Esq
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Respectfully submitted,

Supplement to Pls.' Joint Rule 60(b) Mot.

20

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

EXHIBIT A

MAIL RECEIPT AND TRACKING DOCUMENT 85

TOM FERBER

07/05/17  05:33 PM

We are the one stop for all your
shipping, postal and business needs.

We offer all the services you need
to keep your business going.

‖ ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ ‖‖

```
001 036001 (003)
    8.5 X 11 Copies        QTY 15      T1 $    2.25
    Reg Unit Price    $     0.15
002 000004 (018)
    Fax Service                        T0 $    2.00
003 042004 (018)
    Fax Receiv-Addl Pgs                T0 $    1.50
004 500028 (002)
    # 05                   QTY 2       T1 $    5.04
    Reg Unit Price    $     2.52
005 001040 (001)
    Ground Commercial                     $   11.55
    Tracking# 1ZX1W0340360027676
006 001040 (001)
    Ground Commercial                     $    9.77
    Tracking# 1ZX1W0340360029218


                          SubTotal   $   32.11
                          7% (T1)    $    0.51
                          Total      $   32.62
```

EXHIBIT A  P. 23   US DEBIT   $   32.62
ACCOUNT NUMBER *            ************5203

EXHIBIT B

MAIL RECEIPT AND TRACKING DOCUMENT 85

RICHARD GORDON

07/05/17  05:33 PM

We are the one stop for all your
shipping, postal and business needs.

We offer all the services you need
to keep your business going.

001 036001 (003)                    T1 $   2.25
    8.5 X 11 Copies         QTY 15
    Reg Unit Price      $    0.15
002 000004 (018)                    T0 $   2.00
    Fax Service
003 042004 (018)                    T0 $   1.50
    Fax Receiv-Addl Pgs
004 500028 (002)                    T1 $   5.04
    # 05                    QTY 2
    Reg Unit Price      $    2.52
005 001040 (001)                       $  11.55
    Ground Commercial
    Tracking# 1ZX1W0340360027676
006 001040 (001)                       $   9.77
    Ground Commercial
    Tracking# 1ZX1W0340360029218

                    SubTotal  $  32.11
                    7% (T1)   $   0.51
                       Total  $  32.62


                    US DEBIT  $  32.62
ACCOUNT NUMBER *    ***********5203

EXHIBIT B P. 25

EXHIBIT C

CERTIFIED MAIL RECEIPT AND TRACKING DOCUMENT 85

ATTORNEY GENERAL JEFF SESSIONS

FOR JUDGE THOMAS W. THRASH, JR

EXHIBIT C P. 26



CAMPBELLTON STREET
8466 CAMPBELLTON ST
DOUGLASVILLE
GA
30134-9998
1226850394
07/17/2017    (800)275-8777    4:58 PM

| Product Description | Sale Qty | Final Price |
|---|---|---|
| PM 2-Day Flat Rate Env (Domestic) (WASHINGTON, DC 20530) (Flat Rate) (Expected Delivery Day) (Wednesday 07/19/2017) | 1 | $6.65 |
| Insurance (Up to $50.00 included) | 1 | $0.00 |
| Sign Conf (USPS Signature Tracking #) (23150610000037107745) | 1 | $2.90 |

Total                                    $9.55

Cash                                     $10.00
Change                                   ($0.45)

Includes up to $50 insurance

**********************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting
cards available for purchase at select
Post Offices.
**********************************

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing

## U.S. Postal Service™ Signature Confirmation™ Receipt

Postage and Signature Confirmation fees must be paid before mailing.

Article Sent To: (To be completed by mailer)

Attorney Jeff Sessions for Chief Judge Thomas V. Thrash Jr
US Department of Justice, 950 Pennsylvania Ave NW
Washington DC 20530-0001

SIGNATURE CONFIRMATION NUMBER
2315 0610 0000 3710 7745

JUL 17 2017  Postmark Here

Check if applicable
☐ Restricted Delivery

PS Form 153, April 2015 PSN 7530-05-000-4046        (See Reverse)

EXHIBIT C  P. 27

EXHIBIT D

PHOTOGRAPHS OF ENVELOPES AND SIGNED RETURN RECEIPTS

EXHIBIT D P. 28

TERRI TUCKER
(347) 765-2043
THE UPS STORE #1690
8491 HOSPITAL DR
DOUGLASVILLE GA 30134-2412

3 LBS        1 OF 1
SHP WT: 3 LBS
DATE: 05 JUL 2017

SHIP PRYOR CASHMAN LLP, TOM FERBER
TO: 7 TIMES SQ

NEW YORK NY 10036-6517

NY 100 9-32

UPS GROUND
TRACKING #: 1Z X1W 034 03 6002 7676

BILLING P/P

18H 13.004 2IP 450 D7.5V 84/9617



EXHIBIT D  P. 29

MARIETTA GA 30067-9405

## GA 301 9-99

UPS GROUND



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JUDGE thomas W.TARASH, JR
75 Ted Turner Drive SW
Atlanta GA 30303

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 1686 6053 7729 93

2. Article Number (Transfer from service label)

7017 1000 0001 0147 2528

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
OWEN CG-HARRUCA    7/13/17

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

EXHIBIT E

SUBMISSION DOCKET SHEET FROM PACER TO USCA

EXHIBIT E P. 32

**1:17-cv-01181-TWT** James et al v. Hunt et al
Thomas W. Thrash, Jr, presiding
**Date filed:** 04/03/2017
**Date terminated:** 08/10/2018
**Date of last filing:** 06/30/2025

# Related Transactions

*Note: Each selected transaction in this case is shown below in a box with any other transactions to which it is related.*

| Doc. No. | Event Name | Event Filed | Event Terminated |
|---|---|---|---|
| | ◖ **Submission to District Judge** | 04/03/2017 | |
| 3 | Motion for TRO | 04/03/2017 | 04/17/2017 |
| 1 | ◖ **Complaint** | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 43 | Answer to Complaint | 05/22/2017 | |
| 44 | Answer to Complaint | 05/22/2017 | |
| 46 | Certificate of Service | 05/22/2017 | |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| | Submission to District Judge | 06/13/2017 | |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| | Submission to District Judge | 06/22/2017 | |
| | Clerks Certificate of Mailing | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |

EXHIBIT E P. 33

| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
|---|---|---|---|
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |

| 146 | ○ Transmission of Notice of Appeal and Docket Sheet to USCA | 10/30/2017 | |
|---|---|---|---|
| 1 | Complaint | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 33 | Counterclaim | 05/11/2017 | |
| 40 | Motion for Judgment on the Pleadings | 05/19/2017 | 08/31/2017 |
| 41 | Motion for Clerks Entry of Default | 05/19/2017 | 06/29/2017 |
| 43 | Answer to Complaint | 05/22/2017 | |
| 43 | Counterclaim | 05/22/2017 | |
| 44 | Answer to Complaint | 05/22/2017 | |
| 44 | Counterclaim | 05/22/2017 | |
| 45 | Motion to Dismiss | 05/22/2017 | 10/19/2017 |

| | | | |
|---|---|---|---|
| 47 | Motion for Clerks Entry of Default | 05/22/2017 | 06/29/2017 |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 52 | Motion to Quash | 05/24/2017 | 06/29/2017 |
| 52 | Motion to Set Aside Default | 05/24/2017 | 06/29/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 57 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 58 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 59 | Motion for Default Judgment | 06/01/2017 | 06/29/2017 |
| 61 | Motion for Judgment on the Pleadings | 06/06/2017 | 10/19/2017 |
| 61 | Motion for Summary Judgment | 06/06/2017 | 10/19/2017 |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| 64 | Motion for Miscellaneous Relief | 06/08/2017 | 10/19/2017 |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| 71 | Order Reassigning Case | 06/22/2017 | |
| 74 | Motion for Judgment on the Pleadings | 06/27/2017 | 10/19/2017 |
| 76 | Order on Motion for Clerks Entry of Default | 06/29/2017 | |
| 76 | Order on Motion to Quash | 06/29/2017 | |
| 76 | Order on Motion to Set Aside Default | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 76 | Order on Motion for Default Judgment | 06/29/2017 | |
| 78 | Motion for Extension of Time | 06/29/2017 | 10/19/2017 |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |
| 81 | Motion to Disqualify Attorney | 07/03/2017 | 10/19/2017 |
| 87 | Motion to Stay | 07/07/2017 | 07/13/2017 |
| 89 | Motion for Protective Order | 07/10/2017 | 07/13/2017 |
| 89 | Motion to Stay | 07/10/2017 | 07/13/2017 |
| 89 | Motion for Miscellaneous Relief | 07/10/2017 | 07/13/2017 |
| 92 | Motion to Compel | 07/12/2017 | 10/19/2017 |
| 95 | Order on Motion to Stay | 07/13/2017 | |
| 95 | Order on Motion for Protective Order | 07/13/2017 | |
| 95 | Order on Motion for Miscellaneous Relief | 07/13/2017 | |
| 96 | Order on Motion for Recusal | 07/13/2017 | |

| 97 | Motion for Miscellaneous Relief | 07/14/2017 | 10/19/2017 |
|---|---|---|---|
| 99 | Motion for Judgment | 07/19/2017 | 10/19/2017 |
| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |

| | 🌑 Documents forwarded to USCA | 10/31/2017 | |
|---|---|---|---|
| 1 | Complaint | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 33 | Counterclaim | 05/11/2017 | |
| 40 | Motion for Judgment on the Pleadings | 05/19/2017 | 08/31/2017 |
| 41 | Motion for Clerks Entry of Default | 05/19/2017 | 06/29/2017 |
| 43 | Answer to Complaint | 05/22/2017 | |
| 43 | Counterclaim | 05/22/2017 | |
| 44 | Answer to Complaint | 05/22/2017 | |
| 44 | Counterclaim | 05/22/2017 | |

| 45 | Motion to Dismiss | 05/22/2017 | 10/19/2017 |
|----|-------------------|------------|------------|
| 47 | Motion for Clerks Entry of Default | 05/22/2017 | 06/29/2017 |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 52 | Motion to Quash | 05/24/2017 | 06/29/2017 |
| 52 | Motion to Set Aside Default | 05/24/2017 | 06/29/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 57 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 58 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 59 | Motion for Default Judgment | 06/01/2017 | 06/29/2017 |
| 61 | Motion for Judgment on the Pleadings | 06/06/2017 | 10/19/2017 |
| 61 | Motion for Summary Judgment | 06/06/2017 | 10/19/2017 |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| 64 | Motion for Miscellaneous Relief | 06/08/2017 | 10/19/2017 |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| 71 | Order Reassigning Case | 06/22/2017 | |
| 74 | Motion for Judgment on the Pleadings | 06/27/2017 | 10/19/2017 |
| 76 | Order on Motion for Clerks Entry of Default | 06/29/2017 | |
| 76 | Order on Motion to Quash | 06/29/2017 | |
| 76 | Order on Motion to Set Aside Default | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 76 | Order on Motion for Default Judgment | 06/29/2017 | |
| 78 | Motion for Extension of Time | 06/29/2017 | 10/19/2017 |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |
| 81 | Motion to Disqualify Attorney | 07/03/2017 | 10/19/2017 |
| 87 | Motion to Stay | 07/07/2017 | 07/13/2017 |
| 89 | Motion for Protective Order | 07/10/2017 | 07/13/2017 |
| 89 | Motion to Stay | 07/10/2017 | 07/13/2017 |
| 89 | Motion for Miscellaneous Relief | 07/10/2017 | 07/13/2017 |
| 92 | Motion to Compel | 07/12/2017 | 10/19/2017 |
| 95 | Order on Motion to Stay | 07/13/2017 | |
| 95 | Order on Motion for Protective Order | 07/13/2017 | |
| 95 | Order on Motion for Miscellaneous Relief | 07/13/2017 | |

| 96 | Order on Motion for Recusal | 07/13/2017 | |
|---|---|---|---|
| 97 | Motion for Miscellaneous Relief | 07/14/2017 | 10/19/2017 |
| 99 | Motion for Judgment | 07/19/2017 | 10/19/2017 |
| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |

| | ● Documents forwarded to USCA | 10/31/2017 | |
|---|---|---|---|
| 1 | Complaint | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 33 | Counterclaim | 05/11/2017 | |
| 40 | Motion for Judgment on the Pleadings | 05/19/2017 | 08/31/2017 |
| 41 | Motion for Clerks Entry of Default | 05/19/2017 | 06/29/2017 |
| 43 | Answer to Complaint | 05/22/2017 | |
| 43 | Counterclaim | 05/22/2017 | |
| 44 | Answer to Complaint | 05/22/2017 | |

| 44 | Counterclaim | 05/22/2017 | |
|---|---|---|---|
| 45 | Motion to Dismiss | 05/22/2017 | 10/19/2017 |
| 47 | Motion for Clerks Entry of Default | 05/22/2017 | 06/29/2017 |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 52 | Motion to Quash | 05/24/2017 | 06/29/2017 |
| 52 | Motion to Set Aside Default | 05/24/2017 | 06/29/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 57 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 58 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 59 | Motion for Default Judgment | 06/01/2017 | 06/29/2017 |
| 61 | Motion for Judgment on the Pleadings | 06/06/2017 | 10/19/2017 |
| 61 | Motion for Summary Judgment | 06/06/2017 | 10/19/2017 |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| 64 | Motion for Miscellaneous Relief | 06/08/2017 | 10/19/2017 |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| 71 | Order Reassigning Case | 06/22/2017 | |
| 74 | Motion for Judgment on the Pleadings | 06/27/2017 | 10/19/2017 |
| 76 | Order on Motion for Clerks Entry of Default | 06/29/2017 | |
| 76 | Order on Motion to Quash | 06/29/2017 | |
| 76 | Order on Motion to Set Aside Default | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 76 | Order on Motion for Default Judgment | 06/29/2017 | |
| 78 | Motion for Extension of Time | 06/29/2017 | 10/19/2017 |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |
| 81 | Motion to Disqualify Attorney | 07/03/2017 | 10/19/2017 |
| 87 | Motion to Stay | 07/07/2017 | 07/13/2017 |
| 89 | Motion for Protective Order | 07/10/2017 | 07/13/2017 |
| 89 | Motion to Stay | 07/10/2017 | 07/13/2017 |
| 89 | Motion for Miscellaneous Relief | 07/10/2017 | 07/13/2017 |
| 92 | Motion to Compel | 07/12/2017 | 10/19/2017 |
| 95 | Order on Motion to Stay | 07/13/2017 | |
| 95 | Order on Motion for Protective Order | 07/13/2017 | |

| 95 | Order on Motion for Miscellaneous Relief | 07/13/2017 | |
|---|---|---|---|
| 96 | Order on Motion for Recusal | 07/13/2017 | |
| 97 | Motion for Miscellaneous Relief | 07/14/2017 | 10/19/2017 |
| 99 | Motion for Judgment | 07/19/2017 | 10/19/2017 |
| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |
| 147 | USCA Appeal Fees | 10/31/2017 | |

| 147 | ● USCA Appeal Fees | 10/31/2017 | |
|---|---|---|---|
| 1 | Complaint | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 33 | Counterclaim | 05/11/2017 | |
| 40 | Motion for Judgment on the Pleadings | 05/19/2017 | 08/31/2017 |
| 41 | Motion for Clerks Entry of Default | 05/19/2017 | 06/29/2017 |
| 43 | Answer to Complaint | 05/22/2017 | |

| 43 | Counterclaim | 05/22/2017 | |
|---|---|---|---|
| 44 | Answer to Complaint | 05/22/2017 | |
| 44 | Counterclaim | 05/22/2017 | |
| 45 | Motion to Dismiss | 05/22/2017 | 10/19/2017 |
| 47 | Motion for Clerks Entry of Default | 05/22/2017 | 06/29/2017 |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 52 | Motion to Quash | 05/24/2017 | 06/29/2017 |
| 52 | Motion to Set Aside Default | 05/24/2017 | 06/29/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 57 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 58 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 59 | Motion for Default Judgment | 06/01/2017 | 06/29/2017 |
| 61 | Motion for Judgment on the Pleadings | 06/06/2017 | 10/19/2017 |
| 61 | Motion for Summary Judgment | 06/06/2017 | 10/19/2017 |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| 64 | Motion for Miscellaneous Relief | 06/08/2017 | 10/19/2017 |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| 71 | Order Reassigning Case | 06/22/2017 | |
| 74 | Motion for Judgment on the Pleadings | 06/27/2017 | 10/19/2017 |
| 76 | Order on Motion for Clerks Entry of Default | 06/29/2017 | |
| 76 | Order on Motion to Quash | 06/29/2017 | |
| 76 | Order on Motion to Set Aside Default | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 76 | Order on Motion for Default Judgment | 06/29/2017 | |
| 78 | Motion for Extension of Time | 06/29/2017 | 10/19/2017 |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |
| 81 | Motion to Disqualify Attorney | 07/03/2017 | 10/19/2017 |
| 87 | Motion to Stay | 07/07/2017 | 07/13/2017 |
| 89 | Motion for Protective Order | 07/10/2017 | 07/13/2017 |
| 89 | Motion to Stay | 07/10/2017 | 07/13/2017 |
| 89 | Motion for Miscellaneous Relief | 07/10/2017 | 07/13/2017 |
| 92 | Motion to Compel | 07/12/2017 | 10/19/2017 |

| 95 | Order on Motion to Stay | 07/13/2017 | |
| 95 | Order on Motion for Protective Order | 07/13/2017 | |
| 95 | Order on Motion for Miscellaneous Relief | 07/13/2017 | |
| 96 | Order on Motion for Recusal | 07/13/2017 | |
| 97 | Motion for Miscellaneous Relief | 07/14/2017 | 10/19/2017 |
| 99 | Motion for Judgment | 07/19/2017 | 10/19/2017 |
| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |
| | Documents forwarded to USCA | 10/31/2017 | |

| 148 | ● **Transcript Order Form** | 10/31/2017 | |
| 1 | Complaint | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 33 | Counterclaim | 05/11/2017 | |
| 40 | Motion for Judgment on the Pleadings | 05/19/2017 | 08/31/2017 |

| 41 | Motion for Clerks Entry of Default | 05/19/2017 | 06/29/2017 |
| 43 | Answer to Complaint | 05/22/2017 | |
| 43 | Counterclaim | 05/22/2017 | |
| 44 | Answer to Complaint | 05/22/2017 | |
| 44 | Counterclaim | 05/22/2017 | |
| 45 | Motion to Dismiss | 05/22/2017 | 10/19/2017 |
| 47 | Motion for Clerks Entry of Default | 05/22/2017 | 06/29/2017 |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 52 | Motion to Quash | 05/24/2017 | 06/29/2017 |
| 52 | Motion to Set Aside Default | 05/24/2017 | 06/29/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 57 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 58 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 59 | Motion for Default Judgment | 06/01/2017 | 06/29/2017 |
| 61 | Motion for Judgment on the Pleadings | 06/06/2017 | 10/19/2017 |
| 61 | Motion for Summary Judgment | 06/06/2017 | 10/19/2017 |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| 64 | Motion for Miscellaneous Relief | 06/08/2017 | 10/19/2017 |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| 71 | Order Reassigning Case | 06/22/2017 | |
| 74 | Motion for Judgment on the Pleadings | 06/27/2017 | 10/19/2017 |
| 76 | Order on Motion for Clerks Entry of Default | 06/29/2017 | |
| 76 | Order on Motion to Quash | 06/29/2017 | |
| 76 | Order on Motion to Set Aside Default | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 76 | Order on Motion for Default Judgment | 06/29/2017 | |
| 78 | Motion for Extension of Time | 06/29/2017 | 10/19/2017 |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |
| 81 | Motion to Disqualify Attorney | 07/03/2017 | 10/19/2017 |
| 87 | Motion to Stay | 07/07/2017 | 07/13/2017 |
| 89 | Motion for Protective Order | 07/10/2017 | 07/13/2017 |
| 89 | Motion to Stay | 07/10/2017 | 07/13/2017 |

| 89 | Motion for Miscellaneous Relief | 07/10/2017 | 07/13/2017 |
|---|---|---|---|
| 92 | Motion to Compel | 07/12/2017 | 10/19/2017 |
| 95 | Order on Motion to Stay | 07/13/2017 | |
| 95 | Order on Motion for Protective Order | 07/13/2017 | |
| 95 | Order on Motion for Miscellaneous Relief | 07/13/2017 | |
| 96 | Order on Motion for Recusal | 07/13/2017 | |
| 97 | Motion for Miscellaneous Relief | 07/14/2017 | 10/19/2017 |
| 99 | Motion for Judgment | 07/19/2017 | 10/19/2017 |
| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |

| 149 | ◗ USCA Acknowledgment | 10/31/2017 | |
|---|---|---|---|
| 1 | Complaint | 04/03/2017 | |
| 33 | Answer to Complaint | 05/11/2017 | |
| 33 | Counterclaim | 05/11/2017 | |

| 40 | Motion for Judgment on the Pleadings | 05/19/2017 | 08/31/2017 |
| 41 | Motion for Clerks Entry of Default | 05/19/2017 | 06/29/2017 |
| 43 | Answer to Complaint | 05/22/2017 | |
| 43 | Counterclaim | 05/22/2017 | |
| 44 | Answer to Complaint | 05/22/2017 | |
| 44 | Counterclaim | 05/22/2017 | |
| 45 | Motion to Dismiss | 05/22/2017 | 10/19/2017 |
| 47 | Motion for Clerks Entry of Default | 05/22/2017 | 06/29/2017 |
| 50 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 51 | Motion to Strike | 05/23/2017 | 10/19/2017 |
| 52 | Motion to Quash | 05/24/2017 | 06/29/2017 |
| 52 | Motion to Set Aside Default | 05/24/2017 | 06/29/2017 |
| 53 | Motion to Strike | 05/26/2017 | 06/29/2017 |
| 54 | Amended Answer to Complaint | 06/01/2017 | |
| 54 | Counterclaim | 06/01/2017 | |
| 55 | Amended Answer to Complaint | 06/01/2017 | |
| 55 | Counterclaim | 06/01/2017 | |
| 56 | Amended Answer to Complaint | 06/01/2017 | |
| 56 | Counterclaim | 06/01/2017 | |
| 57 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 58 | Motion for Clerks Entry of Default | 06/01/2017 | 06/29/2017 |
| 59 | Motion for Default Judgment | 06/01/2017 | 06/29/2017 |
| 61 | Motion for Judgment on the Pleadings | 06/06/2017 | 10/19/2017 |
| 61 | Motion for Summary Judgment | 06/06/2017 | 10/19/2017 |
| 62 | Motion to Strike | 06/07/2017 | 10/19/2017 |
| 64 | Motion for Miscellaneous Relief | 06/08/2017 | 10/19/2017 |
| 67 | Response in Opposition to Motion | 06/15/2017 | |
| 72 | Motion to Strike | 06/21/2017 | 10/19/2017 |
| 71 | Order Reassigning Case | 06/22/2017 | |
| 74 | Motion for Judgment on the Pleadings | 06/27/2017 | 10/19/2017 |
| 76 | Order on Motion for Clerks Entry of Default | 06/29/2017 | |
| 76 | Order on Motion to Quash | 06/29/2017 | |
| 76 | Order on Motion to Set Aside Default | 06/29/2017 | |
| 76 | Order on Motion to Strike | 06/29/2017 | |
| 76 | Order on Motion for Default Judgment | 06/29/2017 | |
| 78 | Motion for Extension of Time | 06/29/2017 | 10/19/2017 |
| 81 | Motion for Discovery | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Quash | 07/03/2017 | 10/19/2017 |
| 81 | Motion to Reassign Case | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Reconsideration | 07/03/2017 | 10/19/2017 |
| 81 | Motion for Recusal | 07/03/2017 | 07/13/2017 |
| 81 | Motion to Disqualify Attorney | 07/03/2017 | 10/19/2017 |
| 87 | Motion to Stay | 07/07/2017 | 07/13/2017 |
| 89 | Motion for Protective Order | 07/10/2017 | 07/13/2017 |

| 89 | Motion to Stay | 07/10/2017 | 07/13/2017 |
| 89 | Motion for Miscellaneous Relief | 07/10/2017 | 07/13/2017 |
| 92 | Motion to Compel | 07/12/2017 | 10/19/2017 |
| 95 | Order on Motion to Stay | 07/13/2017 | |
| 95 | Order on Motion for Protective Order | 07/13/2017 | |
| 95 | Order on Motion for Miscellaneous Relief | 07/13/2017 | |
| 96 | Order on Motion for Recusal | 07/13/2017 | |
| 97 | Motion for Miscellaneous Relief | 07/14/2017 | 10/19/2017 |
| 99 | Motion for Judgment | 07/19/2017 | 10/19/2017 |
| 101 | Motion for Appeal under 1292(b) | 07/20/2017 | 10/19/2017 |
| 102 | Notice of Appeal | 07/20/2017 | 09/27/2017 |
| 103 | Motion for Miscellaneous Relief | 07/20/2017 | 10/19/2017 |
| 111 | Motion for Clarification | 07/31/2017 | 10/19/2017 |
| 116 | Motion to Dismiss | 08/31/2017 | 10/19/2017 |
| 119 | Motion for Default Judgment | 09/28/2017 | 10/19/2017 |
| 120 | Motion for Recusal | 10/06/2017 | 10/19/2017 |
| 121 | Motion for Hearing | 10/10/2017 | 10/19/2017 |
| 124 | Order on Motion to Compel | 10/19/2017 | |
| 125 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 126 | Order on Motion for Judgment | 10/19/2017 | |
| 127 | Order on Motion for Discovery | 10/19/2017 | |
| 127 | Order on Motion to Quash | 10/19/2017 | |
| 127 | Order on Motion to Reassign Case | 10/19/2017 | |
| 127 | Order on Motion for Reconsideration | 10/19/2017 | |
| 127 | Order on Motion to Disqualify Attorney | 10/19/2017 | |
| 128 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 128 | Order on Motion for Summary Judgment | 10/19/2017 | |
| 129 | Order on Motion for Hearing | 10/19/2017 | |
| 130 | Order on Motion for Default Judgment | 10/19/2017 | |
| 131 | Order on Motion to Dismiss | 10/19/2017 | |
| 132 | Order on Motion for Clarification | 10/19/2017 | |
| 133 | Order on Motion for Appeal under 1292(b) | 10/19/2017 | |
| 133 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 134 | Order on Motion to Strike | 10/19/2017 | |
| 135 | Order on Motion for Extension of Time | 10/19/2017 | |
| 136 | Order on Motion to Dismiss | 10/19/2017 | |
| 137 | Order on Motion for Recusal | 10/19/2017 | |
| 138 | Order on Motion for Judgment on the Pleadings | 10/19/2017 | |
| 139 | Order on Motion for Miscellaneous Relief | 10/19/2017 | |
| 144 | Notice of Appeal | 10/26/2017 | 02/22/2019 |

| 150 | ⬤ Response in Opposition to Motion | 11/03/2017 | |
| 141 | Motion for Writ of Mandamus | 10/20/2017 | 11/20/2017 |