RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 21 2025

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.
Civil Action No. 1:17-cv-01181-TWT

[Proposed] Order Granting Plaintiffs' Rule
60(B) and Rule 60(D) Motions, Vacating
Void Judgments, Entering Default
Judgment, and Incorporating the Entire
Record

U.S.D.J.

## [PROPOSED] ORDER GRANTING PLAINTIFFS' RULE 60(B) AND RULE 60(D) MOTIONS, VACATING VOID JUDGMENTS, ENTERING DEFAULT JUDGMENT, AND INCORPORATING THE ENTIRE RECORD

Upon consideration of Plaintiffs' unopposed Rule 60(b) and Rule 60(d)(3) motions, supporting

declarations, the absence of any timely opposition by Defendants, the entire record in this action,

and the governing law, the Court makes the following findings and enters this Order:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Service and Default:**

Plaintiffs filed and served the Amended Complaint (Doc. 85) on all Defendants and the presiding

judge on July 5, 2017, as established by Proof of Service (Docs. 100, 199), including certified

mail receipts, tracking information, and return receipts for each party served.

**No Response by Defendants:**

No Defendant filed an answer, response, or motion to set aside default within the time required by the Federal Rules of Civil Procedure. Plaintiffs' Motions for Judgment (Docs. 119, 162) were improperly denied while Defendants remained in default.

**Unopposed Post-Judgment Motions:**

Plaintiffs' comprehensive post-judgment Rule 60(b) and Rule 60(d)(3) motions, with all supporting documents and exhibits, were properly served on all Defendants. As of July 18, 2025, no timely opposition, response, or request for extension has been filed by any Defendant.

**Ex Parte Conduct:**

On July 9, 2025, Defendants submitted an ex parte letter seeking an injunction to foreclose Plaintiffs' post-motion rights, rather than addressing the merits of Plaintiffs' motions.

**Procedural Chronology and Record Corrections:**

Plaintiffs have provided a detailed procedural chronology, corrections to party names and addresses, and clarification of material dates, all of which are incorporated herein by reference and are part of the operative record.

**Ongoing Pattern of Predicate Acts:**

Plaintiffs have established, and Defendants are deemed to have admitted by default, a continuing pattern of predicate acts under civil RICO, including newly discovered acts in 2023 and 2025, as well as procedural misconduct, judicial conflict, and fraud on the court.

**INCORPORATION OF THE ENTIRE RECORD PURSUANT TO RULE 10**

Pursuant to Fed. R. Civ. P. 10(c) and the Court's inherent authority, the Court takes judicial notice of and incorporates by reference the entire record in this action, including all pleadings, motions, orders, exhibits, procedural chronology, corrections, clarifications, and evidence filed

from the civil cover sheet (Doc. 1-1) through Plaintiffs' most recent filing (Doc. 199), as the factual and legal basis for this Order and all relief granted herein.

## STATUTORY AND CONSTITUTIONAL BASIS FOR RELIEF

**This Order is entered pursuant to:**

**Civil RICO Statutes:** 18 U.S.C. §§ 1961–1968 (including §§ 1961, 1962(c)-(d), 1964(a)-(c))

**Predicate Acts Statutes:** 17 U.S.C. § 506(a); 18 U.S.C. §§ 2319, 2315, 2318, 2320, 1341, 1343, 1344, 1503, 1510–1513, 1581–1588, 1951, 1956, 1957, 201

**Federal Rules of Civil Procedure:** Rules 8(b)(6), 10(c), 11, 55(a)-(b), 60(b), 60(d)

**United States Constitution:** Fifth and Fourteenth Amendments (Due Process and Equal Protection Clauses)

## LEGAL BASIS

**Admission by Default:**

Defendants' failure to answer or otherwise defend constitutes an admission of all well-pleaded allegations, including liability and predicate acts under civil RICO.

See Fed. R. Civ. P. 55(a)-(b); Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200 (5th Cir. 1975); Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987); Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310 (S.D. Fla. 2003); 18 U.S.C. § 1964(c).

**Relief from Void Judgments:**

Relief is proper under Fed. R. Civ. P. 60(b)(4) when a judgment is void due to lack of jurisdiction or violation of due process.

See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010); Gonzalez v. Crosby, 545 U.S. 524 (2005).

**Judicial Disqualification:**

Orders entered by a conflicted or defendant judge are void ab initio and must be vacated.

See U.S. Const. amend. V, XIV; Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009);

Tumey v. Ohio, 273 U.S. 510 (1927); 28 U.S.C. § 455(b)(5); Liljeberg v. Health Servs.

Acquisition Corp., 486 U.S. 847 (1988); In re Murchison, 349 U.S. 133 (1955).

**Jurisdiction During Appeal:**

District courts are divested of jurisdiction over matters involved in an appeal upon the filing of a

notice of appeal.

See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); United States v.

Hitchmon, 602 F.2d 689 (5th Cir. 1979).

**Fraud on the Court:**

Federal courts have inherent power to vacate judgments obtained by fraud on the court.

See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Universal Oil Prods. Co. v. Root Refining

Co., 328 U.S. 575 (1946); Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978).

**Right to Fair Appellate Review:**

Denial of access to a complete record for appellate review violates due process.

See Griffin v. Illinois, 351 U.S. 12 (1956); Evitts v. Lucey, 469 U.S. 387 (1985).

**JUDGMENT AND RELIEF**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

Plaintiffs' Rule 60(b) and Rule 60(d)(3) motions are GRANTED in their entirety.

All prior judgments and orders entered in violation of due process and the Federal Rules are

VACATED as void.

Default and default judgment are entered against all Defendants on all claims as set forth in the Amended Complaint and the full record.

Judgment is entered in favor of Plaintiffs and against all Defendants for the greatest of the following alternative amounts, or such other amount as the Court deems just and proper:

Option 1: $1,353,000,000 (treble damages)

Option 2: $451,000,000 (principal amount)

Option 3: $752,383,300 (principal plus 10% annual interest, compounded from February 20, 2020 to June 30, 2025)

The Clerk of Court is directed to enter this judgment and to reference the entire record (Docs. 1-1 through 199), including all procedural corrections, clarifications, and exhibits, as the basis for this relief.

This case is reassigned to a neutral judge for all further proceedings, including enforcement of judgment, accounting, and any post-judgment motions, to ensure impartiality and restore confidence in the administration of justice.

Plaintiffs are awarded such further relief as the Court deems just and proper.


SO ORDERED this ___ day of _____, 2025.


_____

Honorable Judge: (Name)

United States District Judge