FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 2 1 2025

KEV... ...E...ER, Clerk
B...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-RWS/TWT

Plaintiffs' Notice of No Opposition and
Motion for Entry of Default and Default
Judgment on Rule 60(b) and Rule 60(d)(3)
Motion for Relief from Judgment

U.S. District Judge

---

**PLAINTIFFS' NOTICE OF NO OPPOSITION AND MOTION FOR ENTRY OF
DEFAULT AND DEFAULT JUDGMENT ON RULE 60(b) AND RULE 60(d)(3)
MOTION FOR RELIEF FROM JUDGMENT**

---

Civil Action No. 1:17-cv-01181-TWT

Plaintiffs William James and Terri V. Tucker (Lowe) respectfully submit this Notice and Motion

for Entry of Default and Default Judgment on their pending Rule 60(b) and Rule 60(d)(3)

Motion for relief from judgment. This motion is based on Documents 196, 197, and 199, the

attached procedural chronology, supporting declarations, all exhibits, and the entire record on

file, as well as such further evidence and argument as may be presented at hearing.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Notice of No Opposition and Motion
for Entry of Default and Default Judgment on
Rule 60(B) and Rule 60(D)(3) Motion for Relief from Judgment
1

## I. Introduction

Plaintiffs William James and Terri V. Tucker ("Plaintiffs") respectfully move this Court for entry of default and default judgment pursuant to Federal Rules of Civil Procedure 55, 60(b), and 60(d)(3), on their pending motion for relief from judgment. As detailed herein, Defendants—despite proper and documented service of the Amended Complaint (Doc. 85) and subsequent post-judgment motions—have failed to file any answer or otherwise respond within the time required by law. Plaintiffs seek relief from void and fraudulent judgments entered in this action, entry of default judgment, mandatory treble damages as provided by 18 U.S.C. § 1964(c), and such further relief as the Court deems just and proper. On July 5, 2017, Plaintiffs filed their Amended Complaint (Doc. 85). As of October 6, 2017, Plaintiffs' filing of their motion for entry of default (Doc. 119) should have resolved all litigation as to the non-responding Defendants. However, Defendant Judge Thrash's actions—including ignoring and concealing these dispositive facts—directly resulted in Plaintiffs incurring significant costs, including an interlocutory appeal in which Judge Thrash refused to certify orders, piecemeal appellate proceedings, two writs of certiorari, and duplicative filings as pro se litigants. Defendants, who had no right to respond to certain appeals, were nonetheless permitted to do so. These cumulative actions furthered a conspiracy in violation of Plaintiffs' constitutional rights to due process. Plaintiffs respectfully remind the Court that treble damages are mandatory under Civil RICO. See 18 U.S.C. § 1964(c) ("Any person injured... shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.").

This motion is supported by the attached procedural chronology, Plaintiffs' supporting declarations, all exhibits, the entire record on file, and the authorities cited herein.

2

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

# TABLE OF CONTENTS

| | |
|---|---|
| **INTRODUCTION** | **1** |
| **TABLE OF AUTHORITIES AND CITATIONS** | **5** |
| **I. PROCEDURAL BACKGROUND** | **8** |
| A. Amended Complaint and Default | 8 |
| B. Subsequent Procedural Irregularities | 10 |
| C. Defendants' Failure to Oppose Rule 60(b) and Rule 60(d) Motion | 10 |
| D. Service of Post-Judgment Motions | 11 |
| E. Defendants' Ex Parte Conduct and Improper Injunction Request | 11 |
| F. Notice of Corrections and Clarifications | 11 |
| G. Procedural Irregularities and Record Omissions Related to Judicial Conflict and Case | |
| Mischaracterization | 11 |
| H. Incorporation of Entire Record | 15 |
| **II. LEGAL BASIS FOR RELIEF** | **16** |
| A. Admission by Default—Failure to Appear or Defend | 16 |
| B. Relief from Judgment—Rule 60(b) and Void Orders | 16 |
| C. Judicial Disqualification and Due Process | 16 |
| D. Jurisdictional Limits During Appeal | 17 |
| E. Procedural Misconduct and Fraud on the Court | 17 |
| F. Constitutional Right to Fair Appellate Review | 17 |
| G. Preserved Objections and Incorporation of Record | 17 |
| **III. ARGUMENT** | **18** |
| A. Deemed Admissions: Counts and Causes of Action | 18 |

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

**B. COUNTS I–IV: CIVIL RICO, ACCOUNTING, INJUNCTIVE, AND EXEMPLARY**

    **RELIEF**                                                                             19

    1. COUNT ONE: Civil RICO—Copyright Plagiarism, Counterfeiting, and Predicate Acts   19

        a. Conduct     19

        b. The RICO Enterprise     20

        c. Pattern, Continuity, and Relatedness     20

        d. Predicate Acts (Racketeering Activity)     21

        e. Injury to Business or Property     22

        f. Relief Requested     23

    2. COUNT TWO: Accounting and Constructive Trust     24

    3. COUNT THREE: Injunctive Relief—Antitrust and RICO     25

    4. COUNT FOUR: Exemplary (Punitive) Damages     26

    C. Distinction Between RICO and Copyright Remedies     27

    D. Admissions by Default and Silence     28

    E. Mandatory Treble Damages Under Civil RICO     28

    F. Judicial Conflict, Pattern, and Exhibits     29

    G. Summary of Legal Consequences     30

**IV. DAMAGES CALCULATION AND REMEDIES SOUGHT**     31

    **A. Relief**     31

**V. CONCLUSION AND REQUEST FOR RELIEF**     32

**RULE 11 CERTIFICATION**     33

**LOCAL RULE 7.1(D) CERTIFICATION**     34

**CERTIFICATE OF SERVICE**     36

4

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

# TABLE OF AUTHORITIES AND CITATIONS

**Cases**                                                            **Page(s)**

*Arista Records, Inc. v. Beker Enters., Inc.,*

298 F. Supp. 2d 1310 (S.D. Fla. 2003).................................................. 16, 18

*Buchanan v. Bowman,*

820 F.2d 359 (11th Cir. 1987)........................................................... 16, 18, 28

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868 (2009)..................................................................... 16, 29

*Chambers v. NASCO, Inc.,*

501 U.S. 32 (1991)....................................................................... 17, 29

*Combs v. Coal & Mineral Mgmt. Servs., Inc.,*

105 F.R.D. 472 (D.D.C. 1984)........................................................... 16, 18, 28

*Evitts v. Lucey,*

469 U.S. 387 (1985)...................................................................... 17, 29

*Griggs v. Provident Consumer Discount Co.,*

459 U.S. 56 (1982)....................................................................... 17, 29

*Griffin v. Illinois,*

351 U.S. 12 (1956)....................................................................... 17, 29

*H.J. Inc. v. Northwestern Bell Tel. Co.,*

492 U.S. 229 (1989)...................................................................... 20

*In re Murchison,*

349 U.S. 133 (1955)...................................................................... 16, 29

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

| Cases | Page(s) |
|---|---|

*Liljeberg v. Health Servs. Acquisition Corp.*,

486 U.S. 847 (1988)............................................................................. 16, 29

*Living Designs, Inc. v. Dupont*,

431 F.3d 353 (9th Cir. 2005)............................................................... 21, 27

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*,

515 F.2d 1200 (5th Cir. 1975).......................................................... 16, 18, 28

*Rozier v. Ford Motor Co.*,

573 F.2d 1332 (5th Cir. 1978)............................................................. 17, 29

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,

473 U.S. 479 (1985)......................................................................... 28, 31

*Tumey v. Ohio, 273 U.S.*

510 (1927)..................................................................................... 16, 29

*United States v. Hitchmon*,

602 F.2d 689 (5th Cir. 1979) (en banc)................................................. 17, 29

*United Student Aid Funds, Inc. v. Espinosa*,

559 U.S. 260 (2010)......................................................................... 16

*Universal Oil Prods. Co. v. Root Refining Co.*,

328 U.S. 575 (1946)......................................................................... 17, 29

*Johnson v. GEICO Cas. Co.*,

516 F. Supp. 2d 351 (D. Del. 2007)...................................................... 18

*Carter v. Fenner*,

136 F.3d 1000 (5th Cir. 1998)............................................................. 16

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

**Cases** **Page(s)**

*Burrell v. Henderson,*

434 F.3d 826 (6th Cir. 2006)........................................................................ 16

**Statutes and Rules**

18 U.S.C. §§ 1961–1968 (RICO)............................................... 19, 27, 28, 31

18 U.S.C. § 1961(1), (4), (5)...................................................... 19, 20

18 U.S.C. § 1962(c), (d)............................................................. 20, 21

18 U.S.C. § 1964(a), (c)............................................... 1, 16, 28, 31

17 U.S.C. § 506(a)...................................................... 19, 21

18 U.S.C. §§ 2319, 2315, 2318, 2320........................................ 21

18 U.S.C. §§ 1341, 1343, 1344................................................. 21

18 U.S.C. §§ 1503, 1510, 1511, 1512, 1513................................. 21, 22

18 U.S.C. §§ 1581–1588......................................................... 21

18 U.S.C. §§ 1951, 1956, 1957, 1980......................................... 21, 22

18 U.S.C. § 201...................................................................... 22

28 U.S.C. § 455..................................................................... 16, 29

Fed. R. Civ. P. 8(b)(6), 10(c), 11, 55(a)-(b), 60(b), 60(d)................ 16, 18, 28

NDGA Local Rule 7.1(D)....................................................... 17, 34

**Constitutional Provisions**

U.S. Const. amend. V............................................................. 16, 17, 29

U.S. Const. amend. XIV.......................................................... 16, 17, 29

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

# I. PROCEDURAL BACKGROUND

Mandatory Treble Damages Under Civil RICO"), See 18 U.S.C. § 1964(c)).

## A. Amended Complaint and Default:

1. Filing and Service: Plaintiffs filed their Amended Complaint (Doc. 85) on July 5, 2017, and properly served all Defendants, as documented in Plaintiffs' Exhibits attached to the Supplement (Doc. 199).

2. Failure to Respond: Defendants failed to answer, move, or otherwise respond to the Amended Complaint by the Rule 12(a) deadline of August 4, 2017, as required by the Federal Rules of Civil Procedure.

3. No Motion to Set Aside Default: No Defendant sought to set aside their default or demonstrated excusable neglect under Rule 55(c).

4. Motion for Judgment: On October 6, 2017, Plaintiffs filed a Motion for Judgment (Doc. 119) based on Defendants' failure to answer or otherwise respond to the Amended Complaint.

5. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk was required to enter default against Defendants who failed to plead or otherwise defend. Plaintiffs' motions for judgment were thus proper and timely.

6. Improper Denial by Defendant Judge: Plaintiffs' Motion for Judgment (Doc. 119) was improperly denied by a Defendant Judge who was also in default at that time.

7. Subsequent Motion for Judgment: Plaintiffs' subsequent Motion for Judgment (Doc. 162), filed on March 19, 2018, was again improperly denied by a Defendant Judge who remained in default.

8

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

8. New Predicate Acts: Plaintiffs recently discovered new predicate acts in both 2023 and 2025 (including acts in May 2025), which prompted the filing of the present Rule 60(b) motion.

9. Appellate Record Violations: Plaintiffs learned of violations of their appellate rights, including missing documents from submissions following Defendants' letter filing on July 9, 2025, which violated Plaintiffs' due process rights to a fair appellate review.

10. Admission by Failure to Respond: Defendants' failure to answer Plaintiffs' Rule 60(b) and 60(d)(3) motion constitutes an admission of the Civil RICO allegations under 18 U.S.C. §§ 1961–1968, as set forth in the Amended Complaint (Doc. 85).

11. Missing Exhibits and Prejudice: Critical exhibits and legal authorities were omitted from the district court record, including materials showing the time, date, cast, and other information regarding the Tyler Perry "Too Close To Home" TV show featuring Annie Thrash as "Rebel." The absence of these materials prejudiced Plaintiffs' ability to establish predicate acts and ongoing injury.

12. The absence of these materials prejudiced Plaintiffs' ability to establish predicate acts and ongoing injury, and undermined the integrity of the proceedings, warranting relief under Rule 60(d)(3).

13. Summary Table

| Date | Event/Action | Defendant Response | Legal Effect/Violation |
|------|--------------|--------------------|------------------------|
| 07/05/2017 | Amended Complaint filed/served | No response | Default under Rule 55(a), Rule 12(a) |

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

| Date | Event/Action | Defendant Response | Legal Effect/Violation |
|------|--------------|--------------------|------------------------|
| 10/06/2017 | Motion for Judgment (Doc. 119) | Denied by defendant judge | Improper denial, judge in default |
| 03/19/2018 | Motion for Judgment (Doc. 162) | Denied by defendant judge | Improper denial, judge in default |
| 2023/2025 | New predicate acts discovered | — | Grounds for Rule 60(b) motion |
| 07/09/2025 | Appellate record violations | — | Due process violation |

## B. Subsequent Procedural Irregularities:

1. Defendants continued to file dispositive motions—including a procedurally improper

"summary judgment" (Doc. 157), which was in fact an All Writs Act injunction—while the case

was on appeal and the district court lacked jurisdiction (see *Griggs v. Provident Consumer*

*Discount Co.*, 459 U.S. 56 (1982)).

2. Defendants' filings, including Doc. 157, never requested monetary or attorney fee relief, but

sought to foreclose Plaintiffs' rights to prosecute their Civil RICO claims and to conceal

Defendants' default and judicial misconduct.

## C. Defendants' Failure to Oppose Rule 60(b) and Rule 60(d) Motion:

1. Plaintiffs' comprehensive Rule 60(b) motion (Doc. 197), with supporting evidence and legal

argument (see Supplement Doc. 199), was served and docketed.

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

2. As of July 18, 2025, Defendants have failed to file any opposition, response, or request for extension, nor have they attempted to cure their longstanding default.

## D. Service of Post-Judgment Motions:

1. Plaintiffs properly served all defendants with the post-judgment Rule 60(b) and Rule 60(d) motions, as evidenced by the attached certificates of service and tracking documentation.

## E. Defendants' Ex Parte Conduct and Improper Injunction Request:

1. Rather than timely opposing or responding to Plaintiffs' motions, Defendants chose to submit an ex parte letter to the Court on July 9, 2025, seeking to invoke an injunction in an attempt to foreclose Plaintiffs' rights to post-judgment relief.

2. This conduct occurred with full awareness of the pending motions and applicable deadlines, as Defendants had entered an appearance in this action and were on notice of all filings and procedural requirements.

## F. Notice of Corrections and Clarifications Regarding Party Names, Addresses, and Material Dates:

Plaintiffs respectfully notify the Court of the following corrections and clarifications, necessitated by prior omissions in the record and to ensure that all parties and the Court have accurate, up-to-date information for all further proceedings:

### 1. Correction of Plaintiff Names and Addresses

#### a. William James:

Due to prior omissions and missing documents in the record, Plaintiff William James's current legal address for all purposes in this action is:

14920 Ashland Ave, Harvey, Illinois 60426

11

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

This address appears in the signature block of all current filings and should be recognized as the operative address for service and notice.

**b. Terri Tucker (Lowe)**:

Plaintiff Terri V. Tucker, formerly known as Terri V. Tucker or Terri V. Donald-Strickland, has resumed her maiden name, Terri Lowe, following a legal divorce. All future references to this Plaintiff in this action should reflect her legal name, "Terri Lowe." The Court and parties are respectfully requested to update all records and recognize "Terri Lowe" as the Plaintiff's current legal name.

## 2. Correction of Material Dates in the Statement of Facts

### a. Order 168 (Filing Restrictions/All Writs Act Injunction):

Plaintiffs clarify that, contrary to earlier erroneous references, the District Court entered Order 168 (Ex. 62), granting Defendants' motion for summary judgment and imposing a broad filing injunction under the All Writs Act, on August 10, 2018, not November 20, 2024.

This correction is critical because the accurate date demonstrates the lack of notice and opportunity to respond, and the extraordinary circumstances surrounding the imposition of filing restrictions.

### b. Corrected Statement of Facts Not Appearing in the Record:

Plaintiffs further note that, due to the omission of critical filings from the appellate record, the corrected Statement of Facts—reflecting these and other material dates—was never docketed or reviewed by the Eleventh Circuit. Plaintiffs respectfully request that the Court take judicial notice of these corrections and incorporate them into the operative record for all purposes going forward.

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

## G. Procedural Irregularities and Record Omissions Related to Judicial Conflict and Case Mischaracterization

Plaintiffs respectfully submit the following particulars regarding omissions and irregularities in the district court record, which have prejudiced Plaintiffs' rights and undermined the integrity of these proceedings.

**Amended Complaint and Judicial Conflict:**

Plaintiffs' Amended Complaint (Doc. 85, filed July 5, 2017) included allegations of aiding and abetting, conspiracy, and possible conflicts of interest related to the Tyler Perry TV show "Too Close to Home," starring Annie Thrash as "Rebel." Notably, the show is set in Birmingham, Alabama—Judge Thomas W. Thrash, Jr.'s birthplace—and there was contemporaneous activity in the Bankruptcy Court involving the same name. Portions of these allegations (see page 16, letter r) are missing or incomplete in the record.

**Misrepresentation on Civil Cover Sheet and Case Assignment:**

Plaintiffs allege Defendants misrepresented the nature of this action on the civil cover sheet (Section VII), asserting this civil RICO case was the same as a prior copyright action. Judge Thrash presided over both, despite the cases involving distinct legal claims and factual nuclei. This misrepresentation impacted judicial assignment and fairness.

**Civil RICO Conspiracy and Procedural Abuse:**

Plaintiffs allege Defendants conspired to plagiarize writers' works by weaponizing the court system through procedural irregularities, document tampering, and obstruction of justice.

**Attorney Threats and Interference:**

Plaintiffs' counsel was threatened, hospitalized, and forced into joint motions to dismiss after months of default by Defendants. Local counsel for Plaintiff James withdrew without

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

explanation after being told to amend the complaint, though no such motion or answer was filed by Defendants. Another attorney was later disbarred and subsequently employed by Tyler Perry Studios.

**Blacklisting and Public Defamation:**

Defense attorney Ferber publicly disparaged Plaintiffs, characterizing them as "climbing out of the woodwork," which constitutes blacklisting within the entertainment industry.

**Monopolization and Antitrust Claims:**

Plaintiffs assert that Defendants used the elements of civil RICO and the Sherman Antitrust Act to show a conspiracy to monopolize the market by leveraging their own TV channel and studios to foreclose competition from other writers.

**Defendants' Exclusive Partnership:**

Defendants Winfrey and Perry entered into an exclusive partnership, as publicized in OWN Magazine in 2013, furthering the alleged enterprise.

**Prior Copyright Action Distinction:**

Plaintiffs' prior action demonstrated copyright infringement by showing (a) copyright registration, (b) Defendants' access, and (c) substantial similarity—distinct from the current RICO claims.

**Denial of Due Process in Current Action:**

Plaintiffs' current claims focus on how Defendants' ongoing predicate acts denied them a full and fair opportunity to litigate prior actions, citing lack of due process, denial of discovery, improper motions, and procedural irregularities.

**Civil RICO Predicate Acts and Ongoing Violations:**

14

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

The present case alleges a continuing pattern of threats, procedural irregularities, defaults, and constitutional violations, forming the basis for civil RICO relief.

**Judicial Prejudice in Rulings:**

Plaintiffs assert that Judge Thrash's ruling on Order Doc. 76 failed to apply procedural precedent regarding Defendants' default and lateness, prejudicing Plaintiffs' rights.

**Improper Use of Summary Judgment Procedures:**

Defendants improperly responded to summary judgment motions under Fed. R. Civ. P. 56 and L.R. 56-1 by filing omnibus motions and mischaracterizing RICO claims as copyright infringement.

**Judicial Confirmation of Civil RICO Claims:**

Judge Richard W. Story, Jr., confirmed in Order Doc. 15 (April 17, 2017) that Plaintiffs' claims were civil RICO claims with predicate acts related to copyright infringement and counterfeit goods, with monetary damages available.

**Request for Record Correction:**

Plaintiffs respectfully request that the Court and all parties update their records to reflect these corrections and ensure that any judgments or orders entered accurately reflect the proper legal names, addresses, material dates, and all relevant information as set forth herein.

**H. Incorporation of Entire Record:**

1. Plaintiffs respectfully request that the Court take judicial notice of, and incorporate by reference, the entire record in this action for all purposes, including but not limited to all pleadings, motions, orders, exhibits, and evidence filed from the civil cover sheet (Doc. 1-1) through Plaintiffs' most recent filing (Doc. 199), pursuant to Fed. R. Civ. P. 10 and applicable local rules.

15

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

2. Plaintiffs further request that any judgment entered reflect and encompass the full scope of the record, including all damages, predicate acts, and relief sought therein.

## II. LEGAL BASIS FOR RELIEF

### A. Admission by Default—Failure to Appear or Defend:

Defendants' failure to answer, move, or otherwise respond constitutes an admission of the well-pleaded facts and legal grounds for relief under Rule 60(b), Rule 60(d), and Civil RICO. See Fed. R. Civ. P. 55(a)-(b); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). In civil RICO actions, default is an admission of all predicate acts and liability under 18 U.S.C. § 1964(c); see also *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984).

### B. Relief from Judgment—Rule 60(b) and Void Orders:

Relief from final judgment is proper under Fed. R. Civ. P. 60(b) where the judgment is void, procured by fraud, or where extraordinary circumstances exist. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010); *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). There is no time limit for seeking relief from a void judgment. See *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006); *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998).

### C. Judicial Disqualification and Due Process:

The U.S. Constitution guarantees due process and an impartial tribunal. See U.S. Const. amend. V, XIV; *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). A judge who is a party or has a direct interest in the outcome must recuse or is disqualified. See 28 U.S.C. § 455(b)(5). Orders entered by a disqualified or conflicted judge are

16

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

void ab initio and must be vacated. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.

847, 865 (1988); *In re Murchison*, 349 U.S. 133, 136 (1955).

## D. Jurisdictional Limits During Appeal:

A district court is divested of jurisdiction over matters involved in an appeal upon the filing of a

notice of appeal. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982);

*United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (en banc). Any orders entered after

a notice of appeal, including dispositive motions or injunctions, are void for lack of jurisdiction.

## E. Procedural Misconduct and Fraud on the Court:

Defendants' continued procedural misconduct, including violations of Rule 11 and Local Rule

7.1(D), and their knowing submission of improper motions, constitutes fraud upon the Court.

Federal courts have inherent power to vacate judgments obtained by fraud on the court. See

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Universal Oil Prods. Co. v. Root Refining*

*Co.*, 328 U.S. 575, 580 (1946); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

## F. Constitutional Right to Fair Appellate Review

Denial of access to a complete record for appellate review constitutes a due process violation.

See *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Evitts v. Lucey*, 469 U.S. 387, 393 (1985).

## G. Preserved Objections and Incorporation of Record

Plaintiffs' preserved objections and rights to judgment are supported by the record, including

Docs. 42, 48, 49, 85, 117, 119, 157, 162, and 199. Consideration of the full record is necessary to

ensure that all predicate acts, damages, and factual and legal arguments are properly adjudicated.

Plaintiffs specifically request that any judgment entered reflect and encompass the full scope of

the record, including all evidence and relief sought in Docs. 1-1 through 199.

17

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

## III. ARGUMENT

Plaintiffs' unopposed Rule 60(b) and Rule 60(d) motion is supported by binding precedent and the U.S. Constitution. Defendants' failure to answer or oppose, after proper service, constitutes an admission of all well-pleaded factual allegations, including predicate acts under civil RICO (Fed. R. Civ. P. 55; *Nishimatsu; Buchanan; Arista Records; Combs).* Judgments and orders entered by a conflicted or defendant judge are void and must be vacated *(Caperton; Tumey; Liljeberg; In re Murchison;* 28 U.S.C. § 455).

### A. Legal Precedent

The Supreme Court has made clear that due process is violated when a judge with a direct interest in the outcome presides or fails to recuse.

Any orders entered after a notice of appeal, including dispositive motions or injunctions, are void for lack of jurisdiction *(Griggs; Hitchmon).* Where fraud upon the court is shown—such as concealment of filings, improper ex parte communications, or judicial misconduct—federal courts have both the authority and the duty to vacate all affected judgments *(Chambers; Universal Oil; Rozier).*

Defendants' ex parte letter of July 9, 2025, and their use of procedural maneuvers to foreclose Plaintiffs' post-judgment rights, further violate Plaintiffs' constitutional right to due process and meaningful appellate review (U.S. Const. amend. V, XIV; *Griffin; Evitts).*

Accordingly, the law compels vacatur of all void orders, entry of default judgment, and full relief as requested, based on the entire record and the unopposed, well-supported claims of Plaintiffs.

### B. Deemed Admissions: Counts and Causes of Action:

By failing to oppose or respond to Plaintiffs' Rule 60(b) and Rule 60(d)(3) Motion—and by their prior failure to answer the Amended Complaint—Defendants have admitted all well-pleaded

18

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

facts and each cause of action set forth in the operative complaint (see Fed. R. Civ. P. 8(b)(6); *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

Specifically, Defendants are deemed to have admitted the following counts and claims:

## C. Counts I–Iv: Civil Rico, Accounting, Injunctive, And Exemplary Relief

## 1. COUNT ONE: Civil RICO—Copyright Plagiarism, Counterfeiting, and Predicate Acts (18 U.S.C. §§ 1961, 1962, 1964; 17 U.S.C. § 506(a); 18 U.S.C. §§ 2319, 2315, 1341, 1343, 1510–1513, 1581–1588)

### a. Conduct

Defendants Tyler Perry, Tyler Perry Studios, Oprah Winfrey, Oprah Winfrey Network, Lionsgate Entertainment, Barbara Hunt, and other associated individuals and entities, conducted and participated, directly and indirectly, in the operation and management of the affairs of the enterprise described below, through a pattern of racketeering activity. Specifically, Defendants orchestrated, directed, and benefited from the enterprise by managing, supervising, and coordinating the activities of film and television production companies—including Tyler Perry Studios, Oprah Winfrey Network, HARPO Studios, and Lionsgate Entertainment—and by executing acts in furtherance of the enterprise's unlawful objectives. This conduct was instrumental in carrying out the pattern of racketeering activity that caused direct injury to Plaintiffs' business and property.

### b. The Rico Enterprise

Plaintiffs allege that Defendants Tyler Perry, Tyler Perry Studios ("TPS"), Oprah Winfrey, Oprah Winfrey Network ("OWN"), Lionsgate Entertainment, Barbara Hunt, and other associated individuals and entities, together constitute an "enterprise" as defined in 18 U.S.C. § 1961(4). This enterprise is an association-in-fact, the members of which are united for the common

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

purpose of acquiring, exploiting, and concealing intellectual property and business opportunities through a pattern of racketeering activity. The enterprise operates through the coordinated actions of its members, including but not limited to the creation, production, distribution, and monetization of plagiarized works, the obstruction of justice, the intimidation of competitors and legal counsel, and the laundering of proceeds through legitimate businesses.

The enterprise is engaged in and affects interstate and international commerce, as its activities include the creation and distribution of film and television works across state lines and globally, the use of interstate communication systems for fraudulent purposes, and the movement of funds through domestic and international financial institutions. The structure of the enterprise is distinct from the racketeering acts themselves, as it exists for the ongoing purpose of furthering Defendants' criminal objectives beyond any individual predicate act.

## c. Pattern, Continuity, and Relatedness

Defendants conspired to operate an ongoing criminal enterprise in violation of 18 U.S.C. §§ 1962(c) and (d), engaging in a pattern of racketeering activity as defined by 18 U.S.C. § 1961(5). The predicate acts alleged are related by common purpose—namely, the unlawful acquisition, exploitation, and concealment of Plaintiffs' intellectual property and business opportunities—and demonstrate continuity by spanning from at least 2012 through the present, reflecting both repeated and ongoing criminal conduct. These acts share similar methods, participants, victims, and objectives, thereby satisfying the "continuity and relatedness" requirements of RICO. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240–43 (1989).

## d. Specific Predicate Acts and Statutory References Defendants' racketeering activity includes, but is not limited to, the following predicate acts:

## 1) Criminal Copyright Infringement:

20

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

**17 U.S.C. § 506(a); 18 U.S.C. § 2319**

— Reproducing and distributing Plaintiffs' works ("LK" screenplay, "BAGF" book) with deliberate modifications designed to evade detection, such as substituting a glass window for a glass table or altering familial relationships while retaining core narrative elements.

Plaintiffs' Civil RICO claim is not a mere recitation of copyright infringement. While certain predicate acts include criminal copyright infringement as defined in 17 U.S.C. § 506(a) and 18 U.S.C. § 2319, these acts are alleged as part of an ongoing, multi-faceted racketeering enterprise involving a pattern of criminal conduct, including but not limited to mail and wire fraud, obstruction of justice, money laundering, extortion, and judicial corruption. The injuries and relief sought herein are not limited to the exclusive rights protected by the Copyright Act, but arise from the broader harm to Plaintiffs' business, property, and constitutional rights as a result of Defendants' enterprise. See *Living Designs, Inc. v. Dupont*, 431 F.3d 353, 362–63 (9th Cir. 2005) (RICO claims are not barred where legal theories and injuries differ from prior copyright actions).

**2) Trafficking in Counterfeit Goods:**

**18 U.S.C. § 2318; 18 U.S.C. § 2315**

— Distributing and profiting from counterfeit versions of Plaintiffs' copyrighted materials through elaborate deals with Lionsgate and other distributors, crossing state and international lines.

**3) Mail Fraud:**

**18 U.S.C. § 1341**

— Using the U.S. Postal Service and private carriers to further the scheme, including transmission of fraudulent legal documents and contracts.

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

**4) Wire Fraud:**

**18 U.S.C. § 1343**

— Transmitting fraudulent communications by wire, including emails and electronic court filings, to conceal and further acts of infringement and extortion.

**5) Obstruction of Justice:**

**18 U.S.C. §§ 1510–1513**

— Tampering with evidence, threatening witnesses and attorneys, and submitting false or misleading court filings to impede judicial proceedings.

**6) Money Laundering:**

**18 U.S.C. §§ 1956, 1957**

— Laundering proceeds from infringing works through legitimate business entities including Tyler Perry Studios, OWN, and Lionsgate.

Extortion and Retaliation:

**7) 18 U.S.C. § 1951 (Hobbs Act); 18 U.S.C. § 1513**

— Threatening Plaintiffs and their counsel with financial, reputational, and physical harm to coerce withdrawal of claims and obstruct justice.

**8) Bribery of Public Officials:**

**18 U.S.C. § 201**

— Offering things of value to judicial officers or attorneys to improperly influence proceedings.

**9) Use of Forged/Fraudulent Copyright Registrations:**

17 U.S.C. § 506(a); 18 U.S.C. § 2319

— Registering plagiarized works as original to assert false ownership and to further the enterprise.

22

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

## 10) Predicate Acts (Racketeering Activity) — Expanded:

In addition to the criminal copyright infringement and trafficking in counterfeit goods, Defendants' racketeering activity includes a pattern of judicial and procedural misconduct designed to secure unlawful victories in court proceedings and suppress legitimate claims. These predicate acts include, but are not limited to:

## 11) Tampering with Attorneys and Witnesses:

Defendants engaged in threats, intimidation, and retaliation against Plaintiffs' counsel and other attorneys, including hospitalization, forced withdrawals, and professional blacklisting, in violation of 18 U.S.C. §§ 1512 and 1513.

## 12) Document Tampering and Evidence Manipulation:

Defendants, through their enterprise, altered, concealed, or removed critical filings and exhibits from both district and appellate court records, impeding Plaintiffs' ability to present evidence and obtain fair review, in violation of 18 U.S.C. §§ 1510, 1511, and 1512.

## 13) Obstruction of Justice and Procedural Irregularities:

Defendants systematically abused court procedures, including improper Ex-Parte communications, filing of fraudulent motions and letters, and manipulation of filing documents, dates and assignments, to obstruct justice and foreclose Plaintiffs' rights to due process, in violation of 18 U.S.C. §§ 1503, 1510, 1511, and related statutes.

## 14) Retaliation and Extortion:

Defendants retaliated against Plaintiffs and their legal representatives for pursuing civil RICO claims, including threats of disbarment, financial ruin, and reputational harm, as well as offers of improper inducements to withdraw or dismiss claims, in violation of 18 U.S.C. §§ 1951, 1513, and 201.

23

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

## 15) Ongoing Scheme to Manipulate Judicial Outcomes:

The foregoing acts are not isolated, but part of a coordinated, ongoing enterprise to weaponize the legal system, suppress competition, and secure unlawful judgments through racketeering activity.

## 16) Injury

Defendants' conduct has directly and proximately injured Plaintiffs' business and property, resulting in lost earnings, blacklisting, reputational harm, and ongoing inability to work in their chosen fields since 2012–2013.

## 17) Relief Requested

Plaintiffs seek statutory and treble damages, restitution of all earnings and proceeds from counterfeited works, and any further relief the Court deems just.

## 2. COUNT TWO: Accounting and Constructive Trust

### a. Full Accounting and Trust

Defendants are required to provide a complete accounting of all revenues generated from the exploitation of Plaintiffs' plagiarized works ("Temptations," "Good Deeds," etc.). Plaintiffs are entitled to the establishment of a constructive trust over all such revenues and assets, including lost future wages for a period of 20 years.

### b. Relief Requested

Plaintiffs seek a full accounting, imposition of a constructive trust, and restitution.

## 3. COUNT THREE: Injunctive Relief—Antitrust and RICO

(Sherman Act, Clayton Act, Hobbs Act, 18 U.S.C. §§ 1961–1968, 15 U.S.C. §§ 1–7, 15 U.S.C. § 15)

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

### a. Ongoing Irreparable Harm

Defendants' conduct violates federal antitrust and RICO statutes, including the Sherman Act and Clayton Act, by engaging in a conspiracy to monopolize the entertainment market, foreclose competition, and retaliate against Plaintiffs for asserting their rights. Plaintiffs have suffered irreparable harm to their careers and reputation, emotional and physical distress, and lost future revenues as a result of Defendants' ongoing racketeering and antitrust activities.

### b. Relief Requested

Plaintiffs seek a permanent injunction restraining Defendants from further predicate acts and anticompetitive conduct, treble damages as provided by law, 10% interest from 2022 to 2025, and any other equitable relief necessary to make Plaintiffs whole.

### 4. COUNT FOUR: Exemplary (Punitive) Damages

### a. Willful and Malicious Conduct

Defendants' willful, malicious, and fraudulent conduct has caused Plaintiffs pain and suffering, defamation, blacklisting, financial hardship, property loss, medical and mental distress, and attorney's fees.

### b. Relief Requested

Plaintiffs seek $150,000,000 per Defendant in punitive damages, plus any additional relief necessary to eradicate the effects of Defendants' organized criminal activity.

### c. Distinction Between RICO and Copyright Remedies

The remedies and relief requested herein are grounded in Defendants' operation of a racketeering enterprise in violation of RICO, not simply in unauthorized use or infringement of Plaintiffs' works. Plaintiffs seek RICO-specific remedies—including treble damages, forfeiture, and equitable relief—that are distinct from and go beyond those provided by the Copyright Act.

25

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

### d. Admissions By Default And Silence

By failing to answer or oppose the Amended Complaint and the Rule 60(b)/60(d)(3) Motion,
Defendants are deemed to have admitted:

All factual allegations and legal elements required for relief under each count;

The existence of a racketeering enterprise, the commission of multiple predicate acts (as defined
above), and the resulting injury to Plaintiffs' business and property;

Liability for statutory, treble, and punitive damages, as well as all equitable and injunctive relief
requested.

See Complaint, Counts I–IV, Doc. 85, at pp. 6–25. These admissions, together with the
additional deemed admissions of judicial fraud, co-conspirator status, and record manipulation,
entitle Plaintiffs to the full relief requested in their motion and proposed order.

### e. Judicial Conflict, Pattern, And Exhibits

Plaintiffs further allege—and Defendants are now deemed to have admitted—that the Amended
Complaint (Doc. 85) included specific exhibits and factual allegations raising the issue of a
potential conflict of interest involving Judge Thomas W. Thrash, Jr. and Defendant Tyler Perry.
Exhibits regarding the Tyler Perry television show featuring Annie Thrash, biographical parallels
with Judge Thrash, and the timing and content of the show support allegations of judicial
partiality and coordination with Defendants.

### f. Adding Judge Thrash As A Defendant On The Current Case:

Plaintiffs cite Judge Thrash's prior conduct in *William M. Windsor v. Judge William Duffey, et
al.*, Case No. 1:11-cv-01922-TWT (filed October 31, 2011), as evidence of a broader pattern of
prejudicial treatment and predicate acts, including the dismissal of pro se claims after service had
been proven under circumstances favoring defaulted or unresponsive defendants. This pattern

26

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

mirrors the prejudicial actions taken in the present Civil RICO action. (See Doc. 85, p. 16,

Section r.; Doc. 86-3, Ex. RRRR Pgs. 1–4; Doc. 86-8, Pgs. 1–17.)

These facts, exhibits, and prior proceedings (see Doc. 85, SOF ¶ 37 and related exhibits) support

allegations of judicial bias, aiding and abetting by Judge Thrash, and a coordinated effort to

mischaracterize and dismiss Plaintiffs' claims without adjudication on the merits. The removal of

relevant allegations and exhibits from the record further underscores the lack of transparency and

integrity in these proceedings. By failing to respond, Defendants admit these facts, the existence

of such a pattern, and the prejudicial impact on Plaintiffs' rights.

### g. Summary Of Legal Consequences

All orders entered by a conflicted or defendant judge are void and must be vacated. See

*Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009); *Tumey v. Ohio,* 273 U.S. 510 (1927);

*Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847 (1988); *In re Murchison,* 349 U.S.

133 (1955); 28 U.S.C. § 455. Orders entered after notice of appeal are void for lack of

jurisdiction. See *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982); *United States

v. Hitchmon,* 602 F.2d 689 (5th Cir. 1979). Fraud on the court—including concealment of filings

or improper ex parte communications—compels vacatur of all affected judgments. See

*Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Universal Oil Prods. Co. v. Root Refining Co.,*

328 U.S. 575 (1946); Rozier *v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir. 1978).

### h. Mandatory Treble Damages Under Civil RICO

Under 18 U.S.C. § 1964(c), treble damages are mandatory for any person injured by reason of a

violation of 18 U.S.C. § 1962. The Supreme Court has held that, "once the fact of damage is

established, the court is required to treble the damages actually proven." *Sedima, S.P.R.L. v.

Imrex Co., Inc.,* 473 U.S. 479, 495 (1985).

27

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

The Eleventh Circuit and other courts have consistently held that, where a defendant defaults or

fails to oppose a civil RICO claim, all well-pleaded facts—including the entitlement to treble

damages—are deemed admitted. See *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987);

*Combs v. Coal & Mineral Mgmt. Servs., Inc.,* 105 F.R.D. 472, 474 (D.D.C. 1984).

Accordingly, Plaintiffs respectfully request that the Court enter judgment awarding treble

damages as mandated by statute.

## IV. DAMAGES CALCULATION AND REMEDIES SOUGHT

### A. Relief

Plaintiffs respectfully request that judgment be entered in the following alternative amounts, as

set forth on the Civil Cover Sheet and pursuant to statutory remedies:

### *1. Option 1: Treble Damages (RICO)*

$451,000,000 × 3 = $1,353,000,000

### *2. Option 2: Principal Amount*

$451,000,000

### *3. Option 3: Statutory Interest Calculation*

$451,000,000 plus 10% annual interest, compounded annually, from February 20, 2020, through

June 30, 2025, totaling $752,383,300.

*Calculation:* $451,000,000 × $(1.10)^{5.36}$ = $752,383,300

### *4. Total Interest Accrued:* $301,383,300

Plaintiffs request that the Court enter judgment for the greatest of these amounts, or as the Court

deems just and proper, and grant such further relief as is warranted by the record.

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

## V. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, and in light of Defendants' failure to oppose or respond, Plaintiffs respectfully request that the Court:

### A. Rule 60(b) and 60(d):

1. Grant Plaintiffs' Rule 60(b) and Rule 60(d) Motion in its entirety, including all deemed admissions resulting from Defendants' failure to oppose or respond;

### B. Judgments Vacated or Void:

2. Vacate all void judgments and orders entered in violation of due process and the Federal Rules;

### C. Enter Judgment:

1. Enter default judgment against all Defendants in the amount of $1,353,000,000 (treble damages), or, in the alternative, $451,000,000, or, in the further alternative, $752,383,300 (principal plus interest as set forth above);

### D. Reassignment to a Neutral Judge:

1. Reassign this case to a neutral judge for all further proceedings, including enforcement of judgment, accounting, and any post-judgment motions, to ensure impartiality and restore confidence in the administration of justice;

### E. Request for Judicial Notice and Incorporation of Record:

1. Pursuant to Fed. R. Civ. P. 10(c) and the Court's inherent authority, Plaintiffs request that the Court take judicial notice of and incorporate the entire record in this action, including all filings, pleadings, motions, orders, and exhibits from Doc. 1-1 through Doc. 199, as the basis for any relief granted herein;

### F. Further Relief:

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

1. Order such further relief as the Court deems just and proper.

Executed on July 21, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of

Civil Procedure, that to the best of our knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances, the foregoing motion and all supporting documents

are well grounded in fact and are warranted by existing law or by a good faith argument for the

extension, modification, or reversal of existing law; that the motion is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Motions and responses must not be presented to the court by letter. All requests for relief must be

made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, July 21, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

30

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

William James and
Terri Tucker (Lowe),
Plaintiffs,

Civil Action No. 1:17-cv-01181-TWT

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Declaration for Plaintiffs' Notice of No
Opposition and Motion for Entry of Default
and Default Judgment on Rule 60(b) and
Rule 60(d)(3) Motion for Relief from
Judgment

U.S.D.J.

## DECLARATION FOR PLAINTIFFS' NOTICE OF NO OPPOSITION AND MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT ON RULE 60(B) AND RULE 60(D)(3) MOTION FOR RELIEF FROM JUDGMENT

We, Terri Tucker (Lowe) and/or William James, declare under penalty of perjury pursuant to 28

U.S.C. § 1746 as follows:

1. **Plaintiff Status:** We are Plaintiffs in the above-captioned action. We make this

   Declaration in support of Plaintiffs' Notice of No Opposition and No Response by

   Defendants to Plaintiffs' pending motions and requests for relief.

2. **Service of Amended Complaint:** On July 5, 2017, Plaintiffs filed and served the

   Amended Complaint (Document 85) on all defendants and the presiding judge, in

   accordance with the Federal Rules of Civil Procedure. Proof of service was filed as

   Document 100 and in Document 199 which includes certified mail receipts, tracking

   information, and return receipts for each party served.

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

31

3. **Defendants' Failure to Respond:** No defendant filed an answer or response to the Amended Complaint, nor to Plaintiffs' subsequent motions for judgment or post-judgment relief, including the pending Rule 60(b) and Rule 60(d) motions. As of the submission deadline of July 18, 2025, no opposition or response has been filed by any defendant.

4. **Grounds for Default and Relief:** Defendants' failure to respond or oppose, despite proper service and notice, establishes clear grounds for default and supports Plaintiffs' requests for judgment and post-judgment relief as set forth in the pending motions.

5. **Supporting Evidence:** All factual assertions herein are supported by the attached exhibits, including certified mail receipts, return receipts, copies of the Amended Complaint (Doc. 85), Proof of Service (Doc. 100), and other relevant filings.

6. **Incorporation of Record:** We respectfully request that the Court incorporate the entire record in this action, including all filings from the civil cover sheet (Doc. 1-1) through Document 199, in support of Plaintiffs' motions and requests for relief, so that the judgment may fully reflect all facts, evidence, and legal arguments presented throughout these proceedings.

7. **Verification:** We have personal knowledge of the facts set forth herein and, if called as witnesses, could and would testify competently thereto.

We declare under penalty of perjury that the foregoing is true and correct.

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

32

Date of Execution the 21th Day of July, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

33

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

Civil Action No. 1:17-cv-01181-TWT

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Certificate of Service for Plaintiffs' Notice
of No Opposition and Motion for Entry of
Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from
Judgment

U.S.D.J.

## CERTIFICATE OF SERVICE

We, Terri Tucker (Lowe) and William James, hereby certify that on this 21st day of July, 2025,

we caused to be served a true and correct copy of the foregoing: Plaintiffs' Plaintiffs' Notice of

No Opposition and Motion for Entry of Default and Default Judgment on Rule 60(b) and Rule

60(d)(3) Motion for Relief from Judgment; Memorandum of Law in Support; Declaration(s); and

all exhibits thereto by filing the same in person with the Clerk of Court, as Plaintiffs are

proceeding pro se and do not have access to electronic filing. We further certify that a copy of the

foregoing was served by first-class U.S. Mail, postage prepaid, addressed as follows:

Defendants Attorneys:

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber, Esq
7 Times Square
New York, NY 10036-
6569

Richard Gordon, Esq
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Notice of No Opposition and Motion for
Entry of Default and Default Judgment on Rule 60(b)
and Rule 60(d)(3) Motion for Relief from Judgment

35