UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

-------------------------------------------------------X
WILLIAM JAMES, ET ANO.,          )
                                                          )
             Plaintiffs,    )
                                                          )
      v.                         )   Case No. 1:17-CV-01181-TWT
                                                          )
BARBARA HUNT, ET AL.,           )
                                                          )
             Defendants.  )
-------------------------------------------------------X

DEFENDANTS' RESPONSE TO PLAINTIFFS' FILING OF NUMEROUS PLEADINGS (DOCKET NOS. 196-197 AND 199-205) IN VIOLATION OF THE COURT'S
ALL WRITS ACT INJUNCTION (DOCKET NO. 168)

Tom J. Ferber
Admitted *pro hac vice*
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Phone: (212) 421-4100
Fax: (212) 798-6388
tferber@pryorcashman.com

Ignoring the Court's 2018 injunction prohibiting, *inter alia*, the filing of any further pleadings, motions or other documents, Plaintiffs have recently filed nine documents – totalling many hundreds of pages – "without obtaining the express written permission" of the Court, as required by that injunction. (Docket No. 168; hereafter the "Injunction.")  These filings – which are legal nullities in the absence of such permission – represent "the continued harassment of the Defendants by the Plaintiffs" that is also "disruptive and abusive to the Court's judicial function" (*id.* at 7) – *i.e.,* the very conduct by these vexatious litigants that the Injunction was designed to prevent.  These filings, and any future filings, should accordingly be rejected, and the Clerk of the Court should be directed to reject any future attempts by Plaintiffs to file documents unless this Court has previously authorized the Clerk to accept such filings.  Defendants also respectfully request that the Court order that Defendants need file no further responses to any attempted filings by Plaintiffs unless the Court has both expressly authorized such filings and directed Defendants to respond to them.

# PROCEDURAL HISTORY[1]

As the Court has previously stated, "Plaintiffs William James and Terri V. Tucker [had] asserted patently frivolous copyright infringement claims against the Defendants in a series of proceedings in various courts" when "they reconfigured their copyright claims as civil RICO claims" in this action in 2017. (*Id*. at 1-2.)

By order dated October 19, 2017 (Docket No. 138), the Court granted the Perry and Winfrey Defendants' Motion for Judgment on the Pleadings, holding that Plaintiffs' claims were barred by res judicata and collateral estoppel. (Id. at 1.) The Court also held that "Plaintiffs fail to state a plausible claim of copyright infringement as a predicate act for a RICO claim," and that the remaining claims "are not only frivolous but ludicrous." (*Id*. at 3.) The Court directed the Clerk to enter final judgment in favor of Defendants on all of Plaintiffs' claims pursuant to Fed. R. Civ. P. 54(b), "there being no just reason for delay." (*Id*.)

The Court later denied Plaintiffs' Motion for Reconsideration by order dated November 20, 2017, finding that the Plaintiffs' motion made "may false and outrageous claims." (Docket No. 154 at 3.)

---

[1] Because there are over 200 docket entries in this action, the overwhelming majority of which were Plaintiffs', this history offers only a few relevant orders of the Court that give context to this response.

On October 18, 2018, the Court entered an order that, *inter alia*, granted Defendants' motion for summary judgment on their counterclaim and entered the Injunction. (Docket No. 168.) The Court found that an "injunction [was] necessary to protect the integrity of the court system and to prevent the continued harassment of the Defendants by the Plaintiffs," and found that "the Plaintiffs' conduct within this particular case has itself been disruptive and abusive to the Court's judicial function." (Id. at 7-8.) The Order concluded as follows:

> Because of this, the Court concludes that a filing injunction under the All Writs Act is appropriate here. The Court has the inherent jurisdiction to protect itself against the abuses that litigants such as [Plaintiffs] visit upon it. Without an injunction the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources. The Plaintiffs have displayed nothing short of complete disregard for the numerous court rulings in favor of the Defendants. Therefore, the Court orders that the Plaintiffs are enjoined from filing any further pleading, motion, or other paper in relation to the instant action (other than the pending appeal and any appeal of this Order), and any new lawsuit in any court against any of the Defendants named in this action involving claims arising from the same factual predicate or nucleus of operative facts as this case without obtaining the express written permission of the undersigned.

A Judgment dismissing the action was entered on the same date. (Docket No. 169.)

On August 12, 2019, the United States Court of Appeals for the Eleventh Circuit affirmed, *inter alia*, this Court's October 18, 2018 order, including, specifically, the Injunction. (The accompanying Mandate was filed with this Court on September 10, 2019; Docket No. 187.) Plaintiff's Petition for a Writ of

Certiorari was denied on October 7, 2019 and filed with this Court on October 8, 2019. (Docket No. 190.)

Despite the Injunction's clear requirement that Plaintiffs could not file any further pleadings or other papers without first obtaining the Court's "express written permission," on October 15, 2019, Plaintiffs filed a purported motion to modify the discovery period (which, of course, ignored the fact that their claims had been dismissed and the case closed). (Docket No. 191.) On October 22, 2019, co-counsel for Defendants submitted a letter directed to the Clerk of the Court to bring his attention to the Injunction and the fact that Plaintiffs had failed to obtain the required express written permission for such filing. Again violating the Injunction, Plaintiffs filed another purported motion regarding discovery on January 24, 2020. (Docket No. 194.) The Court denied both of Plaintiffs' purported motions by order dated February 25, 2020, which noted that "Judgment was entered in favor of Defendants and this case was closed in August 2018." (Docket No. 195.)

Now, over five years later, and nearly seven years after their claims were dismissed and this case was closed, Plaintiffs have resumed the filing of motions and other papers without making any effort to obtain the Court's advance written permission. Thus, on June 30, 2025, Plaintiffs filed two purported motions,

totaling many hundreds of pages, styled as "Pro Se Emergency Motion for Intermediate Intervention, Motion to Reassign Case" and "Pro Se Joint Motion to Vacate Clerk's Judgment, Motion for Relief Based on Judicial Misconduct, Fraud on the Court, and Denial of Due Process." (Docket Nos. 196[2] and 197).

In response, Defendants' counsel submitted another letter to the Clerk of the Court pointing out that these motions violated the Injunction and respectfully requesting that said motions be rejected for filing. (Docket No. 198.)

Undeterred, Plaintiffs have filed still more documents, including purported motions for default judgment, for relief from judgment, to vacate the Clerk's judgment, to reopen the case, and for "relief based on judicial misconduct" filed on July 21, 2025. (*See* Docket Nos. 200-203.)[3]

## PLAINTIFFS' FILINGS IN VIOLATION OF THE INJUNCTION SHOULD ALL BE REJECTED

When the Court issued the Injunction, it noted that "[w]ithout an injunction the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources." (Docket No. 169 at 8.)

---

[2] This motion also sought to have the case reassigned.
[3] Other filings included supplements to previous filings (*see* Docket No. 199, which purports to supplement and/or provide missing or unfiled documents regarding Docket Nos. 197 and 169), a motion to amend Plaintiff Tucker's name (Docket No. 204), and a notice of change of address for Plaintiff James (Docket No. 195.)

Unfortunately, Plaintiffs have continued to "display[] noting short of complete disregard" for the Court's orders, filing the numerous motions and other documents referenced above without making any effort to "obtain[] the express written permission" of the Court before doing so. (*Id.*)

Plaintiffs' flagrant, repeated violations of the Injunction represent nothing less than contempt of court. In *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002), the Eleventh Circuit affirmed a contempt finding against the plaintiff who, like the Plaintiffs herein, ignored the district court's injunction that, *inter alia*, prohibited him from filing any new proceedings against the defendant without first obtaining leave of court. *Id*. at 1284-85, 1296-97. Plaintiffs' filings herein, like those of the plaintiff in *Riccard*, represent "a pattern of reargument and re-litigation that has marked their efforts in this lawsuit." *Id*. at 1294.

Having no desire to burden the Court more than Plaintiffs have already done with their improper filings, Defendants have not yet filed a motion to hold Plaintiffs in contempt of court (although the Court may, of course, do so *sua sponte* should it so choose). At a minimum, however, Plaintiffs' improper filings should be rejected, and it is respectfully submitted that the Clerk of the Court should be directed to reject any future filings by Plaintiffs absent advance written authorization from this Court, as the Injunction had intended. Defendants also

respectfully request that the Court order that they need not file any responses to any further attempted filings by Plaintiffs unless the Court has expressly authorized the Plaintiffs' filing and has directed Defendants to respond.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' filings in violation of the Injunction – Docket Nos. 196-97 and 199-205 – be rejected.

Dated:   August 4, 2025

                                       PRYOR CASHMAN LLP

                                       By:   /s/ Tom J. Ferber
                                       Tom J. Ferber
                                       Admitted *pro hac vice*
                                       Bar No. 1846690
                                       7 Times Square
                                       New York, New York 10036-6569
                                       tferber@pryorcashman.com
                                       phone: (212) 421-4100
                                       fax: (212) 798-6388

                                       *Attorneys for Defendant*

RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

        PRYOR CASHMAN LLP

        By:   /s/ Tom J. Ferber
        Tom J. Ferber
        Admitted *pro hac vice*
        Bar No. 1846690
        7 Times Square
        New York, New York 10036-6569
        tferber@pryorcashman.com
        phone: (212) 421-4100
        fax: (212) 798-6388

        *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES, ET ANO., | : |
| | : |
| PLAINTIFFS, | : CASE NO: 1:17-CV-1181-RWS |
| | : |
| v. | : |
| | : CERTIFICATE OF SERVICE |
| BARBARA HUNT, ET AL., | : |
| | : |
| DEFENDANTS. | : |

On August 4, 2025, I caused the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' FILING OF NUMEROUS PLEADINGS (DOCKET NOS. 196-197 AND 199-205) IN VIOLATION OF THE COURT'S ALL WRITS ACT INJUNCTION (DOCKET NO. 168) to be served on all parties by electronically filing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record, and served the following parties by U.S. First Class Mail, postage prepaid:

William James
14920 Ashland Ave.
Harvey, Illinois 60426

Terri V. Tucker (Lowe)
1136 Joslin Path
Douglasville, GA 30124

Dated: August 4, 2025

PRYOR CASHMAN LLP

By: /s/ Tom J. Ferber
Tom J. Ferber
Admitted *pro hac vice*
Bar No. 1846690
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388

*Attorneys for Defendant*