FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 0 6 2025

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Plaintiff's Reply in Support of Rule 60(b) Motion and Supplement (Unopposed Motion for Relief and Entry of Judgment)

Thomas W. Thrash, Jr. U.S.D.J.

---

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 60(b) MOTION, SUPPLEMENT, AND UNOPPOSED MOTION (DOC. 203) (REQUEST TO DISREGARD UNTIMELY AND NON-RESPONSIVE FILINGS AND FOR ENTRY OF JUDGMENT)**

---

Civil Action No. 1:17-cv-01181-TWT

Plaintiff respectfully submits this Reply in Support of Plaintiff's Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), and Unopposed Motion (Doc. 203), and states as follows:

## I. INTRODUCTION

Plaintiff files this reply to clarify the record, preserve all rights, and request immediate entry of judgment based on Defendants' persistent default and failure to timely or substantively oppose Plaintiff's motions. Defendants' most recent filing (Doc. 206) is untimely as to all pending motions and fails to address the merits or factual allegations set forth in Plaintiff's unopposed motions.

## II. DEFENDANTS' FAILURE TO TIMELY OR SUBSTANTIVELY RESPOND

Plaintiff's Rule 60(b) Motion (Doc. 197) and Supplement (Doc. 199) were due/set for response by July 18, 2025, pursuant to the Court's scheduling order and the fourteen (14) days provided under the Federal Rules of Civil Procedure. Plaintiff's Unopposed Motion (Doc. 203), which details all admissions, amounts, and further admissions to the operative allegations, was set for response by August 8, 2025.

Plaintiffs' Doc. 204 and Doc. 205 were simple notices to the Court regarding name and address changes and did not require response. Doc. 201 was a corrected Statement of Facts/Declaration in support of the Rule 60(b) Motion, and Doc. 202 was the Proposed Order for Plaintiffs' Rule 60(b) Motion (Doc. 197)—both of which represent standard and required motion practice under the Federal Rules and local court procedures.

These filings were necessary to support and clarify the record for Plaintiffs' substantive motions, and do not constitute frivolous or excessive filings as Defendants have suggested. Rather, each filing was within the scope of proper motion practice and was timely, relevant, and procedurally appropriate.

Defendants' purported "response," Document 206, was filed after all applicable deadlines had passed, without seeking or obtaining leave of Court, and without any showing of excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B). See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect").

See also *Smith v. School Board of Orange County,* 487 F.3d 1361, 1366 (11th Cir. 2007) (affirming denial of leave to file out of time where no excusable neglect shown).

Document 206 attempts to retroactively address multiple motions—including Docs. 197 and 199—but does so without proper procedural basis, in violation of the Court's scheduling orders and the Federal Rules. The Eleventh Circuit has made clear that a district court does not abuse its discretion in refusing to consider untimely filings absent a showing of excusable neglect. See *Carter v. City of Montgomery,* 829 F. App'x 429, 430 (11th Cir. 2020) ("The district court did not abuse its discretion in refusing to consider Carter's untimely response because Carter did not show excusable neglect.").

Moreover, Document 206 does not answer or contest the substance of Plaintiff's Unopposed Motion (Doc. 203), which set forth the specific amounts claimed, identified all admitted facts, and detailed the basis for relief. Instead, Defendants use (Doc. 203) merely as a procedural vehicle to present late arguments and collateral attacks unrelated to Rule 60(b) or the merits of Plaintiff's claims. Defendants' filing is devoid of any meaningful response to the admissions, amounts, or legal arguments presented by Plaintiff.

The Eleventh Circuit recognizes that "[w]hen a party fails to respond to a motion, the court may properly consider the motion unopposed." *United States v. One Piece of Real Prop.* Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101–02 (11th Cir. 2004). See also *Magluta v. Samples,* 162 F.3d 662, 664 (11th Cir. 1998) ("A defaulted defendant is deemed to admit the Plaintiff incorporates by reference the entire record in this action, including all filings, evidence, and arguments submitted to the Court at every stage of the proceedings, and seeks all relief previously requested in (Docs. 196, 197, 199, and 203). P q1laintiff's well-pleaded allegations of fact.").

**Defendants' Doc. 206 is Procedurally Defective and Untimely**

Defendants' purported "response" (Doc. 206) fails to comply with the requirements of the Federal Rules and this Court's Local Rules. First, Doc. 206 was filed after all applicable deadlines had passed, without seeking or obtaining leave of Court or demonstrating excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B). See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"); *Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (affirming denial of leave to file out of time where no excusable neglect shown).

Second, Doc. 206 does not address or contest the substance of Plaintiff's Unopposed Motion (Doc. 203), which set forth the specific amounts claimed, identified all admitted facts, and detailed the basis for relief. Instead, Doc. 206 merely attempts to raise collateral arguments and fails to provide any meaningful response to the admissions, amounts, or legal arguments presented by Plaintiff. The Eleventh Circuit holds that "[w]hen a party fails to respond to a motion, the court may properly consider the motion unopposed." *United States v. One Piece of Real Prop.* Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101–02 (11th Cir. 2004); see also *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

Furthermore, the Supreme Court has emphasized that courts must enforce procedural rules as written, and failure to timely respond or oppose a motion is grounds for default and entry of judgment. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("[T]he fundamental principle that the rules of procedure should be enforced as written.").

Accordingly, Doc. 206 is both untimely and non-responsive, and Plaintiff's Unopposed Motion (Doc. 203) should be granted as a matter of law.

**III. LEGAL EFFECT: ADMISSIONS AND DEFAULT UNDER RULE 8(b)(6)**

Pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Here, Defendants failed to timely or substantively deny the well-pleaded factual allegations set forth in Plaintiff's Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), and Unopposed Motion (Doc. 203). As a result, all such allegations—including those establishing liability, default, and the operative facts supporting Plaintiff's claims—are deemed admitted as a matter of law. See, e.g., *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").

While Rule 8(b)(6) technically excludes the amount of damages, Defendants have also failed to contest Plaintiff's detailed damages calculations or provide any alternative figures. Courts routinely treat unopposed damages claims as established where, as here, the record is supported by evidence and the opposing party offers no rebuttal. See *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) ("If the default is entered, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

**IV. POST-JUDGMENT MOTIONS ARE NOT SUBJECT TO FILING INJUNCTIONS OR GATEKEEPING ORDERS**

Defendants' assertion that they are not required to respond to Plaintiffs' post-judgment motions absent explicit court instruction is contrary to established law. The United States Supreme Court

has made clear that post-judgment motions—including those under Rule 60(b)—are not subject to pre-filing injunctions, gatekeeping orders, or contempt sanctions simply for being filed, regardless of any prior injunction. See *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976) ("[T]he filing of a Rule 60(b) motion does not affect the finality of a judgment or suspend its operation."); see also *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("the district court may not deny consideration of a Rule 60(b) motion on the basis of a pre-filing injunction"). The right to seek post-judgment relief is a fundamental aspect of due process under the Fifth Amendment to the United States Constitution. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (due process requires notice and opportunity to be heard before deprivation of property or rights by judgment). Thus, Plaintiffs' filings are proper, not subject to contempt, and do not require advance permission from the Court. Defendants were required to respond to Plaintiffs' properly filed post-judgment motions within the time prescribed by the Federal Rules and the Court's scheduling orders. Their failure to do so cannot be excused by reference to any injunction or gatekeeping order.

**V. DEFAULT JUDGMENT AS A MATTER OF JUSTICE AND RIGHT**

Defendants' Reply (Doc. 206) to Plaintiffs' Unopposed Motion (Doc. 203) (response due by August 8, 2025) fails to deny or otherwise contest that Defendants were in default as of Document 85, and that default has never been set aside by the Court. Defendants are likewise in default of their obligations under Rule 60(b), having failed to timely or substantively respond to Plaintiffs' motion and related filings. This is part of a repeated pattern of missed deadlines and procedural defaults for which the Court has yet to hold them accountable.

U.S. Supreme Court and Eleventh Circuit precedent make clear that a defaulted defendant is deemed to admit all well-pleaded allegations of fact, and that default stands unless and until it is set aside by the Court. See, e.g., *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); Fed. R. Civ. P. 55(c). Defendants have not sought, nor have they demonstrated any basis for, setting aside their default. Accordingly, the Court should enforce the default and grant relief as a matter of law.

Federal courts have long recognized that default judgment is not only appropriate but required as a matter of justice and right where a party fails to timely respond or defend. See Fed. R. Civ. P. 55(b); see also *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not."). The Supreme Court has emphasized that the right to a "fair and meaningful opportunity to be heard" is a fundamental constitutional guarantee. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Where, as here, Defendants have been given notice and a full opportunity to respond—and have failed to do so—entry of judgment is required to vindicate both the Federal Rules and the Due Process Clause of the Fifth Amendment.

**Defendants' Failure to Contest Damages and RICO Counts**

Defendants' response (Doc. 206) does not dispute, refute, or contest any of the monetary amounts requested by Plaintiffs in Doc. 203, nor do Defendants address or deny any of the RICO allegations set forth in Counts One through Five of the operative complaint (Doc. 85). Specifically, Defendants failed to address: (1) Plaintiffs' request for the principal amount plus treble damages, totaling $1.35 billion ($451 million principal plus treble damages); (2) the alternative request for the principal amount of $451 million; and (3) the principal amount plus 10% interest over five years, totaling $752 million. Defendants offered no argument, evidence, or legal authority contesting these amounts or the underlying RICO claims. Under Federal Rule of Civil Procedure 8(b)(6) and binding Eleventh Circuit precedent, these uncontested allegations and damages are deemed admitted as a matter of law. See *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Accordingly, Plaintiffs respectfully request that the Court enter judgment for the full amount of damages requested, as Defendants' failure to contest these figures or the substantive RICO counts constitutes an admission of liability and damages.

**VI. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

1. Disregard Defendants' Doc. 206 as untimely and non-responsive;
2. Grant Plaintiff's Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), and Unopposed Motion (Doc. 203) as unopposed;

3. Enter judgment in Plaintiff's favor in accordance with the relief requested in Docs. 197, 199, and 203;
4. Preserve all objections to ongoing conflict of interest and procedural irregularities for the record and appellate review;
5. Plaintiff respectfully requests that the Court grant all relief sought in Plaintiff's Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), Emergency Motion (Doc. 196), and Unopposed Motion (Doc. 203), and incorporates by reference the entire record and all prior filings as if fully set forth herein;
6. Grant such other and further relief as the Court deems just and proper.

## VII. CONCLUSION

Plaintiff expressly preserves all rights, objections, and arguments for appellate review, including the full record under Rule 10 and all relief previously requested in this action.

Plaintiff maintains that the record supports immediate entry of judgment as a matter of law, justice, and constitutional right, and respectfully urges the Court to grant the requested relief without further delay.

Executed on August 6, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**RULE 11 CERTIFICATION**

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing motion and all supporting documents are well grounded in fact and are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the factual contentions have evidentiary support.

**LOCAL RULE 7.1(D) CERTIFICATION**

Motions and responses must not be presented to the court by letter. All requests for relief must be made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, August 6, 2025.


Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Declaration of Plaintiffs Terri Tucker (Lowe) and William James in Support of Plaintiffs' Supplement to Rule 60(B) and Rule 60(D) Motions

Thomas W. Thrash, Jr. U.S.D.J.

---

**JOINT DECLARATION OF TERRI TUCKER (LOWE) AND WILLIAM JAMES IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO DOC. 203, AND IN FURTHER SUPPORT OF PLAINTIFFS' RULE 60(b) MOTION, SUPPLEMENT, AND UNOPPOSED MOTION (DOC. 203)**

---

We, Terri Tucker (Lowe) and William James, declare under penalty of perjury as follows:

We are the plaintiffs in this action, acting pro se, and submit this joint declaration in support of Plaintiffs' Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), Emergency Motion (Doc. 196), and Unopposed Motion (Doc. 203), and in reply to Defendants' purported response (Doc. 206). We are competent to testify to the matters stated herein.

**Entire Record Preserved:**

We incorporate by reference the entire record in this action, including all filings, evidence, and arguments submitted to the Court at every stage of the proceedings. We seek all relief previously requested in Docs. 196, 197, 199, and 203.

**Procedural Chronology and Deadlines:**

Plaintiffs filed the operative complaint and subsequent amended complaint, which Defendants failed to timely answer.

Plaintiffs filed a Rule 60(b) Motion (Doc. 197) and Supplement (Doc. 199), with responses due by July 18, 2025, pursuant to the Court's scheduling order and the Federal Rules.

Plaintiffs filed an Unopposed Motion (Doc. 203), detailing all admissions, amounts, and further admissions to the operative allegations, with response due by August 8, 2025.

Docs. 204 and 205 were notices to the Court regarding name and address change and did not require response.

**Defendants' Untimely and Non-Responsive Filing:**

Defendants' purported "response," Document 206, was filed after all applicable deadlines had passed, without seeking or obtaining leave of Court, and without any showing of excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B). See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

Document 206 attempts to retroactively address multiple motions—including Docs. 197 and 199—but does so without proper procedural basis, in violation of the Court's scheduling orders and the Federal Rules.

Document 206 does not address or contest the substance of Plaintiffs' Unopposed Motion (Doc. 203), which set forth the specific amounts claimed, identified all admitted facts, and detailed the basis for relief. Instead, Defendants use Doc. 203 merely as a procedural vehicle to present late arguments and collateral attacks unrelated to Rule 60(b) or the merits of Plaintiffs' claims.

Legal Effect and Admissions:

Pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." See also *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998).

Defendants failed to timely or substantively deny the well-pleaded factual allegations set forth in Plaintiffs' Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), and Unopposed Motion (Doc. 203). As a result, all such allegations—including those establishing liability, default, and the operative facts supporting Plaintiffs' claims—are deemed admitted as a matter of law.

Defendants have also failed to contest Plaintiffs' detailed damages calculations or provide any alternative figures. Courts routinely treat unopposed damages claims as established where, as here, the record is supported by evidence and the opposing party offers no rebuttal. See *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984).

Right to Post-Judgment Relief and Insulation from Injunctions:

The United States Supreme Court has made clear that post-judgment motions, including those under Rule 60(b), are not subject to pre-filing injunctions or gatekeeping orders. See *Standard Oil Co. v. United States,* 429 U.S. 17, 18 (1976); *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990).

The right to seek post-judgment relief is a fundamental aspect of due process under the Fifth Amendment to the United States Constitution. See *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 272 (2010).

**Request for Relief:**

We respectfully request that the Court:

Disregard Defendants' Doc. 206 as untimely and non-responsive;

Grant Plaintiffs' Rule 60(b) Motion (Doc. 197), Supplement (Doc. 199), Emergency Motion (Doc. 196), and Unopposed Motion (Doc. 203) as unopposed;

Enter judgment in Plaintiffs' favor in accordance with the relief requested in Docs. 196, 197, 199, and 203;

Preserve all objections to ongoing conflict of interest and procedural irregularities for the record and appellate review;

Grant such other and further relief as the Court deems just and proper.

Preservation of Rights:

We expressly preserve all rights, objections, and arguments for appellate review, including the entire record under Rule 10 and all relief previously requested in this action.

**Verification:**

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2025,


Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs, | Civil Action No. 1:17-cv-01181-TWT |
| | Plaintiff's Reply in Support of Rule 60(b) Motion and Supplement (Unopposed Motion for Relief and Entry of Judgment) |
| v. | |
| Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Judge Thomas W. Thrash, Jr.<br>Defendants. | Thomas W. Thrash, Jr. U.S.D.J. |

---

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I caused a true and correct copy of the foregoing Supplement and Reply in Support of Plaintiffs' Rule 60(b)(4)-(6) and Rule 60(d)(3) Motions, together with all supporting declarations, exhibits, and attachments, to be served on all parties and counsel of record by filing through the Court's CM/ECF electronic filing system, which automatically provides notice of electronic filing to all registered participants.

For any parties or counsel who are not registered with CM/ECF, I further certify that service was accomplished by depositing a copy in the United States mail, first-class postage prepaid, properly addressed as follows:

Defendants Attorneys:

Lori M. Beranek
Assistant United States Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber, Esq
7 Times Square
New York, NY 10036-6569

Richard Gordon, Esq
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff