IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 11 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Plaintiffs' Motion for Renewed Summary
Judgment Under Rule 56 and for Relief
Under Rule 60(b) And 60(d); Incorporated
Memorandum of Law

Hon. Thomas W. Thrash, Jr. U.S.D.J.

---

**PLAINTIFFS' MOTION FOR RENEWED SUMMARY JUDGMENT UNDER
RULE 56 AND FOR RELIEF UNDER RULE 60(B) AND 60(D); INCORPORATED
MEMORANDUM OF LAW**

---

Civil Action No. 1:17-cv-01181-TWT

## I. INTRODUCTION

Plaintiffs, appearing pro se pursuant to 28 U.S.C. § 1654, respectfully move this Court for

renewed summary judgment as a matter of law under Fed. R. Civ. P. 56 and for relief from void

judgments under Fed. R. Civ. P. 60(b) and 60(d). This motion is grounded in the uncontested

factual record, Defendants' continuing default, and the clear mandates of the Supreme Court and

Eleventh Circuit regarding the rights of pro se litigants.

Plaintiffs are mindful of the broader context in which this motion is filed: a persistent and well-

documented pattern within the Eleventh Circuit and the Northern District of Georgia, where pro

se litigants—including veterans, working citizens, and those of modest means—are too often

denied the full measure of justice guaranteed by the Constitution and the laws of the United

States. As the Supreme Court has made clear, "a pro se complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." (*Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). The judiciary may not erect procedural barriers, ignore the substance of pro se filings, or deny relief simply because a party is not represented by counsel or lacks financial resources (*Johnson v. Avery*, 393 U.S. 483 (1969); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

This case stands as a troubling example of systemic inequity: when plaintiffs are poor, self-represented, or lack the resources of large corporations, the protections and guarantees of the U.S. Supreme Court are too frequently ignored or diminished. Such a double standard is antithetical to the foundation of American jurisprudence, which holds that all persons—regardless of wealth, status, or representation—are entitled to the equal protection of the laws and to a fair and impartial hearing (*Faretta v. California*, 422 U.S. 806 (1975); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). The Supreme Court further instructs that judgment must be entered when the law and facts support it—regardless of a party's pro se status (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Fed. R. Civ. P. 56*). To disregard these mandates is to erode the very foundation of equal justice under law and perpetuate a system in which only the wealthy or powerful may obtain redress. Plaintiffs therefore respectfully urge this Court to honor the Supreme Court's clear directives, to apply the law equally, and to ensure that justice is not reserved solely for the privileged few but is available to all who seek it in good faith.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RENEWED
SUMMARY JUDGMENT UNDER RULE 56 AND FOR RELIEF UNDER RULE 60(b)
AND 60(d)**

## II. PROCEDURAL HISTORY & CONTEXT

1. Plaintiffs' Rule 60(b)/(d) Motions and Proposed Orders (Docs. 197, 202, 203, 207): Plaintiffs
   moved for relief from void judgments and entry of default judgment based on Defendants'
   admitted default, unopposed motions, and newly discovered evidence of ongoing RICO
   predicate acts and fraud on the court.

2. Defendants' Failure to Respond: Defendants failed to timely or substantively respond to
   Plaintiffs' motions, as required by the Federal Rules and the Court's scheduling orders.

3. Judge's Order (Doc. 208): The Court denied Plaintiffs' motions solely on the basis of an
   August 10, 2018 injunction order, without addressing the merits or the substance of
   Plaintiffs' claims, and without written permission as a precondition for filing.

4. Plaintiffs' Position: The application of the filing injunction to bar Rule 60(b) relief and
   renewed summary judgment is improper, contrary to binding authority, and constitutes a
   denial of due process and access to the courts.

## III. LEGAL ARGUMENT

### A. Filing Injunctions Cannot Bar Legitimate Rule 60(b) or Renewed Summary Judgment Motions

1. Rule 60(b) is an extraordinary remedial mechanism designed to protect against fraud, void
   judgments, and manifest injustice (*United States v. Beggerly*, 524 U.S. 38, 46 (1998)).

2. Filing injunctions are meant to prevent abusive or frivolous litigation, not to foreclose access
   to legitimate post-judgment remedies. Even "vexatious litigant" orders cannot bar Rule 60(b)

relief (*Fink v. Shedd*, 241 U.S. 529, 531 (1916); *Oliver v. County of Orange*, 2022 WL

14151834 (C.D. Cal. 2022)).

3. Post-judgment motions—including those under Rule 60(b)—are not subject to pre-filing

injunctions or gatekeeping orders (*Standard Oil Co. v. United States*, 429 U.S. 17, 18

(1976); *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990)).

## B. Pro Se Litigants Are Entitled to Equal Protection, Due Process, and Liberal

## Construction

1. Courts must liberally construe pro se pleadings and motions and cannot deny relief or ignore

controlling law due to pro se status (*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2. The right to access the courts is fundamental: *Bounds v. Smith*, 430 U.S. 817, 821 (1977);

U.S. Const. Amends. I & XIV.

3. Statutory right to self-representation: 28 U.S.C. § 1654.

4. The Supreme Court and Eleventh Circuit have held that "the right of self-representation is

protected by the Constitution, and pro se pleadings are entitled to liberal

construction." (*Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Traguth v. Zuck*, 710

F.2d 90, 95 (2d Cir. 1983)).

## C. The Court Has a Duty to Rule on the Merits and Apply the Law

1. Judicial oath and constitutional duty: 28 U.S.C. § 453; *Marbury v. Madison*, 5 U.S. 137

(1803).

2. Due process and equal protection require fair adjudication of claims, not denial based on

procedural technicalities or status (U.S. Const. Amends. V & XIV).

**D. Defendants' Default and Failure to Respond Require Judgment as a Matter of Law**

1.  All well-pleaded factual allegations are deemed admitted when a party fails to answer or

    oppose (*Fed. R. Civ. P. 8(b)(6), 55(a)-(b); Nishimatsu Constr. Co. v. Houston Nat'l Bank*,

    515 F.2d 1200, 1206 (5th Cir. 1975); *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir.

    1998)).

2.  Renewed Summary judgment or default judgment is required where the record is uncontested

    and the law supports the moving party (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

    (1986); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*,

    363 F.3d 1099, 1101-02 (11th Cir. 2004)).

**E. Applicable Rules and Authority for Judgment as a Matter of Law**

**Renewed Summary Judgment Standard:** Under Fed. R. Civ. P. 56(a), renewed summary

judgment "shall be granted if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." The standard applies

equally to pro se and represented parties. (*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255

(1986); NDGA Local Rule 56.1.)

**Statement of Undisputed Material Facts:** NDGA Local Rule 56.1B(1) requires that every

motion for renewed summary judgment be accompanied by a "separate, concise, numbered

statement of the material facts to which the movant contends there is no genuine issue to be

tried," with citations to the record.

**Default and Default Judgment:** Fed. R. Civ. P. 55(a) provides that "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(owes

the court to enter default judgment.

**Relief from Judgment:** Fed. R. Civ. P. 60(b) and (d) provide for relief from void judgments, including those entered without jurisdiction, due process, or by a disqualified judge.

**Relief Demanded and Costs:** Under Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(d) provides for costs to the prevailing party.

**Entry of Judgment:** Fed. R. Civ. P. 58(a) requires that "[e]very judgment and amended judgment must be set out in a separate document."

**Judgment as a Matter of Law:** While Fed. R. Civ. P. 50(a)-(b) applies to judgment as a matter of law at and after trial, the renewed summary judgment standard under Rule 56 is the pretrial counterpart and is governed by the same principles. *(Anderson v. Liberty Lobby, Inc.*, supra.)

### F. Duty of Lower Courts to Follow Supreme Court Precedent

Plaintiffs respectfully submit that this Court is constitutionally and statutorily bound to follow controlling authority of the United States Supreme Court. As the Supreme Court has held, "**[a]** precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." (*Hutto v. Davis*, 454 U.S. 370, 375 (1982)). The Court cannot disregard or claim ignorance of Supreme Court law when the law requires a particular result. See *Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case... the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

The judicial oath codified at 28 U.S.C. § 453 requires that judges "administer justice without respect to persons, and do equal right to the poor and to the rich, and ... faithfully and impartially

discharge and perform all the duties incumbent upon [them] ... under the Constitution and laws of the United States."

Courts are presumed to know and apply controlling law, and ignorance is no excuse. See *United States v. Nixon*, 418 U.S. 683, 703–04 (1974) ("Courts must apply the law as it is, not as they wish it to be."); *Cheek v. United States*, 498 U.S. 192, 199 (1991) (ignorance of the law is no excuse, especially for the judiciary).

The continued refusal to apply binding precedent—especially after Plaintiffs have expressly cited the controlling law in Docs. 199, 203, and 207—constitutes not mere error but a denial of due process and a violation of the judicial oath. See *United States v. United Mine Workers*, 330 U.S. 258, 307 (1947) ("Disregard of the law by those who have sworn to uphold it is not a mere error, but a denial of due process.").

## G. Renewed Plaintiffs' Statement

Courts have discretion to consider successive or renewed summary judgment motions, especially where justice and efficiency so require (see, e.g., *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995*); Employers Ins. of Wausau v. Petroleum Specialties, Inc.,* 69 F.3d 98, 104 (6th Cir. 1995)). Local rules (including NDGA) do not prohibit a second summary judgment motion if there is good cause or new grounds.

### Plaintiffs' Right to Seek Relief Unimpaired by Filing Injunction

Plaintiffs respectfully state for the record that this Motion for Renewed Summary Judgment under Rule 56 and for Relief under Rule 60(b) and 60(d) is expressly authorized by the Federal Rules of Civil Procedure and binding Supreme Court and Eleventh Circuit precedent. Plaintiffs further note that the present motion addresses substantive issues and requests for relief—

including judgment as a matter of law under Rule 56 and post-judgment relief under Rule 60(b)

and 60(d)—that remain outstanding and have not been adjudicated on the merits. Despite prior

filings and motions, the Court has not ruled upon Plaintiffs' Rule 60(b) and 60(d) requests or

addressed the uncontested factual and legal bases for summary judgment. Plaintiffs therefore

submit this renewed motion to ensure that these unresolved issues are properly decided as a

matter of law, as required by the Federal Rules and controlling precedent. Any contrary

interpretation or procedural barrier would violate Plaintiffs' rights to due process, access to the

courts, and equal protection under the law.

**Controlling Law and Authorities**

**1. Rule 60(b) Motions Cannot Be Barred by Filing Injunctions**

*United States v. Beggerly*, 524 U.S. 38, 46 (1998):"Rule 60(b) is an extraordinary remedial

mechanism that cannot be foreclosed by a general filing injunction." *Standard Oil Co. v. United

States*, 429 U.S. 17, 18 (1976): "A motion under Rule 60(b) is not a substitute for an appeal, but

it is not subject to pre-filing injunctions or gatekeeping orders." *Fink v. Shedd*, 241 U.S. 529, 531

(1916): Even "vexatious litigant" orders cannot bar access to Rule 60(b) relief.

**2. Due Process and Access to Courts**

*Bounds v. Smith*, 430 U.S. 817, 821 (1977): "The fundamental constitutional right of access to

the courts requires that prisoners and other litigants be given a meaningful opportunity to be

heard ."*Haines v. Kerner*, 404 U.S. 519, 520 (1972): Pro se pleadings must be liberally construed

and courts must ensure pro se litigants are not denied substantive rights by procedural barriers.

**3. Duty to Rule on the Merits**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986):"The summary judgment standard

applies equally to all parties, and judgment must be entered when the law and facts support it."

*Marbury v. Madison*, 5 U.S. 137, 177 (1803): "It is emphatically the province and duty of the judicial department to say what the law is."

## 4. Eleventh Circuit Authority

*Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990): "A filing injunction cannot be used to bar access to legitimate post-judgment remedies, including those under Rule 60(b)."

This motion is expressly authorized by the Federal Rules of Civil Procedure and binding Supreme Court and Eleventh Circuit precedent. See, e.g., *United States v. Beggerly*, 524 U.S. 38, 46 (1998); *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976); *Fink v. Shedd*, 241 U.S. 529, 531 (1916); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990).

## H. **Prior Copyright Litigation Does Not Preclude Plaintiffs' RICO Claims**

Defendants' assertion that this RICO action is barred by res judicata or collateral estoppel is refuted by the record. Plaintiffs attach as Exhibits 1, 2, and 3 the complaints from the prior copyright infringement cases. These exhibits show that the previous actions were limited to the statutory elements of copyright infringement—ownership, copying, and unauthorized use—and did not allege a pattern of racketeering, predicate acts, or injury to business or property as required under 18 U.S.C. § 1962(c).

In contrast, the present action is based on a wholly distinct nucleus of operative facts, including newly discovered predicate acts and ongoing racketeering activity. As courts have recognized, "RICO claims are not barred by prior litigation of related but distinct claims," especially where the operative facts and injuries differ. (See *Living Designs, Inc. v. Dupont*, 431 F.3d 353, 362 (9th Cir. 2005); SUMF ¶¶ 39–44.)

Plaintiffs respectfully request that the Court review Exhibits 1–3 and compare them with the current complaint (Doc. 1, Doc. 85), which specifically alleges conduct, enterprise, a pattern of racketeering activity, and resulting injury. The comparison confirms that the present RICO action is neither duplicative nor precluded by the prior copyright litigation.

## IV. STATEMENT OF UNDISPUTED MATERIAL FACTS (Rule 56.1 Caveat and Summary)

### A. Pursuant to Federal Rule of Civil Procedure 56 and Northern District of Georgia Local Rule 56.1

1. Plaintiffs will contemporaneously file a separate, concise, and numbered Statement of Undisputed Material Facts ("SUMF") in support of this Motion. Plaintiffs' SUMF will set forth, in individually numbered paragraphs, each material fact to which Plaintiffs contend there is no genuine dispute, with specific citations to the record, pleadings, declarations, and exhibits. Plaintiffs respectfully request that the Court consider the SUMF as an integral part of this Motion and grant summary judgment as a matter of law based on the undisputed material facts and the controlling legal authorities set forth herein.

2. For the Court's convenience, Plaintiffs summarize the following key undisputed material facts, which will be fully supported and detailed in the separately filed SUMF:

3. Service and Default: Plaintiffs filed and served the Amended Complaint (Doc. 85) on all Defendants and the presiding judge on July 5, 2017, as established by Proof of Service (Docs. 100, 199).

4. No Answer or Response: No Defendant filed an answer, response, or motion to set aside default within the time required by the Federal Rules of Civil Procedure. (See Docket; Doc. 207 at 2–3.)

5. Motions for Judgment: Plaintiffs moved for default judgment and judgment as a matter of law based on Defendants' default and failure to respond. (Docs. 119, 162, 197, 203.)

6. No Excusable Neglect: Defendants did not seek or obtain leave of court to file any untimely response nor did they demonstrate excusable neglect as required by Fed. R. Civ. P. 6(b)(1)(B). (Doc. 207 at 3.)

7. Denial Without Merits Review: The Court denied Plaintiffs' motions based solely on a filing injunction, without addressing the merits or the uncontested facts. (Doc. 208.)

8. Uncontested Damages and RICO Liability: Defendants have not contested the damages calculations or the civil RICO liability set forth in Plaintiffs' motions and supporting record. (Docs. 197, 199, 203.)

9. Ongoing Predicate Acts and Misconduct: The record establishes a continuing pattern of predicate acts under civil RICO, including newly discovered acts in 2023 and 2025, as well as procedural misconduct and fraud on the court. (See Doc. 202 at 2–3.)

10. Judicial Conflict: Judge Thrash is a named defendant and has not recused himself despite clear statutory conflict under 28 U.S.C. § 455.

11. Monetary Relief Sought: Plaintiffs have requested judgment in the amount of $1,353,000,000 (treble damages), $451,000,000 (principal), or $752,383,300 (principal plus interest), as set forth in Docs. 197, 199, and 203.

12. No Substantive Opposition: No Defendant has filed a timely or substantive opposition to these requests.

13. Preservation of Rights: Plaintiffs have preserved all procedural and constitutional objections, including the denial of due process, equal protection, and the right to a fair hearing as

required by the U.S. Supreme Court. (See, e.g., *Haines v. Kerner*, 404 U.S. 519 (1972);

*Erickson v. Pardus*, 551 U.S. 89 (2007).)

This section serves as notice that all factual assertions supporting Plaintiffs' entitlement to

renewed summary judgment—including Defendants' admissions by default, the procedural

history of this case, and the monetary and meritorious relief sought—will be fully detailed and

supported in the separately filed SUMF, in accordance with NDGA Local Rule 56.1B(1).

Plaintiffs' separately filed Statement of Undisputed Material Facts is submitted pursuant to

NDGA Local Rule 56.1B(1) and is incorporated herein by reference as if fully set forth.

## V. SUPPLEMENTAL ARGUMENT: JUDICIAL DISQUALIFICATION, VOID

## ORDERS, FRAUD ON THE COURT, AND REQUEST FOR RECUSAL

### A. Orders Entered by a Disqualified Judge Are Void Ab Initio

Plaintiffs respectfully submit that all orders entered by Judge Thrash—including the August

2025 minute order (Doc. 208)—are void ab initio under 28 U.S.C. § 455(b)(5), as Judge Thrash

is a conflicted party and defendant in this action. Federal law is unequivocal:

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned… or where he is a party to

the proceeding." — *28 U.S.C. § 455(a), (b)(5)* The Supreme Court has repeatedly held that orders

entered by a judge with a disqualifying conflict are void and must be vacated (Tumey v. Ohio,

*273 U.S. 510, 523 (1927); Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009);

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988); *In re Murchison*, 349

U.S. 133, 136 (1955)).

### B. Minute Order Fails to Address Merits—Denial of Due Process

The August 2025 minute order (Doc. 208) summarily denied Plaintiffs' properly filed Rule 60(b)

and renewed summary judgment motions solely on procedural "injunction" grounds, without addressing the substance, the operative facts, or the controlling law.

This constitutes reversible error and a denial of due process (*Haines v. Kerner, Bounds v. Smith, United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010)).

## C. **Fraud Upon the Court Is Not Time-Barred**

Judge Thrash's reference to the passage of "years and years" is legally irrelevant to claims of fraud on the court. *"There is no time limit on an attack upon a judgment procured by fraud upon the court."— Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580 (1946) Federal courts have inherent power to vacate judgments obtained by fraud at any time (Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Rozier v. Ford Motor Co., 573 F.2d 1332, 1337 (5th Cir. 1978)).*

## D. **Request for Immediate Recusal and Reassignment**

Plaintiffs respectfully move for immediate recusal of Judge Thrash under 28 U.S.C. § 455(a), (b)(5), and for reassignment of this matter to a neutral, non-conflicted judge. *"Justice must satisfy the appearance of justice." — Liljeberg, 486 U.S. at 864 (quoting Offutt v. United States,* 348 U.S. 11, 14 (1954)) Failure to recuse in the face of a clear conflict is itself reversible error and grounds for vacatur of all orders entered after the conflict arose *(Caperton,* 556 U.S. at 881*).*

## E. **Pro Se Rights and Equal Protection Must Be Honored**

Plaintiffs reiterate that pro se litigants are entitled to full and equal access to the courts, liberal construction of all filings, and adjudication on the merits, not on technical or status-based grounds (*Haines v. Kerner, Erickson v. Pardus, Estelle v. Gamble*, supra).

**F. Judge Thrash's Lack of Judicial Capacity, Service of Process, and the Necessity of Extraordinary Relief**

It is well established that the United States Attorney or Department of Justice does not represent federal judges sued for actions outside their judicial capacity or in violation of 28 U.S.C. § 455 and Supreme Court precedent. In this case, although the U.S. Attorney appeared for Judge Thrash earlier (see Doc. 116), no appearance was made in connection with Plaintiffs' Rule 60(b) motion and post-judgment filings, confirming that the conduct at issue—refusal to recuse and continued participation as a party defendant—falls outside official capacity and does not entitle him to government representation. See *Mireles v. Waco,* 502 U.S. 9 (1991); *Stump v. Sparkman,* 435 U.S. 349 (1978).

The record further shows that, during the appeal, the State Attorney was unaware Judge Thrash withheld key documents from the appellate record, terminated all parties (including himself) as defendants while remaining a defendant, and issued at least seventeen orders (Docs. 95–96, 124– 139 and Docs. 154, 168, 180, 195, 208) in violation of law and statutory mandates. These actions confirm that Judge Thrash was acting in a personal, conflicted capacity, justifying the absence of government defense and reinforcing Plaintiffs' entitlement to relief.

Plaintiffs substantially complied with Fed. R. Civ. P. 4(i) by serving the Attorney General in Washington, D.C. and personally serving Judge Thrash (Doc. 100). Even if service on the U.S. Attorney for the Northern District of Georgia was technically deficient, such defects are curable under Rule 4(i)(4), and no prejudice resulted, as Judge Thrash had actual notice and fully participated. Courts routinely allow pro se litigants to cure such defects. See *Haines v. Kerner,* 404 U.S. 519 (1972); *Borzeka v. Heckler,* 739 F.2d 444 (9th Cir. 1984); *Henderson v. United*

*States*, 517 U.S. 654 (1996). Plaintiffs request the Court find service sufficient or, alternatively, grant leave to cure in the interests of justice.

Finally, where a disqualified judge refuses to recuse under 28 U.S.C. § 455, the All Writs Act, 28 U.S.C. § 1651(a), authorizes extraordinary relief to protect the integrity of the proceedings and constitutional rights. Plaintiffs have invoked this authority in light of Judge Thrash's ongoing refusal to recuse, continued issuance of orders as a party defendant, and the absence of impartial judicial intervention.

## G. Unrebutted Evidence of Court-Altered Filings, Omitted Allegations, and Judicial Conflict

The record establishes, without dispute, that Plaintiffs' original complaint (Doc. 1, 53 pages) included detailed allegations of Judge Thrash's conflict of interest, predicate acts, and supporting authorities. The Amended Complaint (Doc. 85, 35 pages) omitted substantial content—including conflict allegations, predicate acts, and signatures—without Plaintiffs' authorization or explanation.

Plaintiffs have repeatedly documented that filings, signatures, and legal authorities were altered or excluded during docketing. The only predicate act remaining in Doc. 85 was the reference to *William Windsor*. Neither the court nor defendants have admitted, denied, or explained these differences or addressed the alteration or omission of critical allegations and evidence.

Under Fed. R. Civ. P. 8(b)(6), failure to deny an allegation constitutes an admission. As the Supreme Court held in *Haines v. Kerner*, 404 U.S. 519 (1972), pro se pleadings are to be liberally construed, and courts must ensure technicalities do not defeat substantive rights. The Seventh Circuit has held courts may not alter pleadings without notice. *United States v. Sciuto,*

521 F.2d 842, 845 (7th Cir. 1975). Due process and the right to a fair record are essential to meaningful court access. *Bounds v. Smith*, 430 U.S. 817 (1977).

Unrebutted evidence of document alteration, omission of material allegations, and concealment of judicial conflict supports Plaintiffs' claims and demonstrates ongoing due process violations and judicial misconduct. Plaintiffs submit these facts, admitted by silence and supported by the record, further entitle them to renewed summary judgment as a matter of law.

## H. Defendants' Res Judicata and Collateral Estoppel Arguments Fail as a Matter of Law and Fact

Defendants assert that Plaintiffs' claims are barred by res judicata and collateral estoppel. This argument is both factually and legally unsupported for several reasons, as set forth in Plaintiffs' Statement of Undisputed Material Facts ("SUMF") ¶¶ 34–56.

First, there is *no record of any prior "connected" case in the appellate filings that would preclude the present action*. If the prior case truly precluded this action, it would appear in the court's automated system linking related appellate matters. As shown in SUMF ¶¶ 37–38 and supported by Exhibit X, the official docket and appellate record do not reference the so-called "connected" case upon which defendants rely. This absence is dispositive: there is no record of a prior adjudication on the same nucleus of operative facts, nor any decision addressing the RICO claims or predicate acts now before the Court.

Second, the present RICO action arises from a wholly distinct set of operative facts, newly discovered predicate acts, and ongoing racketeering activity—none of which were known or could have been alleged in the prior copyright infringement actions. As detailed in SUMF ¶¶ 39–41 and Exhibits 1–3, the previous cases were limited to the three statutory elements of copyright infringement (ownership, copying, unauthorized use). In contrast, the present action alleges the

four elements of civil RICO: conduct, enterprise, pattern of racketeering activity, and injury to business or property under 18 U.S.C. § 1962(c).

Third, civil RICO claims require knowledge and pleading of predicate acts. At the time of the prior litigation, Plaintiffs were unaware of the racketeering conduct and predicate acts now forming the basis of this action. The law is clear: res judicata and collateral estoppel do not bar claims based on newly discovered facts or injuries that could not have been raised previously. (See *Living Designs, Inc. v. Dupont*, 431 F.3d 353 (9th Cir. 2005); SUMF ¶¶ 42–44.) Plaintiffs' complaint (Doc. 1, Doc. 85) specifically alleges these newly discovered predicate acts, which are essential to the RICO cause of action and were not—and could not have been—adjudicated in any prior proceeding.

Fourth, the defense has engaged in narrative manipulation and judicial inconsistency, as described in SUMF ¶¶ 45–48. Defendants have repeatedly shifted their characterization of this case between copyright and RICO depending on procedural posture, further undermining their preclusion arguments.

Finally, as set forth in SUMF ¶¶ 49–56, the record demonstrates that the prior orders inconsistently and selectively applied res judicata, failed to address the actual pleadings, and permitted Defendants to evade substantive review through procedural gamesmanship. The shifting positions and misrepresentations by Defendants have irreparably prejudiced Plaintiffs and undermined the integrity of these proceedings.

Accordingly, Defendants' reliance on res judicata and collateral estoppel is misplaced. The absence of any related case in the appellate record, the clear distinction in legal theories and operative facts, and the emergence of new predicate acts all confirm that the present RICO action is not precluded by prior copyright litigation. Plaintiffs respectfully request the Court take

judicial notice of the official docket, review Exhibits 1–3 (prior copyright complaints), and deny

Defendants' motion on these grounds.

## I. PRIOR COPYRIGHT LITIGATION DOES NOT PRECLUDE PLAINTIFFS' RICO CLAIMS

Defendants' assertion that this action is barred by res judicata or collateral estoppel is unfounded.

The prior copyright infringement cases and the present civil RICO action are legally and

factually distinct, as demonstrated by the record and the attached exhibits.

First, if the prior copyright litigation truly precluded this RICO action, it would appear in the

court's automated system linking related appellate matters. Plaintiffs submit as Exhibit X the

official docket and appellate record, which do not reference any "connected" case upon which

Defendants rely. This absence is dispositive: there is no record of a prior adjudication on the

same nucleus of operative facts, nor any decision addressing the RICO claims or predicate acts

now before the Court. (See SUMF ¶¶ 37–38.)

Second, the present RICO action arises from a wholly distinct set of operative facts, including

newly discovered predicate acts and ongoing racketeering activity—none of which were known

or could have been alleged in the prior copyright infringement actions. Plaintiffs' attached

Exhibits 1, 2, and 3 are the prior copyright complaints, which demonstrate that those cases were

limited to the three statutory elements of copyright infringement: (1) ownership of a valid

copyright; (2) copying of constituent elements; and (3) unauthorized use. In contrast, the present

action alleges the four elements of civil RICO: (1) conduct; (2) of an enterprise; (3) through a

pattern of racketeering activity; and (4) resulting in injury to business or property (18 U.S.C. §

1962(c)). (See SUMF ¶¶ 39–41.)

Third, civil RICO claims require knowledge and pleading of predicate acts. At the time of the prior copyright litigation, Plaintiffs were unaware of the racketeering conduct and predicate acts now forming the basis of this action. The law is clear: res judicata and collateral estoppel do not bar claims based on newly discovered facts or injuries that could not have been raised previously. See *Living Designs, Inc. v. Dupont*, 431 F.3d 353, 362 (9th Cir. 2005). Plaintiffs' complaint (Doc. 1, Doc. 85) specifically alleges these newly discovered predicate acts, which are essential to the RICO cause of action and were not—and could not have been—adjudicated in any prior proceeding. (See SUMF ¶¶ 42–44.)

Fourth, a side-by-side comparison of the pleadings confirms that the present RICO claims are neither identical nor based on the same operative facts as those previously adjudicated. Plaintiffs respectfully request the Court review Exhibits 1–3 (prior copyright complaints) and the current complaint to confirm these distinctions.

Accordingly, Defendants' reliance on res judicata and collateral estoppel is misplaced. The absence of any related case in the appellate record, the clear distinction in legal theories and operative facts, and the emergence of new predicate acts all confirm that the present RICO action is not precluded by prior copyright litigation. Plaintiffs respectfully request the Court take judicial notice of the official docket, review the attached prior complaints, and deny Defendants' motion on these grounds.

# VI. JUDICIAL CONFLICT, FAILURE TO ADDRESS MERITS, AND PRESERVATION OF OVERSIGHT AND APPELLATE RIGHTS

The Court's August 2025 Order (Doc. 208) summarily denied Plaintiffs' Rule 60(b), Rule 56, and default judgment motions, relying solely on a prior filing injunction and failing to address the merits, uncontested facts, or controlling law. Judge Thrash, as a named defendant and

conflicted party, is disqualified under 28 U.S.C. § 455; orders entered by a disqualified judge are void and must be vacated. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). His continued involvement and failure to recuse have resulted in further procedural irregularities and deprived Plaintiffs of a fair adjudication.

Plaintiffs have filed a judicial misconduct complaint with the Eleventh Circuit Judicial Council (Aug. 9, 2025) and are preparing to notify the DOJ Public Integrity Section and FBI regarding concerns of systemic judicial misconduct and fraud upon the court. These actions are taken to exhaust all remedies and protect the integrity of the judicial process. Should the Court decline to address the merits or remedy ongoing due process violations, Plaintiffs expressly preserve all appellate and administrative remedies, including review by the Eleventh Circuit and oversight bodies. All statements are made to preserve the record and ensure transparency regarding Plaintiffs' efforts to seek justice and accountability.

## VII. STATEMENT ON SYSTEMIC INEQUITY, PRO SE RIGHTS, AND THE RULE OF LAW

Plaintiffs highlight persistent issues in the Eleventh Circuit and NDGA regarding the treatment of pro se litigants. Pro se parties—especially those of limited means, veterans, and working citizens—are too often denied full justice under the Constitution and federal law. This case exemplifies how the rights of ordinary citizens can be diminished when compared to those with greater resources, undermining equal protection and meaningful court access.

Supreme Court precedent holds that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*,

429 U.S. 97, 106 (1976). The right to self-representation is constitutionally protected (*Faretta v. California*, 422 U.S. 806 (1975)), and courts must ensure pro se litigants receive meaningful access and are not disadvantaged by lack of legal training (*Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Judgment must be entered when law and facts support it, regardless of pro se status. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); Fed. R. Civ. P. 56. Anything less erodes public trust and the legitimacy of the judiciary.

## VIII. PRESERVATION OF RIGHTS

Plaintiffs preserve all rights, objections, and arguments for appellate review, including those under Federal Rule of Appellate Procedure 10 and all relief previously requested. This includes all constitutional, statutory, and common law grounds for relief, due process and equal protection under the Fifth and Fourteenth Amendments, access to courts (*Bounds v. Smith*, 430 U.S. 817 (1977)), and pro se rights (*Haines v. Kerner, Erickson v. Pardus*). Plaintiffs also preserve rights under Fed. R. Civ. P. 54(d) for costs and Rule 58 for entry of judgment.

## IX. INCOMPLETE APPELLATE RECORD AND UNADDRESSED JUDICIAL CONFLICT REQUIRE RELIEF UNDER RULE 60(B) AND 60(D)

Although the appellate court affirmed the district court's judgment, it lacked knowledge of critical procedural defects, jurisdictional violations, and omissions from the record. Judge Thrash, while a named defendant, continued to rule on substantive matters and entered dispositive orders—including Docs. 157, 168, and 169—after Plaintiffs' Notice of Appeal (Doc. 144) had divested the district court of jurisdiction. He was never removed as a defendant by a three-judge panel nor recused as required by law. The appellate decision (USCA Affirmed, Dec. 20, 2018 case no. 17-14866 (Doc. 183)) was rendered without the benefit of the full operative

record, as key filings—including the amended complaint and evidence of judicial conflict—were not transmitted. These defects, and Judge Thrash's ongoing conflict, were never disclosed or considered on appeal.

As a result, Defendants and Judge Thrash created the appearance that dispositive orders entered between Docs. 157 and 195 were proper, when they were issued while he was disqualified and without authority. The appellate affirmation does not cure these defects. This fundamental breakdown in the appellate process—an incomplete record, a conflicted judge, and orders in excess of jurisdiction—independently supports summary judgment and extraordinary relief under Rule 60(b) and 60(d). Plaintiffs respectfully request vacatur of all orders entered during disqualification and after the notice of appeal, reassignment to a neutral judge, and full adjudication of their claims on the merits.

## X. REQUEST FOR RELIEF

1. Vacate all orders entered by Judge Thrash after his disqualification pursuant to 28 U.S.C. § 455, as such orders are void ab initio;

2. Recuse Judge Thrash and immediately reassign this case to a neutral, non-conflicted judge for all further proceedings, to ensure impartiality and restore confidence in the administration of justice;

3. Set aside the August 10, 2018 filing injunction as inapplicable to legitimate Rule 60(b)/(d) and Rule 56 motions, and as contrary to law and due process;

4. Vacate all prior judgments and orders entered in violation of due process, the Federal Rules of Civil Procedure (including Rules 55, 56, 54, and 60), or by a conflicted judge;

5. Adjudicate Plaintiffs' Rule 60(b)/(d) and Rule 56 motions on the merits, in accordance with the uncontested record and controlling law;

6. Enter renewed summary judgment and/or default judgment in Plaintiffs' favor on all claims as set forth in the Amended Complaint and supporting record, pursuant to Fed. R. Civ. P. 56, 55, and 54(c);

7. Award damages as requested in Plaintiffs' unopposed motions (Docs. 197, 199, 203), including treble damages under RICO and such amounts as the Court deems just and proper;

8. Award Plaintiffs their costs as prevailing parties, pursuant to Fed. R. Civ. P. 54(d);

9. Direct the Clerk to enter judgment forthwith in accordance with Fed. R. Civ. P. 58;

a) Invoke the All Writs Act, 28 U.S.C. § 1651(a), and issue all writs necessary to protect the integrity of these proceedings and the Court's jurisdiction, including:

b) a. Staying all proceedings and vacating all orders entered by Judge Thrash after notice of his disqualification;

c) b. Reassigning this case to a neutral, non-conflicted judge for all further proceedings;

d) c. Granting all further writs and relief necessary to ensure that Plaintiffs' renewed summary judgment motion and all substantive matters are adjudicated by a judge who is not a party or otherwise disqualified;

10. Grant such other and further relief as the Court deems just and proper in the interests of justice.

## XI. CONCLUSION

The uncontested record, binding Supreme Court and Eleventh Circuit precedent, and fundamental constitutional guarantees require that Plaintiffs' motions be granted as a matter of law. The Court must not allow procedural injunctions or judicial conflicts to deny pro se litigants their right to a fair hearing and equal protection under the law (*Haines v. Kerner, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); 28 U.S.C. § 1654). Plaintiffs respectfully urge the

Court to grant the relief requested herein, to vacate all void and conflicted orders, to adjudicate

the merits as required by law, and to restore public confidence in the administration of justice.

Pursuant to Fed. R. Civ. P. 56, 55, 54, and 58, and the authorities cited herein, Plaintiffs

respectfully urge the Court to grant the requested relief.

Executed on August 11, 2025.


Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff


## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of

Civil Procedure, that to the best of our knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances, the foregoing motion and all supporting documents

are well grounded in fact and are warranted by existing law or by a good faith argument for the

extension, modification, or reversal of existing law; that the motion is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Motions and responses must not be presented to the court by letter. All requests for relief must be

made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, August 11, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and                                    Civil Action No. 1:17-cv-01181-TWT
Terri Tucker (Lowe),
Plaintiffs,                                          Joint Declaration Of Terri Tucker (Lowe)
                                                     and William James In Support of Plaintiffs'
v.                                                   for Renewed Summary Judgment Under
                                                     Rule 56 and for Relief Under Rule 60(b) and
Barbara Hunt, Tyler Perry,                           60(d)
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.                                          Thomas W. Thrash, Jr. U.S.D.J.

---

**JOINT DECLARATION OF TERRI TUCKER (LOWE) AND WILLIAM JAMES IN
SUPPORT OF PLAINTIFFS' MOTION FOR RENEWED SUMMARY JUDGMENT
UNDER RULE 56 AND FOR RELIEF UNDER RULE 60(b) AND 60(d)**

---

We, Terri Tucker (Lowe) and William James, declare under penalty of perjury as follows:

1. We are the plaintiffs in this action, acting pro se, and make this declaration based on
   personal knowledge, our direct participation in the events described, and a thorough
   review of the court record, docket, and all relevant documents.

2. We have reviewed the foregoing Statement of Undisputed Material Facts and the
   accompanying Motion for Renewed Summary Judgment under Rule 56 and for Relief
   under Rule 60(b) and 60(d), and affirm that the facts and procedural history stated therein
   are true and correct to the best of our knowledge, information, and belief.

3. All referenced documents, service attempts, procedural actions, and factual allegations
   described in the Statement—including evidence of missing filings, altered documents,

judicial conduct, and the procedural history—are accurately reflected in the court docket, our filings, and the attached exhibits.

4.  We further affirm that any facts regarding service, communications with the U.S. Attorney/DOJ, and the conduct of Judge Thomas W. Thrash, Jr. are based on our first-hand experience, the official record, and unrebutted evidence in this case.

5.  We note that this is not our first motion for Renewed summary judgment; Document 61 was our initial summary judgment motion. This present motion is based on new facts, subsequent procedural developments, Defendants' ongoing default, the court's failure to address material issues, and the need for relief under Rule 60(b) and 60(d).

6.  We make this declaration to support the truth, accuracy, and completeness of the Statement of Undisputed Material Facts and the renewed Motion for Renewed Summary Judgment.

Executed on August 11, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

Civil Action No. 1:17-cv-01181-TWT

Plaintiffs' Motion for Renewed Summary
Judgment Under Rule 56 And for Relief
Under Rule 60(b) and 60(d); Incorporated
Memorandum of Law

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Thomas W. Thrash, Jr. U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I caused a true and correct copy of the foregoing

Plaintiffs' Motion for Renewed Summary Judgment Under Rule 56 and for Relief Under Rule

60(b) and 60(d); Incorporated Memorandum of Law, together with all supporting documents, to

be served on all parties and counsel of record via the Court's CM/ECF electronic filing system.

For any parties not registered with CM/ECF, service was effected by first-class U.S. mail,

postage prepaid.

### Defendants Attorneys:

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber, Esq
7 Times Square
New York, NY 10036-
6569

Richard Gordon, Esq
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Executed on 11th Day of August, 2025.

Respectfully submitted,

Plaintiffs' Motion for Renewed Summary Judgment Under
Rule 56 And for Relief Under Rule 60(b) and 60(d);
Incorporated Memorandum of Law                    28

Case 1:17-cv-01181-TWT    Document 211    Filed 08/11/25    Page 29 of 29

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff