

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Plaintiffs' Statement of Undisputed Material
Facts in Support of Motion for Renewed
Summary Judgment Under Rule 56 and for
Relief Under Rule 60(b) And 60(d)

Hon. Thomas W. Thrash, Jr. U.S.D.J.

---

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR RENEWED SUMMARY JUDGMENT UNDER RULE 56 AND FOR RELIEF UNDER RULE 60(b) AND 60(d)**

Civil Action No. 1:17-cv-01181-TWT

## I. INTRODUCTION

1. Pursuant to Fed. R. Civ. P. 56 and NDGA Local Rule 56.1B(1), Plaintiffs respectfully submit this numbered statement of material facts as to which there is no genuine dispute:

2. Plaintiffs William James and Terri V. Tucker undertook exhaustive and diligent efforts to effect proper service of process on all defendants, including high-profile individuals and corporations with significant resources and a demonstrated pattern of evasion. Plaintiffs utilized every available lawful means—U.S. Marshals, professional process servers, and USPS certified mail—to ensure compliance with Rule 4, as documented in the docket:

3. Lionsgate Entertainment: Served on 4/5/2017 (Doc. 8), 4/28/2017 (Doc. 35), 7/3/2017 (Doc. 84)

4. Tyler Perry: Initially unexecuted (Doc. 9), subsequently served on 4/13/2017 (Doc. 19), 4/21/2017 (Doc. 25), 6/29/2017 (Doc. 79)

5. Oprah Winfrey Network: Served on 4/8/2017 (Doc. 13), 4/14/2017 (Doc. 17), 4/26/2017 (Doc. 36), 6/29/2017 (Doc. 79)

6. Harpo: Served on 4/14/2017 (Doc. 16), 4/26/2017 (Doc. 34), 6/29/2017 (Doc. 79)

7. Oprah Winfrey: Served on 4/26/2017 (Doc. 37), 6/29/2017 (Doc. 79)

8. Tyler Perry Company/Studios: Served on 4/12/2017 (Doc. 18), 4/21/2017 (Doc. 25), 6/29/2017 (Doc. 79)

9. Barbara Hunt: Served on 4/18/2017 (Doc. 23), 5/5/2017 (Doc. 39), 6/29/2017 (Doc. 79)

10. Chief Judge Thomas W. Thrash, Jr.: Initial attempt unexecuted (Doc. 98), successfully served on 7/14/2017, answer due 8/4/2017 (Doc. 100)

11. At every stage, Plaintiffs continued to serve process not out of neglect, but to ensure every defendant was properly notified and to exhaust all procedural requirements in the face of evasion and procedural obstacles. Plaintiffs' repeated service efforts were made in good faith and are thoroughly documented in the docket. (Exs. 8–9)

12. Defendants ultimately answered the complaint rather than moving to dismiss for insufficient process or service under Rule 12(b)(4) or (5), thereby waiving any such objections and confirming the sufficiency of service. Under Fed. R. Civ. P. 4(m), and as interpreted in *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984), and *Henderson v. United States*, 517 U.S. 654 (1996), service may "relate back" to the date of original filing—especially where defendants are notified, ultimately respond, and no prejudice is shown.

13. Plaintiffs respectfully request that the Court recognize these documented service attempts as evidence of diligence and good faith, deem all service of process sufficient and

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)      2

relating back to the original dates of service, and excuse any technical defects in light of the extraordinary circumstances, absence of prejudice to Defendants, and the interests of justice.

14. Judge Thomas W. Thrash, Jr. was added as a defendant in the operative complaint (Doc. 85) and remains a party to this action. No judge other than Judge Thrash himself has ever removed him from defendant status, nor has Judge Thrash denied or disputed his status as a party.

15. Defendants refused to participate in discovery, as evidenced by their Motion to Stay Discovery (Doc. 87), Motion for Protective Order (Doc. 89), and refusal to answer after the Court's Order (Doc. 95) following the void ruling (Order Doc. 138, which was a ruling on moot Motion Doc. 74).

16. Plaintiffs moved for default judgment and judgment as a matter of law based on Defendants' default and failure to respond, including the following filings: Docs. 119, 162, 197, 202 (Proposed Order), 203 (Unopposed Motion), and 207 (Reply and Request for Judgment as a Matter of Law).

17. Docs. 202 and 207 specifically establish Plaintiffs' entitlement to judgment as a matter of law, and neither has been substantively addressed or ruled upon by any order of the Court.

18. No Defendant filed an answer, response, or motion to set aside default within the time required by the Federal Rules of Civil Procedure. (See Docket; Doc. 207 at 2–3.)

19. Defendants did not seek or obtain leave of court to file any untimely response nor did they demonstrate excusable neglect as required by Fed. R. Civ. P. 6(b)(1)(B). (Doc. 207 at 3.)

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        3

20. The Court denied Plaintiffs' motions based solely on a filing injunction, without addressing the merits or the uncontested facts. (Doc. 208.)

21. The August 10, 2018 filing injunction was issued by a conflicted judge, is legally void as applied to renewed summary judgment and post-judgment (Rule 60) motions, and cannot lawfully bar adjudication on the merits under binding Supreme Court authority. (See, e.g., *United States v. Beggerly*, 524 U.S. 38 (1998); *Fink v. Shedd*, 241 U.S. 529 (1916); *Standard Oil Co. v. United States*, 429 U.S. 17 (1976).)

22. Defendants have not contested the damages calculations or the civil RICO liability set forth in Plaintiffs' motions and supporting record. (Docs. 197, 199, 203.)

23. The record establishes a continuing pattern of predicate acts under civil RICO, including newly discovered acts in 2023 and 2025, as well as procedural misconduct and fraud on the court. (See Doc. 202 at 2–3.)

24. Plaintiffs have requested judgment in the amount of $1,353,000,000 (treble damages), $451,000,000 (principal), or $752,383,300 (principal plus interest), as set forth in Docs. 197, 199, and 203.

25. No Defendant has filed a timely or substantive opposition to these requests.

26. Plaintiffs have preserved all procedural and constitutional objections, including the denial of due process, equal protection, and the right to a fair hearing as required by the U.S. Supreme Court. (See, e.g., *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89 (2007).)

27. All factual assertions herein are supported by the record, the docket, and the attached declarations and exhibits. All factual assertions herein are supported by the record, the docket, and the attached declarations and exhibits.

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        4

28. Plaintiffs respectfully submit that the Court's reliance on the August 10, 2018 injunction to bar consideration of Plaintiffs' Rule 60(b) motion and renewed summary judgment request is not only legally improper, but constitutes a knowing misuse of judicial authority that disproportionately harms Plaintiffs as pro se litigants. The injunction was never intended to—and, as a matter of law, cannot—foreclose access to post-judgment remedies under Rule 60(b), especially where issues of fraud, void judgment, or judicial conflict are at stake. The Court's continued use of this procedural barrier, despite clear Supreme Court and Eleventh Circuit precedent—all of which were expressly provided and cited in Plaintiffs' filings, including Doc. 199, Doc. 203, and Doc. 207—reflects not mere inadvertence but a pattern of taking advantage of Plaintiffs' unrepresented status to deny substantive review and due process. (See, e.g., *United States v. Beggerly*, 524 U.S. 38 (1998); *Fink v. Shedd*, 241 U.S. 529 (1916); *Standard Oil Co. v. United States*, 429 U.S. 17 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89 (2007).)

29. It is well established that the All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to issue all writs necessary to protect their jurisdiction and ensure the integrity of the proceedings, particularly where a disqualified judge refuses to recuse in violation of 28 U.S.C. § 455. In this case, Plaintiffs have requested such extraordinary relief because Judge Thrash, a named defendant, has refused to recuse, and no impartial judge has intervened to enforce recusal or reassignment. (See, e.g., *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); 28 U.S.C. § 1651.)

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)      5

30. It is well established that the United States Attorney or Department of Justice does not represent federal judges sued for actions taken outside their judicial capacity or in violation of clear statutory and constitutional mandates, such as 28 U.S.C. § 455 and controlling Supreme Court precedent. In this case, the State Attorney (U.S. Attorney/DOJ) appeared on behalf of Judge Thrash during the earlier period of this litigation—including in Doc. 116 and during appellate briefing on jurisdictional questions—but has not appeared or defended Judge Thrash in connection with Plaintiffs' Rule 60(b) motion and related post-judgment filings. This confirms that the conduct at issue—including refusal to recuse and continued participation as a party defendant—does not fall within Judge Thrash's official judicial capacity and does not entitle him to government representation. (See, e.g., *Mireles v. Waco,* 502 U.S. 9 (1991); *Stump v. Sparkman,* 435 U.S. 349 (1978); 28 U.S.C. § 455.)

Moreover, it is now evident that during the appeal, the State Attorney was not aware that Judge Thrash had withheld key documents from the appellate record, terminated all parties (including himself) as defendants while remaining a defendant, and issued at least seventeen orders (Docs. 95–96, 124–139) prior to the appeal, as well as additional orders during the appeal (Docs. 154, 168, 180, 195, and now 208), each in violation of federal law and clear statutory mandates. These actions underscore that Judge Thrash was not acting within his judicial capacity but rather in a personal and conflicted capacity, further justifying the State Attorney's absence from post-judgment defense and reinforcing Plaintiffs' entitlement to relief.

Plaintiffs further respectfully submit that they have substantially complied with Fed. R. Civ. P. 4(i) by serving the Attorney General of the United States in Washington, D.C.

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        6

(Jeff Sessions), and by personally serving Judge Thrash, as documented in Doc. 100.

While the government contends that service was not effected on the U.S. Attorney for the

Northern District of Georgia, any such technical defect is curable under Rule 4(i)(4), and

no prejudice has resulted, as Judge Thrash had actual notice and fully participated in the

litigation. Courts routinely permit pro se litigants to cure defects in service, and dismissal

is not required. See *Haines v. Kerner*, 404 U.S. 519 (1972); *Borzeka v. Heckler*, 739 F.2d

444 (9th Cir. 1984); *Henderson v. United States,* 517 U.S. 654 (1996). Plaintiffs

respectfully request that the Court find service sufficient or, alternatively, grant leave to

cure any technical defect in the interests of justice.

Finally, Plaintiffs note that, where a disqualified judge refuses to recuse as required by 28

U.S.C. § 455, the All Writs Act, 28 U.S.C. § 1651(a), authorizes and necessitates

extraordinary relief to protect the integrity of the proceedings and the parties'

constitutional rights. Plaintiffs have invoked this authority in light of Judge Thrash's

ongoing refusal to recuse, his continued issuance of orders as a party defendant, and the

absence of any impartial judicial intervention.

31. It is undisputed that Plaintiffs' original complaint (Document 1) was 53 pages and

included detailed factual allegations regarding, among other things, Judge Thrash's

potential conflict of interest relating to the TV show *"Too Close to Home"* and Annie

Thrash, as well as specific predicate acts and supporting evidence. However, when

Plaintiffs filed their Amended Complaint (Document 85), the document was reduced to

35 pages and omitted substantial content, including allegations and evidence concerning

Judge Thrash's conflict, the relationship between Annie Thrash and Tyler Perry, and

other predicate acts. Plaintiffs have placed on the record that multiple signatures,

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)       7

documents, and legal authorities were removed or altered by the court or its staff during

the docketing process, and that Document 85 is materially different from Document 1.

Neither the court nor any defendant has admitted, denied, or explained these alterations

or omissions, and the only predicate act that remained in Document 85 was the reference

to *William Windsor, case.* The absence of any denial or explanation constitutes an

admission under Fed. R. Civ. P. 8(b)(6) and supports Plaintiffs' claims of judicial

misconduct, concealment, and deprivation of due process.

32. It is undisputed that, after Plaintiffs filed their Notice of Appeal on October 26, 2018

(Doc. 144), Judge Thrash, while still a named defendant and without recusal or removal

by a three-judge panel, continued to rule on substantive matters and entered dispositive

orders—including granting Defendants' Motion for Summary Judgment for Injunction

(Doc. 157), issuing Order 168 on August 10, 2018, and Order 169 (Clerk's entry of

judgment), as well as subsequent orders through Doc. 195—despite being divested of

jurisdiction under Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). The

appellate court, in affirming the district court's judgment on December 20, 2018, was not

made aware of these jurisdictional violations, Judge Thrash's continued participation as a

party defendant, or the fact that key filings—including the amended complaint and

evidence of judicial conflict—were not transmitted as part of the appellate record. As a

result, dispositive orders entered between Docs. 157 and 195, and Judge Thrash's

subsequent Order (Doc. 208) on Plaintiffs' Motions (Docs. 196, 197, 199, and 203), were

issued while Judge Thrash was disqualified and lacked authority to act. No party has

disputed these facts, and the appellate court's affirmation was rendered without

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        8

knowledge of these fundamental defects, which independently support the need for renewed summary judgment and extraordinary relief under Rule 60(b) and 60(d).

33. Plaintiffs' Right to Seek Relief Unimpaired by Filing Injunction: It is undisputed that Plaintiffs' Motion for Renewed Summary Judgment under Rule 56 and for Relief under Rule 60(b) and 60(d) is expressly authorized by the Federal Rules of Civil Procedure and binding Supreme Court and Eleventh Circuit precedent. This motion addresses substantive issues—including judgment as a matter of law under Rule 56 and post-judgment relief under Rule 60(b) and 60(d)—that remain outstanding and have not been adjudicated on the merits. Despite prior filings, the Court has not ruled upon Plaintiffs' Rule 60(b) and 60(d) requests or addressed the uncontested factual and legal bases for summary judgment. Plaintiffs therefore submit this renewed motion to ensure these unresolved matters are properly decided as a matter of law, as required by the Federal Rules and controlling precedent.

**Controlling law confirms that:**

Rule 60(b) motions cannot be barred by filing injunctions (United States v. Beggerly, 524 U.S. 38, 46 (1998); Standard Oil Co. v. United States, 429 U.S. 17, 18 (1976); Fink v. Shedd, 241 U.S. 529, 531 (1916); Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990)). Due process and the right of access to the courts require that all litigants, including pro se parties, be given a meaningful opportunity to be heard and that their pleadings be liberally construed (Bounds v. Smith, 430 U.S. 817, 821 (1977); Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        9

The Court has a duty to rule on the merits when the law and facts support it, and to apply the summary judgment standard equally to all parties (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Marbury v. Madison, 5 U.S. 137, 177 (1803)).

Any contrary interpretation or procedural barrier would violate Plaintiffs' rights to due process, access to the courts, and equal protection under the law.

34. **Plaintiffs' Right to Seek Relief Unimpaired by Filing Injunction**

It is undisputed that Plaintiffs' Motion for Renewed Summary Judgment under Rule 56 and for Relief under Rule 60(b) and 60(d) is expressly authorized by the Federal Rules of Civil Procedure and binding Supreme Court and Eleventh Circuit precedent. This motion addresses substantive issues—including judgment as a matter of law under Rule 56 and post-judgment relief under Rule 60(b) and 60(d)—that remain outstanding and have not been adjudicated on the merits. Despite prior filings, the Court has not ruled upon Plaintiffs' Rule 60(b) and 60(d) requests or addressed the uncontested factual and legal bases for summary judgment. Plaintiffs therefore submit this renewed motion to ensure these unresolved matters are properly decided as a matter of law, as required by the Federal Rules and controlling precedent.

Controlling law confirms that:

- Rule 60(b) motions cannot be barred by filing injunctions (*United States v. Beggerly*, 524 U.S. 38, 46 (1998); *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976); *Fink v. Shedd*, 241 U.S. 529, 531 (1916); *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990)).

- Due process and the right of access to the courts require that all litigants, including pro se parties, be given a meaningful opportunity to be heard and that their pleadings be

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)          10

liberally construed (*Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

- The Court has a duty to rule on the merits when the law and facts support it, and to apply the summary judgment standard equally to all parties (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Marbury v. Madison*, 5 U.S. 137, 177 (1803)).
  Any contrary interpretation or procedural barrier would violate Plaintiffs' rights to due process, access to the courts, and equal protection under the law.

## II. SELECTIVE AND IMPROPER APPLICATION OF RES JUDICATA

**34.** The Court's prior orders inconsistently and selectively applied res judicata. In Document 138, the Court ruled in favor of Oprah Winfrey, Tyler Perry, and their alleged privities on res judicata grounds, yet omitted Lionsgate and Barbara Hunt from this ruling.

**35.** There is no legal or factual basis for subsequently applying res judicata to Lionsgate and Barbara Hunt, who were not included in the operative order. Preclusion doctrines only apply to parties actually included in the prior adjudication and for whom issues were fully and fairly litigated.

**36.** (See Taylor v. Sturgell, 553 U.S. 880 (2008); Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979).)

## III. NO RECORD OF PRIOR "CONNECTED" CASE IN APPELLATE FILINGS—NO PRECLUSIVE EFFECT

**37.** Defendants' assertion of res judicata and collateral estoppel is factually and procedurally unsupported. If the prior case truly precluded this action, it would appear in the court's automated system linking related appellate matters.

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        11

**38.** Plaintiffs submit as **Exhibit X** the official docket and appellate record, which do not reference the so-called "connected" case upon which defendants rely. This absence is dispositive: there is no record of a prior adjudication on the same nucleus of operative facts, nor any decision addressing the RICO claims or predicate acts now before the Court.

## IV. DIFFERENT NUCLEUS OF OPERATIVE FACTS, NEW EVIDENCE, AND NO OVERLAP IN LEGAL THEORIES

**39.** The present RICO action arises from a wholly distinct set of operative facts, newly discovered predicate acts, and ongoing racketeering activity—none of which were known or could have been alleged in the prior copyright infringement actions. **40.** Plaintiffs' attached exhibits (**Exs. 1, 2, and 3**) are prior copyright complaints, demonstrating that the previous cases were limited to the three statutory elements of copyright infringement:

(1) Ownership of a valid copyright;

(2) Copying of constituent elements;

(3) Unauthorized use. **41.** In contrast, the present action alleges the four elements of civil RICO:

(1) Conduct;

(2) Of an enterprise;

(3) Through a pattern of racketeering activity;

(4) Resulting in injury to business or property (18 U.S.C. § 1962(c)).

## V. CIVIL RICO COULD NOT HAVE BEEN BROUGHT PREVIOUSLY—PREDICATE ACTS DISCOVERED AFTER PRIOR LITIGATION

**42.** Civil RICO claims require knowledge and pleading of predicate acts. At the time of the prior copyright litigation, Plaintiffs were unaware of the racketeering conduct and predicate acts now forming the basis of this action.

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)       12

**43.** The law is clear: res judicata and collateral estoppel do not bar claims based on newly discovered facts or injuries that could not have been raised previously.

(See Living Designs, Inc. v. Dupont, 431 F.3d 353 (9th Cir. 2005).)

**44.** Plaintiffs' complaint (**Doc. 1, Doc. 85**) specifically alleges these newly discovered predicate acts, which are essential to the RICO cause of action and were not—and could not have been— adjudicated in any prior proceeding.

## VI. DEFENSE NARRATIVE MANIPULATION AND JUDICIAL INCONSISTENCY

**45.** Defendants have repeatedly shifted their narrative to suit procedural advantage, resulting in confusion and prejudice to Plaintiffs.

- In their motion for reassignment (**Doc. 31**), Defendants mischaracterized the present action as duplicative of a prior case, misleading Judge Story by implying both were civil RICO actions—despite the prior case being copyright-only.

- Plaintiffs' civil cover sheet (**Doc. 7**) accurately disclosed similar parties but expressly stated the claims and issues were not the same. Defendants disregarded this distinction to secure reassignment to Judge Thrash.

**46.** Subsequently, in their motion for judgment on the pleadings (**Doc. 74**), Defendants acknowledged the present action as civil RICO, yet elsewhere, including **Doc. 52** and in their answers, they reverted to characterizing the case as copyright infringement.

**47.** This shifting of legal theories is further evidenced by their arguments in **Doc. 138**, where they claimed Plaintiffs failed to state a RICO claim, despite clear allegations in the original complaint (**Doc. 1**).

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)      13

**48.** The Court's summary judgment and injunction order (**Doc. 157**) then inconsistently enjoined all defendants—including those not previously included in the res judicata ruling—compounding the procedural confusion.

## VII. JUDICIAL ERRORS AND PREJUDICE

**49.** The presiding judge at the time of these rulings was, by Plaintiffs' allegations and the record, a defendant, rendering the orders legally void and subject to vacatur.

**50.** The orders inconsistently applied preclusion doctrines, failed to address the actual pleadings, and permitted Defendants to evade substantive review through procedural gamesmanship.

**51.** The shifting positions and misrepresentations by Defendants have irreparably prejudiced Plaintiffs and undermined the integrity of these proceedings.

## VIII. SUGGESTED SUMMARY STATEMENT

**52.** Accordingly, Defendants' reliance on res judicata and collateral estoppel is misplaced. The absence of any related case in the appellate record, the clear distinction in legal theories and operative facts, and the emergence of new predicate acts all confirm that the present RICO action is not precluded by prior copyright litigation.

**53.** Plaintiffs respectfully request the Court take judicial notice of the official docket, review **Exhibits 1–3** (prior copyright complaints), and deny Defendants' motion on these grounds.

## IX. CLARIFICATION FOR THE COURT

**54.** Plaintiffs respectfully request that the Court take judicial notice of the record, including the sequence and substance of Defendants' filings and the Court's orders. The evidence shows:

- Res judicata was not and cannot be properly applied to Lionsgate and Barbara Hunt, who were omitted from the operative order.

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)      14

- Defendants have alternated between characterizing the case as copyright infringement and civil RICO, depending on procedural posture, to the detriment of Plaintiffs.

- Plaintiffs' complaint (**Doc. 1**) clearly and specifically pled RICO claims and predicate acts, contrary to Defendants' assertions.

- The Court's orders have inconsistently and improperly addressed the actual claims and parties, resulting in manifest injustice.

## X. PRIOR COPYRIGHT LITIGATION DOES NOT PRECLUDE PLAINTIFFS' RICO CLAIMS

*55. Plaintiffs' prior copyright complaints are attached as Exhibits 1, 2, and 3. 38. The prior complaints allege only copyright infringement—ownership, copying, and unauthorized use—and do not allege any pattern of racketeering activity, predicate acts, or injury to business or property under 18 U.S.C. § 1962(c). 39. The present action alleges civil RICO claims, including conduct of an enterprise through a pattern of racketeering activity and resulting injury to business or property. (Doc. 1, Doc. 85.) 40. Plaintiffs were unaware of the predicate acts now forming the basis of this action at the time of the prior copyright litigation. 41. The official docket and appellate record (Ex. X) do not reference any "connected" case or adjudication on the same nucleus of operative facts as the present RICO claims.*

## XI. SUMMARY OF UNDISPUTED MATERIAL FACTS

56. This Statement of Undisputed Material Facts is submitted in support of Plaintiffs' Motion for Renewed Summary Judgment under Federal Rule of Civil Procedure 56 and for Relief under Rules 60(b) and 60(d). Pursuant to Rule 56 and NDGA Local Rule 56.1B(1), Plaintiffs present each material fact, numbered and supported by citations to the record, pleadings, and attached exhibits.

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        15

- Plaintiffs respectfully submit that the record demonstrates—without genuine dispute—that Defendants failed to answer or otherwise defend against the Amended Complaint, defaulted on their obligations under the Federal Rules, and have not contested the material allegations, damages, or legal theories advanced by Plaintiffs. The facts further establish that Judge Thomas W. Thrash, Jr., a named defendant, acted outside his judicial capacity, failed to recuse as required by law, and participated in procedural irregularities and due process violations that warrant extraordinary relief. The record also includes unrebutted evidence of document alteration, missing filings, and judicial conflict, all of which remain unaddressed by Defendants or the Court.

- Each fact set forth below is material to Plaintiffs' entitlement to judgment as a matter of law under Rule 56 and to post-judgment relief under Rule 60(b) and 60(d), including vacatur of void orders, entry of default and renewed summary judgment, reassignment to a neutral judge, and all further just relief. Plaintiffs have preserved all procedural and constitutional objections and request that the Court grant renewed summary judgment and all requested relief based on the uncontested record.

Executed on August 11, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)      16

## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing motion and all supporting documents are well grounded in fact and are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Motions and responses must not be presented to the court by letter. All requests for relief must be made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, August 11, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)    17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Joint Declaration Of Terri Tucker (Lowe)
and William James In Support of Plaintiffs'
Motion For Renewed Summary Judgment
Under Rule 56 and for Relief Under Rule
60(b) and 60(d)

Thomas W. Thrash, Jr. U.S.D.J.

**JOINT DECLARATION OF TERRI TUCKER (LOWE) AND WILLIAM JAMES IN
SUPPORT OF PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF PLAINTIFFS MOTION FOR RENEWED SUMMARY JUDGMENT
UNDER RULE 56 AND FOR RELIEF UNDER RULE 60(b) AND 60(d)**

We, Terri Tucker (Lowe) and William James, declare under penalty of perjury as follows:

1. We are the plaintiffs in this action, acting pro se, and each of us makes this declaration

   based on personal knowledge, our direct participation in the events described, and a

   thorough review of the court record, docket, and all relevant documents.

2. We have reviewed the foregoing Statement of Undisputed Material Facts, and affirm that

   the facts stated therein are true and correct to the best of our knowledge, information, and

   belief.

3. All referenced documents, service attempts, procedural actions, and factual allegations

   described in the Statement—including evidence of missing filings, altered documents,

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        18

judicial conduct, and the procedural history—are accurately reflected in the court docket, our filings, and the attached exhibits.

4.  We further affirm that any facts regarding service, communications with the U.S. Attorney/DOJ, and the conduct of Judge Thomas W. Thrash, Jr. are based on our first-hand experience, the official record, and unrebutted evidence in this case.

5.  We make this declaration to support the truth, accuracy, and completeness of the Statement of Undisputed Material Facts submitted in support of Plaintiffs' Motion for Renewed Summary Judgment under Rule 56 and for Relief under Rule 60(b) and 60(d).

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 11, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)       19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James And                                Civil Action No. 1:17-Cv-01181-TWT
Terri Tucker (Lowe),
Plaintiffs,                                       Plaintiffs' Statement of Undisputed Material
                                                  Facts in Support of Motion for Renewed
                                                  Summary Judgment Under Rule 56 and for
V.                                                Relief Under Rule 60(b) And 60(d)


Barbara Hunt, Tyler Perry,
Oprah Winfrey, Et Al., And
Judge Thomas W. Thrash, Jr.              Thomas W. Thrash, Jr. U.S.D.J.
Defendants.

---

### CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I caused a true and correct copy of the foregoing

Plaintiffs' Statement of Undisputed Material Facts in Support of Motion for Renewed Summary

Judgment Under Rule 56 and for Relief Under Rule 60(b) and 60(d) to be served on all parties

and counsel of record via the Court's CM/ECF electronic filing system. For any parties not

registered with CM/ECF, service was effected by first-class U.S. mail, postage prepaid

**.Defendants Attorneys:**

Lori M. Beranek              Tom J. Ferber, Esq          Richard Gordon, Esq
Assistant United States      7 Times Square              1495 Powers Ferry Road
Attorney                     New York, NY 10036-         Ste 101
600 U.S. Courthouse          6569                        Marietta, GA 30067
75 Spring Street SW
Atlanta, GA 30303

Executed on 11th Day of August, 2025.

Respectfully submitted,

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)        20

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiffs' Statement of Undisputed Material Facts
in Support of Motion for Renewed Summary Judgment Under
Rule 56 and for Relief Under Rule 60(b) And 60(d)          21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs, | Civil Action No. 1:17-cv-01181-TWT |
| | Exhibit: 1 Complaint Case 1:15-cv-03400-TWT |
| v. | |
| Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Judge Thomas W. Thrash, Jr.<br>Defendants. | Thomas W. Thrash, Jr. U.S.D.J |

**EXHIBIT: 1 COMPLAINT COPYRIGHT INFRINGEMENT 1:15-CV-03400-TWT**

EXHIBIT 1
Complaint for Copyright Infringement (2010–2015)

Description:
A true and correct copy of the complaint for copyright infringement filed in Strickland v. Perry, Case No. 1:15-cv-03400-TWT (N.D. Ga.), covering alleged acts from 2010 to 2015.

**Note:**
The only defendant named in this complaint is Tyler Perry, the individual. Lionsgate, the Tyler Perry Company, Tyler Perry Studios, and any other parties or privities were not named as defendants in this action.

This complaint does not appear in the list of related or associated cases for the current action as annotated in PACER. Its absence from the related cases docket further demonstrates that the present RICO action is not precluded by, nor duplicative of, the prior copyright litigation.

Ex. 1 Complaint 1:15-cv-03400-TWT

# EXHIBIT 1

## Plaintiffs Complaint

## Case 1:15-cv-03400-TWT

**P. 22**

# Tab 4
# Civil Action
# Complaint
# 8 pgs

EXHIBIT 1   P.  24

RECORDED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**SEP 2 5 2015**

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## UNITED STATES GOVERNMENT COURT

## NORTHERN DISTRICT OF GEORGIA

**TERRI V. STRICKLAND**                          :
**3009 Somerset Drive**
**Leavenworth, KS 66048**

                    **PLAINTIFF,**

                                         CIVIL ACTION NO. **1: 15 - CV - 3400**

        Vs.                              :

                                         **JURY TRIAL DEMANDED**

**TYLER PERRY**
**4110 Paces Ferry Rd N.W.**
**Atlanta, GA 30327 and**
**3300 Continental Colony Parkway SW**
**Atlanta, GA 30331**

                    **DEFENDANT,**

_____:

## CIVIL ACTION: COMPLAINT

### A. JURISDICTION AND VENUE

1. Jurisdiction is based upon federal question, to wit, the Copyright Act of 1976 as
   amended. Title 17, United States Code.

2. Venue is proper under the Fed.R.Civ. Pro.

### B. THE PARTIES

3. PLAINTIFF TERRI V. STRICKLAND ("TVS") ("PLAINTIFF") is a private adult
   formerly known as TERRI V. DONALD aka d/b/a TLO-REDNESS is an
   individual who does business at the above address; PLAINTIFF is currently
   employed with the United States Army as an Audio Visual Production Specialist
   series 1071 for the last 6 years 10 months prior enlisted Combat Photographer
   /Videographer MOS 25V and Graduate of Florida Metropolitan University South
   Film and Video Associates Degree, Vice-President of World Wide Film/Video

1

EXHIBIT 1  P. 25

Music Productions, current Co-owner of the Rudy and Phipher Inc., Children's Theatrical Play, Children's Book and Children's Clothing line.

4. DEFENDANT Tyler Perry ("TP") ("DEFENDANT") is a private adult individual who owns/writes/dba for the Tyler Perry Studios ("TPS") is a domestic corporation doing business in this district, with its corporate headquarters at the above address. Tyler Perry is engaged as a writer for the TPS which produces major motion pictures, inter alia.

5. At all times material hereto DEFENDANT TP operated through acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

6. The doctrine of respondent superior applies to the DEFENDANT.

## C. THE FACTS

7. PLAINTIFF, a citizen of the United States, authored a book entitled "Yell A Little" which eventually became "Bad Apples Can Be Good Fruit." (BAGF) book. (hereinafter referred to as "BAGF").

8. BAGF is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

9. BAGF contains "protectable elements" afforded copyright protection, which protectable elements are inclusive but not limited to the unique story line, the characters portrayed, the expressions of BAGF, the scenes descriptions of BAGF, the description of the characters of BAGF, the characteristics and personalities of the characters of BAGF, the plot of BAGF, the language of BAGF, the background of the characters of BAGF and the overall theme of BAGF book.

10. PLAINTIFF duly applied to the Library of Congress copyright office, and received a certificate of registration for the "BAGF", and "Yell A Little" book. (See exhibit

2

EXHIBIT 1  P. 26

A), attached and incorporated by reference as though fully set forth herein and made part hereof.

11. Subsequent thereto, PLAINTIFF published BAGF book for sale, and or licensed BAGF to appropriate third parties for publication and sale, in compliance with federal copyright law, and PLAINTIFF TERRI V. STRICKLAND has remained the sole author and owner of the copyright of BAGF. (see exhibit A).

12. Subsequent to the issuance of the copyright infringement suit against the TPS it was newly learned and acquired information that the DEFENDANT TP infringed upon the PLAINTIFF's copyrighted work by infringing and taking the BAGF book mailed to the Tyler Perry Studios 541 10th Street SW, Atlanta GA 30318 in September 2008 and claimed the BAGF book as his own writing adapting the BAGF book into a feature length film and motion picture and then presenting the script to the Tyler Perry Studios staff and commercially released the film entitled "Good Deeds" to the general public stating it was written by DEFENDANT TP. (CD .pdf copy of the BAGF Book. (see exhibit B).

13. DEFENDANTS Company Tyler Perry Studios with distribution from the Lions Gate Film Company released the film "Good Deeds" and it was commercially released to the general public worldwide as a major motion picture on or about February 2012, stating it was written by Writer TP. The DVD was released June 2012.

14. The film is still being infringed upon to date as it is still being sold to the general public and therefore infringement statute of limitations (SOL) should begin 3 years from date of infringement ends or when owner learns of infringement.

15. DEFENDANT is the owner of Tyler Perry Studios (TPS) and ultimately responsible for the actions of said company employees or owners.

3

EXHIBIT 1   P. 27

16. The last action by the PLAINTIFF was filed against Tyler Perry Studios and Lions

    Gate Film in federal court of the SOUTHERN DISTRICT OF NEW YORK was on

    August 21, 2014, as a result, a teleconference was held. In attendance,

    HONORABLE William H. Pauley III, United States District Judge (U.S.D.J.),

    DEFENDENTS' Attorney, PLAINTIFFS' Attorney and the PLAINTIFF, for case

    1:13-cv-01655-WHP.

17. This suit is being filed against Tyler Perry (Person). On or about July 9, 2014 I,

    (PLAINTIFF) discovered while viewing the film "Good Deeds" that it was Tyler

    Perry (The Person) who claimed to have written the film "Good Deeds". It was

    Tyler Perry, himself who had infringed upon the copyrighted work BAGF and used

    the copyrighted work BAGF to profit his TPS. According to copyright law Title 17

    USC Section 5 a person has three years from the time he/she discovers

    infringement to file a civil claim. Tyler Perry Infringement is ongoing and

    continuous because he continues to profit off of the sales of the film "Good Deeds"

    to the general public. Currently infringed, Titled "Tyler Perry GD" (See exhibit G).

18. The first copy of BAGF was sent on or about January 23, 2008 with a letter

    addressed to Tyler Perry explaining the PLAINTIFF was looking for a production

    company to assist in the production of BAGF the movie and sent the BAGF book

    with the letter entitled "Tyler Perry Studios Letter" dated January 20, 2008 6:54pm.

    (see exhibit C).

19. The second copy of BAGF, TLO-Redness, Paperback $13.73, shipping and

    handling $3.99, total order $17.72 was sent by the PLAINTIFF on September 17,

    2008 at 8:48:42 PM GMT+9 through Amazon Delivery Estimated on September

    13, 2008 order #002-4330820-2182632 sent to Tyler Perry 541 10th Street NW

    Atlanta GA 30318-5713, this was requested by the Tyler Perry Production Staff

4

EXHIBIT 1  P. 28

prior to re-sending the book. Verification of Shipment from Amazon tracking number: 9102001206932728111487. (see exhibit D and E).

## COUNT ONE: VIOLATION OF TITLE 17, UNITED STATES CODE 501 COPYRIGHT INFRINGEMENTS (AGAINST TYLER PERRY)

20. Paragraphs 1 through 19 are inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

21. Subsequent to PLAINTIFF'S creation and copyrighting of BAGF DEFENDANT TP, having access to BAGF book through the Tyler Perry Company, decided to adapt PLAINTIFF'S BAGF book into a feature length film as a major motion picture and named it "GOOD DEEDS" and claim copyrighted re-mixed material as his own writing.

22. Absent contractual agreement although the PLAINTIFF requested TP to assist with production of movie, TP proceeded to make the film 4 years after receiving the copyrighted book BAGF and without PLAINTIFF'S knowledge made the book into a feature length film, thereby unlawfully infringing upon PLAINTIFF'S copyright protected book BAGF. Similarities Comparison (see exhibit F).

23. Accordingly said DEFENDANTS are liable to PLAINTIFF for copyright infringement pursuant to Title 17 of the U.S. Code 501 through 513.

WHEREFORE on count one, PLAINTIFF TERRI V. STRICKLAND formerly TERRI V. DONALD aka TLO-REDNESS demands judgment in her favor and against DEFENDANT TP as follows:

a) For statutory damages Thirty Five Million Dollars $35,000,000.00 per TP;

b) For actual damages in excess of Thirty Five Million Dollars $35,000,000.00;

c) For such other relief as this Court may deem proper.

5

EXHIBIT 1  P. 29

## COUNT TWO: ACCOUNTING AND CONSTRUCTIVE TRUST

24. Paragraphs 1 through 23, inclusive are incorporated by reference as though fully set forth herein and made a part hereof

25. PLAINTIFF is entitled to a full accounting in order to determine the exact nature and amount of revenues generated, and accrued to DEFENDANTS pertaining to "Good Deeds", said revenues to be set aside and deposited in a separate bank account in constructive trust for PLAINTIFF.

WHEREFORE on Count Two, PLAINTIFF TERRI V. STRICKLAND formerly known as TERRI V. DONALD aka TLO-REDNESS demands judgment in her favor and against DEFENDANT TP as follows:

a) For TP to file a full accounting listing all gross revenues earned to TP and TPS earned in regard to the Film and Motion Picture, "Good Deeds".

b) For the imposition of a constructive trust in favor of PLAINTIFF.

c) For such other relief as the Court may deem proper.

## COUNT THREE: INJUNCTIVE RELIEF (AGAINST THE DEFENDANT)

26. Paragraphs 1 through 25 inclusive, are incorporated by reference as though fully set forth herein and made part hereof.

27. PLAINTIFF'S copyrighted work is unique and extraordinary, and DEFENDANT improper unlawful action has caused, and continues to cause irreparable damage to PLAINTIFF.

28. PLAINTIFF is entitled to injunctive relief as set forth herein below because she has no adequate remedy at law.

29. PLAINTIFF is entitled to this Court's grant of injunctive relief.

WHEREFORE on Count Three, PLAINTIFF TERRI V. STRICKLAND formerly TERRI V. DONALD aka TLO-REDNESS demands judgment in her favor and

6

EXHIBIT 1  P. 30

against DEFENDANT TP as follows:

a) For the issuance of a permanent injunction requiring the DEFENDANT TP to:

    i)    Edit the film "Good Deeds" to prominently, in large bold letters, bold, single

        card, in the opening and closing credits",

**"BASED UPON THE NOVEL**

**"BAD APPLES CAN BE GOOD FRUIT"**

**BY TERRI V. DONALD –TLO-REDNESS"**

DEFENDANTS' continued unlawful use of PLAINTIFF'S copyrighted work;

    ii)    Edit all printed advertising and media for the film "Good Deeds", to include

        the above-pleaded for a mandatory injunction requiring DEFENDANTS' to

        alter all printed materials pertaining to the film "Good Deeds" to reflect

        PLAINTIFF'S proprietary interest in the copyright and all rights

        appurtenant thereto;

    b. For such other relief as this Court may deem proper.

Respectfully Submitted

September 14, 2015          Terri V. Strickland, Pro Se

                        Pro Se Litigant

                        3009 Somerset Drive

                        Leavenworth, Kansas 66048

                        terrilowe43@gmail.com

                        Phone: 347-705-2043

7

EXHIBIT 1  P. 31

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),
Plaintiffs,

Civil Action No. 1:17-cv-01181-TWT

Exhibit: 2 Complaint Case 2:13-CV-00139-
RLM-PRC

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Thomas W. Thrash, Jr. U.S.D.J

---

## EXHIBIT: 2 COMPLAINT COPYRIGHT INFRINGEMENT Case No. 2:13-cv-00139-RLM-PRC

---

EXHIBIT 2
Complaint for Copyright Infringement (2013)

Case No. 2:13-cv-00139-RLM-PRC  William James v. Tyler Perry, Tyler Peery Studios,
Lionsgate Complaint for Copyright Infringement (Filed April 24, 2013)
For Comparison Purposes

Description:
A true and correct copy of the complaint for copyright infringement filed in William James v.
Tyler Perry, Tyler Perry Studios, and Lions Gate Entertainment, Case No. 2:13-cv-00139-RLM-
PRC (N.D. Ind.), filed on April 24, 2013.

This exhibit is submitted for comparison with Document 1 and Document 85 in the present
action to demonstrate that these complaints are legally and factually distinct.

Note:
This complaint names Tyler Perry (individual), Tyler Perry Studios, and Lions Gate
Entertainment as defendants. It does not appear in the list of related or associated cases for the
current action as annotated in PACER, further demonstrating that the present RICO action is not
precluded by, nor duplicative of, this prior copyright litigation.

Ex. 2 Complaint 2:13-CV-00139-RLM-PRC

1

EXHIBIT 2 P. 32

# EXHIBIT 2

## Plaintiffs Complaint

## Case 2:13-cv-00139-RLM-PLC

**P. 33**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA** 2013 APR 24  PM 1:53

|  |  |  |
|---|---|---|
| WILLIAM JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | |
| TYLER PERRY, | ) | |
| AND TYLER PERRY STUDIOS, | ) | |
| AND LIONS GATE ENTERTAINMENT, | ) | |
| | ) | |
| Defendants. | | |

**2  13CV  139**

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

---

### INTRODUCTION

1.      "Lovers Kill" is a copyrighted script/play/screenplay created solely through the imagination and effort of writer William James. The plot of "Lovers Kill" centers on a married couple; the wife of whom, is tempted by another man and subsequently has an affair which destroys her life and marriage. William James entrusted his copyrighted work with an associate of Oprah Winfrey of Harpo Studios. The associate told Mr. James that she would be presenting it to Tyler Perry for his review and consideration. Mr. James was never apprised as to whether the named Defendants had any interest in his screenplay, or in the alternative, that they would be adopting, utilizing and/or modifying his plot in the making of Tyler Perry's "*Temptation: Confessions Of A Marriage Counselor.*" The Defendants have represented to the public that it, in fact, owns the copyright to the movie "Temptation" and the plot therein. Those representations made to the public by the named Defendants are false. The true facts are that William James has been the victim of exploitation given that the Defendants had access to James' copyrighted work

EXHIBIT 2  P.  34

"Lovers Kill", and given that the Defendants modified his copyrighted work without his consent in the making of "Temptation."Accordingly, Plaintiff William James is entitled to the millions of dollars of profits that have been kept by the Defendants.

## THE PARTIES

2.      William James (hereinafter "James") is a citizen of the State of Indiana.

3.      Tyler Perry is a citizen of the State of Georgia, and is believed to be the major shareholder of Tyler Perry Studios.

4.      Tyler Perry Studios (hereinafter "TPS") is a limited liability corporation duly organized and existing under the laws of the State of Georgia, with its principal place of business located at 3300 Continental Colony Parkway SW, Atlanta, Georgia 30331-5713. TPS is engaged in the business of motion picture production for worldwide distribution.

5.      Lions Gate Entertainment (hereinafter "LGE") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 2700 Colorado Avenue # 200, Santa Monica, CA 90404-5502. LGE is engaged in the distribution of motion pictures worldwide.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in Indiana under 28 U.S.C. § 1400(a) because this Court has personal jurisdiction over Tyler Perry, TPS, and LGE and because acts of copyright infringement concerning William James' screenplay occurred within the State of Indiana.

EXHIBIT 2  P.  35

## COPYRIGHT OWNERSHIP

7.      The script/play/screenplay "Lovers Kill" was created solely through the imagination and effort of William James in 2009. The script/play/screenplay contains protectable elements related to the storyline, characters, events, expressions, and its unique chronology of events.

8.      That on April 9, 2010, William James registered his script/play/screenplay with the United States Copyright Office. A true and correct copy of James' Certificate of Registration is attached hereto as Exhibit A and incorporated herein by this reference.

9.      That on or about June 2011, James entrusted his copyrighted work to Barbara Hunt, an associate of Oprah Winfrey. Ms. Hunt was to present James' work for Tyler Perry's review and consideration, in hopes that Mr. Perry would feature James' work in a production for profit of some sort.

10.     That on or about January 2013, James learned through various media channels that Tyler Perry, TPS, and LGE would be rolling out the film "Temptation" in box office theatres around the country beginning Spring 2013.

11.     That without James' consent, Defendants began showing the film in Indiana and nationwide on March 29, 2013.

12.     That on or about March 29, 2013, James learned that the plot for "Temptation" was so *substantially similar* to the plot in "Lovers Kill", that it was more than mere coincidence.

## FIRST CLAIM FOR RELIEF
### *FEDERAL COPYRIGHT INFRINGEMENT*

13. Plaintiff incorporates by reference all the allegations of paragraphs 1-12, inclusive as though set forth in full.

14. Defendants have used James' screenplay and accompanying plot without permission or remuneration in the making of the box office motion picture production "Temptation." According to current estimates, "Temptation" has earned $49 million in box office receipts as of this filing.

15. Plaintiff has complied in all respects with 17 U.S.C. § 101 et seq. including registering his work with the United States Copyright Office as stated in paragraph 8. As such, James has secured the exclusive rights and privileges in and to the copyright of "Lovers Kill" and the plot therein. James has been and still is the sole owner of all rights, titles and interests in and to the copyright of "Lovers Kill" and the plot therein.

16. The Defendants' exploitation and use of the plot contained in "Lovers Kill" as set forth above, without James' consent violates the exclusive rights belonging to James as the owner of the copyright in "Lovers Kill", including without limitation, James' rights under 17 U.S.C. § 106.

17. Plaintiff seeks an award of actual or statutory damages pursuant to 17 U.S.C. § 504 and costs pursuant to 17 U.S.C. § 505.

18. The conduct of the Defendants is causing, and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright.

4

EXHIBIT 2  P.  37

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a)    Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

b)    Permanently enjoining Defendants, its officers, directors, agents, service employees, representatives, attorneys, related companies, successors, assigns and all others in active concert or participation with them from copying and republishing any of "Lovers Kill" without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

c)    Ordering Defendants to account to Plaintiff for all past, present and future gains, profits and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

d)    Ordering the Defendants to edit the film "Temptation: Confessions of a Marriage Counselor" to prominently display in the opening and closing credits "Based on the Novel "Lovers Kill" by William James."

e)    Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

f)    Awarding Plaintiff its costs, reasonable attorneys' fees and disbursements in this action pursuant to 17 U.S.C. § 505(n);

g)    Awarding Plaintiff such other and further relief as is just and proper in the premises.

5

EXHIBIT 2  P.  38

Respectfully Submitted,

Darnail Lyles #1 1851-45
5528 Melton Road
Miller Beach
Gary, IN 46403
(219) 939-9529- Tel
(219) 939-8863- Fax
dl@darnaillyles.com

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, James hereby demands trial by jury of all issues in this action triable of right by a jury.

Respectfully Submitted,

Darnail Lyles #1851-45
5528 Melton Road
Miller Beach
Gary, IN 46403
(219) 939-9529- Tel
(219) 939-8863- Fax
dl@darnaillyles.com

6

EXHIBIT 2  P.  39

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and                          Civil Action No. 1:17-cv-01181-TWT
Terri Tucker (Lowe),
Plaintiffs,

                                           Exhibit: 3 Complaint Case 1:13-cv-01655-
                                           WHP

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.                Thomas W. Thrash, Jr. U.S.D.J
Defendants.

---

**EXHIBIT: 3 COMPLAINT COPYRIGHT INFRINGEMENT Case No.** 1:13-cv-01655-
WHP

---

Civil Action No. 1:13-cv-01655-WHP

EXHIBIT 3
Complaint for Copyright Infringement (Filed November 27, 2012)
For Comparison Purposes

Description:
A true and correct copy of the complaint for copyright infringement filed in Terri V. Donald v.
The Tyler Perry Company, Inc. d/b/a Tyler Perry Studios, and Lions Gate Entertainment Corp.
d/b/a Lions Gate, Case No. 1:13-cv-01655-WHP (E.D. Pa.), filed November 27, 2012.

This exhibit is submitted for comparison with Document 1 and Document 85 in the present
action to demonstrate that these complaints are legally and factually distinct.

Note:
This complaint names The Tyler Perry Company, Inc. (d/b/a Tyler Perry Studios) and Lions Gate
Entertainment Corp. (d/b/a Lions Gate) as defendants. It does not appear in the list of related or
associated cases for the current action as annotated in PACER, further demonstrating that the
present RICO action is not precluded by, nor duplicative of, this prior copyright litigation.

Ex. 3 Complaint 1:13-cv-01655-WHP

1

EXHIBIT 3 P. 40

**EXHIBIT 3**

**Plaintiffs Complaint**

**Civil Action No. 1:13-cv-01655-WHP**

**P. 41**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA

TERRI V. DONALD                          :
1760 Market Street, Suite 600
Phila PA 19103,

        Plaintiff,             CIVIL ACTION NO.: _____

vs.                                      :

                          JURY TRIAL DEMANDED

THE TYLER PERRY COMPANY, INC.
d/b/a TYLER PERRY STUDIOS
3300 Continental Colony Parkway SW   :
Atlanta, GA 30331                AND

LIONS GATE ENTERTAINMENT CORP.
d/b/a LIONS GATE                         :
2700 Colorado Ave., Ste. 200
Santa Monica, CA 90404,

        Defendants.

_____:

## CIVIL ACTION: COMPLAINT

A. JURISDICTION AND VENUE

    1. Jurisdiction is based upon federal question,  to wit, the Copyright Act of 1976

as amended.  Title 17, United States Code.

    2. Venue is proper under the Fed.R.Civ. Pro.

B. THE PARTIES

    3. Plaintiff  TERRI V. DONALD ("PLAINTIFF") is a private adult individual

who does business at the above address; plaintiff is currently enlisted in the United

States Armed Force.

    4. Defendant THE TYLER PERRY COMPANY, INC.  d/b/a TYLER PERRY

STUDIOS  ("TPS") is a domestic corporation doing business in this District, with its

1

EXHIBIT 3  P. 42

corporate headquarters at the above address; defendant TPS is engaged in the production of major motion pictures, <u>inter alia</u>.

5. Defendant LIONS GATE ENTERTAINMENT CORP. d/b/a LIONSGATE ("LG") is a domestic corporation doing business in this District, with its principal offices located at the above address; defendant LG is a distributor of major motion pictures, <u>inter alia</u>.

6. At all times material hereto, defendants TPS and LG operated through the acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

7. The doctrine of respondeat superior applies to all defendants.

C. <u>THE FACTS</u>

8. PLAINTIFF, a citizen of the United States, authored a book entitled, "BAD APPLES CAN BE GOOD FRUIT" (hereinafter referred to as "Subject Book").

9. The Subject Book is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

10. The Subject Book contains "protectable elements" afforded copyright protection, which protectable elements are inclusive but not limited to the unique story line, the characters portrayed in the book, the unique, mesmerizing series of events which occur in the book, the unique expressions set forth in the book, and all unique content of the book.

11. PLAINTIFF duly applied to the Library of Congress copyright office, and received a Certificate of Registration for the Subject Book. See Exhibit A, attached and incorporated by reference as though fully set forth herein and made a part hereof.

12. Subsequent thereto, PLAINTIFF published the Subject Book for sale, and/or licensed the Subject Book to appropriate third parties for publication and sale, in

2

EXHIBIT 3 P. 43

compliance with federal copyright law, and PLAINTIFF TERRI V. DONALD has
remained the sole author and owner of the copyright of the Subject Book.

13. Subsequent to the issuance of the copyright, defendants TPS and LG
infringed upon PLAINTIFF's copyright by adapting and commercially releasing
PLAINTIFF's Subject Book for major motion picture usage, to wit, for defendants' film
entitled, "Good Deeds"; the film "Good Deeds" was produced by defendant TPS and
distributed by defendant LG.

14. Defendants' film, "Good Deeds" was commercially released to the public as
a major motion picture on or about February 24, 2012.

15. Subsequent to PLAINTIFF's copyrighting the Subject Book, and prior to
defendants' production of the film, "Good Deeds", PLAINTIFF sent defendant TPS a
copy of the Subject Book for its review and consideration.

16. Thereafter, PLAINTIFF followed up by further correspondence to TPS;
accordingly, defendant TPS had "access" to the Subject Book, which "access" is a
necessary element of copyright infringement.

17. PLAINTIFF TERRI V. DONALD never entered into any agreement with
either defendant which would permit defendants to adapt the Subject Book into a major
motion picture; further, defendants possessed no rights whatsoever in regard usage of
any aspect of PLAINTIFF's Subject Book in any manner, shape, or form whatsoever.

18. Defendants' film, "Good Deeds" is so substantially similar to PLAINTIFF's
Subject Book "BAD APPLES CAN BE GOOD FRUIT" as to constitute actionable
unlawful copyright infringement under Title 17 of the United States Code and applicable
case law.

## COUNT ONE:  VIOLATION OF TITLE 17, UNITED STATES CODE -

3

EXHIBIT 3  P. 44

## COPYRIGHT INFRINGEMENT

## (AGAINST ALL DEFENDANTS)

19.  Paragraphs 1 through 18 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

20.  Subsequent to PLAINTIFF's creation and copyrighting of the Subject Book, defendant TPS, having access to the Subject Book, decided to adapt PLAINTIFF's Subject Book into a major motion picture.

21.  Absent PLAINTIFF's knowledge and consent, defendant TPS produced the major motion picture, "Good Deeds",  thereby unlawfully infringing upon PLAINTIFF's Subject Book.

22.  Absent PLAINTIFF's knowledge and consent, defendant LG in turn distributed the major motion picture, "Good Deeds", thereby unlawfully infringing upon PLAINTIFF's Subject Book.

23.  Accordingly said defendants are liable to plaintiff for copyright infringement pursuant to Title 17 of the U.S. Code.

WHEREFORE on Count One,  PLAINTIFF TERRI V. DONALD demands judgment in her favor, and against defendants TPS and LG,  jointly and severally, as follows:

a)  For statutory damages of One Hundred Fifty Thousand Dollars ($150,000) per defendant;

b) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

b)  For interest, reasonable counsel fees at $350 per hour, and costs;

d)  For such other relief as this Court may deem proper.

## COUNT TWO: ACCOUNTING AND CONSTRUCTIVE TRUST

24. Paragraphs 1 through 23, inclusive are incorporated by reference as though

4

EXHIBIT 3  P. 45

fully set forth herein and made a part hereof

25.  PLAINTIFF is entitled to a full accounting in order to determine the exact nature and amount of revenues generated, and accrued to defendants, as a result of defendants' infringement.

26.  PLAINTIFF is further entitled to imposition of a constructive trust for all revenues collected by defendants pertaining to "Good Deeds", said revenues to be set aside and deposited in a separate bank account in constructive trust for PLAINTIFF.

WHEREFORE on Count Two,  PLAINTIFF TERRI V. DONALD demands judgment in her favor,  and against defendants TPS and LG,  jointly and severally, as follows:

a)  For defendants to each file a full accounting listing all gross revenues earned in regard to the motion picture, "Good Deeds"

b)  For the imposition of a constructive trust in favor of PLAINTIFF:

c)  For interest, reasonable counsel fees of $350 per hour, and costs,

d)  For such other relief as this Court may deem proper.

## **COUNT THREE: INJUNCTIVE RELIEF**

## **(AGAINST ALL DEFENDANTS**)

27. Paragraphs 1 through 26 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

28.  PLAINTIFF's copyrighted work is unique and extraordinary, and defendants' improper unlawful action has caused, and continues to cause, irreparable damage to PLAINTIFF.

29.  PLAINTIFF is entitled to injunctive relief as set forth hereinbelow because she has no  adequate remedy at law.

EXHIBIT 3  P. 46

30. Plaintiff is entitled to this Court's grant of injunctive relief.

WHEREFORE on Count Three, PLAINTIFF TERRI V. DONALD demands

judgment in her favor, and against all defendants, jointly and severally, as follows:

a) For the issuance of a permanent injunctions requiring defendants to:

i) Edit the film "Good Deeds" to prominently display, in large bold, single card, in

the opening and closing credits",

## "BASED UPON THE NOVEL

## "BAD APPLES CAN BE GOOD FRUIT"

### BY TERRI V. DONALD"

defendants' continued unlawful use of plaintiff's copyrighted work;

ii) Edit all printed advertising and media for the film, "Good Deeds", to include the

above-pleaded or a mandatory injunction requiring defendants' to alter all printed

materials

pertaining to the New Song to reflect plaintiff's proprietary interest in the copyright and

all rights appurtenant thereto;

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper

Respectfully submitted,

Nov. 13, 2012                    */Simon J. Rosen, Esq./ (#6279)*

Attorney ID #38603

1760 Market St., #600

Phila PA 19103

SimonOnKey@aol.com

(215)564-0212

6

EXHIBIT 3 P. 47