IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 2 6 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 1:17-cv-01181-TWT

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under Rules
56, 60(b), And 60(d)

Judge  Thomas  W. Thrash, Jr. U.S.D.J.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RELIEF UNDER RULES 56, 60(B), AND 60(D)

Civil Action No. 1:17-cv-01181-TWT

**PLAINTIFFS' REPLY, NOTICE OF PRESERVATION OF APPELLATE ISSUES, AND**

**SUPPLEMENTAL OBJECTION TO DEFENDANTS' RESPONSE (DOCS. 209–211-1)**

Plaintiffs respectfully object to Defendants' opposition (filed August 22, 2025), which lacks any

standing in law or merits-based argument. Plaintiff's motion, titled Plaintiff's Reply in Support

of Motion for Summary Judgment and Relief Under Rules 56, 60(b), And 60(d)' was filed on

(Doc. 211). On August 11, 2025, (Doc. 209) Plaintiffs Recusal Clarification on US Supreme

Court law for Rule 60(b) and Injunctions, (Doc. 210) Additional Request for Chief Judge

Intervention. Defendants' response, labeled 'Opposition to Improper Motion,' does not address

the operative motion and instead attempts to reframe the relief sought. Plaintiff submits this reply

to clarify the record and respond to any substantive arguments raised. Defendants fail to cite any

controlling authority for the blanket relief they seek, relying solely on a contested All Writs Act

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)            1

injunction (Doc. 168) that is void for lack of jurisdiction and cannot bar legitimate filings seeking relief from void orders, recusal, or clarification. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984); *Procup v. Strickland*, 792 F.2d 1069, 1074–75 (11th Cir. 1986).

Defendants do not address the substance of Plaintiffs' pending motions or provide any legal or factual basis for excusing themselves from participation in the adversarial process. The Supreme Court and Eleventh Circuit have held that access to the courts is a fundamental right, and that due process requires an opportunity to be heard on the merits. See *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009).

Defendants' request for a blanket exemption from responding to future filings is unsupported by law, contrary to the Federal Rules of Civil Procedure, and not justified by any showing of vexatiousness or bad faith. See *Moore v. State of Florida*, 703 F.2d 516, 519 (11th Cir. 1983); *Procup v. Strickland*, 792 F.2d at 1074–75. Furthermore, Defendants' failure to address the merits of Plaintiffs' summary judgment and Rule 60 motions constitutes an admission and warrants entry of judgment in Plaintiffs' favor. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Plaintiffs respectfully request that the Court deny Defendants' opposition, require Defendants to respond to all properly filed motions, and adjudicate Plaintiffs' pending motions on the merits as required by law and due process.

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                    2

## I. PURPOSE AND PRESERVATION STATEMENT

Plaintiffs file this reply and supplemental objection not only to address Defendants' response but to preserve for the record and on appeal every error, procedural violation, and constitutional issue arising in this action, as detailed in our concurrent filings, appellate notifications, and judicial misconduct complaints (see, e.g., 11th Cir. Docket Nos. 17-13294, 17-14866, 18-10164, 18-13553).

## II. SUMMARY OF THE COURT'S NOTICE AND RULE 56 REQUIREMENTS

The Court's "Notice to Respond to Summary Judgment Motion" (referenced in the docket for Doc. 211 and available at http://www.gand.uscourts.gov) imposes clear, mandatory requirements on the non-moving party (Defendants):

- 21-Day Deadline: Defendants must file all opposing materials within 21 days of service of the summary judgment motion.
- Required Materials: Defendants must provide all affidavits, depositions, answers to interrogatories, admissions, and any other materials they wish the Court to consider in opposition.
    - Rule 56(c)(1)(B): Requires specific evidence countering each material fact.
    - Rule 56(e): Defendants must go beyond the pleadings and designate, by affidavit or other evidence, "specific facts showing that there is a genuine issue for trial."

**Failure to Respond:**

    - If Defendants do not respond as required, the Court may deem all facts admitted (*Moore v. State of Florida*, 703 F.2d 516, 519 (11th Cir. 1983)).

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                    3

- The Court may enter summary judgment against the non-movant (*Donaldson v. Clark*, 786 F.2d 1570, 1575 (11th Cir. 1986); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984)).

## III. DEFENDANTS' FAILURES IN RESPONDING TO DOC. 211

### A. No Timely or Substantive Opposition

- Defendants did not file any substantive response to Doc. 211 within the required 21-day period, nor did they submit any affidavits, depositions, or opposing evidence.
- Defendants failed to file a counterstatement of material facts, as required by NDGA Local Rule 56.1(B)(2). Each fact in Plaintiffs' Statement of Material Facts is therefore deemed admitted.

### B. No Evidence or Specific Facts Provided

- Defendants did not submit any admissible materials showing a genuine issue for trial.
- Defendants did not address, let alone rebut, Plaintiffs' legal arguments under Rule 56, Rule 60(b), or Rule 60(d).

### C. Procedural Failures

- Defendants did not move for an extension of time or seek leave of Court to supplement their response.
- Rather than responding on the merits, Defendants relied solely on the existence of the 2018 Injunction (Doc. 168) and asked the Court to reject all filings wholesale, which is not a valid response to a summary judgment motion.

### D. Admission by Silence and Further Default

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                                    4

- Defendants' failure to respond constitutes an admission of all facts asserted in Plaintiffs' motion and an effective concession of summary judgment. This is in addition to their ongoing pattern of default as to Docs. 85, 196, 197, 199, 203, 207, for which they have never shown a meritorious defense or valid cause for delay.

## IV. COMPREHENSIVE RECAP OF PROCEDURAL AND SUBSTANTIVE ERRORS

### 1. Jurisdictional Defects and Void Orders

- After Plaintiffs' notice of appeal (Doc. 144, Oct. 26, 2017), Judge Thrash issued substantive orders (Docs. 154, 168, 169, 180, 195, 208) as a named Defendant/Appellee, in violation of *Griggs v. Provident*, 459 U.S. 56, 58 (1982); *Shewchun v. United States*, 797 F. App'x 452, 454 (11th Cir. 2019). These orders are void and must be vacated under Rule 60(b)(4), (d)(3).

### 2. No Three-Judge Panel or Neutral Judge for Recusal and Party Status

- No neutral judge or three-judge panel ever ruled on recusal or party status for Defendant Judge Thomas W. Thrash, Jr., despite the appearance and responsive filing by AUSA Lori M. Beranek (Doc. 85). This violates 28 U.S.C. §§ 144, 455; see *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988). Plaintiffs filed recusal motions (Docs. 120, 209), yet Judge Thrash continued to preside, rendering all subsequent orders void.

### 3. Double Collateral Estoppel and Improper Stacking of Preclusion

- The Court selectively entered final judgment under Rule 54(b) only as to Oprah Winfrey and Tyler Perry (Doc. 138), omitting Lionsgate and Barbara Hunt, then used that partial preclusion to justify a sweeping injunction (Doc. 168) against all future RICO claims.

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                    5

- This constitutes "issue preclusion of issue preclusion," violating *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

- The Court never adjudicated RICO claims on the merits for all parties; instead, it repeatedly mischaracterized the action as copyright-only, despite clear pleadings to the contrary (*Living Designs, Inc. v. Dupont*, 431 F.3d 353, 362 (9th Cir. 2005); *Haines v. Kerner*, 404 U.S. 519 (1972)).

**4. Fraud Upon the Court, Judicial Misconduct, and Collusion**

- The October 19, 2017 docket entries falsely reflect termination of all defendants, while only some claims were adjudicated.

- The Court's recent order (Doc. 208) mirrors, in substance and timing, the arguments and requests advanced in Defendants' Motion 206 and their letter motion (Doc. 198), consistent with a pattern of improper coordination or collusion. This is fundamentally inconsistent with the requirements of a fair tribunal under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009); *Liljeberg*, 486 U.S. 847, 865 (1988); and supports Plaintiffs' claim of fraud upon the court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)).

**5. Right to File Post-Judgment Motions**

- The right to file post-judgment motions under Rules 60(b) and 60(d) is preserved by *Standard Oil Co. of California v. United States*, 429 U.S. 17, 18 (1976); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005); *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996).

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                6

- Defendants' counsel, as a licensed attorney, is presumed to know the law (*Cheek v. United States*, 498 U.S. 192, 199 (1991); *Bryan v. United States*, 524 U.S. 184, 196 (1998)).

## 6. Improper Dismissal of RICO Defendants

- Under 18 U.S.C. § 1965(b), (d), the Court had nationwide jurisdiction over all RICO defendants (*Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 942 (11th Cir. 1997)). Dismissing Barbara Hunt for lack of jurisdiction was error.

## 7. Record Manipulation and Appellate Prejudice

- Appellate dockets (e.g., 18-10164) are incomplete, impairing review (*United States v. Wade*, 336 U.S. 684, 689 (1949)). Defense filings and orders post-Doc. 157 misrepresented the status and prejudiced Plaintiffs' rights.

**V.** Defendants' Further Default

Defendants' failure to respond to Doc. 211 and their ongoing pattern of non-opposition to multiple filings (including Docs. 85, 196, 197, 199, 203, 207) places them further in default as a matter of law and fact. No meritorious defense has been shown for setting aside default at any stage.

Plaintiffs respectfully submit that, in light of Defendants' failure to respond as required by the Court's Notice and Rule 56, and their ongoing procedural defaults, all material facts must be deemed admitted and summary judgment entered in Plaintiffs' favor as a matter of law. See Fed. R. Civ. P. 56(e); *Moore v. State of Florida*, 703 F.2d 516, 519 (11th Cir. 1983); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The relief requested herein is not merely procedural, but

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                                    7

constitutes a request for final judgment in Plaintiffs' favor, including all remedies set forth in

Plaintiffs' motion and proposed order.

## VI. DOUBLE COLLATERAL ESTOPPEL DOCTRINE AND SUR-REPLY

Plaintiffs raise, for the first time in this reply, the doctrine of double collateral estoppel, as the

record shows the Court and Defendants have twice invoked preclusion doctrines (res judicata

and collateral estoppel) to bar claims that were never adjudicated on the merits, and then used

those rulings to justify a global injunction without new or independent adjudication. This is not

only procedurally improper but constitutionally infirm.

To the extent Defendants believe additional briefing is warranted on this new issue, Plaintiffs do

not object to the filing of a sur-reply limited to double collateral estoppel. However, Plaintiffs

respectfully submit that the current record is sufficient for the Court to rule as a matter of law.

## VII. RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

**WHEREFORE,** Plaintiffs respectfully request that the Court enter the following relief:

1. **DENY** Defendants' request to summarily reject Plaintiffs' filings and to excuse
   Defendants from responding to any future filings unless expressly ordered by the Court;

2. **DEEM** all material facts set forth in Plaintiffs' Statement of Material Facts (Doc. 211-1)
   as **admitted** pursuant to NDGA Local Rule 56.1(B)(2), Federal Rule of Civil Procedure
   56(e), and the Court's Notice to Respond to Summary Judgment Motion;

3. **GRANT** Plaintiffs' Renewed Motion for Summary Judgment (Doc. 211) as **unopposed**
   and **enter final judgment in favor of Plaintiffs** as a matter of law, including all relief
   requested in Plaintiffs' motion and proposed order;

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)          8

4. **VACATE** any orders issued after divestiture of jurisdiction or in violation of recusal statutes, including but not limited to Docs. 154, 168, 169, 180, 195, and 208, as void or entered in excess of jurisdiction;

5. **SET ASIDE** all orders and judgments procured by fraud upon the court, collusion, or procedural irregularity, pursuant to Federal Rule of Civil Procedure 60(b)(4), (d)(3);

6. **ORDER** reassignment of this case to a neutral judge for all further proceedings and direct correction of the official docket and party status to accurately reflect the record and all unresolved claims;

7. **PRESERVE** all claims, objections, and rights for meaningful appellate review, including all constitutional, statutory, and procedural arguments raised in Plaintiffs' filings and incorporated herein by reference;

8. **AWARD** any further relief the Court deems just and proper to ensure due process, impartiality, and the integrity of the judicial process, including but not limited to costs, fees, and any statutory or equitable relief to which Plaintiffs may be entitled.

Executed on August 25, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                9

## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing motion and all supporting documents are well grounded in fact and are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Motions and responses must not be presented to the court by letter. All requests for relief must be made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, August 25, 2025.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiff's Reply in Support of Motion for
Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                    10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and
Terri Tucker (Lowe),                         Civil Action No. 1:17-cv-01181-TWT
Plaintiffs,

                                             Plaintiffs' Joint Declaration in Support Of
v.                                           Plaintiffs' Reply to Defendants Opposition
                                             to Defendants' to "Plaintiff's Motion for
Barbara Hunt, Tyler Perry,                   Summary Judgment and Relief Under Rules
Oprah Winfrey, et al., and                   56, 60(b), and 60(d)
Judge Thomas W. Thrash, Jr.
Defendants.                                  Thomas W. Thrash, Jr. U.S.D.J.

---

**PLAINTIFFS' JOINT DECLARATION IN SUPPORT OF PLAINTIFF'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RELIEF UNDER RULES
56, 60(B), AND 60(D)**

---

We, William James and Terri Tucker (Lowe), under penalty of perjury pursuant to 28 U.S.C. §

1746, declare as follows:

1.  We are the pro se Plaintiffs in the above-captioned action. We submit this Joint

    Declaration in support of our Reply, Notice of Preservation of Appellate Issues, and

    Supplemental Objection to Defendants' Response (Docs. 209–211-1).

2.  We have personal knowledge of the facts stated herein and, if called as witnesses, could

    and would testify competently thereto.

3.  We have reviewed the Defendants' Response (Docs. 209–211-1) and all relevant orders

    and filings referenced therein.

Plaintiff's Reply in Support of Motion
for Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                    11

4. We affirm and incorporate by reference the factual and procedural background set forth in our Reply and Supplemental Objection, including but not limited to:

- The procedural history and jurisdictional defects following our notice of appeal (Doc. 144) and the district court's subsequent issuance of orders (Docs. 157, 168, 169, 180, 195) while Judge Thrash remained a named Defendant/Appellee.

- The lack of a three-judge panel or neutral judge to decide recusal and party status as required by law.

- The strategic and improper use of Rule 54(b) to enter partial final judgment, followed by the use of preclusion doctrines to bar unadjudicated RICO claims.

- The failure of Defendants to answer or timely respond to multiple filings, including our renewed motion for summary judgment (Doc. 211).

- The repeated mischaracterization of our claims by Defendants and the Court, and the resulting due process violations, as further detailed in our filings and judicial complaint (Judicial Complaint No. 11-25-90153).

5. We further declare that all legal arguments, factual assertions, and documentary evidence referenced in our Reply, Notice of Preservation of Appellate Issues, and Supplemental Objection are true and correct to the best of our knowledge, information, and belief.

6. We expressly preserve all rights, objections, and claims for appellate review, and request that the Court and any reviewing tribunal take judicial notice of the procedural and constitutional violations detailed in our filings.

7. We declare under penalty of perjury that the foregoing is true and correct.

Plaintiff's Reply in Support of Motion
for Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                12

Executed on August 25, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiff's Reply in Support of Motion
for Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)          13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

William James and                                      Civil Action No. 1:17-cv-01181-TWT
Terri Tucker (Lowe),
Plaintiffs,                                            Plaintiff's Reply in Support of Motion for
                                                       Summary Judgment and Relief Under Rules
v.                                                     56, 60(b), And 60(d)

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and                             Thomas W. Thrash, Jr. U.S.D.J.
Judge Thomas W. Thrash, Jr.
Defendants.
_____

## CERTIFICATE OF SERVICE

We hereby certify that on August 22, 2025, we electronically filed the foregoing PLAINTIFFS'

REPLY, NOTICE OF PRESERVATION OF APPELLATE ISSUES, AND SUPPLEMENTAL

OBJECTION TO DEFENDANTS' RESPONSE (DOCS. 209–211-1) and all supporting

declarations and exhibits with the Clerk of Court using the CM/ECF system, which will

automatically send notification of such filing to all counsel of record.

We further certify that a true and correct copy of the foregoing was served by U.S. First Class

Mail, postage prepaid, on the following parties who are not registered CM/ECF users (if any):

**Defendants Attorneys:**

Lori M. Beranek                 Tom J. Ferber, Esq            Richard Gordon, Esq
Assistant United States         7 Times Square                1495 Powers Ferry Road
Attorney                        New York, NY 10036-           Ste 101
600 U.S. Courthouse             6569                          Marietta, GA 30067
75 Spring Street SW
Atlanta, GA 30303

Executed on 25th Day of August, 2025.

Plaintiff's Reply in Support of Motion
for Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)                    14

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiff's Reply in Support of Motion
for Summary Judgment and Relief Under
Rules 56, 60(b), And 60(d)          15