FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 2 2025

KEVIN R. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs,<br><br>v.<br><br>Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Thomas W. Thrash, Jr.<br>Defendants. | Civil Action No. 1:17-cv-01181-TWT<br><br>Plaintiff's Motion to Stay Proceedings<br>Pending Resolution of Motion to Recall<br>Mandate<br><br>Judge Thomas W. Thrash, Jr. U.S.D.J. |

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO RECALL MANDATE

Civil Action No. 1:17-cv-01181-TWT

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO RECALL MANDATE

Plaintiff respectfully moves the Court to stay all proceedings in this matter pending the resolution of Plaintiff's motion to recall the mandate in the United States Court of Appeals for the Eleventh Circuit (Case Nos. 17-14866 & 18-13553). In support, Plaintiff states as follows:

### I. Procedural Background

- The appellate court case no. 17-14866 began on October 26, 2017 (Doc. 144) and ended on December 20, 2018 (Doc. 183).

- Judgment was entered on August 10, 2018 on Order (Doc. 168, 169) for Defendants (Doc. 157) for a summary judgment filed February 5, 2018, while the district court was

Joint Declaration of Plaintiffs in Support of
Motion to Stay Proceedings Pending
Resolution of Motion to Recall Mandate     1

divested of jurisdiction and all parties as Appellants/Plaintiffs and Appellees/ Defendants including Judge Thrash was actively participating in the appeal case no. 17-14866.

- Mandate was issued on February 22, 2019, on (Doc. 185) for (Doc. 144), on the first appellate case no. 17-14866.

- A second appeal case no. 18-13553 began on August 20, 2018 (Doc. 170) and ended on August 12, 2019.

- There was no gap between appeals

- Mandate was issued on September 10, 2019 (Doc. 187) for (Doc. 170) on the second appellate case no. 18-13553.

**COVID-19 Pandemic Disruptions (2020–2022):**

- The pandemic caused substantial personal, financial, and logistical hardship, including loss of income and disruption of normal support systems.

**Catastrophic Family Losses and Caregiving Responsibilities:**

- In March 2021, the undersigned's sister passed away during the height of the pandemic, compounding the emotional and logistical burden on the family.

- In June 2020, the undersigned's adult son returned home from a 45-day hospital stay, became home-hospice bound, and ultimately passed away on August 29, 2021.

- During this period, the undersigned's mother suffered severe and unexplained health complications following her second COVID-19 vaccination, becoming immobile and fully dependent on the undersigned for all aspects of care and life management.

- In 2022, the undersigned was required to relocate to New York to hospitalize her mother, coordinate her rehabilitation, and manage her affairs. Her mother's health continued to

decline, resulting in multiple hospitalizations and rehabilitation stays until her passing on April 23, 2023.

- In January 2023, the undersigned's stepmother also passed away, further intensifying the period of bereavement and responsibility.

- The undersigned's stepfather (her mother's husband) passed away one month later, on May 24, 2023, necessitating the undersigned's sole responsibility for their estate and affairs.

**Continued Family Crises (2024):**

- In May 2024, the undersigned assumed primary custody and care of a four-year-old grandchild.

- Shortly thereafter, the undersigned's brother became critically ill and passed away on November 26, 2024, again requiring the undersigned's presence and management of family matters.

**Discovery of New Evidence (2025):**

- In 2025, the undersigned discovered additional predicate acts by the Defendants and further evidence of fraud upon the court, which materially affect the basis for seeking recall of the mandate.

- Plaintiffs discovered (Doc. 103) Motion to transit the entire docket to the appellate Court and the transmittal sheet request to submit the entire record to the appellate court did not include a multitude of documents that materially divested Plaintiffs from receiving a full and fair appellate review:

**Withholding Doc. 85**

When the district court withheld Doc. 85 from appellate review was the direct catalyst for these protracted proceedings and the sole reason any appeal was necessary. Had the defaults been acknowledged and adjudicated in accordance with the record, there would have been no basis for subsequent summary judgment, injunctions, or appeals.

- In addition to Doc. 85, numerous other critical filings were withheld from judicial review, compounding the structural errors and due process violations. These include:
- Doc. 15: Establishing copyright infringement as a predicate act for the Civil RICO case (Judge Story).
- Doc. 31: Order changing assignment to Judge Thrash by name.
- Doc. 40: Plaintiffs Notice of Motion submitted as a Judgment on the Pleadings
- Doc. 42: Plaintiffs' objection to Doc. 31.
- Docs. 16-19, 23, 25, 34-37, 39, 79, 83, 84, 98: All Executed Returns of Service
- Docs. 63, Joint Preliminary Discovery Plan, 64, 65, 66: Plaintiffs' discovery initiation and related pleadings.
- Doc. 73: Proof of service (ACS processor, California, for Jim Gladstone, sworn affidavit in direct conflict with Defendants Doc. 67-1: by Jim Gladstone).
- Doc. 91: Reply to Doc. 72 for to Strike 67 (Contents show threats to Plaintiffs)
- Doc. 94: Summons for Judge Thrash.
- Doc. 100: Proof of service on Judge Thrash.
- Doc. 122: Defendants Opposition to Plaintiffs Default Judgement Doc. 119 on Default of Doc. 85
- Doc. 123: Plaintiffs Opposition to Defendants Clarification for Discovery

- Doc. 116: Filing by the AUSA was submitted.
- Doc. 117: Plaintiffs' response to Judge Thrash's motion to dismiss.
- Doc. 141: Plaintiffs Petition for Writ of Mandamus on District Court
- Doc. 142: Plaintiffs Opposition to Orders and Motion for Reconsideration on Orders: Doc. 124-139.
- Doc. 143: Plaintiffs Application to File Notice of Appeal.

**Fraud Upon the Court: No Statute of Limitations and Controlling Authority**

This recall mandate relies heavily on the existence of fraud upon the court—a doctrine for which there is no statute of limitations. The Supreme Court has consistently recognized that "fraud upon the court" is a most serious form of fraud that "strikes at the integrity of the judicial process" and can be raised at any time:

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244–45 (1944):
- ("[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." The Court vacated a judgment years after entry due to fraud on the court.)
- *United States v. Throckmorton*, 98 U.S. 61, 65–66 (1878):
- (Distinguishing between intrinsic and extrinsic fraud; extrinsic fraud such as fraud upon the court warrants relief even after judgment is final.)
- *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946):
- ("[F]raud on the court is not your 'garden-variety' fraud but, rather, is limited to fraud that seriously affects the integrity of the normal process of adjudication.")
- Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc):

- ("Fraud upon the court is a recognized basis for relief from judgment, and courts have inherent power to vacate judgments at any time for such fraud.")
- *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972):
- ("Fraud upon the court... can be raised at any time.")
- The Eleventh Circuit has expressly held that "[t]here is no time limit for setting aside a judgment for fraud upon the court." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985) (relying on Hazel-Atlas and Universal Oil).

## II. Legal Standard

### A. Federal Rule of Civil Procedure 62 and Court's Inherent Authority

Federal Rule of Civil Procedure 62(a) provides that execution on a judgment is automatically stayed for a brief period after entry, and Rule 62(d) authorizes the district court to stay proceedings to enforce a judgment pending disposition of post-judgment motions or appeals. More broadly, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The Eleventh Circuit has repeatedly recognized that district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000).

### B. Standard for Granting a Stay

When considering a motion to stay, courts in the Eleventh Circuit typically weigh four factors:

1. **Likelihood of Success on the Merits:** Whether the movant has made a substantial case on the merits of the underlying motion or appeal.

2. **Irreparable Harm:** Whether the movant will be irreparably injured absent a stay.

3. **Substantial Injury to Other Parties:** Whether issuance of the stay will substantially injure the other parties interested in the proceeding.

4. **Public Interest:** Whether the stay serves the public interest.

See *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (applying these factors in the Eleventh Circuit); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (articulating the standard for stays pending appeal).

### C. Stay Pending Appellate Proceedings and Recall of Mandate

The district court's authority to stay proceedings is particularly appropriate where a motion to recall the mandate is pending in the appellate court, as the finality of the judgment and the proper scope of district court jurisdiction are directly implicated. See Fed. R. App. P. 41(d)(2)(D) (authorizing recall of the mandate and specifying that the mandate may be recalled at any time prior to the issuance of a Supreme Court mandate or order).

Courts have recognized that "[w]hen there is a substantial question as to the finality of the judgment or the propriety of further district court proceedings, a stay is warranted to prevent inconsistent results and preserve judicial resources." See *Landis, 299 U.S.* at 254; *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978) (district court may stay proceedings pending resolution of appellate matters that may affect the outcome).

### D. Fraud Upon the Court and No Statute of Limitations

As set forth above, the recall of the mandate is premised on newly discovered evidence of fraud upon the court—a doctrine for which there is no statute of limitations. The Supreme Court and Eleventh Circuit have made clear that fraud upon the court "strikes at the integrity of the judicial process" and may be raised at any time. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S.

238, 244–45 (1944); *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc); *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985).

**In summary:**

This Court possesses both the express authority under Rule 62 and the inherent equitable power recognized by the Supreme Court and Eleventh Circuit to stay proceedings where the finality of its judgment is in question due to a pending motion to recall the mandate, especially where the motion is grounded in fraud upon the court. The standard factors for a stay overwhelmingly support such relief in this case.

**1. Likelihood of Success on the Merits**

Plaintiffs have demonstrated substantial grounds for the recall of the mandate in Eleventh Circuit Appeals Nos. 17-14866 and 18-13553. The recall motion is premised on newly discovered evidence of fraud upon the court, procedural irregularities, and jurisdictional defects that fundamentally undermine the integrity of the prior proceedings. Key facts include:

- Withholding of critical filings from appellate review (including Doc. 85 and supporting exhibits), depriving Plaintiffs of a full and fair appeal, in direct violation of FRAP 10(a) and due process.

- Judge Thrash's dual role as defendant and adjudicator, and his refusal to recuse despite being named as a party, in violation of 28 U.S.C. § 455(a) and Supreme Court authority (see *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009*); Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847 (1988)).

- Entry of substantive orders after the district court was divested of jurisdiction by Plaintiffs' notice of appeal, rendering such orders void ab initio under *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

- Improper use of filing injunctions to bar Rule 60(b) relief, contrary to *United States v. Beggerly,* 524 U.S. 38 (1998), and repeated denial of Plaintiffs' right to default judgment on unanswered amended complaints.

- Evidence of procedural manipulation, conflict of interest, and the appearance of partiality, all of which are grounds for relief under Rule 60(d)(3) and established Supreme Court precedent.

Given these substantial and well-documented grounds, Plaintiffs have a strong likelihood of success on the merits of their motion to recall the mandate.

## 2. Irreparable Harm

Plaintiffs will suffer irreparable harm if proceedings are not stayed. Continuing district court proceedings while the validity of the underlying judgment is in question risks:

- Wasted judicial and party resources;

- Inconsistent or conflicting rulings;

- Prejudice to Plaintiffs' rights, including the risk of enforcement of a potentially void judgment;

- Further entrenchment of procedural and due process violations, particularly given the ongoing nature of the harm and the unresolved status of Plaintiffs' claims.

The Eleventh Circuit and Supreme Court have recognized that irreparable harm exists where a party is deprived of a meaningful opportunity for appellate review or where jurisdictional defects

cast doubt on the legitimacy of the proceedings. See *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

In this case, the harm to Plaintiffs is not hypothetical or speculative—it is ongoing, concrete, and compounded by a clear pattern of misconduct by the defendants.

Since July 5, 2017, when Defendants failed to answer the Amended Complaint (Doc. 85), they have been in default and have forfeited their litigation rights under Fed. R. Civ. P. 55(a). Instead of enforcing default and entering judgment, the Court has repeatedly allowed Defendants to continue litigating as if they had not defaulted—filing motions, contesting claims, and forcing Plaintiffs through years of unnecessary and prejudicial litigation.

This is not an isolated incident or technical oversight. Defendants have defaulted no fewer than four times throughout these proceedings—on the original complaint, the summary judgment motion, the amended complaint, and post-judgment motions—yet have never once demonstrated excusable neglect or been held accountable for their repeated failures to respond. Their conduct is not accidental but reflects a deliberate, ongoing strategy of procedural gamesmanship, disrespect for this Court, and disregard for the adversarial process.

Most importantly, at no point have Defendants engaged with the merits of Plaintiffs' claims. They have never answered the substance of the RICO allegations or any other material claims in the operative pleadings. Instead, their entire litigation strategy has relied on procedural maneuvering—motions to strike, motions to reassign, and other tactics—to evade substantive adjudication. This repeated refusal to address the merits, combined with serial defaults, has denied Plaintiffs their day in court and rendered the adversarial process meaningless.

Allowing defaulted parties to participate in litigation as if they are in good standing undermines the adversarial system, prejudices Plaintiffs' rights, and emboldens parties who treat court

deadlines and rules as optional. The Eleventh Circuit has made clear that default is a substantive consequence, not a mere technicality. See *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *Moore v. State of Florida*, 703 F.2d 516, 520 (11th Cir. 1983); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**The result:**

- Plaintiffs have been denied the prompt and just resolution to which they were entitled;
- Forced to expend years of time, resources, and emotional energy litigating against parties who, by law, should have been defaulted;
- Subjected to repeated procedural manipulation and suppression of their substantive RICO claims;
- Deprived of due process and the fundamental right to a fair hearing.

This pattern of disregard for court orders and deadlines, coupled with the court's failure to enforce its own rules, constitutes ongoing and irreparable harm to Plaintiffs. If proceedings are not stayed, Plaintiffs will continue to suffer prejudice, and the legitimacy of the judicial process will be further compromised.

### 3. No Substantial Injury to Defendants

A stay merely preserves the status quo pending resolution of the appellate motion. Defendants will not be prejudiced by a temporary stay, as it does not affect their substantive rights or ability to respond once the appellate issues are resolved. In contrast, denial of a stay would irreparably prejudice Plaintiffs by allowing potentially void or tainted orders to remain operative and by compounding procedural injustices.

### 4. Public Interest

The public interest strongly favors a stay. Judicial efficiency, respect for the appellate process, and confidence in the integrity of the courts are best served by pausing proceedings until the Eleventh Circuit resolves the motion to recall the mandate. Courts have a duty to ensure that litigants receive fair process and that judgments are not enforced while their validity is in doubt. See *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

## IV. RELIEF REQUESTED

**WHEREFORE, Plaintiffs respectfully request that this Court:**

1. Stay all further proceedings in this matter pending the Eleventh Circuit's resolution of Plaintiffs' motion to recall the mandate in Appeals Nos. 17-14866 and 18-13553;

2. Order that no enforcement or further action be taken on any judgment or order that is the subject of the pending recall mandate motion;

3. Grant such other and further relief as the Court deems just and proper.

## V. CONCLUSION

The repeated, unaddressed defaults by Defendants—combined with their steadfast refusal to ever address the merits—demonstrate not only a lack of respect for this Court, but a calculated strategy to evade accountability and deny Plaintiffs any meaningful opportunity for justice. Judicial indulgence of such conduct inflicts lasting harm on Plaintiffs and the rule of law. For all the foregoing reasons—substantial likelihood of success on the merits, risk of irreparable harm, absence of prejudice to defendants, and the overriding public interest in judicial integrity and due process—Plaintiffs respectfully request that the Court grant a stay of all proceedings pending resolution of the motion to recall the mandate. This relief is necessary to preserve

Plaintiffs' rights, prevent further injustice, and maintain public confidence in the fairness and impartiality of the judicial process.

Respectfully Submitted,

Dated on 2nd of September 2025,

*[signature]*
Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

*[signature]*
William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## RULE 11 CERTIFICATION

We, William James and Terri Lowe hereby certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the foregoing motion and all supporting documents are well grounded in fact and are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the factual contentions have evidentiary support.

## LOCAL RULE 7.1(D) CERTIFICATION

Motions and responses must not be presented to the court by letter. All requests for relief must be made by written motion, not by letter, and must be filed with the clerk of court.

Date Executed, September 2, 2025.

*[signature]*
Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

*[signature]*
William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs,<br><br>v.<br><br>Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Judge Thomas W. Thrash, Jr.<br>Defendants. | Civil Action No. 1:17-cv-01181-TWT<br><br>Joint Declaration of Plaintiffs<br>in Support of Motion to Stay Proceedings<br>Pending Resolution of Motion to Recall<br>Mandate<br><br>Thomas W. Thrash, Jr. U.S.D.J. |

## JOINT DECLARATION OF PLAINTIFFS IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO RECALL MANDATE

We, Terri Tucker (Lowe) and William James, declare under penalty of perjury as follows:

**1. Personal Knowledge and Authority**

We are the named Plaintiffs in this action and have personal knowledge of the facts set forth herein. If called as witnesses, we could and would competently testify to these facts.

**2. Procedural Background and Defaults**

- On July 5, 2017, we filed our Amended Complaint (Doc. 85), which named, among others, Judge Thomas W. Thrash, Jr. as a defendant.

- Defendants failed to answer or otherwise respond to the Amended Complaint within the time prescribed by law, thereby defaulting under Fed. R. Civ. P. 55(a).

- This was not the first instance of default. Defendants have defaulted at least four times throughout these proceedings—on the original complaint, the summary judgment motion,

the amended complaint, and post-judgment motions—without ever demonstrating excusable neglect or being held accountable for their repeated failures to respond.

### 3. Lack of Merits-Based Response

- At no point have Defendants addressed the substance of our RICO claims or any other material allegations. Their litigation strategy has been to evade the merits entirely through procedural maneuvers, including motions to strike, motions to reassign, and other tactics.
- The Court has repeatedly allowed Defendants to continue litigating as if they were in good standing, despite their default status, compounding the prejudice to us as Plaintiffs.

### 4. Ongoing Harm and Prejudice

- As a direct result, we have been denied the prompt and just resolution to which we were entitled by law and forced to expend years of time, resources, and emotional energy litigating against parties who, by law, should have been defaulted.
- We have been subjected to repeated procedural manipulation, suppression of our substantive claims, and deprivation of due process and the fundamental right to a fair hearing.
- The ongoing harm to us is concrete and irreparable, and will only be compounded if proceedings are not stayed while the validity of the underlying judgment is in question.

### 5. Jurisdictional and Appellate Issues

- The district court has issued substantive orders while divested of jurisdiction by our notices of appeal, further prejudicing our rights and rendering certain orders void ab initio.
- Critical filings and evidence have been withheld from appellate review, depriving us of a meaningful opportunity for appellate relief.

## 6. Good Faith and Need for Relief

- We have acted in good faith throughout these proceedings, seeking to preserve our rights and the integrity of the judicial process.

- A stay of proceedings is necessary to prevent further harm, avoid inconsistent rulings, and allow for the proper resolution of our motion to recall the mandate now pending before the Eleventh Circuit.

## 7. Preservation of Rights

- We expressly preserve all legal arguments and objections raised in our prior filings, and request that the Court consider the full record in adjudicating our motion.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 2, 2025,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Plaintiff's Motion to Stay Proceedings
Pending Resolution of Motion to Recall Mandate        17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Plaintiffs,<br><br>v.<br><br>Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Judge Thomas W. Thrash, Jr.<br>Defendants. | Civil Action No. 1:17-cv-01181-TWT<br><br>Joint Declaration of Plaintiffs<br>in Support of Motion to Stay Proceedings<br>Pending Resolution of Motion to Recall<br>Mandate<br><br>Thomas W. Thrash, Jr. U.S.D.J. |

## CERTIFICATE OF SERVICE

We hereby certify that on September 1, 2025, we served a true and correct copy of the foregoing Joint Declaration in Support of Motion to Stay Proceedings Pending Resolution of Motion to Recall Mandate, together with all supporting documents and exhibits, upon the following counsel of record and parties, by the method(s) indicated below Via ECF (if registered) and/or First-Class Mail and/or Email:

**Defendants Attorneys:**

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber, Esq
7 Times Square
New York, NY 10036-6569

Richard Gordon, Esq
1495 Powers Ferry Road
Ste 101
Marietta, GA 30067

Executed on 2nd Day of September, 2025.

Respectfully submitted,

*[signature]*
Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

*[signature]*
William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff